**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Chapter 15 |
| | ) |
| Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.,[1] | ) Case No. 22-10630 ( ) |
| | ) |
| Debtor in a Foreign Proceeding. | ) |
| | ) |

**DECLARATION OF**
**JUAN PABLO ESTRADA MICHEL PURSUANT TO 28 U.S.C. § 1746**

I, Juan Pablo Estrada Michel, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge, information and belief:

1.    I am the founding partner of the Mexico-based law firm of López Melih y Estrada, S.C., located at Sierra Gamón, No. 320, Lomas de Chapultepec, 11000, Mexico City, Mexico and the foreign law representative of Crédito Real, S.A.B. de C.V., SOFOM, E.N.R. ("**Chapter 15 Debtor**").

2.    I hereby submit this declaration (the "**Declaration**")[2] in support of the *Verified Petition for Recognition of Foreign Main Proceeding* (the "**Verified Petition**"), filed contemporaneously herewith.

3.    Although Spanish is my native language, I am fluent in English and have elected to execute and submit this Declaration in English.

4.    This Declaration is comprised of the following (I) a description of my background

---

[1]    The last four identifying digits of the tax number and the jurisdiction in which the Chapter 15 Debtor pays taxes is Mexico — 6815.  The Chapter 15 Debtor's corporate headquarters is located at Avenida Insurgentes Sur No. 730, 20th Floor, Colonia del Valle Norte, Alcaldía Benito Juárez, 03103, Mexico City, Mexico.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Verified Petition (as defined herein).

and qualifications, (II) an overview of the Chapter 15 Debtor, (III) an overview of the *Ley General de Sociedades Mercantiles*, as originally published in the *Diario Oficial de la Federación* (the "**Official Gazette**") on August 4, 1934 and last revised on June 14, 2018  (as amended, the "**Mexican Corporations Law**") and the Special Expedited Commercial proceeding (*Via Sumaria Especial Mercantil*) for the dissolution and liquidation proceeding (the "**Mexican Liquidation Proceeding**") in Mexico of the Chapter 15 Debtor which is pending in the 52nd Civil State Court of Mexico City (the "**Mexican Court**") pursuant to articles 229, 232, 233, 236, and others of the Mexican Corporations Law, and (IV) a description of certain ways in which the Mexican Liquidation Proceeding protects creditors and the Chapter 15 Debtor.

## I.    Background and Qualifications

5.    Pertinent aspects of my legal background are as follows: I am an attorney licensed to practice in Mexico and a member in good standing of the Mexican Bar Association.

6.    I have practiced law in Mexico for over 18 years.  I earned my law degree from the *Escuela Libre de Derecho*, in Mexico City, in 2004 and received a Master of Laws' degree (LL.M.) from *Columbia University School of Law* in 2006.  In 2007, I founded López Melih, González, Facha y Estrada, S.C., currently known as López Melih y Estrada, S.C., a litigation firm that provides legal advice and represents private sector companies in antitrust, banking, bankruptcy, restructuring, energy and natural resources, civil, commercial, constitutional, contractual, and shareholders' disputes and proceedings before state and federal courts in Mexico, administrative agencies, and arbitration proceedings.  The firm and its attorneys have been highly ranked and recommended in, among others, bankruptcy, restructuring, and litigation by *Chambers Latin America* and *The Legal 500*.

7.    I have focused a relevant part of my practice on insolvency-related matters

involving Satélites Mexicanos, S.A. de C.V., URBI Desarrollos Urbanos, S.A.B. de C.V. and subsidiaries, Banco BBM and Banco BTG Pactual (as creditors to Desarrolladora HOMEX, S.A.B. de C.V.), Corporación Geo and 15 subsidiaries' bankruptcy proceeding (as legal advisor to the conciliator), and Aerovías de México, S.A. de C.V. (as an interested party to the *concurso* proceeding of Compañía Mexicana de Aviación, S.A. de C.V.), among others.

8.      I am also a professor at *Escuela Libre de Derecho* since 2007.  Between 2009 and 2013, I was a procedural law clinic professor and taught classes on commercial procedure and *concurso mercantil* proceedings.  I have been a member of the Board of Directors of *Escuela Libre de Derecho* since 2021.

9.      I have authored and published the book "Study of the existence and validity elements of legal acts and contracts, as to Justice Livier Ayala Manzo's contributions" (Supreme Court of Justice, Mexico 2019), as well as several law review articles, about the rule of law, due process of law in Mexico, and other legal topics.

10.     In preparing this Declaration, I have reviewed the: (i) petition commencing the Mexican Liquidation Proceeding (the "**Mexican Petition**") and its attachments; (ii) Mexican Court's orders entered on June 30, 2022 (a) formally commencing the Mexican Liquidation Proceeding and (b) granting provisional precautionary measures and appointing the Mexican Liquidator (as defined below); (iii) other documents filed in the Mexican Liquidation Proceeding or that are publicly available; and (iv) the Verified Petition.

## II.      Overview of the Chapter 15 Debtor

11.     The Chapter 15 Debtor is a publicly-traded entity with variable capital (*Sociedad Anónima Bursátil de Capital Variable* or S.A.B. de C.V.) and unregulated multiple-purpose financial entity (*Sociedad Financiera de Objeto Múltiple* or "**SOFOM**"; *Entidad No Regulada* or

"**E.N.R.**") organized in Mexico under the Mexican Corporations Law, the *Ley General de Organizaciones y Actividades Auxiliares del Crédito* (the "**Mexican Law on Ancillary Credit Organizations and Activities**"), and the *Ley del Mercado de Valores* (the "**Mexican Securities Market Law**"). As a SOFOM E.N.R. and as an issuer of publicly traded shares, the Chapter 15 Debtor is under the supervision of the Mexican National Banking and Securities Commission (*Comisión Nacional Bancaria y de Valores*, or "**CNBV**") and subject to the provisions issued by the CNBV.

12.     The Chapter 15 Debtor was registered in the Public Registry of Commerce of Mexico City on February 16, 1993 under the number CRS930216815. The Chapter 15 Debtor has its registered office, headquarters, and principal place of business in Mexico City, Mexico. *See* Official Tax Identification Form and its certified translation, both of which are attached hereto as **Exhibit A**.

III.     **Overview of the Mexican Corporations Law and the Mexican Liquidation Proceeding**

       *i.     The Mexican Corporations Law and the Dissolution and Liquidation Procedure*

13.     The Mexican Corporations Law governs the life cycle of Mexican companies, including their formation, structure, operation, winding up, dissolution and liquidation. Notably, chapters X-XI of the Mexican Corporations Law provide for the dissolution and liquidation of Mexican companies (the "**Dissolution and Liquidation Procedure**"). The Dissolution and Liquidation Procedure may be governed by an agreement, if any, whereby a Mexican company and its stakeholders, the Mexican court, and/or the liquidator mutually agree to procedures for the liquidation of the company, pursuant to the *Código de Comercio* (the "**Mexican Commercial Code**") (Arts. 1053 *et seq.*). Secondarily, the Dissolution and Liquidation Procedure is governed by a federal statutory framework that includes the Mexican Law on Ancillary Credit Organizations

and Activities (Art. 87-A Bis), Mexican Commercial Code, *Código Civil Federal* (the "**Mexican Federal Civil Code**"), *Código Federal de Procedimientos Civiles* (the "**Mexican Federal Civil Procedure Code**"), and Chapter III of Section 8 of the *Ley de Concursos Mercantiles* ("**Mexican Bankruptcy Law**") if applicable.   This federal statutory framework, in conjunction with the Mexican Corporations Law and the mutually agreeable procedures (if any), facilitates both solvent and insolvent Mexican companies winding up their operations in an orderly and cost-effective manner while protecting creditors' rights and affording parties in interest ample opportunity to be heard.

14.     A company is eligible for the Dissolution and Liquidation Procedure where one of the following causes are present: (i) expiration of the term provided in the entity's corporate by-laws; (ii) impossibility of carrying out its business purposes; (iii) agreement among the shareholders adopted in conformity with the by-laws and the Mexican Corporations Law; (iv) the number of shareholders is reduced to less than two as provided under the Mexican Corporations Law or the share or equity interests are held by a single shareholder; (v) the entity loses two-thirds of its shareholders' capital; or (vi) a judicial or administrative court enters a dissolution decision, pursuant to applicable laws.  *See* Mexican Corporations Law, Art. 229.

ii.     *Commencement of the Mexican Liquidation Proceeding*

15.     On June 28, 2022, Mr. Angel Francisco Romanos Berrondo,[3] a shareholder of the Chapter 15 Debtor (the "**Mexican Petitioner**"), filed the Mexican Petition, solely in his capacity as a shareholder, seeking to commence the Mexican Liquidation Proceeding in the Mexican Court pursuant to the Mexican Corporations Law.   The Mexican Petitioner sought relief from the Mexican Court alleging loss of two-thirds of the value of its equity, which as set forth herein

---

[3]     Mr. Romanos is a former officer and director of the Chapter 15 Debtor.

provides a basis for the commencement of the Dissolution and Liquidation Procedure under the Mexican Corporations Law.  *See* Mexican Corporations Law, Art. 229, V.

16.     On June 30, 2022, the Mexican Court issued an order (the "**Mexican Order**") admitting and granting the Mexican Petition and commencing the Mexican Liquidation Proceeding.[4]  A copy of the Mexican Order and a certified translation thereof are attached hereto as **Exhibit B**.

17.     Also on June 30, 2022, the Mexican Court issued an order (the "**Precautionary Measures Order**") granting certain *ex parte* precautionary measures (the "**Precautionary Measures**") on a provisional basis.  A copy of the Precautionary Measures Order and a certified translation thereof are attached hereto as **Exhibit C**.  The Precautionary Measures Order appointed Mr. Fernando Alonso-de-Florida Rivero, as provisional liquidator to the Chapter 15 Debtor (the "**Mexican Liquidator**").[5]  The Precautionary Measures also include: (a) the suspension of any and all execution or collective proceedings against the assets and rights of the Chapter 15 Debtor; (b) a stay against any order attaching assets or rights of the Chapter 15 Debtor; (c) the prohibition against granting security interests in the assets of the Chapter 15 Debtor and the enforcement thereof; (d) the prohibition against paying obligations due, including to any bondholder or shareholder, prior to the date of entry of the Precautionary Measures Order; (e) the prohibition of seizures of the Chapter 15 Debtor's bank accounts; (f) the prohibition against the commencement,

---

[4]     As required in the Mexican Order, on July 6, 2022, the Mexican district attorney's office (the "**Mexican District Attorney**"), who is an autonomous authority and a fiduciary that acts for the benefit of the Mexican public interest, filed her opinion about the Mexican Liquidation Proceeding and provided oversight with respect to the compliance of insolvency proceedings with Mexican law, stating her position that cause exists for commencing and resolving the Mexican Liquidation Proceeding and for the Mexican Court to ultimately decide about the liquidation of the Chapter 15 Debtor.  Thus, the Mexican District Attorney concluded that there is no cause for commencing any bankruptcy proceeding under the Mexican Bankruptcy Law.  *See* Mexican Bankruptcy Law, Art. 21.

[5]     On June 30, 2022, the Mexican Court appointed the Mexican Liquidator on a provisional basis.  The Mexican Liquidator formally accepted his appointment on July 8, 2022.

continuance or conclusion of any collection action against the Chapter 15 Debtor; (g) the suspension of any execution or collection action against the Chapter 15 Debtor; and (h) prohibition of withholding of funds of the Chapter 15 Debtor by several financial institutions.

18.     The Mexican Court determined that the Precautionary Measures were necessary to protect the assets of the Chapter 15 Debtor and its creditors for the purpose of preserving the *status quo* and the public interest and allowing an orderly liquidation of the Chapter 15 Debtor until the issuance of a final judgment in the Mexican Liquidation Proceeding.  However, the Mexican Court required the Mexican Petitioner to post a bond in the amount of $150,000 MXN (approximately US$7,300) to enable the Precautionary Measures to be effective.  The Mexican documents attached to the service of process demonstrate that the Mexican Petitioner posted the required bond soon thereafter.  Thus, the Precautionary Measures took effect on July 4, 2022.

19.     As of entry of the Mexican Order and upon service of process, in general, the Mexican Court retains exclusive jurisdiction to hear the Mexican Liquidation Proceeding and any dissolution, liquidation and insolvency proceeding regarding the Chapter 15 Debtor and its assets and rights.  The Chapter 15 Debtor, upon service of process, is subject to the Mexican Court's exclusive jurisdiction and is directed to appear before the Mexican Court and file its response.  Accordingly, courts in Mexico, other than the Mexican Court, and in any other jurisdiction are prevented from ruling on those matters pursuant to Mexican law.  *See* Mexican Commercial Code, Arts. 1054 and 1075, Mexican Federal Civil Procedure Code, Arts. 12 and 328.

20.     On July 7, 2022, the Chapter 15 Debtor received service of the Mexican Liquidation Proceeding and, on July 11, 2022, it filed its response, as required under Mexican law, before the Mexican Court.  As part of that service of process, the Chapter 15 Debtor received formal notice of facts and documents described above.  Besides the service of process to the Chapter 15 Debtor,

notice of entry of the Mexican Order and Precautionary Measures Order was provided to interested parties in the manner described therein[6] and was also accessible at the Mexican Court's office. A reference of the existence and commencement of the Mexican Liquidation Proceeding will be provided to the public through publication in the Official Gazette, which is accessible online and at the office of the Superior Court of Justice of Mexico City (*Tribunal Superior de Justicia de la Ciudad de México*). In furtherance of the notice provided in Mexico, the Company will also cause a notice of the existence of the Mexican Liquidation Proceeding and other relevant facts in connection therewith to be published on its website at https://www.creal.mx/es/financiera/eventos, in compliance with CNBV's requirements. Parties in interest may also appear before the Mexican Court to claim they are interested parties and, as such, request they be authorized to and receive notices of the Mexican Liquidation Proceeding.

21.    Following entry of an order commencing the Dissolution and Liquidation Procedure, the entity against which relief is being sought, creditors and other parties in interest have an opportunity to seek to terminate the proceeding through relief requested in the Mexican Court or challenge such an order.[7]

iii.    *Effect of Commencing the Mexican Liquidation Proceeding*

22.    The Mexican Liquidation Proceeding is effectuated by a liquidator. In the absence of an appointment of a liquidator in the entity's bylaws or by shareholder's agreement, a Mexican

---

[6]    Among other notices, the Mexican Order determined that the existence of the Mexican Liquidation Proceeding be registered in the Chapter 15 Debtor's public records with the Mexican commercial registry authority — Public Registry of Commerce in Mexico City. Among other notices, the Precautionary Measures Order determined that certain financial institutions be notified through CNBV of the Precautionary Measures aimed at halting any seizure or withholding of funds against the Chapter 15 Debtor.

[7]    As of the date of this Declaration, to the best of my knowledge, no party has objected to the Mexican Petition or has sought to challenge the Mexican Order or the Precautionary Measures Order.

court appoints a liquidator.[8]  As stated above, the Mexican Court appointed Mr. Fernando Alonso-de-Florida Rivero as the Mexican Liquidator of the Chapter 15 Debtor pursuant to the Precautionary Measures Order.

23.     Mexican courts appoint liquidators from official lists of candidates qualified as officers of the court, including the list of professionals approved by the Mexican Federal Institute of Business Reorganization Specialists (*Instituto Federal de Especialistas de Concursos Mercantiles* or the "**IFECOM**") whenever a financial institution is to be dissolved and liquidated. *See* Mexican Corporations Law, Art. 236; Mexican Commercial Code, Arts. 2, 1054, 1255, 1256, 1257, 1348 and 1390 Bis 47; Mexican Bankruptcy Law, Arts. 311, 312, 325, and 334.  Specifically, liquidators appointed by Mexican courts with respect to entities that engage in credit activities, like the Chapter 15 Debtor, must be, among other things, a disinterested, liquidation expert professional registered with IFECOM.  *See* Mexican Law on Ancillary Credit Organizations and Activities, Art. 87-A Bis (I).  The IFECOM assesses the professional qualifications of prospective liquidators and whether such person is a fit and proper person to serve as a liquidator, selects and approves professionals to act as liquidators, and, upon request of any party in interest, monitors a liquidator's performance and adherence to its duties and ethical standards.  Indeed, IFECOM's list of liquidators is revised on an annual basis, and any liquidator who has not complied with his duties or ethical standards under Mexican law may be suspended or removed from the IFECOM's list.  In this case, the Mexican Court has appointed the Mexican Liquidator, who is a registered liquidator in IFECOM's list of professionals.

24.     The liquidator presides over the entity's liquidation and takes control of the entity's

---

[8]     Under Mexican law, a Mexican court may appoint a liquidator on a provisional basis.  The rights and duties of a provisional liquidator are the same as a liquidator appointed pursuant to a final order.

business and affairs, ceases its operations, and displaces the company's day-to-day management. *See* Mexican Corporations Law, Arts. 236 and 237. Once appointed, the liquidator becomes the entity's legal representative and can sign documents and appoint professionals on behalf of the company, and has sole authority to administer, control, and supervise the entity's assets and affairs. Pursuant to such authority, on July 12, 2022, the Mexican Liquidator (i) appointed Robert Wagstaff as the duly authorized Foreign Representative of the Chapter 15 Debtor and (ii) authorized the Foreign Representative to commence this Chapter 15 Case. A copy of such an authorization is attached hereto as **Exhibit D**.

25.     The liquidator is an independent fiduciary of the Chapter 15 Debtor that acts for the benefit of all stakeholders, is subject to the supervision of the Mexican Court, and is personally liable for any act that exceeds the scope of his statutory authority. *See* Mexican Corporations Law, Art. 235. All of the entity's assets, books, and records are turned over to the liquidator, who must preserve them for 10 years following completion of the Dissolution and Liquidation Procedure. *See id*. at Art. 245. The liquidator remains liable to the entity's shareholders and creditors for the same period with respect to any act that exceeds the scope of his statutory authority. *See id.* at Arts. 235, 238, and 245; Mexican Commercial Code, Arts. 1038, 1045 f.II, and 1047.

26.     Following his or her appointment, a liquidator's initial responsibility is to conduct an inventory of the entity's assets and liabilities. *See* Mexican Corporations Law, Art. 241. This process facilitates the liquidator taking possession of all of the assets, and immediately taking the steps necessary to liquidate or otherwise dispose of the entity's assets for the highest possible price for the benefit of all stakeholders. The liquidator also has the authority to complete any outstanding transactions that were pending at the time of dissolution and seek payment of all obligations owed to the business entity and pay their liabilities. *See* Mexican Corporations Law,

Art. 242, I-IV.

27.     The liquidator is required to prepare a final liquidation balance sheet that must be registered with the Public Registry of Commerce and published in the Electronic System of the Ministry of Economy (*Sistema Electrónico de la Secretaría de Economía*).   *See* Mexican Corporations Law, Art. 242, V and 247, II; Mexican Commercial Code, Arts. 50 Bis *et seq*.   The liquidator makes distributions in accordance with the final liquidation balance sheet.   Creditors and other parties in interest have an opportunity to submit their claims to the liquidator and, if necessary, challenge the final balance sheet and any distributions thereunder before a Mexican Court.   *See* Mexican Corporations Law, Art. 243.   In the absence of objections to the final liquidation balance sheet, the liquidator will complete the distributions required thereunder and obtain the cancellation of the registration of the entity's charter before the Public Registry of Commerce.   *See id.* at Art. 242, VI.   This step officially ends the liquidation of the company and extinguishes the entity's legal personality.

28.     Notably, no shareholder is entitled to a distribution on account of its equity interest unless all creditors have been paid in full.   Shareholders may receive partial distributions in a Dissolution and Liquidation Procedure to the extent such distribution does not violate the entity's creditors' rights.   *See* Mexican Corporations Law, Art. 243.   The liquidator is required to act fairly in making distributions.   If there are insufficient assets to pay creditors, the liquidator may pay creditors a reduced amount in respect of their claims.   Any distribution to the entity's equity holders must be published in the Electronic System of the Ministry of Economy and any creditor may challenge such distribution by filing an objection before a Mexican court.   *See id.* at Arts. 9 and 243.

IV.        **Mexican Corporations Law Sufficiently Protects the Interests of Creditors and the Chapter 15 Debtor**

29.        Throughout the entire process of the Dissolution and Liquidation Procedure, the entity and the liquidator are subject both to the review and oversight of the Mexican court.  *See* Mexican Corporations Law, Arts. 232, 236, 238, and 243; Mexican Commercial Code, Arts. 1336 *et seq*., 1349 *et seq*., and 1362 *et seq*.  Although Mexican courts give deference to the liquidator's business judgment in administering, realizing, and distributing the entity's assets, parties in interest may challenge any of the actions undertaken by the liquidator in a Mexican court.  Further, the Mexican District Attorney ensures that the interests of creditors are protected if he or she finds the entity has failed under Mexican law, to pay its obligations when they became due.[9]  *See* Mexican Bankruptcy Law, Art. 21.  Additionally, any liquidator that does not comply with its fiduciary duties or ethical standards under Mexican law may be removed from the case and/or suspended or removed from the IFECOM's list of liquidators, in each case, upon request of any party in interest.

30.        Throughout the Dissolution and Liquidation Procedure, creditors are given notice of timing and procedures for submitting their claims and matters pertaining to potential distributions.  Creditors are able to engage with the Mexican Liquidator regarding these matters and the conduct of the Mexican Liquidation Proceeding and, as set forth above, may apply to the Mexican Court for relief if necessary.  Additionally, Mexican law provides for a robust appeal process, including a constitutional appeal (*amparo*) that can be filed before Mexican federal courts against any action from a government authority in violation of an individual's constitutional rights.

31.        The Mexican Corporations Law is consistent with the principles of absolute

---

[9]        Under Mexican law, if the Mexican District Attorney finds the entity has failed under Mexican law to pay its obligations when they became due, it may commence an involuntary bankruptcy case (*concurso mercantil*) against such entity.  *See* Mexican Bankruptcy Law, Arts. 10, 11, and 21.

priority, as it only permits equity holders to receive distributions after other creditors have received payment in full.   The Dissolution and Liquidation Procedure involves all of the entity's assets, rights, obligations, and liabilities, with respect to all entity's creditors, customers, and clients regardless of whether the parties are non-Mexican.   The Dissolution and Liquidation Procedure also treats foreign creditors and Mexican creditors alike.   In other words, there are no parties or assets that are excluded from the liquidator's distributions and rights afforded to parties under Mexican laws, such as the Mexican Commercial Code and Mexican Federal Civil Code, must be observed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 14, 2022
       Mexico City, Mexico

Juan Pablo Estrada Michel

López Melih y Estrada, S.C.
Sierra Gamón, No. 320, Lomas de Chapultepec
11000 Mexico City, Mexico
Telephone: + 52 (55) 5540-0707