## Exhibit C

**Precautionary Measures Order**

**Precautionary Measures Order – Original (Spanish)**

TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO
*"2022, AÑO DE RICARDO FLORES MAGÓN,*
*PRECURSOR DE LA REVOLUCIÓN MEXICANA"*
*QUINCUAGÉSIMO SEGUNDO DE LO CIVIL*

**EXPEDIENTE: 691/2022.**

**Ciudad de México, treinta de junio de dos mil veintidós.**

Dada cuenta en el expediente número **691/2021** y respecto de las **MEDIDAS PROVISIONALES** que solicita la parte actora en su escrito inicial de demanda, se provee lo siguiente.

En primer lugar, se hace necesario destacar que las **medidas cautelares -también denominadas providencias precautorias- en general**, son consideradas instrumentos que el juzgador puede decretar a solicitud de las partes o de oficio, para conservar la materia del litigio, así como para evitar un daño grave irreparable a los propios justiciables o a la sociedad con motivo de la tramitación de un proceso, por tanto la finalidad del proceso cautelar consiste en asegurar el resultado hipotético de una sentencia favorable; siendo el fundamento que autoriza su empleo, el tiempo que se lleva en el proceso, el cual ocupa de manera general un largo periodo hasta que se llega al reconocimiento del derecho con el dictado de la sentencia definitiva.

De este modo, las medidas cautelares se refieren a las determinaciones adoptadas por el órgano jurisdiccional con la finalidad de asegurar provisionalmente la efectividad práctica de una eventual sentencia estimatoria y evitar que durante la tramitación del proceso se produzcan daños y perjuicios de difícil o imposible reparación, por lo que el lapso relativamente prolongado que el proceso tarda hasta la resolución definitiva de la controversia, hace indispensable la utilización de medidas precautorias, a fin de evitar que la sentencia de fondo sea inútil o ilusoria y por el contrario tal decisión tenga eficacia.

Bajo esa tesitura, conforme los fines de las medidas cautelares, se destacan cuatro características a saber: 1. provisionales (sólo tienen vigencia hasta la conclusión del proceso), 2. accesorias (no constituyen un fin en sí mismas, sino que tienen su génesis en un proceso principal), 3. sumarias (el fin que persiguen debe tramitarse y dictarse en plazos breves); y, 4. flexibles (pueden modificarse o revocarse conforme las circunstancias generadas).

Su importancia inclusive se destaca en el numeral 63.1 de la Convención Americana de Derechos Humanos establece que en casos de extrema gravedad y urgencia, y cuando se haga necesario evitar daños irreparables a las personas, la Corte Interamericana, en los asuntos que este conociendo, podrá tomar las medidas provisionales que considere pertinentes; ante ello resulta inconcuso que las medidas cautelares tienden a garantizar el acceso efectivo a la jurisdicción previsto en el artículo 17 de

Sello electrónico SICJ / TSJCDMX -- Quincuagésima
Segundo de lo Civil | 691/2022-2 | HVICTORIAG |
2022-06-30 15:07:24 | OALONSOT | 2022-06-30



la Constitución Federal y el numeral 25 de la Convención Americana sobre Derechos Humanos.

Así, toda medida cautelar descansa en los principios de la verosimilitud o apariencia del buen derecho y el peligro en la demora, por lo cual el Juez está facultado para analizar esos elementos y en su caso proveer un adelanto provisional del derecho cuestionado para resolverlo posteriormente en forma definitiva y permitir, mientras tanto, el desarrollo de ciertas conductas por parte del litigante, que si se le impidieran ocasionarían perjuicio a él, y en algunos casos, a terceros.

En tal contexto, los artículos 1168 y 1175 del Código de Comercio disponen lo siguiente:

*"**Artículo 1168.-** En los juicios mercantiles únicamente podrán dictarse las medidas cautelares o providencias precautorias, previstas en este Código, y que son las siguientes:*

*I. Radicación de persona, cuando hubiere temor fundado de que se ausente u oculte la persona contra quien deba promoverse o se haya promovido una demanda. Dicha medida únicamente tendrá los efectos previstos en el artículo 1173 de éste Código;*

*II. Retención de bienes, en cualquiera de los siguientes casos:*

*a) Cuando exista temor fundado de que los bienes que se hayan consignado como garantía o respecto de los cuales se vaya a ejercitar una acción real, se dispongan, oculten, dilapiden, enajenen o sean insuficientes, y*

*b) Tratándose de acciones personales, siempre que la persona contra quien se pida no tuviere otros bienes que aquellos en que se ha de practicar la diligencia, y exista temor fundado de que los disponga, oculte, dilapide o enajene.*

*En los supuestos a que se refiere esta fracción, si los bienes consisten en dinero en efectivo o en depósito en instituciones de crédito, u otros bienes fungibles, se presumirá, para los efectos de este artículo, el riesgo de que los mismos sean dispuestos, ocultados o dilapidados, salvo que el afectado con la medida garantice el monto del adeudo. Tratándose de la retención de bienes cuya titularidad o propiedad sea susceptible de inscripción en algún registro público, el Juez ordenará que se haga la anotación sobre el mismo."*

*"**Artículo 1175.-** El juez deberá decretar de plano la retención de bienes, cuando el que lo pide cumpla con los siguientes requisitos:*



TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO
*"2022, Año de Ricardo Flores Magón,*
*Precursor de la Revolución Mexicana"*
*Quincuagésimo Segundo De Lo Civil*

*I. Pruebe la existencia de un crédito líquido y exigible a su favor;*

*II. Exprese el valor de las prestaciones o el de la cosa que se reclama, designando ésta con toda precisión;*

*III. Manifieste, bajo protesta de decir verdad, las razones por las cuales tenga temor fundado de que los bienes consignados como garantía o respecto de los cuales se vaya a ejercitar la acción real serán ocultados, dilapidados, dispuestos o enajenados.*

*En caso de que dichos bienes sean insuficientes para garantizar el adeudo, deberá acreditarlo con el avalúo o las constancias respectivas;*

*IV. Tratándose de acciones personales, manifieste bajo protesta de decir verdad que el deudor no tiene otros bienes conocidos que aquellos en que se ha de practicar la diligencia.*

*Asimismo, deberá expresar las razones por las que exista temor fundado de que el deudor oculte, dilapide o enajene dichos bienes, salvo que se trate de dinero en efectivo o en depósito en instituciones de crédito, o de otros bienes fungibles, y*

*V. Garantice los daños y perjuicios que pueda ocasionar la medida precautoria al deudor, en el caso de que no se presente la demanda dentro del plazo previsto en este Código o bien porque promovida la demanda, sea absuelta su contraparte.*

*El monto de la garantía deberá ser determinado por el juez prudentemente, con base en la información que se le proporcione y cuidando que la misma sea asequible para el solicitante."*

De una interpretación armónica de los preceptos antes transcritos, se colige que en los juicios mercantiles podrá dictarse como providencia precautoria, la retención de bienes cuando exista temor fundado de que los bienes que se hayan consignado como garantía o respecto de los cuales se vaya a ejercitar una acción real, se dispongan, oculten, dilapiden, enajenen o sean insuficientes para tales efectos; y tratándose de acciones personales, siempre que la persona contra quien se pida no tuviere otros bienes que aquellos en que se ha de practicar la diligencia y exista temor fundado de que los disponga, oculte, dilapide o enajene.

Por otro lado, los artículos 384, 387 y 388 del Código Federal de Procedimientos Civiles de aplicación supletoria a la Materia Mercantil disponen lo siguiente:



*"Articulo 384.-* Antes de iniciarse el juicio, o durante su desarrollo, pueden decretarse todas las medidas necesarias para mantener la situación de hecho existente. Estas medidas se decretarán sin audiencia de la contraparte, y no admitirán recurso alguno. La resolución que niegue la medida es apelable.

*'Articulo 387.-* En todo caso en que la mantención de las cosas en el estado que guarden pueda causar daño o perjuicio a persona distinta de la que solicite la medida, se exigirá, previamente, garantía bastante para asegurar su pago, a juicio del tribunal que la decrete.

*'Articulo 388.-* La determinación que ordene que se mantengan las cosas en el estado que guarden al dictarse la medida, no prejuzga sobre la legalidad de la situación que se mantiene, ni sobre los derechos o responsabilidades del que la solicita."

Al respecto resulta necesario transcribir la siguiente tesis por contradicción jurisprudencia 415/2012 que a la letra establece:

*"PROVIDENCIAS PRECAUTORIAS EN MATERIA MERCANTIL. CUANDO LA SOLICITUD DE LA MEDIDA NO SE FUNDA EN LOS CASOS QUE PREVÉ EL ARTÍCULO 1168 DEL CÓDIGO DE COMERCIO, LA RESTRICCIÓN CONTENIDA EN EL ARTÍCULO 1171 DE LA MISMA LEY PARA DICTARLAS, NO IMPIDE LA APLICACIÓN SUPLETORIA DE LAS MEDIDAS DE ASEGURAMIENTO PREVISTAS EN LOS NUMERALES 384 A 388 DEL CÓDIGO FEDERAL DE PROCEDIMIENTOS CIVILES (ABANDONO PARCIAL DE LAS TESIS 1a. LXXIX/2007 Y 1a. LXXXI/2007).* El artículo 1168 del Código de Comercio regula como medida cautelar las que denomina providencias precautorias, las cuales sólo pueden dictarse cuando exista temor de que: I) se ausente u oculte la persona contra quien deba entablarse o se haya entablado una demanda; II) se oculten o dilapiden los bienes sobre los que ha de ejercitarse una acción real, y III) se oculten o enajenen los bienes sobre los que ha de practicarse la diligencia, siempre que la acción sea personal y el deudor no tuviera otros bienes. Por su parte, el numeral 1171 del mismo ordenamiento prevé que no pueden dictarse otras providencias precautorias que las establecidas en el propio código y que exclusivamente serán, en caso de la citada fracción I, el arraigo de la persona y, en los casos de las mencionadas fracciones II y III, el secuestro de bienes. En ese sentido, si en el Código de Comercio el legislador solamente reguló y denominó expresamente y de manera completa y cerrada la medida cautelar que denominó providencias precautorias, entonces, cuando en un juicio mercantil se plantea la solicitud de que se dicte una medida cautelar con la finalidad de que se mantenga una situación de hecho existente, y ésta no se funda en alguna de las tres

*hipótesis mencionadas, es inconcuso que, por un lado, el juzgador estaría impedido para dictar una providencia precautoria de las previstas en el artículo 1168 señalado y, por otro, que al no poder establecer tal providencia precautoria, resultaría inaplicable la prohibición contenida en el diverso artículo 1171, dado que la anotada prohibición sólo tiene por objeto regular los términos y las condiciones para que opere la medida cautelar denominada providencias precautorias prevista en el referido artículo 1168, y en consecuencia, tal prohibición no puede ni debe entenderse extensiva a cualquier medida cautelar que resulte legalmente aplicable a la materia mercantil. En ese sentido, ante la solicitud de una medida cautelar con la finalidad de que se mantenga una situación de hecho, que no se funde en alguna de las tres hipótesis contenidas en el artículo 1168 del Código de Comercio, sí sería aplicable supletoriamente en términos del artículo 1054 del mismo ordenamiento, el contenido conducente del Código Federal de Procedimientos Civiles, que prevé como medida cautelar las denominadas medidas de aseguramiento, establecidas en sus artículos 384 a 388. Lo anterior conduce a esta Sala a apartarse parcialmente del criterio contenido en las tesis aisladas 1a. LXXIX/2007 y 1a. LXXXI/2007, en la parte que prevén la intención y el alcance del contenido restrictivo del artículo 1171 del Código de Comercio.* **Contradicción de tesis 415/2012.** Entre las sustentadas por los Tribunales Colegiados Tercero y Décimo Primero, ambos en Materia Civil del Primer Circuito. 6 de febrero de 2013. Mayoría de cuatro votos por lo que hace a la competencia y respecto al fondo. Disidente: José Ramón Cossío Díaz, quien formuló voto particular. Ponente: Arturo Zaldívar Lelo de Larrea. Secretario: Mario Gerardo Avante Juárez. Tesis de jurisprudencia 27/2013 (10a.). Aprobada por la Primera Sala de este Alto Tribunal, en sesión de fecha veinte de febrero de dos mil trece. Nota: La presente tesis abandona parcialmente el criterio sostenido en las tesis aisladas 1a. LXXIX/2007 y 1a. LXXXI/2007, de rubros: "PROVIDENCIAS PRECAUTORIAS. EL ARTÍCULO 1171 DEL CÓDIGO DE COMERCIO NO VIOLA LA GARANTÍA DE AUDIENCIA CONTENIDA EN EL ARTÍCULO 14 DE LA CONSTITUCIÓN POLÍTICA DE LOS ESTADOS UNIDOS MEXICANOS." y "PROVIDENCIAS PRECAUTORIAS. EL ARTÍCULO 1171 DEL CÓDIGO DE COMERCIO, EN RELACIÓN CON EL NUMERAL 384 DEL CÓDIGO FEDERAL DE PROCEDIMIENTOS CIVILES, NO CAUSA INDEFENSIÓN, INCERTIDUMBRE O INSEGURIDAD JURÍDICA A LOS GOBERNADOS.", específicamente, en la parte que prevén la intención y el alcance del contenido restrictivo del artículo 1171 del Código de Comercio, que aparecen publicadas en el Semanario Judicial de la Federación y su Gaceta, Novena Época, Tomo XXV, marzo de 2007, páginas 264 y 263, respectivamente Época: Décima Época. Registro: 2003884 . Instancia: Primera Sala. Tipo de Tesis: Jurisprudencia. Fuente:



Semanario Judicial de la Federación y su Gaceta. Libro XXI, Junio de 2013, Tomo 1. Materia(s): Civil. Tesis: 1a./J. 27/2013 (10a.). Página: 552."; y,

**"MEDIDAS CAUTELARES. CONCEPTO, PRESUPUESTOS, MODALIDADES, EXTENSIÓN, COMPLEJIDAD Y AGILIDAD PROCESAL.** *La doctrina y el funcionamiento de las medidas cautelares en el sistema jurídico nacional, revelan la inmensidad de situaciones que se pueden presentar en los procesos en los que se ventilan, que hace difícil, si no es que imposible, que la previsión humana, inclusive de los legisladores más expertos y sabios, pueda prever y darles solución mediante reglas consignadas en preceptos legales, si se toma en cuenta además, la dinámica de la vida y de la diaria realidad en la que están inmersas estas cuestiones, de manera que resultan un campo fértil para el cultivo de las facultades discrecionales, incluso las de gran amplitud, ya que sin ellas se entorpecería, sin lugar a duda, la misión del Juez y la satisfacción de los fines perseguidos en estas materias, con la impartición de justicia. Efectivamente, las medidas cautelares son mecanismos autorizados por la ley para garantizar todo derecho con probabilidad de insatisfacción, mediante la salvaguarda de una situación de hecho, el apartamiento de bienes, cosas o personas para garantizar la eventual realización de la sentencia, o la anticipación de ciertos efectos provisorios de la sentencia de mérito, a fin de evitar la afectación que podría causar la dilación en la resolución de la cuestión sustancial controvertida o la inutilidad del proceso mismo. Son de extensa variedad, en la que encuentra diferencias específicas que exigen la adaptación, conforme a su flexibilidad, la potestad judicial expresa y discrecional, de sus alcances, duración, efectos, así como de la fase procesal en la que se adoptan, ya sea de plano o incidentalmente, dentro de un proceso cautelar sumario o sumarísimo, transformable para la eficacia de la medida, según sus características, utilidad práctica y finalidad, en donde es admisible una resolución interina de cautela, de carácter ultra sumario, sujeta a modificación, revocación o al cese de sus efectos, conforme a pruebas supervenientes, medios de impugnación, la contracautela; y una definitiva con duración máxima a la conclusión del proceso principal en curso o inminente del que es instrumental. Pueden pedirse o decretarse de oficio, una vez satisfechos sus presupuestos esenciales de la buena apariencia de un derecho (fumus boni iuris) y el peligro de que este derecho aparente no sea satisfecho (periculum in mora) y tramitarse sólo con la intervención de quien las solicita o con la necesaria e indispensable intervención de la parte contra quien se dirigen, según el examen valorativo racional del Juez. Existen medidas que no pueden esperar hasta la satisfacción del derecho de contradicción del sujeto afectado con ellas, ya sea porque esto conllevaría a la evasión de la medida, o a la inocuidad de ella, de manera que habrá casos en los que ese*



TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO

*"2022, Año de Ricardo Flores Magón,*
*Precursor de la Revolución Mexicana"*
QUINCUAGÉSIMO SEGUNDO DE LO CIVIL

*derecho tendrá que aplazarse, pero sólo el tiempo estrictamente necesario para impedir la frustración de los fines perseguidos con la medida solicitada, conforme a su naturaleza.* CUARTO TRIBUNAL COLEGIADO EN MATERIA CIVIL DEL PRIMER CIRCUITO. Décima Época, Tribunales Colegiados de Circuito, Libro 33, Agosto de 2016, Tomo IV."

Lo anterior en cumplimiento del artículo 1o. constitucional, que obliga al Juzgador dentro del ámbito de su competencia, a velar no sólo por los derechos humanos contenidos en los instrumentos internacionales firmados por el Estado Mexicano, sino también por los derechos contenidos en la Constitución Federal adoptando la interpretación más favorable al derecho humano del que se trata.

En tal virtud, en observancia a los artículos 17 constitucional, párrafos segundo y sexto, y 25 de la Convención Americana sobre Derechos Humanos, los juzgadores deben garantizar la efectiva materialización de la condena y, para ello, deben tomar las medidas o providencias cautelares que consideren pertinentes, porque éstas son el instrumento utilizado para preservar el acceso efectivo a la jurisdicción, ya que dichas providencias tienden a evitar obstáculos que dificulten o impidan la ejecución de la sentencia.

Por su parte, "**la mantención de hechos existentes**" en palabras de la Primera Sala de nuestro Alto Tribunal, configura una medida precautoria de aseguramiento, que se traduce en una medida de tipo conservativo que procura evitar que la sentencia de fondo resulte inútil y lograr que la misma tenga eficacia práctica, pues conserva viva la materia del litigio, sin prejuzgar sobre el fondo del asunto que se resolverá hasta el dictado del fallo definitivo.

De tal modo que en acatamiento a los ordenamientos y tesis antes transcritos, otorgan al Juzgador la flexibilidad en el procedimiento para la adopción de tales medidas, ello ante la diversidad impredecible de situaciones que puedan presentarse en cada caso concreto, de difícil previsión y solución con preceptos o reglas, lo que está reconocido implícitamente por el propio legislador, al conceder las más amplias facultades a los operadores jurídicos a fin de dar satisfacción y respuesta idónea, adecuada y proporcional a cada particularidad que se presenta, y con ello poder mantener una situación de hechos existente dada la gama de situaciones que en vía de hecho pueden presentarse y que tendrían que estar afectas a una medida cautelar o de aseguramiento necesaria e indispensable, como en la que está basada primordialmente la petición de la accionante.



TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO

*"2022, Año de Ricardo Flores Magón,*
*Precursor de la Revolución Mexicana"*
*Quincuagésimo Segundo De Lo Civil*

En este contexto, se procede a hacer un análisis a efecto de valorar si las medidas de aseguramiento solicitadas cumplen con los requisitos mínimos consistente en la presencia de la apariencia del buen derecho y el peligro en la demora, tal como se desprende del siguiente criterio:

**"MEDIDAS CAUTELARES DE ASEGURAMIENTO. PARA QUE PUEDAN OTORGARSE, EL SOLICITANTE DEBE DESCRIBIR LA SITUACIÓN DE HECHO EXISTENTE Y EXPRESAR LOS MOTIVOS PARA MANTENERLA (CÓDIGO FEDERAL DE PROCEDIMIENTOS CIVILES).** *La interpretación literal y sistemática, con la utilización particular del argumento interpretativo a rúbrica, así como histórica y teleológica, incluyendo la utilización del argumento interpretativo denominado psicológico, que pretende conocer la voluntad del concreto legislador que emitió la ley, basándose en los trabajos preparatorios, de los artículos 384, 385 y 386 del Código Federal de Procedimientos Civiles, permite colegir que las medidas de aseguramiento son medidas cautelares de las denominadas conservativas, es decir, de aquellas que tienden a mantener el estado de cosas anterior al proceso principal. El segundo de los dispositivos legales citados excluye el carácter innovativo, esto es, de modificación de ese estado de cosas, remitiendo, para su obtención, a una demanda ad hoc, o sea, planteada de manera específica para decidir ese cambio de situación en vía principal, y no accidental como las medidas previstas en los dispositivos legales invocados. La clase a que pertenecen las medidas de aseguramiento establecidas en la legislación adjetiva civil federal, determina que solamente consistan en mantener la situación de hecho existente, aunque pueden entrañar, entre otras, la suspensión de una obra, de la ejecución de un acto o de la celebración de un contrato, pero, en estos casos, dado su carácter equivalente a una modificación, se requiere la presentación de la demanda dentro de un plazo perentorio a partir de que se haya decretado la suspensión. Ello significa que se trata de medidas prejudiciales que, por consiguiente, no pueden ser solicitadas una vez iniciado el procedimiento, y su previsión sólo obedece a la urgencia de suspender esos actos para evitar una violencia inter partes de forma previa al sometimiento del asunto ante la jurisdicción estatal. Al igual que la generalidad de las medidas cautelares, las de aseguramiento se basan en el peligro en la demora (periculum in mora), y en la apariencia o verosimilitud del derecho (fumus boni iuris). Esos elementos deben concurrir para el otorgamiento de las medidas de aseguramiento consistentes en el mantenimiento de la situación de hecho existente con antelación al proceso, por lo que es menester que el solicitante de las mismas exprese los motivos que generan el temor fundado de resentir el daño a un derecho si no se mantiene la circunstancia fáctica imperante, misma que, debe también describirse, a fin de que el juzgador aprecie si existe el riesgo de afectación al derecho controvertido. No puede*



TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO
*"2022, Año de Ricardo Flores Magón,*
*Precursor de la Revolución Mexicana"*
*Quincuagésimo Segundo De Lo Civil*

*ser de otra manera, porque las medidas de aseguramiento, en tanto especie del género cautelar, tienden a evitar que la sentencia pierda su efectividad, en caso de ser favorable a la pretensión formulada, por lo que será en función de esta última que el órgano jurisdiccional debe ponderarla. Así, será la trascendencia de la situación de hecho existente a la afectación del derecho discutido la que determine la pertinencia de conceder o negar la medida, y en tal sentido, la información proporcionada al juzgador resulta esencial. Estimar lo contrario, significaría que la mera solicitud de las medidas de aseguramiento entrañara su concesión, desnaturalizándose con ello el loable propósito a que sirven tales providencias cautelares, y coartando el arbitrio judicial de apreciar el peligro en la demora, la verosimilitud del derecho y la idoneidad de la medida para lograr la finalidad de hacer efectiva la sentencia que, en su caso, resuelva favorablemente la pretensión del solicitante de la medida.* Registro digital: 171714, Instancia: Tribunales Colegiados de Circuito, Novena Época. Materias(s): Civil. Tesis: I.3o.C.631 C, Fuente: Semanario Judicial de la Federación y su Gaceta. Tomo XXVI, Agosto de 2007, página 1723, Tipo: Aislada."*

En primer lugar, los artículos 229, 232 y 233 de la Ley General de Sociedades Mercantiles, señalan que:

**"Artículo 229.-** *Las sociedades se disuelven:*

*I.- Por expiración del término fijado en el contrato social;*

*II.- Por imposibilidad de seguir realizando el objeto principal de la sociedad o por quedar éste consumado;*

*III.- Por acuerdo de los socios tomado de conformidad con el contrato social y con la Ley;*

*IV.- Porque el número de accionistas llegue a ser inferior al mínimo que esta Ley establece, o porque las partes de interés se reúnan en una sola persona;*

*V.- Por la pérdida de las dos terceras partes del capital social.*

*VI.- Por resolución judicial o administrativa dictada por los tribunales competentes, conforme a las causales previstas en las leyes aplicables."*

**"Artículo 232.-** *En el caso de la fracción I del artículo 229, la disolución de la sociedad se realizará por el solo transcurso del término establecido para su duración. En los demás casos, comprobada por la sociedad la existencia de causas de disolución, la causa de disolución se inscribirá de manera inmediata en el Registro Público de Comercio.*





**TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO**
*"2022, Año de Ricardo Flores Magón,*
*Precursor de la Revolución Mexicana"*
*Quincuagésimo Segundo De Lo Civil*

*Si la inscripción no se hiciere a pesar de existir la causa de disolución,* **cualquier interesado** *podrá ocurrir ante la autoridad judicial, en la vía sumaria o, en los casos que la disolución sea por resolución judicial, en la vía incidental, a fin de que ordene el registro de la disolución.*

*Cuando se haya inscrito la disolución de una sociedad, sin que a juicio de algún interesado hubiere existido alguna causa de las enumeradas por la Ley, podrá ocurrir ante la autoridad judicial, dentro del término de treinta días contados a partir de la fecha de la inscripción, y demandar, en la vía sumaria, la cancelación de la inscripción, salvo los casos en que la disolución sea por resolución judicial, en los cuales aplicará los medios de impugnación correspondientes a la materia que emitió la resolución judicial correspondiente."*

*"***Artículo 233.-** *Los Administradores no podrán iniciar nuevas operaciones con posterioridad al vencimiento del plazo de duración de la sociedad, al acuerdo sobre disolución o a la comprobación de una causa de disolución. Si contravinieren esta prohibición, los Administradores serán solidariamente responsables por las operaciones efectuadas".*

Así, la apariencia del buen derecho y la necesidad de la medida, se estiman acreditadas en términos de las documentales que acompaña así como de la opinión contable y la del propio actor dada su experiencia personal como Presidente del Consejo de Administración, pues se desprende que la hoy demandada tiene un resultado neto negativo que puede impactar de manera negativa al capital social, existiendo un indicio en grado de apariencia que pudiera actualizar lo dispuesto por la fracción V del artículo 229 de la Ley General de Sociedades Mercantiles, esto es la perdida de sus dos tercera partes de capital social, sin que ello implique prejuzgar sobre el fondo, por lo que a efecto de evitar que se trastoque el orden público mexicano y que se destruya la materia del presente juicio, con el propósito de mantener el patrimonio de CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR.

Consecuentemente y dado que a juicio del Suscrito obran los medios de prueba necesarios para su otorgamiento en los términos a continuación indicados y que arrojan conclusión sobre la necesidad de mantener la situación de hecho existente y evitar que se afecte el patrimonio de la demandada y de terceros; por tanto **RESULTA PROCEDENTE OTORGAR Y CONCEDER LAS PROVIDENCIAS PRECAUTORIAS,** sin que ello signifique o implique en modo alguno prejuzgar sobre la legalidad de la situación que se mantiene, ni sobre los derechos o responsabilidades del que la solicita como lo indica el artículo 388 del código federal procesal civil; por tanto se concede la misma única y exclusivamente para los efectos siguientes:



TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO
*"2022, Año de Ricardo Flores Magón,*
*Precursor de la Revolución Mexicana"*
*Quincuagésimo Segundo De Lo Civil*

**1.-** Se decreta la suspensión de todo procedimiento de ejecución contra los bienes y derechos de CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR y/o concursales, cuyo efecto es salvaguardar la buena marcha de la sociedad como una empresa en operaciones.

**2.-** Se decreta la suspensión en la ejecución de los embargos actualmente trabados sobre los bienes y derechos de CRÉDITO REAL, S.A.B. DE C.V., SOFOM, EN, hasta en tanto se resuelva en definitiva el presente juicio.

**3.-** Se decreta la prohibición de aseguramiento de bienes y su ejecución en perjuicio de CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR hasta el dictado de sentencia, con el propósito de conservar el patrimonio de liquidación.

**4.-** Se prohíbe a CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR realizar pagos de obligaciones vencidas y por pagar, salvo por aquellos pagos indispensables en el curso ordinario del negocio, para mantener y conservar sus operaciones, hasta en tanto se resuelva en definitiva el presente juicio.

**5.-** Se ordena no rematar ni materializar los embargos trabados sobre las cuentas bancarias de CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR hasta en tanto se resuelva el presente juicio para el efecto de conservar el patrimonio de la demandada a fin de llevar a cabo de manera correcta su liquidación.

Por lo que **gírese atento oficio** correspondiente al **TITULAR DE LA COMISIÓN NACIONAL BANCARIA Y DE VALORES** a través del Sistema de Atención de Requerimientos de Autoridades (SIARA), para que por su conducto haga del conocimiento a todas las instituciones financieras agremiadas del Sistema Financiero Mexicano el contenido de la presente medida.

**6.-** Se ordena reintegrar a CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR los importes que en su caso le fueran deducidos por penas convencionales impuestas a la misma derivada de sus relaciones comerciales y de financiamiento con distintos acreedores, hasta en tanto se resuelva en definitiva el presente juicio.

**7.-** Se prohíbe iniciar, tramitar y concluir los procedimientos de cobro en contra de CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR que se encuentren pendientes de aplicar, hasta en tanto se resuelva en definitiva el presente juicio.

**8.-** Se ordena la suspensión de cualquier procedimiento de ejecución y exigibilidad de los créditos por parte de cualquier acreedor de CRÉDITO





TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO
*"2022, Año de Ricardo Flores Magón,*
*Precursor de la Revolución Mexicana"*
Quincuagésimo Segundo De Lo Civil

REAL, S.A.B. DE C.V., SOFOM, ENR, hasta en tanto se resuelva en definitiva el presente juicio.

**9.-** Se prohíbe detener, retener, secuestrar y/o embargar o llevar a cabo cualquier tipo de ejecuciones en maquinarias, partes y refacciones propios que se encuentren en posesión legítima de CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR derivados de contratos de fideicomiso, así como aquellos otorgados en arrendamiento, mediante los cuales la demandada realiza sus actividades cotidianas; en el entendido de que deberán exceptuarse de esta prohibición aquellas operaciones indispensables para el curso normal de los negocios.

**10.-** Se prohíbe a CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR enajenar, anotar gravámenes, retener o suspender derechos corporativos y/o patrimoniales, negar transmisiones, de las acciones de las cuales es titular representativas de su capital social.

**11.-** Se prohíbe a las instituciones bancarias **(i)** Banco Santander México, S.A., Institución de Banca Múltiple, Grupo Financiero Santander México; **(ii)** Scotiabank Inverlat, S.A., Institución de Banca Múltiple, Grupo Financiero Scotiabank Inverlat; **(iii)** BBVA México, S.A., Institución de Banca Múltiple, Grupo Financiero BBVA México; **(iv)** Banca Mifel, S.A., Institución de Banca Múltiple, Grupo Financiero Mifel; **(v)** Banco del Bajío, S.A., Institución de Banca Múltiple; **(vi)** Banco Ve Por Más, S.A. Institución de Banca Múltiple, Grupo Financiero Ve por Más; **(vii)** SMBC S.A.P.I. de C.V. SOFOM, E.N.R.; **(viii)** Bot Finance Mexico S.A. de C.V. Sofom, EN.R.; **(ix)** BlueOrchard Microfinance Fund; **(x)** Corporación Interamericana de Inversiones; **(xi)** BNP Paribas México, S.A., Institución de Banca Múltiple; **(xii)** Credit Suisse AG; **(xiii)** United States International Development Finance Corporation; y, **(xiv)** Nacional Financiera, Sociedad Nacional de Crédito, Institución de Banca de Desarrollo de retener, disponer, compensar y/o utilizar los recursos que comprenden las cantidades derivadas de los contratos celebrados con las mismas, conforme a los cuales CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR tiene el derecho de que se le cubra y entere importe de los pagarés, notas de venta y fichas de compra, entre otras, según corresponda, hasta en tanto se resuelva en definitiva el presente juicio.

Por lo anterior, **gírese atento oficio** correspondiente al **TITULAR DE LA COMISIÓN NACIONAL BANCARIA Y DE VALORES** a través del Sistema de Atención de Requerimientos de Autoridades (SIARA), para que por su conducto haga del conocimiento a las instituciones de crédito antes mencionadas para que den cumplimiento a la presente medida.





TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO
*"2022, Año de Ricardo Flores Magón,*
*Precursor de la Revolución Mexicana"*
*Quincuagésimo Segundo De Lo Civil*

**12.-** Se prohíbe a las instituciones bancarias **(i)** Banco Santander México, S.A., Institución de Banca Múltiple, Grupo Financiero Santander México; **(ii)** Scotiabank Inverlat, S.A., Institución de Banca Múltiple, Grupo Financiero Scotiabank Inverlat; **(iii)** BBVA México, S.A., Institución de Banca Múltiple, Grupo Financiero BBVA México; **(iv)** Banca Mifel, S.A., Institución de Banca Múltiple, Grupo Financiero Mifel; **(v)** Banco del Bajío, S.A., Institución de Banca Múltiple; **(vi)** Banco Ve Por Más, S.A. Institución de Banca Múltiple, Grupo Financiero Ve por Más; **(vii)** SMBC S.A.P.I. de C.V. SOFOM, E.N.R.; **(viii)** Bot Finance Mexico S.A. de C.V. Sofom, EN.R.; **(ix)** BlueOrchard Microfinance Fund; **(x)** Corporación Interamericana de Inversiones; **(xi)** BNP Paribas México, S.A., Institución de Banca Múltiple; **(xii)** Credit Suisse AG; **(xiii)** United States International Development Finance Corporation; **(xiv)** Nacional Financiera, Sociedad Nacional de Crédito, Institución de Banca de Desarrollo en las que CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR , mantenga cuentas bancarias, fideicomisarias, tarjetas de crédito y/o débito, aperturadas, de transferir, disponer, embargar, detener, retener, compensar y/o utilizar los recursos que se encuentren administrados en dichas cuentas o sean parte del patrimonio en dichas cuentas, con el propósito de mantener la situación de hecho existente conservando el patrimonio.

Por lo anterior, **gírese atento oficio** correspondiente al **TITULAR DE LA COMISIÓN NACIONAL BANCARIA Y DE VALORES** a través del Sistema de Atención de Requerimientos de Autoridades (SIARA), para que por su conducto haga del conocimiento a las instituciones de crédito antes mencionadas para que den cumplimiento a la presente medida.

**13.-** Se ordena la suspensión de cualquier procedimiento de ejecución derivado de cualquier fideicomiso en el cual CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR sea parte con el propósito de mantener la situación de hecho existente.

**14.-** Se ordena la suspensión de cualquier procedimiento, judicial, administrativo, contractual o extra contractual, que tenga por objeto privar a CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR del uso, disfrute o ejercicio de cualquier derecho, bien o activo, de cualquier naturaleza, o restringirle su uso o ejercicio o ponerla en insolvencia.

**15.-** En términos del artículo 87-A Bis de la Ley General de Organizaciones y Actividades Auxiliares del Crédito, y una vez que se ingreso a la página web del Instituto Federal de Especialistas de Concursos Mercantiles en el apartado de Registro de Especialistas de Concursos Mercantiles Síndicos, lo cual puede verificarse a través del siguiente dominio:



*https://www.ifecom.cjf.gob.mx/paginas/especialistas.htm?*
*pageName=especialistas%2FlistaEspecialistas.htm*

Siendo esto un hecho notorio con base en el siguiente criterio:

**PÁGINAS WEB O ELECTRÓNICAS. SU CONTENIDO ES UN HECHO
NOTORIO Y SUSCEPTIBLE DE SER VALORADO EN UNA DECISIÓN
JUDICIAL.** *Los datos publicados en documentos o páginas situados en
redes informáticas constituyen un hecho notorio por formar parte del
conocimiento público a través de tales medios al momento en que se dicta
una resolución judicial, de conformidad con el artículo 88 del Código Federal
de Procedimientos Civiles. El acceso al uso de Internet para buscar
información sobre la existencia de personas morales, establecimientos
mercantiles, domicilios y en general cualquier dato publicado en redes
informáticas, forma parte de la cultura normal de sectores específicos de la
sociedad dependiendo del tipo de información de que se trate. De ahí que, si
bien no es posible afirmar que esa información se encuentra al alcance de
todos los sectores de la sociedad, lo cierto es que sí es posible determinar si
por el tipo de datos un hecho forma parte de la cultura normal de un sector
de la sociedad y pueda ser considerado como notorio por el juzgador y,
consecuentemente, valorado en una decisión judicial, por tratarse de un
dato u opinión común indiscutible, no por el número de personas que
conocen ese hecho, sino por la notoriedad, accesibilidad, aceptación e
imparcialidad de este conocimiento. Por tanto, el contenido de una página
de Internet que refleja hechos propios de una de las partes en cualquier
juicio, puede ser tomado como prueba plena, a menos que haya una en
contrario que no fue creada por orden del interesado, ya que se le reputará
autor y podrá perjudicarle lo que ofrezca en sus términos. Suprema Corte de
Justicia de la Nación. Registro digital: 2004949. Instancia: Tribunales
Colegiados de Circuito. Décima Época. Materias(s): Civil, Común. Tesis:
I.3o.C.35 K (10a.). Fuente: Semanario Judicial de la Federación y su
Gaceta. Libro XXVI, Noviembre de 2013, Tomo 2, página 1373. Tipo:
Aislada."*

**"Artículo 87-A.-** *A las casas de cambio les está prohibido:*

*'I. Operar con sus propias acciones, salvo en los casos previstos en la Ley
del Mercado de Valores;*

*'II. (Se deroga).*

*'III. Recibir depósitos bancarios de dinero;*

*'IV. Otorgar fianzas, cauciones o avales;*





**TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO**
*"2022, Año de Ricardo Flores Magón,*
*Precursor de la Revolución Mexicana"*
QUINCUAGÉSIMO SEGUNDO DE LO CIVIL

*'V. Adquirir bienes inmuebles y mobiliario o equipo no destinados a las oficinas o actividades propias de su objeto social;*

*'VI. Realizar operaciones que no les estén expresamente autorizadas, y*

*'VII. Celebrar operaciones en virtud de las cuales resulten o puedan resultar deudores de la casa de cambio, sus funcionarios y empleados, salvo que correspondan a prestaciones de carácter laboral otorgadas de manera general; los comisarios propietarios y suplentes, estén o no en funciones; los auditores externos de la casa de cambio."*

En consecuencia y como lo solicita la actora, se designa de manera aleatoria de la Lista de Síndicos del Instituto Federal de Especialistas de Concursos Mercantiles (IFECOM), como *__Liquidador Judicial Provisional__* con las facultades establecidas en el artículo 242, 245, 247, 248 y siguientes de la Ley General de Sociedades Mercantiles al **C. FERNANDO ALONSO DE FLORIDA RIVERO,** por lo cual elabórese la cédula respectiva y túrnese al Actuario de la adscripción, a efecto de notificarlo personalmente en el domicilio ubicado en Torre Arcos Bosques l, Paseo de los Tamarindos No. 400-B Pisos 8 y 9, Bosques de las Lomas, C.P. 05120, Ciudad de México, por ser su lugar de trabajo como se desprende de la página de internet: *https://jaureguivdelvalle.com/attorney/fernando-alonso-de-florida-r-es/* ; para que comparezca a ese Juzgado en un término de CINCO DIAS para aceptar, protestar el cargo y acreditar contar con la experiencia necesaria.

**16.-** Se ordena a CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR, se abstenga de realizar pago alguno a bonistas, tenedores de bonos, tenedores de deuda y/o cualquier persona que tenga títulos de deuda o similares hasta en tanto se resuelva en definitiva el presente juicio, a fin de conservar el patrimonio en liquidación.

Por tanto, en términos de lo dispuesto por el artículo 387 del Código Federal de Procedimientos Civiles de aplicación supletoria a la materia mercantil, para que surtan sus efectos las medidas conservativas anteriormente decretadas, se deberá fijar una garantía asequible para el actor y suficiente para responder de los daños y perjuicios que con las mismas pudieran ocasionarse, por tanto a juicio del Suscrito deberá la parte actora exhibir la cantidad de **$150,000.00 (ciento cincuenta mil pesos 00/100 m.n.)**

Cantidad anterior que deberán ser consignada en alguna de las formas establecidas por la ley por concepto de garantía (billete de depósito o fianza) y ser presentada de manera inmediata; **POR LO QUE TAL PROVIDENCIA PRECAUTORIA SURTIRÁ SUS EFECTOS UNA VEZ QUE SEA**



**TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO**
*"2022, Año de Ricardo Flores Magón,*
*Precursor de la Revolución Mexicana"*
*Quincuagésimo Segundo De Lo Civil*

**OTORGADA DICHA GARANTÍA** previa petición por escrito; por lo que una vez que sea exhibida la garantía antes aludida

En términos de la Ley Federal de Transparencia y Acceso a la Información Pública y del Reglamento de la Suprema Corte de Justicia de la Nación y del Consejo de la Judicatura Federal para la aplicación de la Ley Federal de Transparencia y Acceso a la Información Pública, *se tiene al promovente manifestando la oposición de su representada a que se publiquen sus datos personales, en consecuencia, notifíquese como secreto la presente resolución en el Boletín Judicial.*

**NOTIFIQUESE PERSONALMENTE AL DEMANDADO**.- Lo proveyó y firma el Ciudadano Juez Quincuagésimo Segundo de lo Civil del Tribunal Superior de Justicia de la Ciudad de México, Licenciado **HELIO VICTORIA GUZMÁN**, ante la Secretaria de Acuerdos "A" Licenciado Oscar Alonso Tolamatl, con quien actúa, autoriza y da fe.  Doy fe.

Sello electrónico SIGJ / TSJCDMX – Quincuagésimo Segundo de lo Civil | 691/2022-2 | HVICTORIAG | 2022-06-30 15:07:24 | OALONSOT | 2022-06-30

En el *Boletín Judicial* No. ____117____ correspondiente al día ___01_ de _____Julio_____ de _2022_ se hizo la publicación de Ley.— Conste.
El _04_ de___Julio___ del _2022_ , surtió efectos la notificación anterior.— Conste.

PJCDMX
PODER JUDICIAL

**EVIDENCIA CRIPTOGRÁFICA - TRANSACCIÓN**

Archivo Firmado: 1656611913480.pdf
Autoridad Certificadora del Poder Judicial de la Ciudad de México
Firmante(s): 2
Hoja(s): 16

| | Firmantes | | | | Firmas |
|---|---|---|---|---|---|
| Nombre(s): | HELIO VICTORIA GUZMAN | Validez: | Vigente | No Serie: | 70.6a.63.64.6d.78.32.30.30.31.32.36.36 |
| | OSCAR ALONSO TOLAMATL | Validez: | Vigente | No Serie: | 70.6a.63.64.6d.78.32.30.30.30.36.35.39 |
| **OCSP** | | | | | |
| Fecha: (UTC / CDMX) | 30/06/22 20:07:24 - 30/06/22 15:07:24 | | | | |
| | 30/06/22 20:14:21 - 30/06/22 15:14:21 | | | | |
| Nombre del respondedor(es): | Servicio delegado OCSP de la AC del Poder Judicial de la CDMX | | | | |
| | Servicio delegado OCSP de la AC del Poder Judicial de la CDMX | | | | |
| Emisor(es) del respondedor(es): | Autoridad Certificadora del Poder Judicial de la Ciudad de México | | | | |
| | Autoridad Certificadora del Poder Judicial de la Ciudad de México | | | | |
| Número(s) de serie: | 70.6a.63.64.6d.78.32.30.32 | | | | |
| | 70.6a.63.64.6d.78.32.30.32 | | | | |
| **TSP** | | | | | |
| Fecha: (UTC / CDMX) | 30/06/22 20:07:24 - 30/06/22 15:07:24 | | | | |
| | 30/06/22 20:14:21 - 30/06/22 15:14:21 | | | | |
| Nombre del emisor de la respuesta TSP: | Entidad Emisora de Sellos de Tiempo del Poder Judicial de la Ciudad de México | | | | |
| | Entidad Emisora de Sellos de Tiempo del Poder Judicial de la Ciudad de México | | | | |
| Emisor del certificado TSP: | Autoridad Certificadora del Poder Judicial de la Ciudad de México | | | | |
| | Autoridad Certificadora del Poder Judicial de la Ciudad de México | | | | |
| **Sellos Digitales** | | | | | |
| 7a 1b d2 aa 57 ae 57 36 9f b4 69 f8 f6 a5 ec c8 9c 72 55 de c6 8d de 3e f0 ac b4 7c 14 f6 a5 10 9e 5f 26 80 c2 52 1c 46 00 c9 ca | | | | | |
| 2e 4e e7 f9 36 70 1d c0 78 98 e8 b2 8b b0 ed dc d3 e2 b7 af b8 8a 01 03 a0 97 26 d6 de 81 36 7a 86 93 85 2f 9b 52 98 56 7f c4 af | | | | | |

Sello electrónico SIGJ / TSJCDMX – Quincuagésimo
Segundo de lo Civil | 691/2022-2 | HVICTORIAG |
2022-06-30 15:07:24 | OALONSOT | 2022-06-30
15:14:21 | FP: 2022-07-01 | NAS:
5111-3295-6887-6289-720 | 1656611913480 – SIGJ
/ TSJCDMX – V2



**Precautionary Measures Order – Certified Translation (English)**

[Logo]

**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND ANNIVERSARY OF CIVIL MATTERS*

**FILE: 691/2022.**

**Mexico City, June thirty, two thousand twenty-two.**

After notifying the file number **691/2021** and regarding the **TEMPORARY RESTRAINING ORDERS** requested by the plaintiff in its initial written complaint, it is hereby ordered as follows.

Firstly, it is necessary to underline that the **provisional orders –also known as temporary restraining orders- in general,** are considered as instruments that the judge may order as per request of the parties or *ex oficio*, to preserve the merits of the trial, as well as to prevent any serious irreparable damage to the parties themselves or the society due to the prosecution of any procedure; therefore, the temporary procedure is aimed to secure and hypothetical outcome of a favorable judgement; the grounds authorizing the use of such procedure is the time taken during the process, which generally is a long period of time until reaching the acknowledgement of the right provided in the final judgement.

Therefore, the provisional measures referred to in the rulings adopted by the jurisdictional organ aimed at provisionally securing the practical effectiveness of an eventual estimate judgement and avoid any damages and loss of anticipated earnings that may not be easily repaired or even impossible to repair during the procedure; therefore, the relatively a long period of time the process takes until the final resolution of the dispute, make essential the use of temporary restraining orders to prevent that the judgement on the merits be useless or unreal and, on the contrary, such judgement may be effective.

In this set of mind, according to the purposes of the temporary restraining orders, four characteristics are undermined, that is: 1. provisional (having effectiveness only until conclusion of the procedure), 2. ancillary (are not a purpose themselves, but they were originated in a main procedure), 3. summary (the purpose thereof must be pursued and entered within short periods of time); and 4. flexible (may be modified o revoked, according to the arising circumstances).

Their importance is even underlined in paragraph 63.1 of the American Convention of Human Rights [*Convención Americana de Derechos Humanos*], which provides that in cases of extreme seriousness and urgency, and whenever necessary to prevent irreparable damages to people, the Inter American Court, in the matters being heard by the Inter American Court, may take any provisional measures it may considered

Electronic seal SIGJ /TSJCDMX – Fifty-second
Court of Civil Matters | 691/2022-2 | HV1CTORIAG |
2022-06-30 15:07:24 | OALONSOT | 2022-06-30

[QR CODE]

[Logo]        **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND ANNIVERSARY OF CIVIL MATTERS*

pertinent. In view of the foregoing, it is fearless that the temporary restraining orders are aimed at guaranteeing the effective access to the jurisdiction provided in article 17 of the Federal Constitution and article 25 Of the American Convention on Human Rights.

Thus, any temporary restraining orders is based on the principles of verisimilitude and appearance of good law and danger of any delay; therefore, the Judge is empowered to analyze such elements and, if applicable, order a provisional anticipation of the disputed right to be solved later in a final manner and allow, meanwhile, the development of certain behaviors by the litigant, which, if denied, such denial would damage the litigant and, in some case, third parties.

In this context, articles 1168 and 1175 of the Code of Commerce provide as follows:

*"**Article 1168.-** In commercial actions, only the temporary restraining orders or provisional measures, provided in this Code may be entered, temporary restraining orders and provisional measures, which are:*

*I. Settlement of a person in a place ordered by a judge while waiting for a judgement to be entered, when there is a well-founded fear that the person against whom a claim is to be filed or who has been promoted will be absent or hide. Such a measure shall only have the effects provided for in Article 1173 of this Code;*

*II. Retention of property, in any of the following cases:*

*a) When there is a well-founded fear that the property having been submitted as collateral or respect of which a real action is to be exercised, may be disposed of, hidden, dilapidated, alienated or insufficient, and*

*b) Regarding personal actions, provided that the person against whom the action is asked do not have any property other than those on which the diligence is to be carried out, and there is a well-founded fear that he or she disposed of, hides, dilapidates or alienates them.*

*In the cases referred to in this section, if the property consist of cash or deposits in credit institutions, or other consumables, for the purposes of this Article, it will be presumed the risk that such property be disposed of, hidden or dilapidated, unless the person concerned with the measure guarantees the debt amount. Regarding retention of property whose ownership or property is eligible for registration in a public registry, the Judge will order the relevant annotation to be made same.*

[QR CODE]

[Logo]                **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
                      *"2022, YEAR OF RICARDO FLORES MAGÓN,*
                      *FORERUNNER OF THE MEXICAN REVOLUTION"*
                      *FIFTY-SECOND ANNIVERSARY OF CIVIL MATTERS*

*"**Article 1175.-** The judge must outright order the retention of property, whenever the petitioner meets the following requirements:*

*I. Prove the existence of a liquid and enforceable credit in their favor;*

*II. Express the value of the remedies sought or the claimed thing, accurately designating the thing;*

*III. State, under declaration, the reasons why they have a well-founded fear the property submitted as collateral or on which the real estate action is to be executed may be hidden, dilapidated, disposed of or alienated.*

*In the event such property are insufficient to guarantee the debt, they must prove it with an appraisal or relevant certificates;*

*IV. Regarding personal actions, state under oath that debtor has no known assets other than those on which the diligence is to be executed.*

*Likewise, the petitioner must state the reasons why there is a well-founded fear that debtor will hide, dilapidate or dispose of such property, except in the event of cash or deposit in credit institutions, or other consumables, and*

*V. Guarantee the damages and loss of anticipated earning that may be caused to debtor by the temporary restraining order, in the event complaint is not filed within the period of time provided for in this Code or because the counterpart is found not guilty after the complaint was filed.*

*The amount of the guarantee must be prudently determined by the judge, based on the information provided to him and taking care that such information is reasonable for the applicant."*

From an harmonic interpretation of the previously transcribed precepts, it is deducted that in commercial actions retention of property may be ordered as of provisional measure, whenever there is a grounded fear that property provided as a guarantee or the property related to the execution of a real action are disposed, hidden, squandered, sold or are insufficient for those purposes; and regarding personal actions, provided that the person against whom the provisional action is requested, those not have any property other than those on which the diligence is to be conducted and there is a grounded fear that such person may dispose of, hide, squander or sell such property.

[QR CODE]

[Logo]    **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND ANNIVERSARY OF CIVIL MATTERS*

On the other hand, articles 384, 387 and 388 of the Federal Code of Civil Procedure applied to supply the Code of Commerce provide as follows:

*"**Article 384.-** Before commencing the trial, or during development, any necessary measures to reserve the existing status quo may be ordered. Such measures are ordered without attendance by the counterparty and may not be objected. Any ruling denying the measure may be contested.*

*'**Article 387.-** Whenever preservation of the things as they are may cause a damage or loss of anticipated earnings to any person other than the person requesting the measure, a sufficient guarantee will be previously requested to guaranty their payment, in the opinion of the court ordering the measure.*

*'**Article 388.-** Any ruling ordering to preserve things as they are upon entering the measure, does not prejudge the legality of the situation preserved or the rights or liabilities of the person requesting such measure."*

In this connection, it is necessary to transcribe the following contradictory court precedent 415/2012 which literally provides:

**"TEMPORARY RESTRAINING ORDERS IN COMMERCIAL MATTERS. WHENEVER THE REQUEST OF A MEASURE IS NOT GROUNDED ON THE CASES PROVIDED IN ARTICLE 1168 OF THE CODE OF COMMERCE, THE RESTRICTION PROVIDED IN ARTICLE 1171 OF THE SAME LAW TO ORDER SUCH MEASURES, DOES NOT PREVENT THE APPLICATION TO SUPPLY THE SEIZURE MEASURES PROVIDED IN ARTICLES 384 TO 388 OF THE FEDERAL CODE OF CIVIL PROCEDURE (PARTIAL ABANDONMENT OF COURT PRECEDENT 1a. LXXIX/2007 AND 1a. LXXXI/2007).** *Article 1168 of the Code of Commerce considers as temporary restraining order those measures denominated as provisional measures, which may only be ordered whenever there is a fear that: I) the person against whom a demand must be or has been filed may leave or hide; II) the property on which a real action must be executed may be hidden or squandered, and III) the property on which the diligence is to be conducted, may be hidden or disposed of, provided, however, that the action is personal and debtor does not have any other property. In turn, article 1171 of the same code provides that no temporary restraining order may be entered other than those provided in such code, which exclusively are, regarding the aforementioned section I, the order on the relevant person not to leave the jurisdiction and, in the events provided in sections II and III, the seizure of property. In this connection, if in the Code of Commerce the*

[QR CODE]

[Logo]

### SUPERIOR COURT OF JUSTICE OF MEXICO CITY
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND ANNIVERSARY OF CIVIL MATTERS*

*lawmaker only provided and denominated in and express, complete and closed manner the temporary restraining order that were denominated as provisional measures, then, whenever a request is made to order a temporary restraining order in a commercial action aimed at preserving an existing status quo, and such request is not grounded on any of the three aforementioned assumptions, it is incontrovertible that, on the one hand, the lawmaker would be prevented to enter a provisional measure provided in article 1168 and, on the other hand, since the lawmaker cannot order such provisional measure, the prohibition contained in article 1171 would be inapplicable, since such prohibition is only aimed at providing the terms and conditions for the provisional measure named temporary restraining orders provided in said article 1168 may operate, and, consequently, such prohibition may not and should not be understood as applicable to any provisional measure resulting legally applicable in commercial matters. In this connection, in view of the request of the provisional measure aiming at preserving a status quo, not falling within any of the three assumptions provided in article 1168 of the Code of Commerce, it is indeed applicable to supply article 1054 of the Code of Commerce, the contents of the Federal Code of Civil Procedure, which provide as provisional measure the so called seizure measures provided in articles 384 to 388. The foregoing may this Branch to partially stay aside of the criteria contained in isolated court precedent 1a. LXXIX/2007 and 1a. LXXXI/2007, in the section providing the intention and scope of the restrictive contents of article 1171 of the Code of Commerce.*
**Contradiction of court precedent 415/2012.** Among the court precedents sustained by Third Collegiate Court and Eleventh Collegiate Court, both of Civil Matters of the First Circuit. February 6, 2013. Majority of four votes regarding competence of the merits. Dissident Magistrate: José Ramón Cossío Díaz, who casted a particular vote. Drafting Magistrate: Arturo Zaldívar Lelo de Larrea. Secretary: Mario Gerardo Avante Juárez. Court precedent 27/2013 (10a.). Approved by the First Chamber of this High Court, in session dated February twenty, two thousand thirteen. Note: This court precedent partially abandons the criterion held by isolated court precedents 1a. LXXIX/2007 and 1a. LXXXI/2007, titled: "TEMPORARY RESTRAINING ORDERS. ARTICLE 1171 OF THE CODE OF COMMERCE DOES NOT BREACH THE RIGHT TO HEARING CONTAINED IN ARTICLE 14 OF THE POLITICAL CONSTITUTION OF THE UNITED MEXICAN STATES." and " TEMPORARY RESTRAINING ORDERS. ARTICLE 1171 OF THE CODE OF COMMERCE, REGARDING ARTICLE 384 OF THE FEDERAL CODE OF CIVIL PROCEDURES, DOES NOT CAUSE DEFENSELESS, UNCERTAINTY OR LEGAL INSECURITY FOR CITIZENS.", specifically the portion providing the intention and scope of the restrictive contents of article 1171 of the Code

Electronic seal SIGJ /TSJCDMX – Fifty-second
Court of Civil Matters | 691/2022-2 | HV1CTORIAG |
2022-06-30 15:07:24 | OALONSOT | 2022-06-30

[QR CODE]

[Logo]           **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
                 *"2022, YEAR OF RICARDO FLORES MAGÓN,*
                 *FORERUNNER OF THE MEXICAN REVOLUTION"*
                 *FIFTY-SECOND ANNIVERSARY OF CIVIL MATTERS*

of Commerce, published in the Federal Judicial Weekly Bulletin and its Gazette, Ninth Epoch, Volume XXV, March 2007, pages 264 and 263, respectively, Epoch: Tenth Epoch. Entry: 2003884. Instance: First Chamber. Type of Court Precedent: Court Precedent. Source: Federal Judicial Weekly Bulletin and its Gazette. Book XXI, June 2013, Volume 1. Matter(s): Civil. Court Precedent: 1a./J. 27/2013 (10a.). Page: 552."; and

"**TEMPORARY RESTRAINING ORDERS. CONCEPT, ASSUMPTIONS, MODALITIES, EXTENSION, COMPLEXITY AND PROCEDURAL AGILITY.** *The doctrine and functioning of provisional measures in the Mexican legal system review the wide variety of situations that may arise in procedures being heard which makes difficult, if not impossible, the prevision for the human being, even for the better trained and wise lawmakers to be able to prevent and solved such situations by means of rules provided in legal precepts, if the dynamics of life and daily reality surrounding such issues are taken into consideration; therefore, such situations become a fertile ground to feed discretional powers, even very wide powers, since without such powers, there is no doubt that a Judge's mission and satisfaction of any pursued purposes in these matters would be hindered while doing justice. Indeed, provisional measures are mechanisms authorized in the law to guaranty every right with a possibility of dissatisfaction, by safeguarding a status quo, putting aside property, things or people to guaranty the eventual execution of a judgement or anticipation of certain provisory effects of the judgement on the merits, in order to prevent any damage that may be caused due to any delay to solve the objected substantial issue or inutility of the procedure itself. Provisional measures are widely different, including specific differences demanding adaptation, according to their flexibility, express and discretional judicial discretion of their scopes, duration, effects, as well as the procedural stage in which such provisional measures are adopted, since outright or incidentally, within a summary or summary and urgent provisional procedure, composable for the efficiency of the measure, depending on their characteristics, practical utility and purpose, where a temporary provisional ruling is admissible, having a summary and urgent character, subject to modification, revocation or stay of their effects, according to the supplementary evidence, contestation, injunction bond; and a final measure with a maximum duration until conclusion of the main real or alleged procedure. Provisional measures may be requested or ordered* ex officio, *upon completion of their essential assumptions of good appearance of law (*fumus boni iuris*) and a danger that this apparent right may not be satisfied (*periculum in mora*), and pursued only with the intervention of the persons requesting such provisional measure or with the necessary and essential intervention of*

[QR CODE]

**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND ANNIVERSARY OF CIVIL MATTERS*

*the party against whom such provisional measure is addressed, depending on the rational evaluation by the Judge. There are measures that may not wait until satisfaction of the right of contradiction of the person affected by any such provisional measures, whether this would lead to circumvent the measure or mildness of the measure; therefore, there would be cases where such right must be postponed, but only the strictly necessary period of time to prevent frustration of the purposes pursued with the requested measure, depending on their nature.* FOURTH COLLEGIATE COURT FOR CIVIL MATTERS OF FIRST CIRCUIT. Tenth Epoch, Collegiate Circuit Courts, Book 33, August 2016, Volume IV."

The foregoing complies with article 1 of the Constitution, which bounds the competent Judge, to defend not only the human rights provided in the international treaties signed by the Mexican State, but also the rights provided in the Federal Constitution by adopting the interpretation most favorable to the relevant human right.

In view of the foregoing, in compliance with article 17 of the Constitution, second and sixth paragraphs, and 25 of the American Convention on Human Rights, judges must guarantee the effective materialization of the sentence and, for that purpose, judges must take the provisional measures or temporary restraining orders they may consider pertinent, because provisional measures and temporary restraining orders are the el instrument used to preserve effective access to jurisdiction, since such measures and orders tend to avoid obstacles making difficult or preventing execution of sentence.

In turn, **"preservation of the existing facts"** in the words of the First Chamber of our Highest Court, is a provisional seizure measure, which is translated into a conservative-type measure pretending to avoid the judgement of merit may be useless and manage that the judgement of merit has a practical efficiency, since it keeps alive the merits of litigation, without prejudging the merits, which is to be solved until entering of the final award.

Thus, in compliance with the regulations and court precedents previously transcribed, the Judge is granted flexibility during the procedure to adopt such measures, due to the unpredictable range of situations that may arise in each case that are difficult to predict and solve with precepts or rules, which is implicitly recognize by the law-maker by granting the judicial operators the widest powers so that the judicial operators may satisfy and give a suitable, proper and proportional solution on a case-by-case basis, being able to preserve the existing status quo due to the wide range of situations that may arise and would have to be subject to a necessary and essential provisional or

[QR CODE]

seizure measure, as the one basically grounding the petitioner's request.

In this context, an analysis is to be made in order to value if the requested seizure measures meet the minimum requirements consisting of the appearance of good law and peril in the delay, as it appears from the following criterion:

**"PROVISIONAL SEIZURE MEASURES. FOR THEIR GRANTING THE PETITIONER MUST DESCRIBE THE EXISTING STATUS QUO AND EXPRESS THE REASONS TO PRESERVE SUCH STATUS QUO (FEDERAL CODE OF CIVIL PROCEDURES).** *Literal and systematic interpretation, using particularly the interpretative argument below, as well as historically and theologically, including the use of the so-called psychological interpretative argument, which pretends to know the Will of the specific law maker having issued the law, based on the preparative works, of articles 384, 385 and 386 of the Federal Code of Civil Procedures, allows to deduct the that seizure measures are so-called provisional preserving measures, that is, a kind of measures intended to preserve the status quo prior to the main procedure. The second legal device previously mentioned excludes the innovative character, that is, to modify that status quo, remitting for its securing, to an ad hoc defendant, that is, specifically explained to decide over that change of the main status, and not accidental as the measures provided in the aforementioned legal devices. The class including the seizure measures provided in the federal civil adjective legislation determines that such measures only consists in preserving the existing status quo, however, they may include, listing without limitation, the stay of a work, execution of a fact or execution of an agreement, but, in these instances, in these instances, due to their character equivalent to a modification, the appearance of the defendant is required within a compelling period of time following entering of the stay. This means this is a case of prejudicial measures that, consequently, may not be requested once procedure has commenced, and their prevision only obeys to the urgency of suspending these actions to prevent any violence inter parties before submitting the issue to the state jurisdiction. As most of the provisional measures, the seizure measures are based on the peril of delay (periculum in mora), and the appearance or probability of the law (fumus boni iuris). These elements must concur to grant the seizure measures consisting in preserving and status quo existing before the procedure: therefore, it is very important that the petitioner of such measures expresses the reasons giving birth to the grounded fear of suffering any damage to any right of the then current status quo is not preserved, which must be also described so that the judge may appreciate if there exists any risk affecting the challenged right. This cannot be otherwise, because the seizure measures, regarding provisional measures, tend to prevent that evidence become ineffective, if evidence is favorable to the remedy sought, therefore, the jurisdictional organ must weigh the*

[QR CODE]

[Logo]         **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND ANNIVERSARY OF CIVIL MATTERS*

*measure taking into consideration the evidence. Thus, the importance of the status quo existing upon impairment of the challenged right will determine the pertinence of granting or denying the measure, and, in that sense, the information provided to the judge is essential. Any consideration to the contrary would mean that the mere request of seizure measures would involve their granting, denaturalizing thereby the commendable purpose served by such temporary restraining orders, and hindering the appreciation of the peril in delay by the judge, probability of the right and suitability of the measure to achieve the purpose of making effective the judgement, in turn, favorably resolving the remedy sought by the petitioner of such measure. Digital entry: .1 71 714, Instance: Collegiate Circuit Courts, Ninth Epoch. Matter(s): Civil. Court Precedent: 1.3o.C.631 C, Source: Federal Judicial Weekly Bulletin and its Gazette. Volume XXVI, August 2007, page 1723, Type: Isolated."*

Firstly, articles 229, 232 and 233 of the General Law of Business Corporations, provide that:

**"Article 229.-** *Corporations are dissolved:*

*I.- Due to expiration of the term provided in the shareholders' agreement;*

*II.- Due to inability to continue performing the main corporate purpose of the company or because the main corporate purpose of the company has been already met;*

*III.- Due to an agreement of the partners taken in accordance with the shareholders' agreement and Law;*

*IV.- Because the number of shareholders is lower than the minimum number provided in this Law or the partnership interests are held by a single person;*

**V.- Due to the lack of two thirds of the stock capital.**

*VI.- By a judicial or administrative ruling entered by competent courts, according to the causes provided in the applicable laws."*

**"Article 232.-** *Regarding article 229, section I, dissolution of the company will take place only because of expiration of the term provided for such company's duration. In other instances, the existence of causes for dissolution, the cause for dissolution Will be immediately registered with the Public Registry of Commerce.*

*If such registration is not made even though there is a cause for dissolution, any interested party may appear before the judicial authority, in a summary action or, in*

[QR CODE]

[Logo]  **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND ANNIVERSARY OF CIVIL MATTERS*

*cases where dissolution is due to a judicial ruling, in an ancillary action, so that the judicial authority orders registration of the dissolution.*

*Should dissolution of a company be registered without existing any cause of those listed in the Law. In the opinion of any interested party, the interested party may appear before the judicial authority, within thirty days following the registration date, and demand in a summary action the cancellation of such registration, except for the instances where dissolution is due to a judicial ruling, whereby the interested party will apply any and all impugnation corresponding to the matter having issued the relevant judicial ruling. "*

***"Article 233.-*** *The Administrators may not commence new transactions after expiration of the company's term, the dissolution agreement or verification of a dissolution cause. Should Administrators contravene this prohibition, the Administrators will be jointly and severally liable for any transaction performed".*

Thus, the appearance of goof law and need for the measure are considered as proven according to the attached documentary evidence, as well as the accounting report and report by plaintiff itself in view of their experience as Chairman of the Board of Directors from which it appears that the defendant has a net negative result that may negatively impact the stock capital, existing a confusingly similar finding that may fall within the scope of article 229, section V, of the General Law of Business Corporations, that is the loss of two thirds of its stock capital, without implying a prejudgment of the merits; therefore, in order to prevent any alteration of the Mexican public policy and destruction of the merits of this trial, with the aim to maintain equity of CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR.

Consequently and since in the Undersigned's opinion the necessary evidence means for their granting under the terms herein below indicated, which give a conclusion on the need to preserve the existing status quo and prevent the equity of defendant and third parties is affected; therefore, **IT IS ADMISSIBLE TO GRANT AND PROVIDE THE TEMPORARY RESTRAINING ORDERS,** but this will not mean or imply in any manner whatsoever any prejudgment of the status being preserved nor the rights or responsibilities of the petitioner as provided in article 388 of the Federal Code of Civil Procedures; therefore, the aforementioned temporary restraining order is granted only and exclusively for the following purposes:

**1.-** It is hereby ordered the stay of any foreclosure procedure of the property and rights of CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR and/or bankruptcy actions which purpose is to preserve the good running of the company as an ongoing business.

**2.-** stay of any execution of any seizure currently files in connection with the property

[QR CODE]

[Logo]    **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND ANNIVERSARY OF CIVIL MATTERS*

and rights of CRÉDITO REAL, S.A.B. DE C.V., SOFOM, EN, until this trial is finally solved.

**3.-** It is hereby prohibited any seizure and foreclosure of any property against CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR until the judgment is entered, in order to preserve the liquidation equity.

**4.-** CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR is hereby banned to pay any due and to become due liability, except for those essential payments in its business ordinary course, to maintain and preserve its operations, until this trial is finally solved.

**5.-** It is hereby ordered not to auction or perform any seizure filed against bank accounts of CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR until this trial is solved to preserve the defendant's equity to properly liquidate the defendant.

Therefore, **it is hereby ordered to issue the** corresponding **motion** addressed to **HEAD OF THE NATIONAL BANKING AND SECURITIES COMMISSION** through the System to Address Requirements to Authorities (SIARA), so that through such authority all the financial institutions registered with the Mexican Financial System be warned of the contents of this measure.

**6.-** It is hereby ordered to return to CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR any amount that, in turn, may have been deducted due to liquidated damages imposed on said entity arising from its commercial relationships and financing with several creditors, until this trial is finally solved.

**7.-** It is hereby prohibited to file, process and conclude any collection procedure against CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR pending application, until this trial is finally solved.

**8.-** It is hereby ordered to stay any foreclosure and payment demand of credits by any creditor of CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR, until this trial is finally solved.

**9.-** It is hereby banned to stop, retain, confiscate and/or seizure or conduct any foreclosure of owned machinery, parts and spare parts legally in possession of CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR in view of any trust agreement, and any leased machinery, parts and spare parts, used by defendant to perform its daily activities; provided, however, that this prohibition excludes those operations essential for the normal business course.

[QR CODE]

[Logo]  **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND ANNIVERSARY OF CIVIL MATTERS*

**10.-** CRÉDITO REAL, S.A.B. DE C.V, SOFOM, ENR is hereby banned to dispose of, create liens on, retain or suspend corporate and/or equity rights, deny transfers, of shares representing its capital stock held by CRÉDITO REAL, S.A.B. DE C.V, SOFOM, ENR.

**11.-** The following banking institutions **(i)** Banco Santander México, S.A., Institución de Banca Múltiple, Grupo Financiero Santander México; **(ii)** Scotiabank Inverlat, S.A., Institución de Banca Múltiple, Grupo Financiero Scotiabank Inverlat; **(iii)** BBVA México, S.A., Institución de Banca Múltiple, Grupo Financiero BBVA México; **(iv)** Banca Mifel, S.A., Institución de Banca Múltiple, Grupo Financiero Mifel; (v) Banco del Bajío, S.A., Institución de Banca Múltiple; **(vi)** Banco Ve Por Más, S.A. Institución de Banca Múltiple, Grupo Financiero Ve por Más; (vii) SMBC S.A.P.I. de C.V. SOFOM, E.N.R.; **(viii)** Bot Finance México S.A. de C.V. Sofom, EN.R.; **(ix)** BlueOrchard Microfinance Fund; **(x)** Corporación Interamericana de Inversiones; **(xi)** BNP Paribas México, S.A., Institución de Banca Múltiple; **(xii)** Credit Suisse AG; **(xiii)** United States International Development Finance Corporation; and, **(xiv)** Nacional Financiera, Sociedad Nacional de Crédito, Institución de Banca de Desarrollo will be banned to retain, dispose of, compensate and/or use the resources composing the amounts arising from the agreements entered into with said entities, according to which CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR has the right to be paid and provided with the promissory notes, bills of sale and purchase agreement, listing without limitation, as applicable, until this trial is finally solved.

In view of the foregoing, **it is hereby ordered to issue the** corresponding **motion** addressed to **HEAD OF THE NATIONAL BANKING AND SECURITIES COMMISSION** through the System to Address Requirements to Authorities (SIARA), so that such organ informs the aforementioned credit institutions to comply with this measure.

**12.-** The following banking institutions **(i)** Banco Santander México, S.A., Institución de Banca Múltiple, Grupo Financiero Santander México; **(ii)** Scotiabank Inverlat, S.A., Institución de Banca Múltiple, Grupo Financiero Scotiabank Inverlat; (iii) BBVA México, S.A., Institución de Banca Múltiple, Grupo Financiero BBVA México; (iv) Banca Mifel, S.A., Institución de Banca Múltiple, Grupo Financiero Mifel; (v) Banco del Bajío, S.A., Institución de Banca Múltiple; **(vi)** Banco Ve Por Más, S.A. Institución de Banca Múltiple, Grupo Financiero Ve por Más; **(vii)** SMBC S.A.P.I. de C.V. SOFOM, E.N.R.; **(viii)** Bot Finance México S.A. de C.V. Sofom, EN.R.; **(ix)** BlueOrchard Microfinance Fund; (x) Corporación Interamericana de Inversiones; (xi) BNP Paribas México, S.A., Institución de Banca Múltiple; (xii) Credit Suisse AG; **(xiii)** United States International Development

[QR CODE]

[Logo]

**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND ANNIVERSARY OF CIVIL MATTERS*

Finance Corporation; **(xiv)** Nacional Financiera, Sociedad Nacional de Crédito, Institución de Banca de Desarrollo with whom CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR , has opened are hereby bank accounts, trust beneficiary accounts and/or obtain credit and/or debit cards are hereby banned to transfer, dispose of, seize, detain, retain, settle and/or use any resources managed in such accounts or are part of such accounts' equity, in order to maintain the existing status quo by preserving the equity.

Due to the foregoing, **it is hereby ordered to issue the relevant official commination to HEAD OF THE NATIONAL BANKING AND SECURITIES COMMISSION** through the System to Address Requirements to Authorities (SIARA), so that such organ warns the aforementioned credit institutions to comply with this measure.

**13.-** It is hereby ordered the stay of any foreclosure procedure arising from any trust where CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR is a party in order to preserve the existing status quo.

**14.-** It is hereby ordered the stay of any judicial, administrative, contractual or tort procedure aimed at depriving CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR from using, enjoying or exerting any right, property or asset of any nature or restricting CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR from using or exerting any right, property or asset of any nature or declaring CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR insolvent.

**15.-** Under the terms of article 87-A Bis of the General Law of Credit Assistant Organizations and Activities, and after entering web page of the Federal Institute of Bankruptcy Specialists, section Registry of Receiver Bankruptcy Specialists, which may be verified in the following domain:

*https://www.ifecom.cjf.gob.mx/paginas/especialistas.htm?*
*pageName-especialistas%2FlistaEspecialistas.htm*

This is a notorious fact based on the following criterion:

**WEB OR ELECTRONIC PAGES. THEIR CONTENTS ARE A NOTORIOUS FACT AND SENSITIVE TO BE VALUED IN A JUDICIAL DECISION.** *The data published in documents or pages located in informatic media constitute a notorious act since they are part of the public knowledge upon entering of a judicial ruling, according to article 88 of the Federal Code of Civil Procedures. Access to Internet use to search information on the existence of legal entities, commercial spaces, addresses and, in general any data published in informatic media, is part of the normal culture of specific sectors of*

[QR CODE]

[Logo]

**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND ANNIVERSARY OF CIVIL MATTERS*

*society, depending on the type of the relevant information. Therefore, even though it is not possible to state that such information can be reached by all the society sectors, it is possible to determine if, due to the type of data, a given fact is part of the normal culture of a specific sector of society and may be considered notorious by the judge and, consequently, weighted in a judicial ruling, since it is an undisputable common data or opinion, not because of the number of people knowing that fact, but because of the notoriety, accessibility, acceptance and impartiality of that knowledge. Therefore, the contents of an Internet page reflecting facts proper of a party in any trial, can be considered as prima facie evidence, unless there is any evidence to the contrary not created as per an ordered of the interested party, since the interested party may be considered as the author thereof and anything submitted by the interested party may impair the interested party under its terms. Supreme Court of Justice of Mexico. Digital entry: 2004949. Instance: Collegiate Circuit Courts. Tenth Epoch. Matter(s): Civil, Common. Court Precedent: I.3O.C.35 K (10a.). Source: Federal Judicial Weekly Bulletin and its Gazette. Book XXVI, November 2013, Volume 2, page 1373. Type: Isolated Court Precedent."*

**"Article 87-A.-** *Foreign currency exchanges are forbidden to :*

*'I. Operate with their own shares, except for those cases provided in the Exchange Market Law;*

*'II. (Repealed).*

*'III. Receive money bank deposits;*

*'IV. Grant bonds, securities or guarantees;*

*'V. Acquire real estate and furniture or equipment not intended to offices or activities proper of their corporate purpose;*

*'VI. Perform any transaction they are not expressly authorized to perform, and*

*'VII. Perform any transaction whereby they become or may become debtors of a foreign currency exchange, its officers and employees, unless any such debt corresponds to generally granted labor benefits; regular or deputy statutory auditors, whether they are acting statutory auditors or not; external auditors of the foreign currency exchange. "*

Consequently and as requested by plaintiff, out of the List of Receivers of the Federal Institute of Bankruptcy Specialists (IFECOM), **FERNANDO ALONSO DE FLORIDA RIVERO** is hereby randomly appointed as ***Provisional Judicial Receiver*** with the

Electronic seal SIGJ /TSJCDMX – Fifty-second
Court of Civil Matters | 691/2022-2 | HV1CTORIAG |
2022-06-30 15:07:24 | OALONSOT | 2022-06-30

[QR CODE]

[Logo]  **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND ANNIVERSARY OF CIVIL MATTERS*

powers provided in articles 242, 245, 247, 248 and following articles of the General Law of Business Corporations; therefore, it is hereby ordered to prepare the relevant certificate and remit such certificate to the assigned court clerk to be personally notified at the address located at Torre Arcos Bosques I, Paseo de los Tamarindos No. 400-B Pisos 8 y 9, Bosques de las Lomas, C.P. 05120, Mexico City, since this is his work place, as it appears from web page: *https://jaureguiydelvalle.com/attorney/fernando-alonso-de-florida-r-es/* ; so that he appears in this Court within FIVE DAYS to accept and swear his appointment and prove he has the necessary experience.

**16.-** CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENR, It is hereby ordered to restrain from making any payment to bond beneficiaries, bond holders, debt holders and/or any person holding any debt indenture or similar instruments until this trial is finally solved, in order to preserve the liquidation equity.

Therefore, under the terms of the provisions of article 387 of the Federal Code of Civil Procedures applied to supply the Code of Commerce, for the previously ordered provisional measures may be effective, plaintiff must submit a reasonable guarantee and sufficient to pay for any damage and loss of anticipated earnings that may be caused by such measures; thus, in the Undersigned's opinion, plaintiff must submit the amount of **$150,000.00 (one hundred fifty thousand Mexican Pesos, legal tender of Mexico).**

The aforementioned amount must be submitted in any manner provided in the law as guarantee (Deposit-in-court certificate or surety bond) and in an immediate manner; **THEREFORE, SUCH TEMPORARY RESTRAINING ORDER WILL BECOME EFFECTIVE ONCE SUCH GUARANTEE IS SUBMITTED,** prior written request; thus, once the aforementioned guarantee has been submitted [sic]

Under the terms of the Federal Law of Transparency and Access to Public Information and Regulations of the Supreme Court of Justice of Mexico and Regulations of the Federal Judiciary Board for application of the Federal Law of Transparency and Access to Public Information, **the *petitioner is hereby considered as having stated his principal's opposition to the publication of their personal data, accordingly, it is hereby ordered to serve this ruling as a secret on the Judicial Bulletin.***

**IT IS HERBY ORDERED TO PERSONALLY SERVE THE DEFENDANT.-** It was so provided and signed by the Fifty-Second Judge of Civil Matters of the Superior Court of Justice of Mexico City, **HELIO VICTORIA GUZMÁN,** before Court Clerk "A", Oscar Alonso Tolamatl, who drafted, authorizes and attests this instrument. I attest

[QR CODE]

In *Judicial Weekly Bulletin* No. _117_ corresponding to _July_ _01_, 2022, the publication providing in the Law was made.— For the records. On _July_ _04_, 2022, the aforementioned notice became effective.— For the records

[LOGO]
**CRYPTOGRAPHIC EVIDENCE - SETTLEMENT**

Signed file: 1656611913480.pdf
Certifying Authority of the Judicial Branch of Mexico City
Signatory(ies): 2
Page(s): 16

| | Signatories | | | Signatures | |
|---|---|---|---|---|---|
| Name(s): | HELIO VICTORIA GUZMAN | Validity: | Effective | Series No.: | 70.6a.63.64.6d.78.32.30.30.31.32.36.36 |
| | OSCAR ALONSO TOLAMATL | Validity: | Effective | Series No.: | 70.6a.63.64.6d.78.32.30.30.30.36.35.39 |
| | OCSP | | | | |
| Date: (UTC / CDMX) | 06/30/22 20:07:24 - 06/30/22 15:07:24 | | | | |
| | 06/30/22 20:14:21 - 0630//22 15:14:21 | | | | |
| Respondent(s) name: | Service delegated OCSP by AC of the Judicial Branch of CDMX | | | | |
| | Service delegated OCSP by AC of the Judicial Branch of CDMX | | | | |
| Respondent(s) issuer(s): | Certifying Authority of the Judicial Branch of Mexico City | | | | |
| | Certifying Authority of the Judicial Branch of Mexico City | | | | |
| Series number(s): | 70.6a.63.64.6d.78.32.30.32 | | | | |
| | 70.6a.63.64.6d.78.32.30.32 | | | | |
| | TSP | | | | |
| Date: (UTC / CDMX) | 30/06/22 20:07:24 - 30/06/22 15:07:24 | | | | |
| | 30/06/22 20:14:21 - 30/06/22 15:14:21 | | | | |
| Name of the issuer of TSP answer: | Entity Issuing Time Seals of the Judicial Branch of Mexico City | | | | |
| | Entity Issuing Time Seals of the Judicial Branch of Mexico City | | | | |
| Issuer of TSP Certificate: | Certifying Authority of the Judicial Branch of Mexico City | | | | |
| | Certifying Authority of the Judicial Branch of Mexico City | | | | |
| | Digital seals | | | | |

7a 1b d2 aa 57 ae 57 36 9f b4 69 f8 f6 a5 ec c8 9c 72 55 de c6 8d de 3e f0 ac b4 7c 14 f6 a5 10 9e 5f 26 80 c2 52 1c 46 00 c9 ca
2e 4e e7 f9 36 70 1d c0 78 98 e8 b2 8b b0 ed dc d3 e2 b7 af b8 8a 01 03 a0 97 26 d6 de 81 36 7a 86 93 85 2f 9b 52 98 56 7f c4 af

I, ZULUEM JULIETA GARCÍA PACHECO, Expert Translator authorized by the *Tribunal Superior de Justicia de la Ciudad de México* [Superior Court of Justice of Mexico City], pursuant to the ruling published in the *Boletín Judicial* [Court Bulletin] on March 8, 2021, hereby attest that the preceding translation from Spanish language contained in sixteen (16) pages is, at the best of my knowledge, true, complete and correct.

Zuluem Julieta García Pacheco
Mexico City, Federal District, July 12, 2022
Phone: (52) (55) 52 19 68 95
E-mail: zuluemgp@prodigy.net.mx



Sello electrónico SIGJ / TSJCDMX – Quincuagésimo
Segundo de lo Civil | 691/2022-2 | HVICTORIAG |
2022-06-30 15:07:24 | OALONSOT | 2022-06-30
15:14:21 | FP: 2022-07-01 | NAS:
5111-3295-6887-6289-720 | 1656611913480 – SIGJ
/ TSJCDMX -- V2

[CÓDIGO QR]