**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Chapter 15 |
| Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.,[1] | ) Case No. 22-10630 (JTD) |
| Debtor in a Foreign Proceeding. | ) |

**SUPPLEMENTAL DECLARATION OF
<u>JUAN PABLO ESTRADA MICHEL</u>**

I, Juan Pablo Estrada Michel hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Mexican citizen, founding partner of the Mexico-based law firm of López Melih y Estrada, and member in good standing of the Mexican Bar Association.

2. I submit this supplemental declaration (the "**Supplemental Declaration**")[2] to provide this Court with an update on events that have occurred in connection with the dissolution and liquidation proceeding (the "**Mexican Liquidation Proceeding**") of Crédito Real, S.A.B. de C.V., SOFOM, E.N.R. ("**Chapter 15 Debtor**") since my previous declaration [ECF No. 3] (the "**First Mexican Law Declaration**") and the *Verified Petition for Recognition of Foreign Main Proceeding* [ECF No. 2] (the "**Verified Petition**") were filed. This Supplemental Declaration also provides certified English translations of certain documents related to the Mexican Liquidation Proceeding that were not available when the First Mexican Law Declaration and Verified Petition

---

[1] The last four identifying digits of the tax number and the jurisdiction in which the Chapter 15 Debtor pays taxes is Mexico — 6815. The Chapter 15 Debtor's corporate headquarters is located at Avenida Insurgentes Sur No. 730, 20th Floor, Colonia del Valle Norte, Alcaldía Benito Juárez, 03103, Mexico City, Mexico.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Mexican Law Declaration (as defined herein).

were filed. The Mexican Liquidation Proceeding is pending in the 52nd Civil State Court of Mexico City (the "**Mexican Court**") under the *Ley General de Sociedades Mercantiles*, as originally published in the *Diario Oficial de la Federación* (the "**Official Gazette**") on August 4, 1934 and last revised on June 14, 2018 (as amended, the "**Mexican Corporations Law**").

**I.     Background**

3.     As discussed in the First Mexican Law Declaration, on June 28, 2022, Mr. Angel Francisco Romanos Berrondo, solely in his capacity as a shareholder of the Chapter 15 Debtor, filed a petition (the "**Mexican Petition**") with the Mexican Court seeking to commence the Mexican Liquidation Proceeding.[3] On June 30, 2022, the Mexican Court issued an order (the "**Mexican Order**") admitting and granting the Mexican Petition on a provisional basis and commencing the Mexican Liquidation Proceeding under the Mexican Corporations Law. Also on June 30, 2022, the Mexican Court issued an order (the "**Precautionary Measures Order**") provisionally granting certain *ex parte* precautionary measures (the "**Precautionary Measures**"), including the appointment of Mr. Fernando Alonso-de-Florida Rivero as the provisional liquidator.[4]

4.     Under Mexican law, the commencement of the Mexican Liquidation Proceeding (i) is made public in the Official Gazette and (ii) the Company, as required by the Mexican National Banking and Securities Commission (*Comisión Nacional Bancaria y de Valores*, or "**CNBV**"), is required to publish a notice of relevant facts in connection with the Mexican Liquidation Proceeding. On August 1, 2022, the Mexican Order and Precautionary Measures Order were published in the Official Gazette, and the Company published a notice of the existence

---

[3]     Mr. Romanos is a former officer and director of the Chapter 15 Debtor.

[4]     Copies of the Mexican Order and the Precautionary Measures Order and their certified English translations are attached as Exhibits B and C, respectively, to the First Mexican Law Declaration.

of the Mexican Liquidation Proceeding and other relevant facts on its website at https://www.creal.mx/es/financiera/eventos. On that same day the CNBV published the Company's notice on its website at https://www.bmv.com.mx/docs-pub/visor/visorXbrl.html?docins=../eventemi/eventemi_1205293_1.zip#/visorXbrl.

**II.    Certified Translations of Relevant Filings and Recent Developments in Connection With the Mexican Liquidation Proceeding**

5.    Since the Verified Petition and First Mexican Law Declaration were filed, certified English translations of certain documents that were unavailable at the time have become available and are attached to this Supplemental Declaration. In addition, certain events related to the Mexican Liquidation Proceeding that have occurred since the First Mexican Law Declaration are discussed below.

**A.    Mexican Liquidator's Acceptance of His Appointment**

6.    As set forth in my First Mexican Law Declaration, Mr. Alonso-de-Florida Rivero (the "**Mexican Liquidator**") accepted his appointment as provisional liquidator on July 8, 2022. A certified English translation of the Mexican Liquidator's acceptance of his appointment, which was not available when the First Mexican Law Declaration was filed, is attached as **Exhibit A**, together with a true and correct copy of the original.

**B.    Mexican Court's Direction to the Mexican District Attorney and Related Opinion**

7.    On July 6, 2022, at the direction of the Mexican Court, the Mexican district attorney's office (the "**Mexican District Attorney**") filed an opinion (the "**Mexican District Attorney's Opinion**") that found cause existed to commence the Mexican Liquidation Proceeding and to adjudicate the claims in the Mexican Petition, and concluding that a *concurso mercantil* proceeding was not required . Certified English translations of (i) the direction by the Mexican

Court to the Mexican District Attorney, and (ii) the Mexican District Attorney's Opinion, which were not available when the First Mexican Law Declaration was filed, are attached as **Exhibits B** and **C**, together with true and correct copies of the originals.

### C.   Mexican Court's Direction to the Mexican Public Registry of Commerce and Related Registration Certificate

8. On July 11, 2022, at the direction of the Mexican Court, the commercial registry authority in Mexico City (*Registro Público de la Propiedad y del Comercio de la Ciudad de México*, the "**Mexican Public Registry of Commerce**") registered the existence of the Mexican Liquidation Proceeding in the Chapter 15 Debtor's public records. Certified English translations of (i) the direction by the Mexican Court to the Mexican Public Registry of Commerce, and (ii) the certificate of registration by the Mexican Public Registry of Commerce, which were not available when the First Mexican Law Declaration was filed, are attached as **Exhibits D** and **E**, together with true and correct copies of the originals.

### D.   Chapter 15 Debtor's Response to the Mexican Petition

9. The Mexican Order also directed the Chapter 15 Debtor to appear before the Mexican Court and respond to the Mexican Petition. The Chapter 15 Debtor filed its response (the "**Mexican Response**") on July 11, 2022. A certified English translation of the Mexican Response that was not available when the First Mexican Law Declaration was filed, is attached as **Exhibit F**, together with a true and correct copy of the original. In the Mexican Response, the Chapter 15 Debtor answered each part of the Mexican Petition, admitting certain facts as true and clarifying others for the purposes of the Mexican Liquidation Proceeding. The Chapter 15 Debtor admitted the loss of more than two-thirds of its capital stock, and that Mr. Romanos was a shareholder of

the Chapter 15 Debtor.[5]

### E.     Final Mexican Order

10.     On July 13, 2022, after considering the pleadings filed in the Mexican Liquidation Proceeding, including the Chapter 15 Debtor's Mexican Response and the Mexican District Attorney's Opinion that a *concurso mercantil* was not necessary, the Mexican Court entered a final order (the "**Final Mexican Order**"), which was published in the Official Gazette on August 1, 2022.[6]  A certified English translation of the Final Mexican Order and a true and correct copy of the original are attached as **Exhibit G**.  Among other things, the Mexican Court ordered the dissolution of the Chapter 15 Debtor as of April 30, 2022, appointed the Mexican Liquidator as the Chapter 15 Debtor's liquidator on a final basis (*liquidator definitivo*), and confirmed the corresponding Precautionary Measures to be in effect during the liquidation proceeding.

11.     The Final Mexican Order also found that (i) Mr. Romanos had standing to file the Mexican Petition in his capacity as a shareholder of the Chapter 15 Debtor and (ii) the Chapter 15 Debtor had lost more than two-thirds of its shareholder capital and, therefore, one of the requirements under the Mexican Corporations Law warranting the dissolution and liquidation of the Chapter 15 Debtor under Mexican law was satisfied.  The Mexican Court found that the Chapter 15 Debtor experienced a net loss of $2,988,021,306 MXN (approximately US$147 million as of April 30, 2022), which rendered the Chapter 15 Debtor insolvent by at least $2,327,867,154 MXN (approximately US$115 million as of April 30, 2022) and far exceeded the minimum loss threshold of two-thirds of its shareholder capital that amounted to $660,154,152 MXN

---

[5]     As set forth in the First Mexican Law Declaration and the Final Mexican Order (as defined below), the loss of more than two-thirds of a company's shareholder capital satisfies the requirements under the Mexican Corporations Law warranting the dissolution and liquidation of the company.

[6]     The Final Mexican Court was published in the Official Gazette on July 14, 2022, but became effective for notice and service purposes, on August 1, 2022, due to the Mexican Court's summer recess.

(approximately US$32 million as of April 30, 2022). See **Exhibit G**.

14. By the Final Mexican Order, the Mexican Court ratified most of the Precautionary Measures granted in the Precautionary Measures Order, including the suspension of any and all execution, foreclosure, or bankruptcy proceedings against the assets and rights of the Chapter 15 Debtor and a stay against any order attaching assets or rights of the Chapter 15 Debtor in Mexico, and determined that such measures shall remain in effect until the Mexican Liquidation Proceeding is completed.[7]

13. Notice of entry of the Final Mexican Order was ordered and provided to interested parties in the manner described therein[8] and has also been accessible at the Mexican Court's office and through publication in the Official Gazette.

### F. Monex Amparo against Orders and Certain Actions in the Mexican Liquidation Proceeding and Related Stay Denial Orders

14. On July 19, 2022, Banco Monex, Sociedad Anónima, Institución de Banca Múltiple, Monex Grupo Financiero ("**Monex**"), one of the Chapter 15 Debtor's alleged unsecured creditors and a petitioner in the involuntary chapter 11 case filed an *amparo* lawsuit against the Chapter 15 Debtor ( the "**Monex Amparo**").

15. An *amparo* is a constitutional remedy that allows parties in interest to review the constitutionality of any action from a public authority of any breach in alleged violation of an individual's constitutional rights. In an *amparo*, the movant may seek, among other things, a stay

---

[7] The Mexican Court ratified all Precautionary Measures, except: the (i) prohibition against paying obligations due prior to the date of entry of the Precautionary Measures Order and (ii) prohibition against disposing of, granting security interests in, retaining, suspending corporate or property rights in, or denying transfers of, the shares of which the Chapter 15 Debtor is the representative owner of its capital stock.

[8] Among other notices, the Mexican Court determined that (i) the Final Mexican Order be registered in the Chapter 15 Debtor's public records with the Mexican Public Registry of Commerce and published in the Mexican Electronic System of the Ministry of Economy (*Sistema Electrónico de la Secretaría de Economía*) and (ii) CNBV remove the Chapter 15 Debtor's securities from the CNBV's listing.

of the applicable orders.[9] The *amparo* federal judge decides, upon the satisfaction of certain requirements, whether to grant a stay, first provisionally and then, as applicable, through a final order. Any ruling issued by the *amparo* federal court, such as a provisional or a definitive stay, can be challenged or appealed by the parties. Any challenge or appeal is reviewed by a Tribunal of three federal magistrates who will finally resolve the matter.

16. The Monex Amparo sought to stay, on a provisional and final basis, the Mexican Liquidation Proceeding and actions in connection therewith by the Mexican Court, its clerks, the Mexican Public Registry of Commerce, and the CNBV. A certified English translation of the Monex Amparo and a true and correct copy of the original are attached as **Exhibit H**.

17. In the Monex Amparo, Monex argued that the Mexican Liquidation Proceeding violated its constitutional rights[10] and requested that the 8th District Court for Civil Matters in Mexico City (the "**Mexican District Court**"), stay all actions effectuating or complying with orders in the Mexican Liquidation Proceeding.

18. On July 26, 2022 the Mexican District Court found that the Monex Amparo met the *amparo* admissibility requirements. On August 9, 2022 the Chapter 15 Debtor challenged the admissibility of the Monex Amparo and this challenge is currently pending before the Third Collegiate Court in Civil Matters of the First Circuit (*Tercer Tribunal Colegiado en Materia Civil del Primer Circuito*, "**Third Collegiate Court**").

19. On July 26, 2022, the Mexican District Court denied the stay requested in the Monex Amparo, on an interim basis (the "**Interim Stay Denial Order**"). On July 28, 2022 the

---

[9] An *amparo* must be filed within 15 business days of the publication of such orders.

[10] Monex alleged that the Mexican Liquidation Proceeding violated, among others, its due process and property rights because Monex was not granted an opportunity to be heard in that proceeding, despite its impact on Monex's rights over the Chapter 15 Debtor's assets. Monex also argued that the Mexican Court lacked jurisdiction to rule on bankruptcy matters, which were allegedly under a federal, as opposed to state, court's jurisdiction.

Interim Stay Denial Order was challenged by Monex in the Thirteenth Collegiate Court in Civil Matters of the First Circuit (*Décimo Tercer Tribunal Colegiado en Materia Civil del Primer Circuito*, "**Thirteenth Collegiate Court**").  On July 29, 2022 the Thirteenth Collegiate Court confirmed the Interim Stay Denial Order.

20. On August 5, 2022, the Mexican District Court entered a final order confirming its decision in the Interim Stay Denial Order (the "**Final Stay Denial Order**").  A certified English translation of the Final Stay Denial Order and a true and correct copy of the original are attached as **Exhibit I**.

21. On August 19, 2022 the Final Stay Denial Order was challenged by Monex in the Third Collegiate Court, where it is currently pending.

### G. The Moreno Appeal of the Final Mexican Order and Related Provisional Order

22. Under Mexican law, Mexican court orders or rulings are generally appealable. Parties to the Mexican Liquidation Proceeding and any party in interest claiming to be affected by any orders therein can seek to modify or revoke its content and effects through an appeal to a state Mexican Appellate Court for civil matters (the "**Mexican Appellate Court**").[11]

23. Appeals are filed directly with the lower state court of first instance that entered the challenged order.[12]  If the lower state court finds that an appeal complies with the legal requirements under the *Código de Comercio* (the "**Mexican Commercial Code**") and Mexican procedural law, it admits and submits such appeal for review by the Mexican Appellate Court (*efecto devolutivo*).[13]  In addition, if provided by a provision in Mexican law, the lower state court

---

[11]  *See* Mexican Commercial Code (as defined herein), Arts. 1336 and 1337.

[12]  *See generally* Mexican Commercial Code, Arts. 1339 and 1344.

[13]  *See* Mexican Commercial Code, Art. 1338 and 1339.

can suspend the possibility of enforcing the challenged order in the original proceeding until the Mexican Appellate Court enters a final judgment on the merits of the appeal (*efecto suspensivo*).[14] Once the appeal is submitted to the Mexican Appellate Court, it is assigned to the Chair magistrate, who will review the appeal admissibility requirements and confirm or modify the lower court's decision to determine whether a suspensive effect should be put in place pending a final decision on the appeal. Any party may challenge before the Mexican Appellate Court any order granting or denying a suspensive effect to the appeal pending a final decision on the merits. The final ruling on the appeal is made by a Tribunal of three state magistrates. It typically takes around three months for a Mexican Appellate Court to issue a final ruling on an appeal, but that varies depending on the nature of the underlying case and the workload of the Tribunal.

24. On August 12, 2022, Jesus Nava Moreno, one of Chapter 15 Debtor's alleged shareholders, appealed the Final Mexican Order (the "**Moreno Appeal**"). The Moreno Appeal seeks to stay the Final Mexican Order on the basis that: (i) Mr. Moreno was not granted an opportunity to be heard in the Mexican Liquidation Proceeding; (ii) the Mexican Court should have granted parties in interest an opportunity to submit expert evidence against the cause for dissolution alleged by Mr. Berrondo in the Mexican Petition (*i.e.*, the loss of more than two-thirds of the Chapter 15 Debtor's shareholder capital); and (iii) a shareholders' meeting should have preceded the Chapter 15 Debtor's dissolution and liquidation. A copy of the Moreno Appeal is attached as **Exhibit J**.[15]

25. On August 17, 2022, the Mexican Court admitted the Moreno Appeal and provisionally granted it a suspensive effect regarding the Final Mexican Order pending a final

---

[14]     *See* Mexican Commercial Code, Arts. 1338 and 1339.

[15]     A certified English translation will be provided as soon as possible.

decision on the Moreno Appeal (the "**Moreno Appeal Provisional Order**"). A certified English translation of the Moreno Appeal Provisional Order and a true and correct copy of the original are attached as **Exhibit K**.

26.  The Mexican Court provided six business days for the Chapter 15 Debtor and parties in interest to respond. Once such responses are received or this time lapses, the Mexican Court will refer the Moreno Appeal to the Mexican Appellate Court to be decided.[16] The Moreno Appeal Provisional Order does not affect the existence or validity of the Chapter 15 Debtor's liquidation process or the procedural acts undertaken, and orders entered, in the Mexican Liquidation Proceeding. Notwithstanding the Moreno Appeal Provisional Order (i) the Mexican Liquidator remains in place and empowered to act on behalf of the Chapter 15 Debtor, (ii) the precautionary measures staying all actions against the Chapter 15 Debtor remain in effect under Mexican law, and (iii) creditors continue to have the ability to seek relief from the Mexican Court with respect to any action taken by the Mexican Liquidator and the Mexican Court would have discretion to consider such requests.

27.  The Moreno Appeal Provisional Order was published in the Official Gazette and Chapter 15 Debtor was notified of this order on August 18, 2022. The deadline for the Chapter 15 Debtor and other parties in interest to respond to or appeal the Moreno Appeal Provisional Order has not passed, and the Mexican Appellate Court has not received the case file nor entered a final decision on the merits of the Moreno Appeal. The Chapter 15 Debtor intends to contest the Moreno Appeal.

---

[16] As of the date of this Supplemental Declaration, no specific Mexican Appellate Court has been assigned to review the Moreno Appeal.

Dated: August 25, 2022
      Mexico City, Mexico

                                              /s/ *Juan Pablo Estrada Michel*
                                              Juan Pablo Estrada Michel

                                              López Melih y Estrada, S.C.
                                              Sierra Gamón, No. 320, Lomas de Chapultepec
                                              11000 Mexico City, Mexico
                                              Telephone: + 52 (55) 5540-0707