## <u>EXHIBIT G</u>

**Final Mexican Order**

**Certified Translation (English)**

[Logo]

# SUPERIOR COURT OF JUSTICE OF MEXICO CITY
### *"2022, YEAR OF RICARDO FLORES MAGÓN,*
### *FORERUNNER OF THE MEXICAN REVOLUTION"*
### *FIFTY-SECOND COURT OF CIVIL MATTERS*

Mexico City, July thirteen, two thousand twenty-two,

AFTER REVISING to rule a **FINAL JUDGEMENT** the courts of the ***SPECIAL COMMERCIAL*** Action filed by **ROMANOS BERRONDO ÁNGEL FRANCISCO** against **CRÉDITO REAL. S.A.B. DE C.V. SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD NO REGULADA**, file **691/2022**, and:

## FINDINGS OF FACT:

**1.-** By means of motion filed with the Common Filing Office for Civil- Family Matters of the Superior Court of Justice of Mexico City on June twenty-eight, two thousand twenty-two, **ROMANOS BERRONDO ÁNGEL FRANCISCO** represented by himself as shareholder, filed a Special Commercial Action against **CRÉDITO REAL. S.A.B. DE C.V., SOCIEDAD FINANCIERA DE OBJETO MULTIPLE, ENTIDAD NO REGULADA** to seek the following remedies:

*"A) A court ruling acknowledging that defendant has been in liquidation since April 30, 2022 for falling within the scope of the assumption provided in article 229, section V, of the General Law of Business Corporations, according to the law facts and legal arguments described in this complaint.*

*B) Recording of the final judgement acknowledging dissolution of defendant in commercial folio 170.184 of the Public Registry of Property and Commerce of Mexico City, held by Crédito Real.*

*C) As a consequence of the remedies sought above, a court ruling declaring liquidation of defendant under the terms of article 234 of the General Law of Business Corporations, ordering the surrender of Crédito Real's administration, property and documents to judicial liquidator appointed in view of this complaint.*

*D) Appointment of a judicial liquidator according to the provisions of article 236 of the General law of Business Corporations and 87-A of the General Law of Deputy Credit Organizations and Activities with any and all powers incidental to such title according to article 248 of the General Law of Business Corporations and any applicable article in order to comply with the liquidation purpose.*

HELIO VICTORIA GUZMAN 14/04/25 08:45:42
[llegible]

OSCAR ALONSO TOLAMATL 21/02/25 03:49:16
[llegible]

[QR CODE]





Perito Reproductor Autorizado por el Tribunal Superior de Justicia del Distrito Federal
Zuluem Julieta García Pacheco

[Logo] **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, Year of Ricardo Flores Magón,*
*Forerunner of the Mexican Revolution"*
*Fifty-second Court of Civil Matters*

*E) Registration of liquidation and court liquidator in commercial folio number 170.184 of the Public Registry of Property and Commerce held by the defendant, as well as the judgement entered in this trial, according to the facts herein stated.*

*F) Publication of dissolution and liquidation of defendant in the Electronic System of Publications of Business Corporations of the Economy Department."*

**2.-** By means of ruling dated June thirty of the current year (page 22), the order to admit the complaint was entered, which order to summon and notify the defendant to file an answer and file any exceptions and defenses, being warned of the penalties provided in the law in the event of any failure to do so; likewise, it was ordered to notify the Public Prosecutor assigned to this Court to determine if the assumptions provided in articles 10 and 11 of the Bankruptcy Law have been violated.

**3.-** By means of official communication dated July six of the current year (page 54), the Public Prosecutor complied with the request contained in court order dated June thirty of the current year, stating that, in their opinion, there is no reason to admit the bankruptcy denunciation.

**4.-** After being summoned, defendant, **CRÉDITO REAL, S.A.B. DE C.V., SOCIEDAD FINANCIERA DE OBJETO MULTIPLE, ENTIDAD NO REGULADA**, timely answered the complaint by filing a motion on July eleven of the current year (page 109), referring to the facts and affirming as true all the facts, without opposing to any remedy sought; therefore, by means of court record dated July eleven, two thousand twenty-two (page 142) it was ordered to notify plaintiff of the answer to the complaint, on July twelve of the current year the plaintiff filed a motion (page 146), which literally provides in the relevant portion as follows:

*"…therefore, in this connection, and since this trial merely consists of documentary evidence, based on the provisions of article 1355 of the Code of Commerce I hereby request your Honor to consider as submitted the documentary evidence due to their own and special nature and summon the parties to hear the judgement…"*; therefore, after pursuing and concluding all the stages of this trial, the parties were summoned to hear this judgement, which is entered pursuant to the following:

<em>HELIO VICTORIA GUZMÁN 14/04/25 08:45:42 [Ilegible]</em>

<em>OSCAR ALONSO TOLAMATL 21/02/25 03:49:16 [Ilegible]</em>




Electronic seal SIGJ /TSJCDMX – Fifty-second Court of Civil Matters | 691/2022-14 | HV1CTORIAG | 2022-07-13 14:15:12 | OALONSOT | 2022-07-13 14:17:57 | FP: 2022-07-14 | NAS: 511-3372-8115-9278-900 | 1657739605100 – SIGJ / TSJCDMX – V2

[QR CODE]

[Logo]

**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, Year of Ricardo Flores Magón,*
*Forerunner of the Mexican Revolution"*
*Fifty-second Court of Civil Matters*

**FINDINGS OF LAW**

**I.-** I, the Undersigned, a competent regarding matter, amount, grade and territory, to hear and rule this issue, since its commercial nature allows the current jurisdiction when only the interests of private parties are affected; moreover, the parties expressly submitted to the jurisdiction of the competent Courts of Mexico City; especially the partners of the defendant agreed in article fifty-eighth of the defendant's corporate by-laws to submit to the jurisdiction of this court, based on the provisions of articles 104, section I of the Political Constitution of the United Mexican States; 1090, 1092, 1093 and 1104, section II, of the Code of Commerce; 1, 2, section II, 50, section III of the Organic Law of the Superior Court of Justice of this City.

**II.-** Filing this special commercial action is suitable, since the plaintiff is seeking the declaration of the company's dissolution and consequently, its liquidation, according to the remedies sought under the terms of provisions of articles 229, 232, 233 and 236 of the General Law of Business Corporations; moreover, the defendant did not challenge the court order admitting the complaint since the defendant affirmed as true any and all facts contained in the complaint.

**III.-** Now, therefore, before revising the action at issue, I, the Undersigned Judge, am bind to analyze the standing of the cause of the parties, since it is an element constituting it, which must be studied in the final judgement.  For that purpose, the following court precedent ground the foregoing: ***"AD-CAUSAM" STANDING AND "AD-PROCESUM" STANDING.*** *The "AD-PROCESUM" and "AD-CAUSAM" standing are different legal situations, since the latter, identified for the lack of legal capacity or disability of plaintiff, is referred to a procedural assumption, necessary to exert the cause of action to be enforced by the person empowered to act in the procedure as plaintiff, defendant or third party; the lack of legal capacity refers to the capacity, legal authority or power of an individual or legal entity to appear in court in the name or on behalf of another person, under the terms of articles 44 to 46 of the Code of Civil Procedures; therefore, if an individual or legal entity fails to prove to have legal capacity "letimatio ad procesum", such failure prevents the emerging of the cause of action deducted in the trial; that is, the lack of such procedural requirement may be* ex oficio *examined by the Instance Judge according to the provisions of article 47 of the Code of Civil Procedures or otherwise challenged as an exception by the defendant under the terms of article 35,*

Electronic seal SIGJ /TSJCDMX – Fifty-second Court of Civil Matters | 691/2022-14 | HV1CTORIAG | 2022-07-13 14:15:12 | OALONSOT | 2022-07-13 14:17:57 | FP: 2022-07-14 | NAS: 511-3372-8115-9278-900 | 1657739605100 – SIGJ / TSJCDMX – V2

[QR CODE]




**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND COURT OF CIVIL MATTERS*

*section IV of the Code of Civil Procedures. In such an event, for being a demurrer not intended to destroy the exerted action, but to delay its course, in addition to a prior and special pronouncement, may be ruled on at any time, whether during the procedure or in a judgement. On the other hand, the standing to sue in the cause is an essential element of the actin which assumes or implies the need for defendant to be submitted by the person having the title to the right being contested; that is, the action is filed by the person considered by the law as particularly suitable to stimulate, in the case at issue, the jurisdictional function. Therefore, such issue may not be ruled on during the procedure, but only in the judgement, since it is the compelling legal merits of the case. Thus, this Collegiate Court estimates that when the Supreme Court of Justice of Mexico refers to that the legal standing may be ex oficio studied in any stage of the trial, it refers to "ad procesum" standing not to "ad causam" standing. Accordingly, if the defendant denies the right enforced by plaintiff for considering the defendant that the plaintiff is not the holder of the right to sue, it is undeniable that it is a compelling and not delaying exemption intended to exclude the action deducted in the trial; therefore, this issue must be examined in the judgement to be entered in the trial. THIRD COLLEGIATE COURT OF CIVIL MATTERS OF FIRST CIRCUIT. Ninth Epoch: Direct writ of amparo 6073/98. Alfredo Brum Guadarrama. August 13, 1998. Unanimous vote. Drafting Magistrate: José Becerra Santiago. Secretary: Heriberto Pérez Reyes. Seventh Epoch, Sixth Part: Volumes 199-204, page 99. Amparo under review 289/85. Julio Jalil Tame and other. October 31, 1985. Unanimous vote. Drafting Magistrate: José Rojas Aja. Secretary: Enrique Ramírez Gámez.* <u>Entry No.: 248.443. Isolated court precedent. Matter(s): Civil. Seventh Epoch. Instance: Collegiate Circuit Court. Source: Federal Judiciary Weekly Bulletin. 199-204. Sixth Part. Court Precedent: Page: 99, Genealogy: Report 1985. Third Part. Collegiate Circuit Courts. Court precedent 35. Page 68.</u>*":* *""**AD CAUSAM" STANDING. MAY ONLY BE STUDIED IN THE FINAL JUDGEMENT.** "AD PROCESUM" standing must be differentiated from "AD CAUSAM" standing. The latter is a presumption of procedure referring to the ability to appear in court for which it is required that the appearing party is in full possession of their civil rights or the representation of the person appear in court in the name of someone else's. In this connection, since "AD PROCESUM" standing is a procedural presumption, it may be examined at any time during the trial, because if the plaintiff has no legal capacity to appear in court or does not prove to be the plaintiff's legal representative, continuing with the procedure pursued by anybody that cannot appear in court would be pointless. On the other hand, "AD CAUSAM" standing is not a procedural presumption, but a condition to secure a*

[QR CODE]

[Logo]

**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND COURT OF CIVIL MATTERS*

*favorable judgement.   Indeed, the "AD CAUSAM" standing consists of identification of the plaintiff with the person favored by the law; accordingly, the plaintiff is verified in the cause while exerting  right indeed corresponding to the plaintiff.   As it can be observed, "AD CAUSAM" standing refers to the merits of litigation and, consequently, it may be only analyzed upon entering the final judgement.   THIRD COLLEGIATE COURT FOR CIVIL MATTERS OF SIXTH CIRCUIT. Direct Writ of Amparo 8/97. Carlos Rosano Sierra. February 27, 1997.   Unanimous vote.   Drafting Magistrate: Jaime Manuel Marroquín Zaleta. Secretary: Luz del Carmen Herrera Calderón. Direct Writ of Amparo: 1032/98. Margarita Hernández Jiménez.  June 24, 1999.  Unanimous vote.  Drafting Magistrate: Omar Losson Ovando. Secretary: Ma. Luisa Pérez Romero. Direct Writ of Amparo: 492/2001. Yolanda Reyes Soto.  November 26, 2001. Unanimous vote. Drafting Magistrate: Norma Fiallega Sánchez. Secretary: Violeta del Pilar Lagunes Viveros. Direct Writ of Amparo: 121/2003. María del Rocío Fernandez Viveros. May 29, 2003. Unanimous vote. Drafting Magistrate: Teresa Munguía Sánchez. Secretary: Elia Flores Hernández. Direct Writ of Amparo: 129/2008. Octavio Contreras Sosa. May 6, 2008. Unanimous vote. Drafting Magistrate: Teresa Munguía Sánchez. Secretary: Alicia Guadalupe Díaz y Rea.   <u>Ninth Epoch. Entry: 169271. Instance: Collegiate Circuit Courts.   Court Precedent.  Source: Federal Judiciary Weekly Bulletin and its Gazette. XXVIII.   July 2008.   Matter(s): Civil. Court precedent: VI.3o.C.  J/67. Page: 1600"</u>; and **"THE RIGHT TO SUE IN THE CAUSE IS NOT A PROCEDURAL PRESUMPTION, BUT ARE CONDITION TO SECURE A FAVORABLE JUDGEMENT; THAT IS, IT IS A NECESSARY CONDITION FOR ADMISSIBILITY OF THE ACTION AND CONSISTS OF THE PLAINTIFF'S IDENTITY WITH THE PERSON FAVORED BY THE LAW.**  Thus, the plaintiff will be verified in the cause while exerting a right actually corresponding to plaintiff so far that "AD CAUSAM" standing refers to the merits of the litigation and, consequently, it is evident that it may be only analyzed ex oficio by the judge upon entering the final judgement and not before.  ELEVENTH COLLEGIATE COURT FOR CIVIL MATTERS OF FIRST CIRCUIT.  Direct writ of amparo 155/2002. Gracia María Martinelli Pincione.  April 22, 2002. Unanimous vote. Drafting Magistrate: María del Carmen Sánchez Hidalgo. Secretary: Fidel Quiñones Rodríguez. Direct writ of amparo 122/2005. Salvador García Duran and other. March 10, 2005. Unanimous vote. Drafting Magistrate: Francisco Javier Sandoval López. Secretary: Angélica Rivera Chávez. Direct writ of amparo 339/2006. Héctor Ramón Caballe Rodríguez and other. June 15, 2006. Unanimous vote. Drafting Magistrate: Indalfer Infante Gonzales. Secretary Rocío Itzel Valdez Contreras. Direct writ of amparo 132/2007. Servicios Integrales de Asesoría al Autotransporte y*

[QR CODE]

**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND COURT OF CIVIL MATTERS*

*Logística Comercializadora Especializada, S.A. de C.V. March 26, 2007. Unanimous vote. Drafting Magistrate: María del Carmen Sánchez Hidalgo viuda de Magaña Cárdenas. Secretary: Isabel Rosas Oceguera. Direct writ of amparo 776/2007. Recuperfín Comercial, S. de R.L. de C.V., currently its assignee Farezco II, S. de R.L. de C.V.  February 12, 2008. Unanimous vote. Drafting Magistrate: María Concepción Alonso Flores. Secretary: Leticia Jarillo Gama. Ninth Epoch. Entry: 169857. Instance: Collegiate Circuit Courts, Court Precedent. Source: Federal Judiciary Weekly Bulletin and its Gazette. XXVII. April 2008. Matter(s): Civil. Court precedent: I.11o.C. J/12. Page: 2066."*

In this said of minds and taking into consideration the previously transcribed court precedents, regarding the standing to sue in the plaintiff's cause, it is fully proven with the following documentary evidence:

**1.-** Property charter dated June eight, two thousand twenty-two (translated into Spanish by expert translator Margarita Arizmendi Salem), from which it appears that on June seven, two thousand twenty-two, the current plaintiff deposited 35,000 (thirty-five thousand) shares of CRÉDITO REAL S A DE CV (sic) by plaintiff, which deposited with Citibank México, in the name of Pershing LLC as guardian.

**2.-** Letter dated June seven, two thousand twenty-two (translated into Spanish by expert translator Margarita Arizmendi Salem), from which it appears that on June seven, two thousand twenty-two, the current plaintiff deposited 35,000 (thirty-five thousand) shares of CRÉDITO REAL S A DE CV (sic) by plaintiff, which deposited with Citibank México, in the name of Pershing LLC as guardian.

These pieces of evidence were not objected or challenged by the defendant, but, on the contrary, upon answering fact 12 (page 113) defendant stated that the plaintiff is a partner of the defendant; therefore, these evidences are granted full weight of evidence, according to the provisions of articles 1287 and 1296 of the Code of Commerce.

In view of the foregoing, with the evidence previously weighted the current plaintiff's capacity as shareholder of CRÉDITO REAL S.A.B DE C.V., SOFOM, E.N.R. is fully proven; therefore, it is fully proven the plaintiff's standing to sue in the cause, seek the remedies provided in its initial written complaint.  The following court precedents, applied a contrario sensu ground the foregoing: *"**BUSINESS CORPORATIONS. ANY THIRD PARTY ASIDE FROM THE PARTNERS HAS NO LEGITIMATE RIGHT TO REQUEST THE VERIFICATION OF A CAUSE FOR DISSOLUTION OR THE ENTRY THEREOF WITH THE PUBLIC REGISTRY***




Electronic seal SIGJ /TSJCDMX – Fifty-second Court of Civil Matters | 691/2022-14 | HV1CTORIAG | 2022-07-13 14:15:12 | OALONSOT | 2022-07-13 14:17:57 | FP: 2022-07-14 | NAS: 511-3372-8115-9278-900 | 1657739605100 – SIGJ / TSJCDMX – V2

[QR CODE]

HELIO VICTORIA GUZMAN 14/04/25 08:45:42 [Illegible]

OSCAR ALONSO TOLAMATL 21/02/25 03:49:16 [Illegible]

[Logo]

### SUPERIOR COURT OF JUSTICE OF MEXICO CITY
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND COURT OF CIVIL MATTERS*

**OF COMMERCE.** *From the systematic interpretation of articles 182,183,184, 229 and 232 of the General Law of Business Corporations, it appears that among the causes originating the dissolution of a corporation are those provided in the previously quoted article 229, section I and III, which do not require any declaration, while the other causes do require a declaration; likewise, according to previously quoted article 182, section II, the anticipated dissolution of company must be determined by an extraordinary shareholders' meeting which, according to the provisions of the invoked articles 183 and 184, may only be initiated with a call by the administrator, board of directors, statutory auditors or shareholders. Accordingly, once the partners have verified the cause for dissolution and if such cause for dissolution is not registered with the Public Registry of Commerce, "any interested party" may file a motion with the court authority requesting for the relevant registration be made, "any interested party" refers only to the partners of the legal entity involved in the dissolution procedure, since, according to previously mentioned article 182, sections I, II and III, the partners of a legal entity have, included in their exclusive authorities, listing, without limitation, to extend the company's duration, early dissolve the company or increase or decrease its capital. Therefore, any third party aside from the partners has no legitimate interest to request the verification of a cause of dissolution or its registration, since the commercial relationship existing between different companies only gives place to an interest arising from their commercial relationship, and not any incumbency in internal matters of each company. Additionally, if the lawmaker's intention had been that any third party would have such power, the lawmaker would have so provided. FIRST COLLEGIATE COURT FOR CIVIL AND LABOR MATTERS OF THE SEVENTEENTH CIRCUIT. Direct writ of amparo 706/2018. Inmobiliaria Axial, S.A. de C.V. March 22, 2019. Unanimous vote. Drafting Magistrate: María del Carmen Cordero Martínez. Secretary: Silvia Patricia Chavarría Hernández. This court precedent was published on Friday, June 07, 2019 at 10:13 hours in the Federal Judiciary Weekly Bulletin. <u>Supreme Court of Justice of Mexico. Digital entry: 2020032. Instance: Collegiate Circuit Courts. Tenth Epoch. Matter(s): Civil, Court precedent: XVII.1o.C.T.31 C (10a.). Source: Gazette of the Federal Judiciary Weekly Bulletin. Book 67, June 2019, Volume VI, page 5364. Type: Isolated Court Precedent</u>."*

Now, therefore, regarding the defendant, it is fully proven the defendant's standing to be sued in the cause, since the defendant has been demanded to dissolve the company and its legal consequences.

**IV.-** I, the undersigned, hereby proceed to analyze this dispute in order to rule on the remedies timely sought in the dispute, weighting at a whole the submitted and admitted evidence, in view of the Human Rights acknowledged in the Political Constitution of the United Mexican States and International Treaties signed by Mexico, protecting the persons

Electronic seal SIGJ /TSJCDMX – Fifty-second Court of Civil Matters | 691/2022-14 | HV1CTORIAG | 2022-07-13 14:15:12 | OALONSOT | 2022-07-13 14:17:57 | FP: 2022-07-14 | NAS: 511-3372-8115-9278-900 | 1657739605100 – SIGJ / TSJCDMX – V2

[QR CODE]




[Logo]

**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND COURT OF CIVIL MATTERS*

at any time in the widest manner as provided in article 1 in connection with article 133, both of the Federal Constitution, as well as articles 3, paragraph 2, subparagraph A), 4, 6, paragraph H, 35, paragraphs A and C, subparagraph B), of the Political Constitution of Mexico City; and article 1, paragraph A, subparagraphs 3, 2, 8, 10, 12, 13, paragraph 3, 15, 34, 111 and 112 of the Constitutional Law of Human Rights and its Rights for Mexico City, and according to the law or its legal interpretation, and in the event of a lack of law, according to the general law principles, taking into consideration the logic and experience, taking into consideration how the parties had complied with their procedural burdens.  All the foregoing in accordance with articles 14 and 17 of the Constitution, 19 of the Federal Civil Code, 1077, 1194, 1324 and 1325 of the Code of Commerce.

In this frame of mind, from the initial written complaint, it appears that plaintiff, **ROMANOS BERRONDO ÁNGEL FRANCISCO** firstly demand a court order acknowledging that defendant is under dissolution since April thirty, two thousand twenty-two for falling within scope of the assumption provided in article 229, section V, of the General Law of Business Corporations; and regarding the other remedies sought, since they are ancillary to the previously described remedy, remedy sought A) will be analyzed in first place.

Now, therefore, in his initial written complaint, plaintiff states that **CRÉDITO REAL, S.A.B. DE C.V. SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD NO REGULADA** has lost more than two thirds of his stock capital; therefore, under the terms or article 229, section V of the General Law of Business Corporations, dissolution of said legal entity must be declared, stating as follows;

§    *Until May 26, 2022, I, the undersigned, held the title of Chairman of Crédito Real's Board of Directors, appointment that I evidence with public instrument number nineteen thousand eight hundred fifty-two, dated April eleven, two thousand nineteen, executed by Guillermo Escamilla Narváez, Notary Public number 243 in and for Mexico City.*

§    *I, the undersigned, state to your Honor that until May 26, 2022, I had been Chairman of the aforementioned Board of Directors, position that I exemplary performed.*

§    *I, the undersigned, from the beginning, procured, managed and secured the relevant administrative approvals to do business as a Sociedad Financiera de Objeto Múltiple.*

§    *During the defendant's carrier, attractive income and profits were generated for public investors and after several years of the businesses' commencement, the defendant was listed in the Bolsa Mexicana de Valores in 2012, capturing thereby an important number of domestic and foreigner investors, which is a notorious fact according to the information*

[QR CODE]




[Logo]  **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND COURT OF CIVIL MATTERS*

*contained in the Bolsa Mexicana de Valores web page.*

§    *The defendant's Financial Statements were audited by Deloitte México, a company considered as one of the four biggest auditing, accounting and financial firm.  I evidence the foregoing precisely with the audited Financial Statements of the last fiscal year, which are attached hereto as Exhibit "8".*

§    *During two thousand twenty-one and so far this year I, the undersigned, noted that Crédito Real's financial condition was in a complicated moment, which implied to make a financial and accounting analysis to adopt the necessary business decisions to face the aforementioned situation.*

§    *From the financial analysis I performed, I may be concluded that the obtained profit(loss) implies that since April 30, 2022, Crédito Real has lost two thirds of its capital stock; therefore Crédito Real is in dissolution*

§    *Notwithstanding the efforts made by me, the undersigned, and the company's board of directors itself, on April 30, 2022, I received from Humberto Quiroz Montero, controller to defendant, the individual Financial Statements for the first quarter of 2022 and April of that same year.*

§    *Without having the necessary technical or specialized knowledge in accounting and financial issues, the defendant's consolidated Financial Statements submitted and visible in the link: infinsom_1167805_2021-04_1.pdf (bmv.com.mx), which are hereby attached as Exhibit "10" for quick reference and constitute a notorious fact for your Honor, your Honor may appreciate, at least, presumptively that as of the closing of the fiscal year 2021, CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R. had a capital stock of 660,154,152 and as of the date hereof, according to the financial statement attached hereto as Exhibit "9", such capital stock amounts to 62,453,500.  Based on the foregoing, we have a loss of more than two thirds of CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R. capital stock.*

§    *Notwithstanding the efforts made by me, the undersigned, and the company's board of directors itself, on April 30, 2022, I received from Humberto Quiroz Montero, controller to defendant, the individual Financial Statements for the first quarter of 2022 and April of that same year.*

§    *We have a negative balance or loss of MXP$2,327,866,154,.00) (two billion three hundred twenty-seven million eight hundred sixty-six thousand one hundred fifty-four pesos, legal tender of Mexico) fact which is evidence by itself with the owned individual Financial Statements corresponding to the first four-month period of 2022.*

Electronic seal SIGJ /TSJCDMX – Fifty-second Court of Civil Matters | 691/2022-14 | HV1CTORIAG | 2022-07-13 14:15:12 | OALONSOT | 2022-07-13 14:17:57 | FP: 2022-07-14 | NAS: 511-3372-8115-9278-900 | 1657739605100 – SIGJ / TSJCDMX – V2

[QR CODE]



HELIO VICTORIA GUZMAN 14/04/25 08:45:42 [Ilegible]

OSCAR ALONSO TOLAMATL 21/02/25 03:49:16 [Ilegible]

[Logo] **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND COURT OF CIVIL MATTERS*

§    *Article 229, section VI, provides that dissolution of a business corporation may be as per a judgement ready for execution, recognizing the invoked dissolution cause, which means that the law grants a right of action to those having a legal interest in acknowledging the legal fact generating the business corporation's dissolution.*

On the other hand, the defendant, upon answering the complaint filed against it expressly acknowledged the claimed cause for dissolution consisting of the loss of more than two thirds of **CRÉDITO REAL, S.A.B. DE C.V. SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD NO REGULADA** stock capital, since defendant stated as follows:

§    *It is necessary to clarify that during 2021 and so far this year 2022, my principal has faced a complicated financial situation; therefore, a financial analysis was conducted to determine the actions to be taken to find a solution and prevent major losses. In this connection, it is important to mention to Your Honor that, from the financial analysis conducted by comptroller to Crédito Real, Mr. Humberto Quiroz Moreno, who is aware that my principal lost more than two thirds of its capital stock, situation acknowledged by him for the applicable legal purposes.*

§    *The related fact being answered, as regards the factual situation of the company's capital stock, is true. By acknowledging that the cause for dissolution subject matter of the trial is, precisely, about the amount of my principal's capital stock and record and not about the concept of capital stock.*

§    *It is also clarified that Your Honor is the one to decide if the dissolution is admissible or not according to the court records, taking into consideration the financial condition described in the complaint and acknowledged by my principal, construed that the Financial Statements and Balance Sheet reflect my principal's actual condition; that is, the loss of more than two thirds of the capital stock.*

1.- The documentary evidence consisting of copy of public instrument number twenty-one thousand four hundred eighty dated April six, two thousand twenty-two, executed by Notary Public number two hundred forty-three in and for Mexico City, from whose chapter of RECITALS it appears that incorporation of said legal entity, several capital increases, until reaching the amount of MXP$502,706,966.00 (five hundred two million seven hundred six thousand nine hundred sixty-six Mexican pesos, legal tender of Mexico); likewise, it appears that the current defendant's corporate name is "CRÉDITO REAL, S.A.B. DE C.V., SOFOM,

[QR CODE]

[Logo] **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND COURT OF CIVIL MATTERS*

E.N.R.", as well as such defendant's corporate by-laws from which articles fifty-fourth and fifty-sixth are hereinbelow transcribed due to their importance for this trial:

*"ARTICLE FIFTY-FOURTH. The Company will be dissolved in any of the cases set forth in Article 229 of the General Law of Commercial Companies (Ley General de Sociedades Mercantiles).*

*ARTICLE FIFTY-SIXTH. The liquidator or liquidators will carry out the liquidation in accordance with the grounds that, in its case, the shareholders' meeting has determined, and, in absence thereof, in accordance with the following provisions of the respective chapter of the General Law of Commercial Companies (Ley General de Sociedades Mercantiles)."*

The authenticity of this piece of evidence was not challenged by the defendant, but, on the contrary, upon answering facts 1 to 9 (page 111) the defendant claimed as true the facts contained in the instrument under study; therefore, this piece of evidence is granted full weight of evidence according to the provisions of articles 1287 and 1296 of the Code of Commerce.

2.- The documentary evidence consisting of copy of "INDIVIDUAL PROFIT AND LOSS STATEMENTS FROM JANUARY 1 TO DECEMBER 31, 2021"; the documentary evidence consisting of "INDIVIDUAL BALANCE SHEET AS OF DECEMBER 31, 2021"; from which it appears that stock capital as of December thirty-one, two thousand twenty-one amounted to MXP$660,154,152.00 (six hundred sixty million one hundred fifty-four thousand one hundred fifty-two pesos, Legal tender of Mexico); it also appears that the net profit (loss) including non-controlling interest amounts to MXP$226,552,204.00 (two hundred twenty-six million five hundred fifty-two thousand two hundred four pesos, legal tender of Mexico). The authenticity of these pieces of evidence was not objected or challenged by the defendant, but, on the contrary, upon answering fact 13 (page 113), the defendant claimed as true that the loss of more than two thirds of its stock capital was a consequence of several irregularities that have been denunciated to the administrative and criminal authorities and the company's own Surveillance Committee; therefore, these pieces of evidence are given full weight of evidence according to the provisions of articles 1287 and 1296 of the Code of Commerce.

3.- The documentary evidence consisting of copy of letter dated April thirty, two thousand twenty-two, addressed to the current plaintiff and signed by the defendant's controller, stating that the individual financial statements for the first third of two thousand twenty-two (balance sheet and profit/loss statement); the documentary evidence consisting of




[QR CODE]

[Logo] **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, Year of Ricardo Flores Magón,*
*Forerunner of the Mexican Revolution"*
*Fifty-second Court of Civil Matters*

"INDIVIDUAL BALANCE SHEET AS OF APRIL 30, 2022"; the documentary evidence consisting of "INDIVIDUAL PROFIT (LOSS) STATEMENTS FROM JANUARY 1 TO APRIL 30, 2022"; from which from which it appears that stock capital as of April thirty, two thousand twenty-two amounted to MXP$660,154,152.00 (six hundred sixty million one hundred fifty-four thousand one hundred fifty-two pesos, Legal tender of Mexico); it also appears that the net profit (loss) including non-controlling interest amounts to MXP$2,988,020,306.00 (two billion nine hundred eighty-eight million twenty thousand three hundred six pesos, legal tender of Mexico).  The authenticity of these pieces of evidence was not objected or challenged by the defendant, but, on the contrary, upon answering fact 14 (page 114), the defendant claimed as true that the financial analysis conducted by Humberto Quiroz Moreno, admitting that the defendant lost more than two thirds of its stock capital; therefore, these pieces of evidence are given full weight of evidence according to the provisions of articles 1287 and 1296 of the Code of Commerce.

4.- Documentary evidence consisting of two letters dated May two, two thousand twenty-two (one of them is signed to acknowledge reception of the financial statements), signed by the current plaintiff as Chairman of the defendant's Board of Directors, addressed to Laura Martínez Aguirre, requesting to analyze the individual financial statements of the current defendant for the first third of two thousand twenty-two (balance sheet and profit (loss) statements), and issue a report or opinion on whether the company falls or not within the scope of the assumption provided in article 229, section V of the General Law of Business Corporations.  The defendant did not object or challenge the authenticity of these pieces of evidence; therefore, the delivery to the current plaintiff of the individual financial statements is evidenced.  It is also evidenced that the aforementioned expert was requested to issue an opinion to clarify if the defendant has fallen within the scope of article 229, section V of the General Law of Business Corporations; therefore, these pieces of evidence are given full weight of evidence according to the provisions of articles 1287 and 1296 of the Code of Commerce.

5.- The documentary evidence consisting of the opinion issued by Laura Aguirre Martínez, registered public accountant, from which it appears to follow:

*"In the Profit (Loss) Statement it appears that the Net Profit (Loss) of MXP$2,988,021,306.00 was mainly originated by the following items:*

*+ Preventive estimation for credit risks - MXP$2,526,521,475.00*

*+ Administrative expenses - MXP$395,491,490.00*

[QR CODE]



[Logo] **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND COURT OF CIVIL MATTERS*

*= Total - MXP$2,922,012,965.00*

*In the Balance Sheet it appears that the Preventive Estimation for Credit Risks item has a balance of -MXP$2,901,398,385, which was incremented during the period of time from January – April, 2022 by the provision created in the amount of -MXP$2,526,521,475.00.*

*+ Balance sheet as of April 30, 2022 - MXP$2,901,398,385*

*- Profit (Loss) Statement as of April 2022 -MXP$2,526,521,475.00*

*Therefore, taking into consideration the negative impact that may have an effect on the stock capital without taking into consideration the shareholders' equity, we have that the net loss of MXP$2,988,021,306.00 would exceed two thirds of the stock capital; that is, the loss is higher than MXP$440,102,768, as it is hereinbelow evidenced with the following arithmetical operation:*

*Net Profit (Loss) - MXP$2,988,021,306*

*Shareholders' Equity MXP$660,154,152/3 x 2 = MXP$440,102,768*

*Applying the net profit (loss), which is negative, to the shareholders' equity of Crédito Real, S.A.B. de C.V., SOFOM, ENTIDAD NO REGULADA, we have that such legal entity has had a loss higher than two thirds of its stock capital…*

*… Due to the foregoing, and taking into consideration only the negative impact on the Shareholders' Equity, as provided in the General Law of Business Corporations; we have that such legal entity falls within the scope of the assumption provided in article 229, section V, of the General Law of Business Corporations".*

The defendant did not object or challenge the authenticity of these pieces of evidence, but on the contrary, from the answer to the complaint it appears that the defendant itself acknowledges the loss of more than two thirds of its stock capital; therefore, the conclusion of the aforementioned expert is confirmed, therefore, these pieces of evidence are given full weight of evidence according to the provisions of articles 1287 and 1296 of the Code of Commerce.

6.- Documentary evidence consisting of Financial Statements for the fourth quarter of two thousand twenty-one of **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.**, prepared by the defendant's comptroller, Humberto Quiroz Moreno, from which it appears that the

[QR CODE]




**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND COURT OF CIVIL MATTERS*

defendant's stock capital amounts to MXP$660,154,152.00 (six hundred sixty million one hundred fifty-four thousand one hundred fifty-two pesos, legal tender of Mexico).  The defendant did not object or challenge the authenticity of these pieces of evidence, but on the contrary, upon answering fact 14 (page 114) the defendant acknowledged the loss of more than two thirds of its stock capital; therefore, these pieces of evidence are given full weight of evidence according to the provisions of articles 1287 and 1296 of the Code of Commerce.

Now, therefore, I, the Undersigned, hereby proceed to determine if the cause for dissolution provided in article 229, section V, 232, 233, 236 and 237 of the General Law of Business Corporations was realized or not, articles which are hereinbelow transcribed for their better comprehension:

*"**Article 229.-** Corporations are dissolved:*

*I.- Due to expiration of the term provided in the shareholders' agreement;*

*II.- Due to inability to continue performing the main corporate purpose of the company or because the main corporate purpose of the company has been already met;*

*III.- Due to an agreement of the partners taken in accordance with the shareholders' agreement and Law;*

*IV.- Because the number of shareholders is lower than the minimum number provided in this Law or the partnership interests are held by a single person;*

*V.- <u>Due to the lack of two thirds of the stock capital.</u>*

*VI.- By a judicial or administrative ruling entered by competent courts, according to the causes provided in the applicable laws."*

*"**Article 232.-** Regarding article 229, section I, dissolution of the company will take place only because of expiration of the term provided for such company's duration. In other instances, the existence of causes for dissolution, the cause for dissolution Will be immediately registered with the Public Registry of Commerce.*

*If such registration is not made even though there is a cause for dissolution, any interested party may appear before the judicial authority, in a summary action or, in cases where dissolution is due to a judicial ruling, in an ancillary action, so that the judicial authority orders registration of the dissolution.*

Electronic seal SIGJ /TSJCDMX – Fifty-second
Court of Civil Matters | 691/2022-14 | HV1CTORIAG |
2022-07-13 14:15:12 | OALONSOT | 2022-07-13
14:17:57 | FP: 2022-07-14 | NAS:
511-3372-8115-9278-900 | 1657739605100 – SIGJ
/ TSJCDMX – V2

[QR CODE]

[Logo]  **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND COURT OF CIVIL MATTERS*

*Should dissolution of a company be registered without existing any cause of those listed in the Law. In the opinion of any interested party, the interested party may appear before the judicial authority, within thirty days following the registration date, and demand in a summary action the cancellation of such registration, except for the instances where dissolution is due to a judicial ruling, whereby the interested party will apply any and all impugnation corresponding to the matter having issued the relevant judicial ruling. "*

*"**Article 233.-** The Administrators may not commence new transactions after expiration of the company's term, the dissolution agreement or verification of a dissolution cause. Should Administrators contravene this prohibition, the Administrators will be jointly and severally liable for any transaction performed".*

*"**Article 236.-** In the absence of the provision of the social contract, the appointment of the liquidators shall be made by agreement of the partners, taken in the proportion and form that this Law points out, according to the nature of the society, for the agreement on dissolution. The designation of liquidators shall be made in the same act in which the dissolution is agreed or recognized. In cases where the company is dissolved by the expiry of the deadline or by virtue of an enforceable judgment, the designation of the liquidators shall be made immediately after the end of the period or the judgment is given.*

*If, for any reason, the appointment of the liquidators is not done in the terms set out in this article, the judicial authority will do so on the summary route, at the request of any partner.*

*"**Article 237.-** As long as the appointment of the liquidators has not been entered in the Public Trade Register and the liquidators have not entered office, the administrators continue in the performance of your order.*

*The foregoing will not apply when the liquidator is appointed according to the procedure provided in article 249 Bis 1 of this Law".*

In this connection, the submitted evidence and weighted in the paragraphs above, as well as the expressed acknowledgement of defendant, **CRÉDITO REAL, S.A.B. DE C.V. SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD NO REGULADA**, it is reduced that defendant has had a loss of more than two thirds of its stock capital, since the defendant experienced a net loss of MXP$2,988,021,306.00 (two billion nine hundred eighty-eight million twenty-one thousand three hundred six pesos, legal tender of Mexico), which exceeds two thirds of its stock capital that amounted to MXP$660,154,152.00 (six hundred sixty million one hundred fifty-four thousand one hundred fifty-two pesos, legal

[QR CODE]

**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND COURT OF CIVIL MATTERS*

tender of Mexico); that is, the loss is higher than MXP$440,102,768 (four hundred forty million one hundred two thousand seven hundred sixty-eight pesos, legal tender of Mexico) (amount representing two thirds of the previously detailed stock capital); therefore, it can be deducted that the net profit (loss) is negative for the stock capital amount of CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA, having a loss higher than two thirds of its stock capital.

In this frame of mind, as it clearly appears from the answer to the complaint, the defendant instead of challenging the loss of more than two thirds of its stock capital, stated as true such loss; therefore, the foregoing is considered as a judicial confession according to the terms of article 1287 of the Code of Commerce.

In view of the foregoing, it is deduced as proven the cause for dissolution of **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA**, especially that, as stated by the Public Prosecutor themselves in their motion filed on July six, two thousand twenty-two (page 54), in their opinion, there is no reason to proceed to denunciate a bankruptcy; therefore, it is feasible to continue with this dissolution; accordingly, the cause for dissolution provided in article 229, section V, of the General Law of Business Corporations is realized.

Consequently, it is hereby declared the dissolution of **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA**, as from April thirty, two thousand twenty-two, for falling within the scope of article 229, section V, of the General Law of Business Corporations.

Thus, it is hereby ordered to immediately enter this ruling and cause for dissolution in commercial folio number 170,184 BIS held by **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA** with the Public Registry of Property and Commerce of this City, and it is hereby also ordered to remit an official communication accompanied by a certified copy of this ruling for that purpose, prior proper payment of relevant fees.

Once this ruling is ready for execution, **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA** will preserve its legal capacity only for the liquidation purposes, warning **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA** administrators commencing any new transaction following the entering of this judgement of dissolution, such administrators will be jointly and severally liable for the transactions performed, according to the provisions of article 233 of the aforementioned law.

[QR CODE]

**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND COURT OF CIVIL MATTERS*

In another line of thinking and regarding remedy sought **D)**, consisting of appointment of a liquidator, of the court records, specifically the motion dated June third, two thousand twenty-two (page 26), Mr. FERNANDO ALONSO DE FLORIDA RIVERO was appointed as temporary court-appointed liquidator, position he accepted by means of motion dated July eight, two thousand twenty-two (page 90), and ratified on the aforementioned date; therefore, by means of court order dated July eleven of the current year, Mr. FERNANDO ALONSO DE FLORIDA RIVERO was considered as appointed so that he may exert his authorities as **temporary** liquidator, with any and all powers provided in articles 242, 245, 247, 248 and any other related and applicable articles of the General Law of Business Corporations.

Consequently, it is hereby ordered to immediately enter the appointment of Fernando Alonso de Florida Rivero as final liquidator of **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA** under commercial folio 170,184 BIS with the Public Registry of Commerce; therefore, it is hereby ordered to remit an official communication accompanied by a certified copy of this ruling to such Authority so that it may make the relevant registration under the terms of articles 236 and 237 of the General Law of Business Corporations.

Likewise, it is hereby ordered to publish this judgement of dissolution and liquidation of **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA** with the Electronic System of Publications of Business Corporations of the Economic Department.

Since the defendant is a publicly held company it is hereby ordered to issue an official communication addressed to *Bolsa Mexicana de Valores* to inform the liquidation of **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA**, so that, in the event there is no legal inconvenient under the terms of article 247, section IV, of the Securities Market Law, and Regulation 4.050.00, section II, of the *Bolsa Mexicana de Valores*, it may proceed to cancel the listing of **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA**. For a better comprehension, the previously mentioned articles are herein below transcribed:

*Article 247. - Stock exchanges must issue their internal regulations containing, at least, rules applicable to:*

*I. The requirements that the securities firms must comply with, to trade with the securities listed in such stock exchanges as well as the events for the suspension or exclusion of such securities firms and of the persons representing them.*

HELIO VICTORIA GUZMÁN 14/04/25 08:45:42
[Illegible]

OSCAR ALONSO TOLAMATL 21/02/25 03:49:16
[Illegible]

[QR CODE]

[Logo]

*II. The rights and obligations of the stock exchange, their members and the issuers listing their securities, as well as the disciplinary and corrective measures applicable in case of non-compliance and the procedure to enforce such measures.*

*III. The requirements that the attorneys-in-fact of the securities firms must comply with to be authorized to operate in the securities market, in addition to those established in article 193 of this Law.*

*IV. The listing, maintenance and cancellation requirements of the securities listed in the stock exchange and depending on the type of security in question, the requirements regarding the financial condition of the issuer and of its shareholders, corporate governance, diversification of the shareholding and other qualifications required for the securities to have a broad circulation, must be provided.*

*Furthermore, the special trading modalities that, if applicable, the stock exchanges determine for those issuers that do not comply with the maintenance requirements indicated, including parameters that prevent disorderly market conditions or price manipulation.*

*V. The requirements that must be contained in the progressive adoption programs established in article 19, subsection I, subparagraph c) of this legal statute, as well the procedures to be followed to verify in a periodic manner, the degree of advancement and compliance with such programs, by promoting stock investment corporations.*

*VI. The terms in which the transactions in securities listed in the stock exchange shall be executed, the manner in which the records shall be carried and the cases in which the suspension of the listing of securities in particular or of the market in the aggregate is admissible.*

*VII. The operating rules to which the members opting to participate as market makers must comply with.*

*VIII. The requirements and procedures for the listing of securities in the international quotation system, and those concerning the suspension and cancellation of the system's listing.*

*IX. The terms in which the transactions in securities shall be executed in the international quotation system, as well as the obligations of those trading in such system.*

[QR CODE]

HELIO VICTORIA GUZMAN 14/04/25 08:45:42 [Illegible]

OSCAR ALONSO TOLAMATL 21/02/25 03:49:16 [Illegible]

Perito Traductor Autorizado por el Tribunal Superior de Justicia del Distrito Federal

Zuluem Julieta García Pacheco

[Logo]

**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND COURT OF CIVIL MATTERS*

*X. The powers to supervise that the price formation processes are performed in an adequate manner, with transparency and integrity.*

*XI. The process for the adoption and supervision of self-regulatory rules.*

*XII. The terms and conditions to send and receive the information that the issuers and securities rating firms must provide to the public.*

*XIII. The basis for the practice of audits to their members or to the issuers listing their securities in such stock exchanges, with the purpose of verifying the compliance with the obligations to be discharged by them, provided in its internal regulations.*

*XIV. The measures to ensure the continuity in securities trading, as well as of the contingency plans to avoid the interruption, alteration, limitation and other actions or facts preventing such trading.*

*The regulations and any amendments thereof must be submitted for the prior authorization of the Commission, who may make observations and amendments when it considers that the regulations do not abide by the provisions of this Law or to sound market practices. The self-regulatory standards shall not require authorization; nevertheless, the Commission shall have veto powers with respect to such standards.*

***4.050.00** The Securities Exchange may cancel the listing of a security, without need of any request by the Issuer, in any of the following cases:*

*I.     Total redemption of issue.*

*II.    Issuer's dissolution or liquidation.*

*III.   Issuer's bankruptcy declaration by a court.*

*IV.   Cancelation of the listing with the Registry.*

*V.    Regarding Sociedades de Inversión Especializadas de Fondos para el Retiro [Specialized Retirement Funds Companies] as well as Fondos de Inversión de Capitales y de Objeto Limitado [Capital Investment and Limited Scope Funds], whenever any of these companies gets revoked its permit to act as such or, otherwise, had failed to register the updated daily appraisal price of its shares with the Securities Exchange and has failed to pay the fee to continue appearing in the list, in these two latter cases, for more than two*

[QR CODE]

HELIO VICTORIA GUZMAN 14/04/25 08:45:42 [Ilegible]

OSCAR ALONSO TOLAMATL 21/02/25 03:49:16 [Ilegible]

[Logo]

**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, Year of Ricardo Flores Magón,*
*Forerunner of the Mexican Revolution"*
*Fifty-second Court of Civil Matters*

HELIO VICTORIA GUZMAN 14/04/25 08:45:42 [Illegible]

OSCAR ALONSO TOLAMATL 21/02/25 03:49:16 [Illegible]

*years, being bound to prove at any time that no share representing the variable portion of the capital have been placed among the investor public.*

*VI.  Merger of two or more Issuers. For the provisions of this section, such merger will become effective before the Securities Exchange when the relevant Issuer notifies such merger to the Securities Exchange; therefore, the securities of the merged Issuer will be cancelled*

*Whenever the indenture holders had agreed to extend the effective term of any issue, the Securities Exchange will maintain the listing of the relevant securities in its List; provided, however, that the Issuer or common representative had provided, the business day immediately prior to the maturity of the relevant issue, the information determined by the Securities Exchange to prove such situation.*

*Likewise the Securities Exchange will cancel the listing of any security when there is a serious or reiterated violation of the assumptions provided in article 248, sections I and III, abiding the terms and conditions provided in said article.*

Finally, regarding the measures ordered in the court order dated June thirty, two thousand twenty-two, (page 26) which became fully effective by means of court order dated July four of the current year (page 37), except for the measures contained in paragraphs 4 and 10 ( Since by means of motion dated July eleven two thousand twenty-two (page 105) were considered as withdrawn), which will continue in effect until the liquidation procedure of **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA** is completed.

V.-  Since the assumptions of article 1084 of the Code of Commerce were not realized. No special judgement on court-awarded costs is entered in this instance in favor of any party.

In view of the foregoing, and grounded and supported also by articles 1321, 1323, 1324, 1325, 1327, 1328 and 1329 of the Code of Commerce, as well as the previously quoted court precedents, it should be, and it is hereby,

**R U L E D   T H A T :**

**FIRST.**    The filed Special Commercial Action has proceeded, whereby plaintiff **ROMANOS BERRONDO ÁNGEL FRANCISCO** has proved its remedies sought, and defendant **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA**, accordingly claimed as true the defendant's facts.

[QR CODE]

**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**

*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND COURT OF CIVIL MATTERS*

[Logo]

**SECOND.** It is hereby ordered the dissolution of the legal entity **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA**, as from April thirty, two thousand twenty-two, since the assumption provided in article 229, section V, of the General Law of Business Corporations was realized.

**THIRD.** It is hereby ordered to immediately register this ruling and the cause for dissolution under commercial folio 170.184 BIS held by **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA** with the Public Registry of Property and Commerce; therefore, it is hereby ordered to issue an official communication accompanied by a certified copy of this ruling, prior payment of the relevant fees.

**FOURTH.** Once this ruling is ready for execution, **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA** will preserve its legal capacity only for liquidation purposes; warning **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA** administrators that if any of them commences any new transaction following this sentence of dissolution, any such administrator will be jointly and severally liable for any transaction conducted, according to the provisions of article 233 of the aforementioned law.

**FIFTH.** It is hereby ordered to immediately register the appointment of Fernando Alonso de Florida Rivero as final liquidator of defendant **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA** under commercial folio 170.84 BIS with the Public Registry of Commerce; therefore, it is hereby ordered to issue an official communication accompanied by a certified copy of this ruling addressed to such authority so that such authority may immediately proceed to make the relevant registration under the terms of articles 236 and 237 of the General Law of Business Corporations

**SIXTH.** It is hereby ordered to publish this judgment of dissolution and liquidation of **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA** in the Electronic System of Publications of Business Corporations of the Economy Department.

**SEVENTH.** It is hereby ordered to issue an official communication addressed to *Bolsa Mexicana de Valores* to notify such entity of the liquidation of **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA**, so that. in the case there is no legal inconvenient, said entity, under the terms of article 247, section IV, of the Securities Market Law, and regulation 4.050.00, section II, of the Internal Regulations *Bolsa Mexicana de Valores*, proceeds to delete **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA** from the listing-

Electronic seal SIGJ /TSJCDMX – Fifty-second Court of Civil Matters | 691/2022-14 | HV1CTORIAG | 2022-07-13 14:15:12 | OALONSOT | 2022-07-13 14:17:57 | FP: 2022-07-14 | NAS: 511-3372-8115-9278-900 | 1657739605100 – SIGJ / TSJCDMX – V2

HELIO VICTORIA GUZMAN 14/04/25 08:45:42 [Ilegible]

OSCAR ALONSO TOLAMATL 21/02/25 03:49:16 [Ilegible]

[QR CODE]





Perito Reproductor Autorizado por el Tribunal Superior de Justicia del Distrito Federal
Zuluem Julieta García Pacheco

[Logo]     **SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*"2022, YEAR OF RICARDO FLORES MAGÓN,*
*FORERUNNER OF THE MEXICAN REVOLUTION"*
*FIFTY-SECOND COURT OF CIVIL MATTERS*

**EIGHTH.** The measures ordered in court order dated June thirty, two thousand twenty-two (page 26), which fully became in effect by means of court order dated July four of the current year (page 37), except for the measures provided in paragraphs 4 and 10 (since by means of motion dated July eleven, two thousand twenty-two (page 105) were considered as withdrawn, will continue in effect until the procedure of liquidation of **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA** has concluded.

**NINTH.** No special award on costs is ordered in this instance.

**TENTH.** IT IS HEREBY ORDERED TO GIVE NOTICE HEREOF and file an authorized copy of this ruling with the docket of judgements.

**THIS CASE WAS SO FINALLY RULED ON** and executed by Fifty-second judge for Civil Matters of the Superior Court of Justice of Mexico City, **HELIO VICTORIA GUZMÁN** before **OSCAR ALONSO TOLAMATL**, Court Clerk, who authorizes and attests, respectively, I ATTEST

Electronic seal SIGJ /TSJCDMX – Fifty-second Court of Civil Matters | 691/2022-14 | HV1CTORIAG | 2022-07-13 14:15:12 | OALONSOT | 2022-07-13 14:17:57 | FP: 2022-07-14 | NAS: 511-3372-8115-9278-900 | 1657739605100 – SIGJ / TSJCDMX – V2

[QR CODE]

In *Judicial Weekly Bulletin* No. 126 corresponding to __July__ __14__, __2022__, the publication providing in the Law was made.— For the records. On __August__ __01__, __2022__, the aforementioned notice became effective.— For the records



[LOGO]
**CRYPTOGRAPHIC EVIDENCE - SETTLEMENT**

Signed file: 1657739605100.pdf
**Certifying Authority of the Judicial Branch of Mexico City**
Signatory(ies): 2
Page(s): 23

| | Signatories | | | Signatures |
|---|---|---|---|---|
| **Name(s):** | HELIO VICTORIA GUZMAN | **Validity:** Effective | **Series No.:** | 70.6a.63.64.6d.78.32.30.30.31.32.36.36 |
| | OSCAR ALONSO TOLAMATL | **Validity:** Effective | **Series No.:** | 70.6a.63.64.6d.78.32.30.30.30.36.35.39 |

| OCSP | |
|---|---|
| **Date: (UTC / CDMX)** | 07/13/22 19:15:11 - 07/13/22 14:15:11 |
| | 07/13/22 19:17:57- 07/13/22 14:17:57 |
| **Respondent(s) name:** | Service delegated OCSP by AC of the Judicial Branch of CDMX |
| | Service delegated OCSP by AC of the Judicial Branch of CDMX |
| **Respondent(s) issuer(s):** | Certifying Authority of the Judicial Branch of Mexico City |
| | Certifying Authority of the Judicial Branch of Mexico City |
| **Series number(s):** | 70.6a.63.64.6d.78.32.30.32 |
| | 70.6a.63.64.6d.78.32.30.32 |

| TSP | |
|---|---|
| **Date: (UTC / CDMX)** | 07/13/22 19:15:12 - 07/13/22 14:15:12 |
| | 07/13/22 19:17:57- 07/13/22 14:17:57 |
| **Name of the issuer of TSP answer:** | Entity Issuing Time Seals of the Judicial Branch of Mexico City |
| | Entity Issuing Time Seals of the Judicial Branch of Mexico City |
| **Issuer of TSP Certificate:** | Certifying Authority of the Judicial Branch of Mexico City |
| | Certifying Authority of the Judicial Branch of Mexico City |

| Digital seals |
|---|
| 59 a7 75 4b 89 9b 76 46 8e 17 80 9f 9f 18 d9 9b c7 59 ae 84 d8 b7 a1 1c f9 94 20 18 75 cd 57 7b bb 1d fd a7 92 c3 1a f1 9e 9d 9b |
| 8a 21 e6 e5 47 13 6a 02 17 c8 06 a6 f5 5c 8f 10 7d f2 09 ac e9 b5 4f 2c 95 ff 4f 49 7e cf 88 87 76 4c f4 0d 53 e2 f8 f7 18 39 d1 |

I, ZULUEM JULIETA GARCÍA PACHECO, Expert Translator authorized by the *Tribunal Superior de Justicia de la Ciudad de México* [Superior Court of Justice of Mexico City], pursuant to the ruling published in the *Boletín Judicial* [Court Bulletin] on March 8, 2021, hereby attest that the preceding translation from Spanish language contained in twenty-three (23) pages is, at the best of my knowledge, true, complete and correct.


Zuluem Julieta García Pacheco
Mexico City, Federal District, July 25, 2022
Phone:  (52) (55) 52 19 68 95
E-mail:  zuluemgp@prodigy.net.mx

Electronic seal SIGJ /TSJCDMX – Fifty-second Court of Civil Matters | 691/2022-1 | HV1CTORIAG | 2022-06-30 14:15:11 | OALONSOT | 2022-06-30 14:17:57 | FP: 2022-07-01 | NAS: 511-3295-6874-9009-092 | 1656611894869 – SIGJ / TSJCDMX – V2

[QR CODE]





**Original (Spanish)**

TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO

*"2022, Año de Ricardo Flores Magón,*
*Precursor de la Revolución Mexicana"*
*Quincuagésimo Segundo De Lo Civil*

Ciudad de México, trece de julio de dos mil veintidós.

**V I S T O S,** para resolver en **SENTENCIA DEFINITIVA** los autos del Juicio *ESPECIAL MERCANTIL,* seguido por *ROMANOS BERRONDO ÁNGEL FRANCISCO* contra *CRÉDITO REAL. S.A.B. DE C.V. SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD NO REGULADA,* expediente **691/2022,** y:

## R E S U L T A N D O:

**1.-** Que por escrito presentado ante la Oficialía de Partes Común Civil-Familiar del Tribunal Superior de Justicia de la Ciudad de México en fecha veintiocho de junio de dos mil veintidós, el C. **ROMANOS BERRONDO ÁNGEL FRANCISCO** por su propio derecho en su calidad de accionista, demandó en la Vía Especial Mercantil de **CREDITO REAL. SA B. DE C.V., SOCIEDAD FINANCIERA DE OBJETO MULTIPLE, ENTIDAD NO REGULADA,** las siguientes prestaciones:

*"A) La resolución judicial reconociendo que la demandada se encuentra en disolución desde el 30 de abril del 2022 al actualizarse el supuesto normativo regulado en la fracción V del artículo 229 de la Ley General de Sociedades Mercantiles, de conformidad con los hechos y consideraciones de Derecho que se describen en la presente demanda.*

*B) La inscripción de la sentencia definitiva que reconozca la disolución de la demandada en el folio mercantil 170,184 de la cual es titular Crédito Real en el Registro Público de la Propiedad y del Comercio de la Ciudad de México.*

*C) Como consecuencia de las prestaciones anteriores, la resolución judicial que declare la liquidación de la demandada en términos de lo dispuesto por el artículo 234 de la Ley General de Sociedades Mercantiles, ordenando la entrega de la administración, bienes y documentos de Crédito Real al liquidador judicial que sea nombrado en virtud de la presente acción.*

*D) La designación de liquidador judicial de conformidad con lo dispuesto por el artículo 236 de la Ley General de Sociedades Mercantiles y 87-A Ley General de Organizaciones y Actividades Auxiliares de Crédito con todas las facultades inherentes a su cargo de conformidad con el artículo 248 de la Ley General de Sociedades Mercantiles y aplicables, con el propósito de cumplir con el objeto de la liquidación.*

Sello electrónico SIGJ / TSJCDMX – Quincuagésimo Segundo de lo Civil | 691/2022-14 | HVICTORIAG | 2022-07-13 14:15:12 | OALONSOT | 2022-07-13 14:17:57 | FP: 2022-07-14 | NAS 5111-3372-8115-9278-900 | 1657739605100 – SIGJ / TSJCDMX – V2



E) La inscripción de la liquidación y del liquidador judicial en el folio mercantil 170,184 de la demandada en el Registro Público de la Propiedad y del Comercio, así como de la sentencia que se dicte en el presente juicio, de conformidad con los hechos que se narran a lo largo del presente.

F) La publicación de la disolución y liquidación de la demandada en el Sistema Electrónico de Publicaciones de Sociedades Mercantiles de la Secretaría de Economía."

**2.-** Mediante proveído de treinta de junio del año en curso (foja 22), se dictó auto admisorio de la demanda ordenándose emplazar y correr traslado a la parte demandada para que produjera su contestación y opusiera excepciones y defensas, con los apercibimientos de ley en caso de no hacerlo; asimismo, se ordenó dar vista al Agente del Ministerio Público adscrito a este Juzgado, a fin de que determinara si se actualizaban los supuestos de los artículos 10 y 11 de la Ley de Concursos Mercantiles.

**3.-** Mediante ocurso de seis de julio del año en curso (foja 54), la Agente del Ministerio Público, desahogó la vista ordenada por auto de treinta de junio de la presente anualidad, manifestando que no existe a su consideración ningún motivo por el cual sea procedente la denuncia de concurso mercantil.

**4.-** Emplazada a juicio la demandada **CREDITO REAL. SA B. DE C.V., SOCIEDAD FINANCIERA DE OBJETO MULTIPLE, ENTIDAD NO REGULADA,**oportunamente mediante escrito presentado en fecha once de julio de al presente anualidad (foja 109), dio contestación a la demanda, refiriéndose a los hechos afirmando como ciertos todos los hechos, sin oposición alguna a las pretensiones; por lo que por auto de once de julio de dos mil veintidós (foja 142) se ordenó dar vista al actor con la contestación de demanda, lo que efectuó por ocurso de doce de julio del año en curso (foja 146), en el que manifestó a la letra en lo que nos interesa lo siguiente: *"… por lo que en ese sentido, y al consistir el presente juicio en meras documentales, con fundamento en lo dispuesto por el artículo 1355 del Código de Comercio solicito a su Señoría tenga por desahogadas las pruebas documentales por su propia y especial naturaleza y cite las partes para oír sentencia …"*; por lo que seguido el juicio por todas sus etapas y concluidas estas, se citó a las partes para oír la presente sentencia, que se dicta al tenor de los siguientes:

## CONSIDERANDOS

Sello electrónico SIGJ / TSJCDMX -- Quincuagésimo
Segundo de lo Civil | 691/2022-14 | HVICTORIAG |
2022-07-13 14:15:12 | OALONSOT | 2022-07-13
14:17:57 | FP: 2022-07-14 | NAS:
5111-3372-8115-9278-900 | 1657739605100 -- SIGJ
/ TSJCDMX -- V2



SIGJ plantilla v 3.0

Página 2 de 23

Scanned with CamScanner

*"2022, Año de Ricardo Flores Magón,*
*Precursor de la Revolución Mexicana"*
*Quincuagésimo Segundo De Lo Civil*

I.- El Suscrito es competente en razón de materia, cuantía, grado y territorio para conocer y decidir el presente negocio, pues su naturaleza mercantil permite la competencia concurrente cuando solamente se afecten intereses de particulares; además que las partes se sometieron expresamente a la Jurisdicción de los Tribunales competentes en ésta Ciudad de México; máxime que en artículo quincuagésimo octavo de los estatutos sociales de la moral demandada, los socios acordaron someterse a la jurisdicción de los tribunales de esta ciudad; con fundamento en lo dispuesto por los artículos 104 fracción I de la Constitución Política de los Estados Unidos Mexicanos; 1090, 1092, 1093 y 1104 fracción II, del Código de Comercio; 1, 2 fracción II, 50 fracción III de la Ley Orgánica del Tribunal Superior de Justicia de esta Ciudad.

II.- La vía especial mercantil elegida resulta idónea puesto que la actora pretende obtener la declaración de la disolución de la sociedad y en consecuencia su liquidación, conforme a las prestaciones reclamadas, en términos de lo dispuesto por los artículos 229, 232, 233 y 236 de la Ley General de Sociedades Mercantiles; además de que el enjuiciado no impugnó el auto admisorio de la demanda, atento a que afirmó como cierto todos los hechos de la demanda.

III.- Ahora bien, previo al estudio de la acción que nos ocupa, es obligación del Suscrito Juzgador analizar la legitimación en la causa de las partes, toda vez que constituye un elemento constitutivo de ésta, que debe estudiarse en la sentencia definitiva, sirve de apoyo a lo anterior la siguiente tesis jurisprudencial y jurisprudencias: *LEGITIMACION "AD-CAUSAM" Y LEGITIMACION "AD-PROCESUM". La legitimación en el proceso y la legitimación en la causa son situaciones jurídicas distintas, toda vez que la primera de ellas, que se identifica con la falta de personalidad o capacidad en el actor, se encuentra referida a un presupuesto procesal, necesario para el ejercicio del derecho de acción que pretenda hacer valer quien se encuentre facultado para actuar en el proceso como actor, demandado o tercero; la falta de personalidad se refiere a la capacidad, potestad o facultad de una persona física o moral, para comparecer en juicio, a nombre o en representación de otra persona, en los términos de los artículos 44 a 46 del Código de Procedimientos Civiles, por lo que si no se acredita tener personalidad," legitimatio ad procesum", ello impide el nacimiento del ejercicio del derecho de acción deducido en el juicio; es decir, la falta de dicho requisito procesal puede ser examinada oficiosamente por el Juez de la instancia, conforme lo dispone el artículo 47 del Código de Procedimientos Civiles, o bien opuesta como excepción por el demandado en términos de lo preceptuado por la fracción IV del artículo 35 de dicho ordenamiento, en cuyo caso, por tratarse de una excepción dilatoria que no*

Sello electrónico SIGJ / TSJCDMX – Quincuagésimo
Segundo de lo Civil | 691/2022-14 | HVICTORIAG |
2022-07-13 14:15:12 | OALONSOT | 2022-07-13
14:17:57 | FP: 2022-07-14 | NAS:
5111-3372-8115-9278-900 | 1657739605100 – SIGJ
/ TSJCDMX – V2



SIGJ plantilla v 3.0

Página 3 de 23

Scanned with CamScanner

tiende a destruir la acción ejercitada, sino que retarda su curso, y además de previo y especial pronunciamiento, puede resolverse en cualquier momento, sea durante el procedimiento o en la sentencia; en cambio, la legitimación activa en la causa es un elemento esencial de la acción que presupone o implica la necesidad de que la demanda sea presentada por quien tenga la titularidad del derecho que se cuestiona, esto es, que la acción sea entablada por aquella persona que la ley considera como particularmente idónea para estimular en el caso concreto la función jurisdiccional; por tanto, tal cuestión no puede resolverse en el procedimiento sino únicamente en la sentencia, por tratarse de una cuestión de fondo, perentoria; así, estima este Tribunal Colegiado que cuando la Suprema Corte de Justicia de la Nación alude a que la legitimación puede estudiarse de oficio en cualquier fase del juicio, se refiere a la legitimación "ad procesum", no a la legitimación ad causam. En consecuencia, si la parte demandada niega el derecho que hace valer la parte actora, por considerar aquélla que ésta no es la titular del derecho litigioso, resulta inconcuso que se trata de una excepción perentoria y no dilatoria que tiende a excluir la acción deducida en el juicio, por lo que tal cuestión debe examinarse en la sentencia que se llegue a pronunciar en el juicio. TERCER TRIBUNAL COLEGIADO EN MATERIA CIVIL DEL PRIMER CIRCUITO. Novena Epoca: Amparo directo 6073/98. Alfredo Brum Guadarrama. 13 de agosto de 1998. Unanimidad de votos. Ponente: José Becerra Santiago. Secretario: Heriberto Pérez Reyes. Séptima Epoca, Sexta Parte: Volúmenes 199-204, página 99. Amparo en revisión 289/85. Julio Jalil Tame y otra. 31 de octubre de 1985. Unanimidad de votos. Ponente: José Rojas Aja. Secretario: Enrique Ramírez Gámez. No. Registro: 248,443 Tesis aislada. Materia(s): Civil. Séptima Época. Instancia: Tribunales Colegiados de Circuito. Fuente: Semanario Judicial de la Federación. 199-204 Sexta Parte Tesis: Página: 99. Genealogía: Informe 1985. Tercera Parte. Tribunales Colegiados de Circuito, tesis 35, página 68."; "LEGITIMACIÓN EN LA CAUSA. SÓLO PUEDE ESTUDIARSE EN LA SENTENCIA DEFINITIVA. Debe distinguirse la legitimación en el proceso, de la legitimación en la causa. La primera es un presupuesto del procedimiento que se refiere o a la capacidad para comparecer al juicio, para lo cual se requiere que el compareciente esté en pleno ejercicio de sus derechos civiles, o a la representación de quien comparece a nombre de otro. En este sentido, siendo la legitimación ad procesum un presupuesto procesal, puede examinarse en cualquier momento del juicio, pues si el actor carece de capacidad para comparecer a él o no justifica ser el representante legal del demandante, sería ociosa la continuación de un proceso seguido por quien no puede apersonarse en el mismo. En cambio, la legitimación en la causa, no es un presupuesto procesal, sino una condición para obtener sentencia favorable. En efecto, ésta consiste en la identidad del actor con la persona a cuyo favor está la

Sello electrónico SIGJ / TSJCDMX -- Quincuagésimo
Segundo de lo Civil | 691/2022-14 | HVICTORIAG |
2022-07-13 14:15:12 | OALONSOT | 2022-07-13
14:17:57 | FP: 2022-07-14 | NAS:
5111-3372-8115-9278-900 | 1657739605100 -- SIGJ
/ TSJCDMX - V2



Scanned with CamScanner

*ley; en consecuencia, el actor estará legitimado en la causa cuando ejercita un derecho que realmente le corresponde. Como se ve, la legitimación ad causam atañe al fondo de la cuestión litigiosa y, por tanto, lógicamente, sólo puede analizarse en el momento en que se pronuncie la sentencia definitiva.* TERCER TRIBUNAL COLEGIADO EN MATERIA CIVIL DEL SEXTO CIRCUITO. Amparo directo 8/97. Carlos Rosano Sierra. 27 de febrero de 1997. Unanimidad de votos. Ponente: Jaime Manuel Marroquín Zaleta. Secretaria: Luz del Carmen Herrera Calderón. Amparo directo 1032/98. Margarita Hernández Jiménez. 24 de junio de 1999. Unanimidad de votos. Ponente: Omar Losson Ovando. Secretaria: Ma. Luisa Pérez Romero. Amparo directo 492/2001. Yolanda Reyes Soto. 26 de noviembre de 2001. Unanimidad de votos. Ponente: Norma Fiallega Sánchez. Secretaria: Violeta del Pilar Lagunes Viveros. Amparo directo 121/2003. María del Rocío Fernández Viveros. 29 de mayo de 2003. Unanimidad de votos. Ponente: Teresa Munguía Sánchez. Secretaria: Elia Flores Hernández. Amparo directo 129/2008. Octavio Contreras Sosa. 6 de mayo de 2008. Unanimidad de votos. Ponente: Teresa Munguía Sánchez. Secretaria: Alicia Guadalupe Díaz y Rea. <u>Novena Época. Registro: 169271. Instancia: Tribunales Colegiados de Circuito. Jurisprudencia. Fuente: Semanario Judicial de la Federación y su Gaceta. XXVIII, Julio de 2008. Materia(s): Civil. Tesis: VI.3o.C. J/67. Página: 1600"</u>; y **"LEGITIMACIÓN ACTIVA EN LA CAUSA. ES UNA CONDICIÓN NECESARIA PARA LA PROCEDENCIA DELA ACCIÓN Y SÓLO PUEDE ANALIZARSE DE OFICIO POR EL JUZGADOR AL MOMENTO DE DICTAR SENTENCIA.** *La legitimación activa en la causa no es un presupuesto procesal sino una condición para obtener sentencia favorable, esto es, se trata de una condición necesaria para la procedencia de la acción, y consiste en la identidad del actor con la persona a cuyo favor está la ley, por lo que el actor estará legitimado en la causa cuando ejercita un derecho que realmente le corresponde, de tal manera que la legitimación ad causam atañe al fondo de la cuestión litigiosa y, por ende, es evidente que sólo puede analizarse de oficio por el juzgador en el momento en que se pronuncie la sentencia definitiva y no antes.* DÉCIMO PRIMER TRIBUNAL COLEGIADO EN MATERIA CIVIL DEL PRIMER CIRCUITO. Amparo directo 155/2002. Gracia María Martinelli Pincione. 22 de abril de 2002. Unanimidad de votos. Ponente: María del Carmen Sánchez Hidalgo. Secretario: Fidel Quiñones Rodríguez. Amparo directo 122/2005. Salvador García Durán y otra. 10 de marzo de 2005. Unanimidad de votos. Ponente: Francisco Javier Sandoval López. Secretaria: Angélica Rivera Chávez. Amparo directo 339/2006. Héctor Ramón Caballe Rodríguez y otra. 15 de junio de 2006. Unanimidad de votos. Ponente: Indalfer Infante Gonzales. Secretaria: Rocío Itzel Valdez Contreras. Amparo directo 132/2007. Servicios Integrales de Asesoría al Autotransporte y Logística Comercializadora Especializada, S.A. de C.V. 26 de marzo de 2007.



Scanned with CamScanner

TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO
*Juzgado Bernabé Jurado Magón*
PRECURSOR DE LA REVOLUCIÓN MEXICANA
*QUINCUAGÉSIMO SEGUNDO DE LO CIVIL*

*Unanimidad de votos. Ponente: María del Carmen Sánchez Hidalgo viuda de Magaña Cárdenas. Secretaria: Isabel Rosas Oceguera. Amparo directo 776/2007. Recuperfín Comercial, S. de R.L. de C.V., hoy su cesionaria Farezco II, S. de R.L. de C.V. 12 de febrero de 2008. Unanimidad de votos. Ponente: María Concepción Alonso Flores. Secretaria: Leticia Jarillo Gama.* <u>Novena Época. Registro: 169857. Instancia: Tribunales Colegiados de Circuito. Jurisprudencia. Fuente: Semanario Judicial de la Federación y su Gaceta. XXVII, Abril de 2008. Materia(s): Civil. Tesis: I.11o.C. J/12. Página: 2066."</u>

En ese orden de ideas, y tomando en consideración las jurisprudencias antes transcritas, con relación a la legitimación activa en la causa del actor, se encuentra plenamente acreditada con las siguientes documentales:

1.- La carta de propiedad de fecha ocho de junio de dos mil veintidós (traducida al español por la perito traductor Margarita Arizmendi Salem), de la que se advierte que el siete de junio de dos mil veintidós el hoy actor depositó 35,000 (treinta y cinco mil) acciones de CRÉDITO REAL S A DE CV (sic) de las cuales es el titular, la cuales se tienen en Citibank México en nombre de Pershing LLC como custodio.

2.- La carta de fecha siete de junio de dos mil veintidós (traducida al español por la perito traductor Margarita Arizmendi Salem), de la que se advierte que el hoy actor depositó 35,000 (treinta y cinco mil) acciones de CRÉDITO REAL S A DE CV (sic) de las cuales es el titular, la cuales se tienen en Citibank México en nombre de Pershing LLC como custodio.

Probanzas que no fueron objetadas ni impugnadas por la parte demandada, sino por el contrario al dar contestación al hecho 12 (foja 113) afirmó que el actor es socio de la hoy enjuiciada; por lo que se les otorga pleno valor probatorio conforme a lo dispuesto por los artículos 1287 y 1296 del Código de Comercio.

En tal virtud, con las probanzas antes valoradas se acredita plenamente el carácter de accionista del hoy actor de CREDITO REAL S.A.B DE C.V., SOFOM, E.N.R.; por lo que tiene plenamente acreditada su legitimación activa en la causa, para reclamar las prestaciones de su escrito inicial de demanda; sirve de apoyo a lo anterior las siguientes tesis jurisprudencial, aplicada a contrario sensu: *"SOCIEDADES MERCANTILES. CARECE DE INTERÉS LEGÍTIMO UN TERCERO AJENO A LOS SOCIOS PARA DEMANDAR LA COMPROBACIÓN DE UNA CAUSAL DE DISOLUCIÓN O SU INSCRIPCIÓN EN EL REGISTRO PÚBLICO DE COMERCIO. De la interpretación sistemática de los artículos 182, 183, 184, 229 y 232 de la Ley General de Sociedades Mercantiles, se advierte que dentro de las causas*

Sello electrónico SIGJ / TSJCDMX -- Quincuagésimo
Segundo de lo Civil | 691/2022-14 | HVICTORIAG |
2022-07-13 14:15:12 | OALONSOT | 2022-07-13
14:17:57 | FP: 2022-07-14 | NAS:
5111-3372-8115-9278-900 | 1657739605100 -- SIGJ
/ TSJCDMX -- V2



Página 6 de 23

Scanned with CamScanner

*que originan la disolución de una sociedad, se encuentran las previstas en las fracciones I y III del artículo 229 citado, que no requieren de declaración alguna, mientras que las restantes sí; asimismo, conforme al numeral 182, fracción II, referido, la disolución anticipada de la sociedad deberá determinarse en asamblea extraordinaria la que, acorde con lo previsto en los artículos 183 y 184 invocados, sólo puede iniciarse por convocatoria del administrador o por el consejo de administración, o los comisarios o los accionistas; en consecuencia, una vez comprobada por los socios la causa de disolución y cuando ésta no sea inscrita en el Registro Público de Comercio "cualquier interesado" podrá ocurrir ante la autoridad judicial para solicitar que se haga la inscripción conducente, refiriéndose dicho término únicamente a los socios de la moral involucrada en el proceso de disolución, puesto que, conforme al artículo 182, fracciones I, II y III, mencionado, los socios de una persona moral tienen, dentro de sus facultades exclusivas, entre otras, prorrogar la duración de la sociedad, disolverla anticipadamente o aumentar o reducir su capital; de tal forma que un tercero ajeno a los socios carece de interés legítimo para demandar la comprobación de una causal de disolución o su inscripción, pues el hecho de que exista una relación comercial entre diversas sociedades, sólo da lugar a un interés derivado de su relación comercial, pero no su injerencia en cuestiones internas de cada sociedad; además, si la intención del legislador hubiera sido que cualquier tercero contara con dicha facultad, así lo hubiera establecido. PRIMER TRIBUNAL COLEGIADO EN MATERIAS CIVIL Y DE TRABAJO DEL DÉCIMO SÉPTIMO CIRCUITO. Amparo directo 706/2018. Inmobiliaria Axial, S.A. de C.V. 22 de marzo de 2019. Unanimidad de votos. Ponente: María del Carmen Cordero Martínez. Secretaria: Silvia Patricia Chavarría Hernández. Esta tesis se publicó el viernes 07 de junio de 2019 a las 10:13 horas en el Semanario Judicial de la Federación.* <u>Suprema Corte de Justicia de la Nación. Registro digital: 2020032. Instancia: Tribunales Colegiados de Circuito. Décima Época. Materias(s): Civil. Tesis: XVII.1o.C.T.31 C (10a.). Fuente: Gaceta del Semanario Judicial de la Federación. Libro 67, Junio de 2019, Tomo VI, página 5364. Tipo: Aislada.</u>"

Ahora bien, en lo atinente a la demandada, se encuentra plenamente acredita su legitimación pasiva en la causa, ya que de ella se reclama la disolución de la sociedad y sus consecuencias legales.

IV.- El suscrito procede al análisis de la presente controversia a efecto de resolver las pretensiones deducidas oportunamente en el pleito, valorando en su conjunto las pruebas admitidas y desahogadas, a la luz de los Derechos Humanos reconocidos en la Constitución Política de los Estados Unidos Mexicanos y en los Tratados Internacionales de los que el Estado Mexicano forma parte, favoreciendo en todo tiempo a las personas la

Sello electrónico SIGJ / TSJCDMX -- Quincuagésimo
Segundo de lo Civil | 691/2022-14 | HVICTORIAG |
2022-07-13 14:15:12 | OALONSOT | 2022-07-13
14:17:57 | FP: 2022-07-14 | NAS:
5111-3372-8115-9278-900 | 1657739605100 -- SIGJ
/ TSJCDMX -- V2



Scanned with CamScanner

protección más amplia como lo establece el artículo 1° en relación con el artículo 133 ambos de la Constitución Federal; así como los artículos 3° apartado 2, inciso A), 4°, 6 apartado H, 35 apartado A y C inciso B) de la Constitución Política de la Ciudad de México; igualmente en los preceptos 1° apartado A numeral 3, 2°, 8, 10, 12, 13 numeral 3, 15, 34, 111 y 112 de la Ley Constitucional de Derechos Humanos y sus Garantías de la Ciudad de México; y a la letra de la ley o a su interpretación jurídica, y a falta de ley, conforme a los principios generales de derecho, tomando en consideración la lógica y la experiencia, atendiendo la forma en que las partes hayan dado cumplimiento a sus cargas procesales, lo anterior de conformidad con los artículos 14 y 17 Constitucional, 19 del Código Civil Federal, 1077, 1194, 1324 y 1325 del Código de Comercio.

En esa tesitura, del escrito inicial de demanda se advierte que el actor **ROMANOS BERRONDO ÁNGEL FRANCISCO** reclama primeramente la resolución judicial reconociendo que la demandada se encuentra en disolución desde el treinta de abril de dos mil veintidós al actualizarse el supuesto normativo regulado en la fracción V del artículo 229 de la Ley General de Sociedades Mercantiles; y con relación a las demás prestaciones al ser accesorias de la antes precisada, se analizara primeramente la prestación A).

Ahora bien, el actor expone en su escrito inicial de demanda que la sociedad demandada **CRÉDITO REAL, S.A.B. DE C.V. SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD NO REGULADA** ha perdido más dos terceras partes de su capital social por lo que en términos del artículo 229, fracción V de la Ley General de Sociedades Mercantiles debe declararse la disolución de dicha moral, manifestando lo siguiente:

§ *Que, el suscrito hasta el 26 de mayo del 2022 ostentó el cargo de Presidente del Consejo de Administración de Crédito Real, nombramiento que acredito en términos de la escritura pública diecinueve mil ochocientos cincuenta y dos, de once de abril de dos mil diecinueve, otorgada ante el licenciado Guillermo Escamilla Narváez, Notario Público 243 de la Ciudad de México.*

§ *Que, el suscrito manifiesta a su Señoría que hasta el 26 de mayo del 2022 ostenté el carácter de Presidente del citado órgano de administración, cargo que desempeñé de manera ejemplar.*

§ *Que, el suscrito manifiesta que soy accionista de Crédito Real, como lo acredito con la constancia de certificado de depósito de acciones.*


Sello electrónico SIGJ / TSJCDMX – Quincuagésimo Segundo de lo Civil | 691/2022-14 | HVICTORIAG | 2022-07-13 14:15:12 | OALONSOT | 2022-07-13 14:17:57 | FP: 2022-07-14 | NAS: 5111-3372-8115-9278-900 | 1657739605100 – SIGJ | TSJCDMX – V2



Scanned with CamScanner

§   Que, el suscrito, desde sus inicios, procuró, gestionó y logró obtener las autorizaciones administrativas conducentes para operar como una Sociedad Financiera de Objeto Múltiple.

§   Que, dentro de la trayectoria de la demandada, se generaron ingresos y utilidades atractivas para el público inversionista que concluyó en lograr, ciertos años después de iniciado el negocio, el lanzamiento de la demandada en la Bolsa Mexicana de Valores en el año 2012 logrando una captación de inversionistas nacionales y extranjeros importante, lo que es un hecho notorio de acuerdo con información de la página de la Bolsa Mexicana de Valores.

§   Que, en que sus Estados Financieros fueron auditados por Deloitte México, sociedad que es considerada de las cuatro grandes firmas en auditoria contable y financiera. Lo anterior lo acredito, precisamente, con los Estados Financieros auditados del último ejercicio social que exhibo al presente como Anexo "8".

§   Que, durante el año dos mil veintiuno y parte de lo que va del dos mil veintidós el suscrito se percató que la situación financiera de Crédito Real se encontraba en un momento complicado, lo cual implicó realizar un análisis financiero y contable para poder adoptar las decisiones de negocio necesarias para hacer frente a la situación descrita.

§   Que, del análisis financiero realizado por el suscrito puedo concluir que el resultado obtenido implica que Crédito Real desde el 30 de abril del 2022 ha perdido las dos terceras partes de su capital social, por lo que se encuentra en estado de disolución.

§   Que, no obstante los esfuerzos realizados por el suscrito y el propio órgano de administración de la Sociedad, el 30 de abril del 2022 recibí los Estados Financieros individuales del primer trimestre del año 2022 y del mes de abril del citado año por parte de Humberto Quiroz Moreno, controlador de la demandada.

§   Que, sin que sean necesarios conocimientos técnicos o especiales en la materia contable y financiera, los Estados Financieros consolidados de la demandada presentados y visibles en el link: infinsom_1817805_2021-04_1.pdf (bmv.com.mx) mismos que exhibo para pronta referencia como Anexo "10" y que constituyen un hecho notorio para su Señoría, podrá apreciar, al menos de manera presuntiva, que al cierre del ejercicio social 2021 CREDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R. contaba con un capital social de 660,154,152 y a la fecha de la presente, de acuerdo al estado financiero que exhibo como anexo "9" asciende a 62,453,500. Con lo

Sello electrónico SIGJ / TSJCDMX – Quincuagésimo
Segundo de lo Civil | 691/2022-14 | HVICTORIAG |
2022-07-13 14:15:12 | OALONSOT | 2022-07-13
14:17:57 | FP: 2022-07-14 | NAS:
5111-3372-8115-9278-900 | 1657739605100 – SIGJ
/ TSJCDMX – V2



SIGJ plantilla v 3.0

Página 9 de 23

Scanned with CamScanner

Case 22-90630-JTD    Doc 43-7    Filed 08/25/22    Page 36 of 50

TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO
"2022 Año del Reconocimiento de los Derechos de las Personas Mayores"
*PRECURSOR DE LA REVOLUCIÓN MEXICANA"*
QUINCUAGÉSIMO SEGUNDO DE LO CIVIL

*anterior, tenemos una pérdida de más de las dos terceras partes del capital social de CREDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.*

§   *Que, de un análisis comparativo y de un histórico de los estados financieros que al cierre del ejercicio social 2021 Crédito Real tenía un capital social que ascendía a $660´154,142.00 M.N. (seiscientos sesenta millones ciento cincuenta y cuatro mil ciento cuarenta y dos pesos, 00/100, moneda nacional) mismo que permanece al cierre del primer cuatrimestre del 2022 Crédito Real, sin embargo durante el citado cuatrimestre, la sociedad tuvo pérdidas por $2,988´020,306.00 M.N. (dos mil novecientos ochenta y ocho millones veinte mil trescientos seis pesos 00/100, moneda nacional) lo que implica una pérdida de capital de casi 452% (cuatrocientos cincuenta y dos por ciento)*

§   *Que, tenemos un saldo negativo o de pérdida de $2,327´866,154.00 M.N. (dos mil trescientos veintisiete millones ochocientos sesenta y seis mil ciento cincuenta y cuatro pesos 00/100, moneda nacional) hecho que acredita por sí mismo con los propios Estados Financieros individuales correspondientes al primer cuatrimestre del 2022.*

§   *Que, el artículo 229, fracción VI, dispone que la disolución de una sociedad mercantil puede ser por sentencia ejecutoriada que reconozca la causal de disolución invocada, lo que significa que la ley otorga un derecho de acción a quienes tengan interés jurídico en el reconocimiento del hecho jurídico generador de la disolución de una sociedad mercantil.*

Por otro lado, la demandada, al dar contestación a la demanda incoada en su contra, reconoció expresamente la causal de disolución reclamada consistente en la pérdida de más de dos terceras partes del capital social de la moral **CRÉDITO REAL, S.A.B. DE C.V., SOCIEDAD FINANCIERA DE OBJETO MULTIPLE, ENTIDAD NO REGULADA,** pues manifestó lo siguiente:

§   *Que, es preciso aclarar que en los años 2021 y lo que ha transcurrido del año 2022 mi representada ha enfrentado una situación financiera complicada, por lo que procedió a realizar un análisis financiero para determinar las acciones a seguir para encontrar una solución y evitar mayores pérdidas. Al respecto es importante mencionarle a su Señoría que, derivado del análisis financiero realizado por el contralor de Crédito Real, el C. Humberto Quiroz Moreno, se tiene conocimiento de que mi representada efectivamente perdió más de dos terceras partes de su capital social,*


Scanned with CamScanner

situación de hecho que es cierta y se reconoce para los efectos legales conducentes."

§  Que, el correlativo que se contesta, por cuanto, a la situación fáctica del capital social de la sociedad, es cierto. Reconociendo que la causal de disolución materia de la litis versa, precisamente, sobre el monto del capital social e histórico de mi representada y no sobre diverso concepto de capital social.

§  Que, se aclara, además, que es su Señoría quien habrá de resolver si procede o no declarar la disolución conforme a las constancias de autos, considerando la situación financiera descrita en la demanda y reconocida por mi mandante, en el sentido que los Estados Financieros y el Balance General reflejan la situación real de mi representada; es decir, la pérdida de más de dos terceras partes del capital social.

En ese tenor, entrando al estudio de la acción que nos ocupa, a efecto de demostrar la exigibilidad de las prestaciones reclamadas en la demanda inicial, la parte actora exhibió los siguientes medios de prueba, los cuales se valoran en términos de los artículos 1287 a 1306 del propio Código de Comercio.

1.- La documental consistente en la copia simple de la escritura pública número veintiún mil cuatrocientos ochenta de fecha seis de abril de dos mil veinte, otorgada ante la fe del Notario Público doscientos cuarenta y tres de la Ciudad de México, de cuyo capítulo de ANTECEDENTES, se advierte la constitución de la moral demandada, los diversos aumentos de capital social, llegando hasta la cantidad de $502'706,966.00 (quinientos dos millones setecientos seis mil novecientos sesenta y seis pesos 00/100 m.n.); asimismo, se advierte la denominación actual de la hoy enjuiciada quedando como "CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R."; igualmente se advierten los estatutos sociales de demandada en cita, transcribiéndose a la letra los artículos quincuagésimo cuarto y quincuagésimo sexto, dada la importancia de éstos en el presente juicio:

"ARTÍCULO QUINCUAGÉSIMO CUARTO. La sociedad se disolverá en cualquiera de los casos previstos por el artículo 229 de la Ley General de Sociedades Mercantiles."

"ARTÍCULO QUINCUAGÉSIMO SEXTO. El o los liquidadores practicarán la liquidación con arreglo a las bases que, en su caso, hubiera determinado la asamblea de accionistas, y, en su defecto, con arreglo a las siguientes y a las disposiciones del capítulo respectivo de la Ley General de Sociedades Mercantiles."



Scanned with CamScanner



Probanza que no fue objetada ni impugnada en cuanto a su autenticidad por la demandada, sino por el contrario al dar contestación a los hechos 1 a 9 (foja 111) la enjuiciada afirmó como ciertos los hechos contenidos en el instrumento en estudio; por lo que se le otorga pleno valor probatorio conforme a lo dispuesto por los artículos 1287 y 1296 del Código de Comercio.

2.- La documental consistente en copia simple del "ESTADOS DE RESULTADOS INDIVIDUAL DEL 1 DE ENERO AL 31 DE DICIEMBRE DE 2021"; la documental consistente en el "BALANCE GENERAL INDIVUDUAL AL 31 DE DICIEMBRE DE 2021"; de las que se advierten que el capital social al treinta y uno de diciembre de dos mil veintiuno, ascendía a la cantidad de $660'154,152.00 (seiscientos sesenta millones ciento cincuenta y cuatro mil ciento cincuenta y dos pesos 00/100 m.n.); asimismo, se advierte que el resultado neto incluyendo participación no controladora, ascendía al importe de $226'552,204.00 (doscientos veintiséis millones quinientos cincuenta y dos mil doscientos cuatro pesos 00/100 m.n.); probanza que no fue objetada ni impugnada en cuanto a su autenticidad por la demandada, sino por el contrario al dar contestación al hecho 13 (foja 113) la enjuiciada afirmó como cierto que la pérdida de más de dos terceras partes de su capital social fue consecuencia de diversas irregularidades que han sido denunciadas ante las autoridades administrativas y penales y ante el propio Comité de auditoría de la sociedad; por lo que se le otorga pleno valor probatorio conforme a lo dispuesto por los artículos 1287 y 1296 del Código de Comercio

3.- La documental consistente en copia simple de una carta de fecha treinta de abril de dos mil veintidós, dirigida al hoy actor y signada por el contralor de la hoy demandada, en la que refiere que acompaña los estados financieros individuales por el primer cuatrimestre del dos mil veintidós (balance general y estado de resultados); la documental consistente en el "BALANCE GENERAL INDIVUDUAL AL 30 DE ABRIL DE 2022"; la documental consistente en el "ESTADOS DE RESULTADOS INDIVIDUAL DEL 1 DE ENERO AL 30 DE ABRIL DE 2022"; de las que se advierten que el capital social al treinta de abril de dos mil veintidós, ascendía a la cantidad de $660'154,152.00 (seiscientos sesenta millones ciento cincuenta y cuatro mil ciento cincuenta y dos pesos 00/100 m.n.); asimismo, se advierte que el resultado neto incluyendo participación no controladora, ascendía al importe de $2,988,020,306.00 (dos mil novecientos ochenta y ocho millones veinte mil trescientos seis pesos 00/100 m.n.); probanzas que no fueron objetadas ni impugnadas en cuanto a su autenticidad por la demandada, sino por el contrario al dar contestación al hecho 14 (foja 114) la enjuiciada afirmó como cierto el análisis financiero efectuado por el C. Humberto Quiroz Moreno,




Scanned with C...

Case 22-10350-JTD    Doc 48-7    Filed 08/25/22    Page 39 of 50

PODER JUDICIAL DE LA CIUDAD DE MÉXICO
"2022, Año de Ricardo Flores Magón,
Precursor de la Revolución Mexicana"
Quincuagésimo Segundo De Lo Civil

admitiendo que perdió más de dos terceras partes de su capital social; por lo que se le otorga pleno valor probatorio conforme a lo dispuesto por los artículos 1287 y 1296 del Código de Comercio.

4.- Las documentales consistentes en dos cartas de fecha dos de mayo de dos mil veintidós (una de las cartas se encuentra firmada de recibido respecto de los estados financieros), suscritas por el hoy actor en su carácter de Presidente del Consejo de Administración de la hoy demandada, dirigidas a Laura Martínez Aguirre, mediante las cuales se les solicita analizar los estados financieros individuales de la hoy enjuiciada por el primer cuatrimestre del dos mil veintidós (balance general y estado de resultados), y emitir dictamen u opinión respecto de si la sociedad, se ubica o no en la hipótesis que contempla la fracción V del artículo 229 de la Ley General de Sociedades Mercantiles; probanzas que no fueron objetadas ni impugnadas en cuanto a su autenticidad por la demandada, por lo que se acredita la entrega al hoy actor de los estados financieros individuales así como también se acredita que se le solicitó a la experta antes citada la emisión de un dictamen a efecto de dilucidar si la moral demandada se encontraba dentro del supuesto que establece el artículo 229 fracción V de la Ley General de Sociedades Mercantiles; por lo que se le otorga pleno valor probatorio conforme a lo dispuesto por los artículos 1287 y 1296 del Código de Comercio.

5.- La documental consistente en el dictamen efectuado por la contadora pública Laura Aguirre Martínez del que se advierte a la letra lo siguiente:

*En el Estado de Resultados se observa que el Resultado Neto de $2,988,021,306.00, fue originada principalmente por los siguientes rubros:*

*+ Estimación preventiva para riesgos crediticios - $2,526,521,475.00*

*+ Gastos de administración - $395,491,490.00*

*= Total - $2,922,012,965.00*

*En el Balance General, se observa en el rubro Estimación Preventiva Para Riesgos Crediticios un saldo de -$2,901,398,385 pesos, incrementado en el periodo enero - abril de 2022 por la reserva creada por la cantidad de - $2,526,521,475 pesos.*

*+ Balance al 30 de abril de 2022 - $2,901,398,385*

*-   Estado de Resultados a abril 2022 - $2,526,521,475*

Sello electrónico SIGJ / TSJCDMX – Quincuagésimo
Segundo de lo Civil | 691/2022-14 | HVICTORIAG |
2022-07-13 14:15:12 | OALONSOT | 2022-07-13
14:17:57 | FP: 2022-07-14 | NAS:
5111-3372-8115-9278-900 | 1657739605100 – SIGJ
/ TSJCDMX – V2



Scanned with CamScanner

TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO

*"2022, Año de Ricardo Flores Magón,*
*Precursor de la Revolución Mexicana"*
Quincuagésimo Segundo De Lo Civil

*Por lo tanto, considerando únicamente el impacto negativo que pudiese repercutir en el capital social sin considerar el capital contable, se tiene que la pérdida neta de $2,988,021,306.00 pesos, rebasaría las dos terceras partes del capital social, es decir la pérdida es mayor a la cantidad de $440,102,768 pesos, como a continuación se muestra en la operación aritmética:*

*Resultado Neto - $2,988,021,306*

*Capital Social $660,154,152/3x2=$440,102,768*

*Aplicando el resultado neto, que es negativo, al importe de capital social de Crédito Real, S.A.B. de C.V., SOFOM, ENTIDAD NO REGULADA, obtenemos que la moral en cita ha tenido una pérdida por arriba de las dos terceras partes de su capital social. ...*

*...Por lo anterior, se concluye que, considerando únicamente el impacto negativo al Capital Social, como se establece en la Ley General de Sociedades Mercantiles; se concluye que la entidad bajo dicho supuesto, podría ubicarse en la hipótesis que contempla la fracción V del artículo 229 de la Ley General de Sociedades Mercantiles."*

Probanzas que no fueron objetadas ni impugnadas en cuanto a su autenticidad por la demandada, sino por el contrario, del escrito de contestación de demanda, se advierte que la propia enjuiciada reconoce la pérdida de más de dos terceras partes de su capital social, por lo que confirma la conclusión a la que arribó la experta antes citada; por lo que se le otorga pleno valor probatorio conforme a lo dispuesto por los artículos 1287 y 1296 del Código de Comercio.

6.- La documental consistente en los Estados Financieros por el cuarto trimestre del año dos mil veintiuno de **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.**, realizados por el contralor de la demandada, Humberto Quiroz Moreno, de donde se desprende, que el capital social asciende a la cantidad de $660'154,152.00 M.N. (seiscientos sesenta millones ciento cincuenta y cuatro mil ciento cincuenta y dos pesos 00/100 m.n.); probanzas que no fueron objetadas ni impugnadas en cuanto a su autenticidad por la demandada, sino por el contrario, al dar contestación al hecho 14 (foja 114) reconoció la pérdida de más de dos terceras partes de su capital social; por lo que se le otorga pleno valor probatorio conforme a lo dispuesto por los artículos 1287 y 1296 del Código de Comercio.

Ahora bien, el Suscrito procede a determinar si se actualiza, o no, la causal de disolución regulada en el artículo 229 fracción V, 232, 233, 236 y 237 de

Sello electrónico SIGJ / TSJCDMX – Quincuagésimo Segundo de lo Civil | 691/2022-14 | HVICTORIAG | 2022-07-13 14:15:12 | OALONSOT | 2022-07-13 14:17:57 | FP: 2022-07-14 | NAS: 5111-3372-8115-9278-900 | 1657739605100 – SIGJ / TSJCDMX – V2



Página 14 de 23

SIGJ plantilla v 3.0

Scanned with CamScanner

la Ley General de Sociedades Mercantiles la cual se transcribe a continuación para su mejor comprensión:

"**Artículo 229.-** Las sociedades se disuelven:

I.- Por expiración del término fijado en el contrato social;

II.- Por imposibilidad de seguir realizando el objeto principal de la sociedad o por quedar éste consumado;

III.- Por acuerdo de los socios tomado de conformidad con el contrato social y con la Ley; IV.- Porque el número de accionistas llegue a ser inferior al mínimo que esta Ley establece, o porque las partes de interés se reúnan en una sola persona;

V.- **Por la pérdida de las dos terceras partes del capital social.**

VI.- Por resolución judicial o administrativa dictada por los tribunales competentes, conforme a las causales previstas en las leyes aplicables.

"**Artículo 232.-** En el caso de la fracción I del artículo 229, la disolución de la sociedad se realizará por el solo transcurso del término establecido para su duración.

En los demás casos, comprobada por la sociedad la existencia de causas de disolución, la causa de disolución se inscribirá de manera inmediata en el Registro Público de Comercio.

Si la inscripción no se hiciere a pesar de existir la causa de disolución, cualquier interesado podrá ocurrir ante la autoridad judicial, en la vía sumaria o, en los casos que la disolución sea por resolución judicial, en la vía incidental, a fin de que ordene el registro de la disolución.

Cuando se haya inscrito la disolución de una sociedad, sin que a juicio de algún interesado hubiere existido alguna causa de las enumeradas por la Ley, podrá ocurrir ante la autoridad judicial, dentro del término de treinta días contados a partir de la fecha de la inscripción, y demandar, en la vía sumaria, la cancelación de la inscripción, salvo los casos en que la disolución sea por resolución judicial, en los cuales aplicará los medios de impugnación correspondientes a la materia que emitió la resolución judicial correspondiente."

"**Artículo 233.-** Los Administradores no podrán iniciar nuevas operaciones con posterioridad al vencimiento del plazo de duración de la sociedad, al acuerdo sobre disolución o a la comprobación de una causa de disolución.

Sello electrónico SIGJ / TSJCDMX – Quincuagésimo
Segundo de lo Civil | 691/2022-14 | HVICTORIAG |
2022-07-13 14:15:12 | OALONSOT | 2022-07-13
14:17:57 | FP: 2022-07-14 | NAS:
5111-3372-8115-9278-900 | 1657739605100 – SIGJ
/ TSJCDMX – V2

SIGJ plantilla v 3.0

Página 15 de 23



Scanned with CamSc

Si contravinieren esta prohibición, los Administradores serán solidariamente responsables por las operaciones efectuadas."

*Artículo 236.- A falta de disposición del contrato social, el nombramiento de los liquidadores se hará por acuerdo de los socios, tomado en la proporción y forma que esta Ley señala, según la naturaleza de la sociedad, para el acuerdo sobre disolución. La designación de liquidadores deberá hacerse en el mismo acto en que se acuerde o se reconozca la disolución. En los casos de que la sociedad se disuelva por la expiración del plazo o en virtud de sentencia ejecutoriada, la designación de los liquidadores deberá hacerse inmediatamente que concluya el plazo o que se dicte la sentencia.

Si por cualquier motivo el nombramiento de los liquidadores no se hiciere en los términos que fija este artículo, lo hará la autoridad judicial en la vía sumaria o, en los casos en que la disolución sea por resolución judicial, en la vía incidental, ambos supuestos a petición de cualquier socio."

*Artículo 237.- Mientras no haya sido inscrito en el Registro Público de Comercio el nombramiento de los liquidadores y éstos no hayan entrado en funciones, los administradores continuarán en el desempeño de su encargo.

Lo anterior no será aplicable cuando el nombramiento del liquidador se realice conforme al procedimiento del artículo 249 Bis 1 de esta Ley."

En ese sentido, de las probanzas rendidas y valoradas en párrafos anteriores, así como del reconocimiento expreso de la demandada **CRÉDITO REAL. S.A.B. DE C.V. SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD NO REGULADA**, se colige que la sociedad demandada ha tenido una pérdida de más de dos terceras partes de su capital social ya que se tuvo una pérdida neta de $2,988,021,306.00 (dos mil novecientos ochenta y ocho millones veintiún mil trescientos seis pesos 00/100 m.n.); lo que rebasa las dos terceras partes del capital social por la cantidad de $660,154,152.00 (seiscientos sesenta millones ciento cincuenta y cuatro mil ciento cincuenta y dos pesos 00/100 m.n.); es decir, la pérdida es mayor a la cantidad de $440,102,768 (cuatrocientos cuarenta millones ciento dos mil setecientos sesenta y ocho pesos 00/100 m.n.) (cantidad que representa las dos terceras partes del capital social antes precisado); por lo que se colige que el resultado neto, es negativo al importe de capital social de CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA, teniendo una pérdida por arriba de las dos terceras partes de su capital social.

En esa tesitura, como claramente se advierte del escrito de contestación de demanda, la enjuiciada lejos de controvertir la pérdida de más de dos

Sello electrónico SIGJ / TSJCDMX – Quincuagésimo
Segundo de lo Civil | 691/2022-14 | HVICTORIAG |
2022-07-13 14:15:12 | OALONSOT | 2022-07-13
14:17:57 | FP: 2022-07-14 | NAS:
5111-3372-8115-9278-900 | 1657739605100 – SIGJ
/ TSJCDMX – V2



SIGJ plantilla v 3.0

Página 16 de 23

Scanned with CamScanner



terceras partes del capital social, manifestó como cierta dicha pérdida, por lo que se tiene como confesión judicial en términos del artículo 1287 del Código de Comercio.

En tal virtud, se colige acreditada la causal de disolución de **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.**; máxime que como lo manifestó el propio Ministerio Público en su ocurso presentado el seis de julio de dos mil veintidós (foja 54), no existe a su consideración ningún motivo por el cual sea procedente la denuncia de concurso mercantil, por lo que es viable continuar con la presente disolución; en tal virtud, se actualiza la causal de disolución regulada en la fracción V, del artículo 229 de la Ley General de Sociedades Mercantiles.

En consecuencia, se declara la disolución dela persona moral **CRÉDITO REAL, S.A B. DE C.V., SOCIEDAD FINANCIERA DE OBJETO MULTIPLE, ENTIDAD NO REGULADA**, a partir del treinta de abril de dos mil veintidós, al actualizarse el supuesto previsto en la fracción V del artículo 229 de la Ley General de Sociedades Mercantiles.

Por tanto, se ordena inscribir de manera inmediata la presente resolución y la causal de disolución en el folio mercantil 170,184 BIS del cual es titular **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.** en el Registro Público de la Propiedad y de Comercio de esta Ciudad, por lo que se ordena girar atento oficio con copia certificada de la presente resolución, previo pago de los derechos respectivos.

Por lo que una vez que cause ejecutoria la presente resolución, **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.** conservará su personalidad jurídica únicamente para efectos de la liquidación; haciéndose del conocimiento a los administradores de **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.** que inicien nuevas operaciones, con posterioridad a la presente sentencia de disolución, serán solidariamente responsables por las operaciones efectuadas, conforme a lo dispuesto por el artículo 233 de la Ley citada.

En otro orden de ideas, y en lo atinente a la prestación D), consistente en el nombramiento de liquidador, de constancias de autos, específicamente del proveído de treinta de junio de dos mil veintidós (foja 26) se nombró como liquidador judicial provisional al C. **FERNANDO ALONSO DE FLORIDA RIVERO**, cargo que aceptó por ocurso de fecha ocho de julio de dos mil veintidós (foja 90), ratificado la fecha antes citada, por lo que por auto de once de julio del presente año, se le tuvo por nombrado a efecto de ejercer sus facultades como liquidador con el carácter **provisional** a lapersona antes citada, con todas las facultades establecidas en los artículos 242, 245,

Sello electrónico SIGJ / TSJCDMX – Quincuagésimo
Segundo de lo Civil | 691/2022-14 | HVICTORIAG |
2022-07-13 14:15:12 | OALONSOT | 2022-07-13
14:17:57 | FP: 2022-07-14 | NAS:
5111-3372-8115-9278-900 | 1657739605100 – SIGJ
/ TSJCDMX – V2



SIGJ plantilla v 3.0

Página 17 de 23

Scanned with CamScanner

247, 248 y demás relativos y aplicables de la Ley General de Sociedades Mercantiles.

En consecuencia, se ordena inscribir de manera inmediata el nombramiento del C. Fernando Alonso de Florida Rivero, en su carácter de liquidador definitivo de la demandada **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.**, en el folio mercantil 170,184 BIS, en el Registro Público de Comercio, por lo que se ordena girar atento oficio con copia certificada de la presente resolución a fin de que dicha Autoridad proceda de manera inmediata a la inscripción respectiva en términos de lo dispuesto por los artículos 236 y 237 de la Ley General de Sociedades Mercantiles.

Asimismo, se ordena publicar la presente sentencia de disolución y liquidación de la demandada **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.**, en el Sistema Electrónico de Publicaciones de Sociedades Mercantiles de la Secretaría de Economía.

Al constituir la demandada una sociedad anónima bursátil se ordena girar atento oficio a la <u>Bolsa Mexicana de Valores</u> a fin de hacer de su conocimiento la liquidación de **CRÉDITO REAL, S.A.B. DE C.V., SOCIEDAD FINANCIERA DE OBJETO MULTIPLE, ENTIDAD NO REGULADA**, para que de no existir inconveniente legal alguno, en términos de lo dispuesto por la fracción IV, artículo 247 de la Ley del Mercado de Valores y fracción II, numeral 4.050.00 del Reglamento Interior de la Bolsa Mexicana de Valores, proceda a cancelar del listado a **CRÉDITO REAL, S.A.B. DE C.V., SOCIEDAD FINANCIERA DE OBJETO MULTIPLE, ENTIDAD NO REGULADA**, artículos que se transcriben para su mejor comprensión:

*"Artículo 247.- Las bolsas de valores estarán obligadas a formular un reglamento interior que contenga, como mínimo, las normas aplicables a:*

*I. Los requisitos que deberán cumplir las casas de bolsa para operar con valores listados en ellas, así como los supuestos de suspensión o exclusión de aquéllas y de las personas que las representen.*

*II. Los derechos y obligaciones de la bolsa, sus miembros y las emisoras que listen sus valores, así como las medidas disciplinarias y correctivas aplicables en caso de incumplimiento y el procedimiento para hacerlas efectivas.*

*III. Los requisitos que además de los establecidos en el artículo 193 de esta Ley, deben cumplir para ser autorizados para operar en bolsa, los apoderados de las casas de bolsa.*

Sello electrónico SIGJ / TSJCDMX – Quincuagésimo
Segundo de lo Civil | 691/2022-14 | HVICTORIAG |
2022-07-13 14:15:12 | OALONSOT | 2022-07-13
14:17:57 | FP: 2022-07-14 | NAS:
5111-3372-8115-9278-900 | 1657739605100 – SIGJ
/ TSJCDMX – V2



Página 18 de 23

SIGJ plantilla v 3.0

Scanned with CamScanner

*IV. Los requisitos de listado, mantenimiento y cancelación de los valores listados en la bolsa y dependiendo del tipo de valor de que se trate, se deberán contemplar aquellos relacionados con la situación financiera del emisor y sus accionistas, gobierno societario, diversificación de la tenencia accionaria y demás necesarios para que los valores cuenten con una circulación amplia.*

*Asimismo, deberán preverse las modalidades especiales de negociación que, en su caso, las bolsas de valores determinen para aquellas emisoras que no cumplan con los requisitos de mantenimiento señalados, incluyendo parámetros que eviten condiciones desordenadas de mercado o manipulación de precios.*

*V. Los requisitos que deberán contener los programas de adopción progresiva a que hace referencia el artículo 19, fracción I, inciso c) del presente ordenamiento legal, así como los procedimientos a seguir para verificar en forma periódica los grados de avance y cumplimiento a dichos programas, por parte de las sociedades anónimas promotoras de inversión bursátil.*

*VI. Los términos en que deberán realizarse las operaciones con valores listados en la bolsa, la manera en que deberán llevar sus registros y los casos en que proceda la suspensión de cotizaciones de valores en particular o del mercado en su conjunto.*

*VII. Las reglas de operación a que deberán sujetarse los miembros que opten por participar como formadores de mercado.*

*VIII. Los requisitos y procedimientos para el listado de valores en el sistema internacional de cotizaciones, así como los relativos a la suspensión y cancelación del listado del sistema.*

*IX. Los términos en que deberán realizarse las operaciones con valores en el sistema internacional de cotizaciones, así como las obligaciones de quienes operen en dicho sistema.*

*X. Las atribuciones para vigilar que los procesos de formación de precios se efectúen en forma adecuada, con transparencia e integridad.*

*XI. El proceso para la adopción y supervisión de las normas de autorregulación.*

*XII. Los términos y condiciones para el envío y recepción de la información que las emisoras e instituciones calificadoras de valores se encuentren obligadas a proporcionar al público.*

Sello electrónico SIGJ / TSJCDMX – Quincuagésimo
Segundo de lo Civil | 691/2022-14 | HVICTORIAG |
2022-07-13 14:15:12 | OALONSOT | 2022-07-13
14:17:57 | FP: 2022-07-14 | NAS:
5111-3372-8115-9278-900 | 1657739605100 – SIGJ
/ TSJCDMX – V2



SIGJ plantilla v 3.0                    Página 19 de 23

SIGJ plantilla v 3.0                    Página 1 de 23

Scanned with CamScanner



*XIII. Las bases para la práctica de auditorías a sus miembros o a las emisoras que listen sus valores en ellas, con el objeto de comprobar el cumplimiento de las obligaciones a su cargo, previstas en el propio reglamento.*

*XIV. Las medidas para asegurar la continuidad en la negociación de valores, así como los planes de contingencia para evitar la interrupción, alteración, limitación y demás actos o hechos que impidan dicha negociación.*

*El reglamento y sus modificaciones deberán someterse a la previa autorización de la Comisión, la cual podrá formular observaciones y modificaciones cuando considere que el reglamento no se ajusta a lo establecido en esta Ley o a los sanos usos y prácticas de mercado. No requerirán de autorización las normas de autorregulación, pero en todo caso, la Comisión tendrá facultad de veto en relación con dichas normas."*

*"4.050.00 La Bolsa podrá cancelar el listado de un valor en el Listado, sin que medie solicitud de la Emisora, en cualquiera de los siguientes casos:*

*I. Amortización total de la emisión.*

**II. Disolución o liquidación de la Emisora.**

*III. Declaración judicial de quiebra de la Emisora.*

*IV. Cancelación de la inscripción en el Registro.*

*V. Tratándose de Sociedades de Inversión Especializadas de Fondos para el Retiro, así como fondos de inversión, excepto Fondos de Inversión de Capitales y de Objeto Limitado, cuando se les revoque la autorización para actuar con tal carácter o bien, que hayan dejado de registrar el precio diario actualizado de valuación de sus acciones a la Bolsa y no hayan cubierto las cuotas de mantenimiento del listado, en estos últimos casos, por más de dos años, debiendo acreditar en todo momento que no existen acciones de la parte variable colocadas entre el público inversionista.*

*VI. Fusión de dos o más Emisoras. Para lo dispuesto en esta fracción, surtirá efectos en la Bolsa la referida fusión, cuando la Emisora de que se trate haga del conocimiento de la misma tal situación, por lo que se cancelará el listado de los valores de aquella Emisora que haya sido fusionada.*

*Cuando los tenedores de instrumentos de deuda hayan acordado prorrogar la vigencia de una emisión, la Bolsa mantendrá el listado de los valores correspondientes en su Listado, siempre y cuando la Emisora o el*



Sello electrónico SIGJ / TSJCDMX – Quincuagésimo Segundo de lo Civil | 691/2022-14 | HVICTORIAG | 2022-07-13 14:15:12 | OALONSOT | 2022-07-13 14:17:57 | FP: 2022-07-14 | NAS: 5111-3372-8115-9278-900 | 1657739605100 – SIGJ / TSJCDMX – V2



SIGJ plantilla v 3.0

Página 20 de 23

SIGJ plantilla v 3.0

Página 1 de 23

Scanned with CamScanner



TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO
"2022, Año de Ricardo Flores Magón,
Precursor de la Revolución Mexicana"
Quincuagésimo Segundo De Lo Civil

21

representante común proporcionen el día hábil inmediato anterior al vencimiento de la emisión correspondiente la información que determine la Bolsa para acreditar tal situación.

Adicionalmente, la Bolsa cancelará el listado de un valor cuando se presente un incumplimiento grave o reiterado a los supuestos previstos en las fracciones I y III del artículo 248 de la Ley, sujetándose a los términos y condiciones establecidas en el citado artículo."

Finalmente, respecto de las medidas dictadas por auto de treinta de junio de dos mil veintidós (foja 26), las cuales surtieron plenos efectos por auto de cuatro de julio de la presente anualidad (foja 37), con excepción de las marcadas con los numerales 4 y 10 (toda vez que mediante proveído de once de julio de dos mil veintidós (foja 105), se le tuvo por desistidas de éstas), quedarán vigentes hasta en tanto se concluya el procedimiento de liquidación de **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.**.

**V.-** No dándose los supuestos previstos en el artículo 1084 del Código de Comercio, no se hace especial condena en costas en ésta instancia a ninguna de las partes.

Por lo expuesto y fundado y con apoyo además en los artículos 1321, 1323, 1324, 1325, 1327, 1328 y 1329 del código de Comercio, así como de los criterios jurisprudenciales citados es de resolverse y se

### RESUELVE:

**PRIMERO.-** Ha procedido la Vía Especial Mercantil intentada, en donde la parte actora **ROMANOS BERRONDO ANGEL FRANCISCO** acreditó sus prestaciones; y la parte demandada **CREDITO REAL, S.A.B. DE C.V., SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD NO REGULADA,** afirmó como ciertos los hechos de la demanda, en consecuencia;

**SEGUNDO.-** Se declara la disolución dela persona moral **CRÉDITO REAL, S.A B. DE C.V., SOCIEDAD FINANCIERA DE OBJETO MULTIPLE, ENTIDAD NO REGULADA,** a partir del treinta de abril de dos mil veintidós, al actualizarse el supuesto previsto en la fracción V del artículo 229 de la Ley General de Sociedades Mercantiles.

**TERCERO.-** Se ordena inscribir de manera inmediata la presente resolución y la causal de disolución en el folio mercantil 170,184 BIS del cual es titular **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.** en el Registro Público de la Propiedad y de Comercio de esta Ciudad, por lo que se ordena girar

Sello electrónico SIGJ / TSJCDMX -- Quincuagésimo
Segundo de lo Civil | 691/2022-14 | HVICTORIAG |
2022-07-13 14:15:12 | OALONSOT | 2022-07-13
14:17:57 | FP: 2022-07-14 | NAS:
5111-3372-8115-9278-900 | 1657739605100 – SIGJ
/ TSJCDMX – V2

SIGJ plantilla v 3.0

Página 21 de 23



Scanned with Cam...



TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO
"2022, Año de Ricardo Flores Magón,
Precursor de la Revolución Mexicana"
Quincuagésimo Segundo De Lo Civil

atento oficio con copia certificada de la presente resolución, previo pago de los derechos respectivos.

**CUARTO.-**Una vez que cause ejecutoria la presente resolución, **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.** conservará su personalidad jurídica únicamente para efectos de la liquidación; haciéndose del conocimiento a los administradores de **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.** que inicien nuevas operaciones, con posterioridad a la presente sentencia de disolución, serán solidariamente responsables por las operaciones efectuadas, conforme a lo dispuesto por el artículo 233 de la Ley citada.

**QUINTO.-** Se ordena inscribir de manera inmediata el nombramiento del C. Fernando Alonso de Florida Rivero, en su carácter de liquidador definitivo de la demandada **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.**, en el folio mercantil 170,184 BIS, en el Registro Público de Comercio, por lo que se ordena girar atento oficio con copia certificada de la presente resolución a fin de que dicha Autoridad proceda de manera inmediata a la inscripción respectiva en términos de lo dispuesto por los artículos 236 y 237 de la Ley General de Sociedades Mercantiles.

**SEXTO.-** Se ordena publicar la presente sentencia de disolución y liquidación de la demandada **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.**, en el Sistema Electrónico de Publicaciones de Sociedades Mercantiles de la Secretaría de Economía.

**SÉPTIMO.-** Se ordena girar atento oficio a la <u>Bolsa Mexicana de Valores</u> a fin de hacer de su conocimiento la liquidación de **CRÉDITO REAL, S.A.B. DE C.V., SOCIEDAD FINANCIERA DE OBJETO MULTIPLE, ENTIDAD NO REGULADA**, para que de no existir inconveniente legal alguno, en términos de lo dispuesto por la fracción IV, artículo 247 de la Ley del Mercado de Valores y fracción II, numeral 4.050.00 del Reglamento Interior de la Bolsa Mexicana de Valores, proceda a cancelar del listado a **CRÉDITO REAL, S.A.B. DE C.V., SOCIEDAD FINANCIERA DE OBJETO MULTIPLE, ENTIDAD NO REGULADA**

**OCTAVO.-**Quedando vigentes las medidas dictadas por auto de treinta de junio de dos mil veintidós (foja 26), las cuales surtieron plenos efectos por auto de cuatro de julio de la presente anualidad (foja 37), con excepción de las marcadas con los numerales 4 y 10 (toda vez que mediante proveído de once de julio de dos mil veintidós (foja 105), se le tuvo por desistidas de éstas), hasta en tanto se concluya el procedimiento de liquidación de **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.**

**NOVENO.-**No se hace especial condena en costas en la presente instancia.



Sello electrónico SIGJ / TSJCDMX -- Quincuagésimo
Segundo de lo Civil | 691/2022-14 | HVICTORIAG |
2022-07-13 14:15:12 | OALCNSOT | 2022-07-13
14:17:57 | FP: 2022-07-14 | NAS:
5111-3372-8115-9278-900 | 1657739605100 -- SIGJ
/ TSJCDMX -- V2

SIGJ plantilla v 3.0

Página 22 de 23

Scanned with CamScanner

**TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO**
*"2022 AÑO DE RICARDO FLORES MAGÓN,*
*PRECURSOR DE LA REVOLUCIÓN MEXICANA"*
**QUINCUAGÉSIMO SEGUNDO DE LO CIVIL**

**DÉCIMO.-** NOTIFÍQUESE y guárdese en el legajo de sentencias copia autorizada de la presente resolución.

**ASÍ, DEFINITIVAMENTE** juzgando lo resolvió y firma el C. Juez Quincuagésimo Segundo de lo Civil del Tribunal Superior de Justicia de la Ciudad de México, Licenciado **HELIO VICTORIA GUZMÁN** ante el C. Secretario de Acuerdos, Licenciado OSCAR ALONSO TOLAMATL que autoriza y da fe respectivamente.- Doy fe.

En el *Boletín Judicial* No. _____126_____ correspondiente al día ___14_ de ___Julio___ de _2022_ se hizo la publicación de Ley.— Conste.
El _01_ de ___Agosto___ del _2022_, surtió efectos la notificación anterior.— Conste.

Sello electrónico SIGJ / TSJCDMX -- Quincuagésimo Segundo de lo Civil | 691/2022-14 | HVICTORIAG | 2022-07-13 14:15:12 | OALONSOT | 2022-07-13 14:17:57 | FP: 2022-07-14 | NAS: 5111-3372-8115-9278-900 | 1657739605100 -- SIGJ / TSJCDMX -- V2

SIGJ plantilla v 3.0

Página 23 de 23

Página 1 de 23

Scanned with CamScanner



**PODER JUDICIAL**
CIUDAD DE MÉXICO

## EVIDENCIA CRIPTOGRÁFICA - TRANSACCIÓN

Archivo Firmado: 1657739605100.pdf
Autoridad Certificadora del Poder Judicial de la Ciudad de México
Firmante(s): 2
Hoja(s): 23

| | Firmantes | | | | Firmas |
|---|---|---|---|---|---|
| Nombre(s): | HELIO VICTORIA GUZMAN | Validez: | Vigente | No Serie: | 70.6a.63.64.6d.78.32.30.30.31.32.36.36 |
| | OSCAR ALONSO TOLAMATL | Validez: | Vigente | No Serie: | 70.6a.63.64.6d.78.32.30.30.30.36.35.39 |
| | | | OCSP | | |
| Fecha: (UTC / CDMX) | | 13/07/22 19:15:11 - 13/07/22 14:15:11 | | | |
| | | 13/07/22 19:17:57 - 13/07/22 14:17:57 | | | |
| Nombre del respondedor(es): | | Servicio delegado OCSP de la AC del Poder Judicial de la CDMX | | | |
| | | Servicio delegado OCSP de la AC del Poder Judicial de la CDMX | | | |
| Emisor(es) del respondedor(es): | | Autoridad Certificadora del Poder Judicial de la Ciudad de México | | | |
| | | Autoridad Certificadora del Poder Judicial de la Ciudad de México | | | |
| Número(s) de serie: | | 70.6a.63.64.6d.78.32.30.32 | | | |
| | | 70.6a.63.64.6d.78.32.30.32 | | | |
| | | | TSP | | |
| Fecha: (UTC / CDMX) | | 13/07/22 19:15:12 - 13/07/22 14:15:12 | | | |
| | | 13/07/22 19:17:57 - 13/07/22 14:17:57 | | | |
| Nombre del emisor de la respuesta TSP: | | Entidad Emisora de Sellos de Tiempo del Poder Judicial de la Ciudad de México | | | |
| | | Entidad Emisora de Sellos de Tiempo del Poder Judicial de la Ciudad de México | | | |
| Emisor del certificado TSP: | | Autoridad Certificadora del Poder Judicial de la Ciudad de México | | | |
| | | Autoridad Certificadora del Poder Judicial de la Ciudad de México | | | |
| | | | Sellos Digitales | | |

8c 7a 95 06 c5 72 36 e6 15 b8 ee 3f 3c d1 74 17 15 be 07 07 f8 f7 75 ad 4a 1c ee 91 54 65 ab 54 6c d7 16 89 39 f2 c5 9d a2 8b e8
35 bc 58 05 d7 00 ca 7c 37 02 92 eb c1 1c c5 f8 11 53 49 49 27 26 13 82 91 84 49 56 42 58 25 7a f6 f8 1e 8b 4f fd 23 b0 f8 0a 1f

Sello electrónico SIGJ / TSJCDMX -- Quincuagésimo
Segundo de lo Civil | 691/2022-14 | HVICTORIAG |
2022-07-13 14:15:12 | OALONSOT | 2022-07-13
14:17:57 | FP: 2022-07-14 | NAS:
5111-3372-8115-9278-900 | 1657739605100 -- SIGJ
/ TSJCDMX -- V2



Scanned with CamScanner