## Exhibit I

**Monex Amparo - Final Stay Denial Order**

**Certified Translation (English)**



## **CERTIFICATION**

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate rendition into English of the original document entitled "*Mexican District Court Order denying final stay (Susp. Resolución suspensión definitiva. Niega),*" which was written in Spanish.

City of Buenos Aires, August 18, 2022.

THE TR COMPANY TRANSLATION SERVICES



_____

Ms Cynthia Farber

Certified Sworn Translator

License recorded on Page 226:Book XV.

Registered with the Translators Bar Association

City of Buenos Aires

C.T.P.C.B.A. No.5402

[Coat of Arms:] United Mexican States
Judiciary of the Federation

**Indirect *amparo* proceeding 783/2022**

Inc. 783/2022-III

Mr. Adrián Ríos Cruz, Clerk of the Eighth District Court in Civil Matters in and for Mexico City, hereby **CERTIFIES**: that the   action challenged in the *amparo* proceeding from which this collateral action for stay derives consists of: all the actions taken in the **special commercial** proceeding under file number 691/2022, heard by the **Fifty-second Civil Judge of the Superior Court of Justice in and for Mexico City**, and, **the final judgment** issued therein, as well as, in particular, the order dated **June 30, 2022**, providing for the execution of several precautionary measures, with respect to the property, rights and assets resulting from the liquidation of Crédito Real, S.A.B. de C.V. SOFOM, E.N.R., an action to which the petitioner claims not to be a party. **I attest**.

In Mexico City, at **09:07 A.M. ON AUGUST 5, 2022**, the day and time scheduled for the collateral case hearing related to *amparo* proceeding number **783/2022-III**, brought by Jacobo Guadalupe Martínez Flores, counsel for **Banco Monex, Sociedad Anónima, Institución de Banca Múltiple, Monex Grupo Financiero**, against acts of the **Judge and Assistant Clerk of the Fifty-second Civil Court of the Superior Court of Justice in and for Mexico City; the National Banking and Securities Commission, as well as the Public Registry of Property and Commerce of Mexico City**, Mrs. **MURCIA JUSTINE RUÍZ GONZÁLEZ**, Clerk of the Eighth District Court in Civil Matters in and for Mexico City, in charge of the Office, assisted by Mr. **Adrián Ríos Cruz**, authorizing and attesting Clerk, opened the hearing without the parties being present thereat. Immediately afterwards, the Clerk made a list of the file records consisting of **1)** a copy of the *amparo* petition and explanatory writing; **2)** order dated **July 26, 2022**, denying the provisional stay requested by the petitioner, **3)** proof of service to the authorities in charge, **4)** resolution issued by the **Thirteenth Court in Civil Matters of the First Circuit** for Q.C. 286/2022-13, which found that the motion for appeal against the order denying the provisional stay was ungrounded, and **5)** official letters on pages **13309, 13488, 13489** containing the **preliminary report** of the authorities in charge. Moreover, the Clerk included an official letter signed by the Director and Deputy Director of the Department of Contested Proceedings, assistant to the Legal Coordination of Procedures C, of the National Banking and Securities Commission, by which they submitted their preliminary report; likewise, with the writings signed by Jacobo Guadalupe Martínez Flores, counsel for the petitioner, through which evidence was offered and allegations were presented, acts registered on pages **13721, 13724 and 13727**, **THE CLERK IN CHARGE OF THE OFFICE AGREED**: To deem the foregoing list of file records duly made and the pertinent

preliminary report duly filed, pursuant to Section 144 of the *Amparo* Act; likewise, to add to the file the statements of account submitted by the petitioner, since through them evidence was offered and allegations were presented, and to record those statements at the pertinent stage of this hearing. Finally, regarding the documents filed with act 13727, given their bulkiness, it was ordered **to keep them in a sealed envelope** in the court's safe. **The trial stage was opened**, the Clerk records the supporting documents disclosed with the *amparo* petition and explanatory writing, which were added to this collateral action log without an authentication order since they were disclosed by electronic means, for there was a cryptographic copy thereof. Moreover, the Clerk recorded the evidence offered by the petitioner under registration number **13727** consisting of several supporting documents, regarding the one marked with number 1, as requested by the party, its authentication was ordered with the certified copy recorded in the main log so that it was added to this collateral action log. Therefore, the supporting documents offered by the petitioner were admitted and deemed duly disclosed, given their particular and special nature, pursuant to Section 144 of the *Amparo* Act. Thereafter, the Clerk certified that several means of proof were not offered in this collateral action for stay. **THE CLERK IN CHARGE OF THE OFFICE AGREED**: Without further evidence to be disclosed according to the Clerk's records, the trial stage was closed. **The stage to present allegations was opened**, the Clerk recorded the allegations made by the petitioner in writing under number **13724**, and certified that the parties did not make declarations in their allegations. **THE CLERK IN CHARGE OF THE OFFICE AGREED**: Based on Section 144 of the law governing this matter, the allegations made by the petitioner were received; likewise, the right of the parties to issue statements was considered precluded; without any further acts to agree upon, the hearing was adjourned, and the case was declared ready for judgment, and the following interlocutory decree was rendered.

**W H E R E A S**, the collateral action for stay regarding *amparo* proceeding **783/2022-III**, brought by Jacobo Guadalupe Martínez Flores, counsel for **Banco Monex, Sociedad Anónima, Institución de Banca Múltiple, Monex Grupo Financiero**, against acts of the **Judge and Assistant Clerk of the Fifty-second Civil Court of the Superior Court of Justice in and for Mexico City; the National Banking and Securities Commission, as well as the Public Registry of Property and Commerce of Mexico City**, is ready for judgment; and,

**NOW:**

**ONE**. By order of **July 26, 2022**, the court admitted the petition brought by Jacobo Guadalupe Martínez Flores, counsel for **Banco Monex, Sociedad Anónima, Institución de Banca Múltiple, Monex Grupo Financiero**, against acts of the **Judge and Assistant Clerk of the Fifty-second Civil Court of the Superior Court of Justice in and for Mexico City; the National Banking and Securities Commission, as well as the Public Registry of Property and Commerce of Mexico City**, consisting of all the proceedings in the **special commercial proceeding with file number 691/2022**, heard by the **Fifty-second Civil Judge of the Superior**

**Court of Justice in and for Mexico City**, and, the final judgment issued therein, as well as, in particular, the order dated **June 30, 2022**, providing for the execution of several precautionary measures, with respect to the property, rights and assets resulting from the liquidation of Crédito Real, S.A.B. de C.V. SOFOM, E.N.R., an action to which the petitioner claims not to be a party.

All of which was considered a violation, to his detriment, of the individual guarantees enshrined in Articles **14** and **16** of the Constitution.

**TWO**. On July 26, 2022, it was ordered to compile the collateral action for stay separately and in duplicate, also it was requested to the authorities in charge to submit a preliminary report; and a time and date was set to hold the collateral case hearing, which was verified in accordance with the foregoing minutes of meeting.

**RECITALS:**

**ONE**. Based on Section 146(I) of the *Amparo* Act, the petitioner claims all the actions taken in the **special commercial** proceeding under file **691/2022**, heard by the **Fifty-second Civil Judge of the Superior Court of Justice in and for Mexico City**, and, the final judgment issued therein, as well as, in particular, the order dated **June 30, 2022**, providing for the execution of several precautionary measures, with respect to the property, rights and assets resulting from the liquidation of Crédito Real, S.A.B. de C.V. SOFOM, E.N.R., an action to which the petitioner claims not to be a party.

**TWO**. The acts claimed from the Judge and Assistant Clerk of the **Fifty-second Civil Court of the Superior Court of Justice in and for Mexico City** are deemed true, since the former expressly stated their existence when rendering the preliminary report and the latter adhered to the report rendered thereby.

The **Deputy Director of the Department of Contested and *Amparo* Proceedings, who assists the Legal Department of the Public Registry of Property and Commerce of Mexico City**, when submitting the preliminary report, denied the acts attributed to him, referring essentially that the lawsuit was obscure and irregular due to the lack of background on the registration of the real property as claimed; however, such denial is undermined because the ordering authority accepted the existence of the final judgment rendered in the original procedure, where it states that the immediate registration of the dissolution of the company in liquidation, in accordance with commercial page *170,184 bis*, in such a way that the competent enforcing authority is legally bound to comply with the judgment, hence the amended denial is undermined regarding the particular records of this case file.

Finally, the acts claimed from the **National Banking and Securities Commission** are also deemed true, as in the same way its denial of the acts claimed is undermined, since the report rendered by the acting court shows that it ordered to issue several official letters to give effect to the precautionary measures issued in the original procedure, among others, to the competent authority, while the measures issued remained in force in terms of what was determined in operative paragraph EIGHT of the final judgment issued in the original procedure.

**THREE**: **THE FINAL STAY OF THE CHALLENGED ACTION IS DENIED**. Now, Article 107 (X) and (XI), of the Political Constitution of the United Mexican States and Sections **125, 128 and 138** of the *Amparo* Act, provide for the **particulars** that the judge must take into account, as well as the **requirements** that the petitioners in *amparo* proceedings must fulfill in order for the stay of the challenged action to be appropriate, as stated below.

**Requirements:**

(a) That the petitioner so requests it;

(b) That the social interest is not harmed, and public order provisions are not breached.

Now, from the overall analysis of the *amparo* petition, it is noted that the claimed act particularly consists of all the actions taken in the **special commercial** proceeding under file **691/2022**, heard by the **Fifty-second Civil Judge of the Superior Court of Justice in and for Mexico City**, and, the **final judgment** issued therein, as well as, in particular, the order dated **June 30, 2022**, providing for the execution of several precautionary measures, with respect to the property, rights and assets resulting from the liquidation of **Crédito Real, S.A.B. de C.V. SOFOM, E.N.R.**, an action to which the petitioner claims not to be a party.

Thus, in this case, what is appropriate is to **deny the final stay**, since the petitioner claims that he is not a party to the original procedure and did not provide sufficient and suitable evidence to prove, even presumptively, an interest in the stay, which is a requirement to request this action.

The Opinion published on page 6105, *Tribunales Colegiados de Circuito, Séptima Época, 1967-1987, Tomo XVIII* (Circuit Courts, Seventh Period, 1967-1987, Book XVIII), serves as support for the case, insofar it verbatim states:

> "**FINAL STAY, BURDEN OF PROOF**. *Taking into account the provisions of Section 124 of the regulating act and Articles 103 and 107 of the Constitution, it is established that in any case the aggrieved party must submit to the court, in relation to the relevant collateral action log, the necessary evidence so that the judge is able to assess if the requirements set out in said rule are fulfill, in order to grant or deny the requested stay;*

*therefore, regarding the last of said requirements, the submitted evidence must show that the challenged action has had effects on the petitioner to the extent that the damage caused has resulted in harm or loss that is difficult to repair, that is to say, it is essential that the aggrieved party prove, at least presumptively, a relationship between the action that is being challenged and the legal situation or fact that resulted therefrom."*

The 1904 case law of page 3069, second part, *Salas y tesis comunes del Apéndice al Semanario Judicial de la Federación 1917-1988* (Divisions and Common Opinions of the Appendix to the Judicial Weekly Journal of the Federation 1917-1988), is also applicable and is entitled as follows:

> ***"STAY REQUESTED BY A PERSON WHO IS NOT A PARTY TO A PROCEEDING. THOSE WHO ARE NOT PARTIES TO A PROCEEDING MUST PROVE, AT LEAST PRESUMPTIVELY, AN INTEREST IN THE STAY OF THE CHALLENGED ACTION AND UPON FAILURE TO DO SO THE STAY SHOULD BE DENIED."***

Indeed, the petitioner in the *amparo* proceeding turns out to be a person who is not a party to the original special commercial proceeding and claims that the court refuses to hear the case and, in particular, claims the resolution dated **June 30, 2022** ordering the execution of several precautionary measures regarding the property, rights and assets resulting from the liquidation of Credito Real, S.A.B. de C.V. SOFOM, E.N.R., as well as the **final judgment** rendered in said case where it argues that the proceeding was considered appropriate and instructed the dissolution of the company, ordering its liquidation.

Likewise, it essentially states that on February 19, 2020, the company now in liquidation took a syndicated line of credit with a three-year maturity, and a medium-term bond issuance program was launched, and it is alleged that several creditors, including the petitioner, took part in said program, a circumstance that he claims to prove **with Exhibit 2 of the petition and with supporting documents 1 and 2** (translation) offered in writing and presented at the collateral case hearing, which he discloses in order to prove the interest in this *amparo* proceeding, based on his capacity as creditor of the liquidated party.

Additionally, in the same line, the petitioner alleges that several creditors, including his client, filed a petition for involuntary bankruptcy in the United States of America (involuntary bankruptcy proceeding) with respect to the aforementioned company, under Chapter 11 of the New York Bankruptcy Act (Chapter 11) which, he alleges, is pending resolution.

However, the digitized document enclosed with the *amparo* petition (Exhibit 2), entitled "EXECUTION VER[S]ION - - - CREDIT AND GUARANTY AGREEMENT [...]," and then submitted with certification and translation together with the statement of supporting evidence disclosed at the collateral case hearing, is not suitable to prove an interest in the stay and is not sufficient to

grant the requested final measure, since it is a digitalization and certification of a PDF file. Indeed, the certified copy and translation of the supporting documents that were again disclosed in writing at the collateral case hearing, with the pertinent translation into Spanish, have the following heading:

> "**EXECUTION VERSION** - - - *CREDIT AND GUARANTY AGREEMENT* - - - *USD 110,000,000* - - - *dated February 19, 2020* - - - *between* - - - *CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.* - - - *AND* - - - *MAREVALLEY CORPORATION*, - - *as Borrowers (...)*"

However, said supporting documents, despite being exhibited along with the pertinent certification and translation, are not appropriate and sufficient to prove the petitioner's interest in the stay, taking into account the considerations that the Thirteenth Court in Civil Matters of the First Circuit has already expressed regarding said supporting documents, in the judgment issued in Q.C. 286/2022-13, where it found that the petition filed against the order denying the provisional stay was ungrounded; those considerations are also suitable to decide on this final stay.

As was considered by the Honorable Court that confirmed the order denying the requested provisional stay based on the analyzed document, it can be seen from the document of which the certification and translation are now submitted that the copy of the attached agreement also contains a watermark with the legend "Confidential - - - anema@hl.com - - - 2022-03-10 19:25:38 -0800," which allows us to conclude that it is a copy that was obtained electronically from an email, but not from an original source.

In other words, the same feature is observed in the certified copy that was offered in this collateral action for stay, certified after having had the document at sight, but the certification of the holder of Public Brokerage number 39 for the City of Mexico, reads as follows:

> "...*it is hereby stated that the Petitioner, under his strictest responsibility, states and explains that he is fully aware of the contents of the document drafted in a foreign language, that this copy is true to its original document, which I had before me, and that it consists of* **two hundred and forty-three** *written pages; I hereby return to the interested party the original document together with two collated copies...*"

From said certification as well as from the submitted copy, it is observed that it is consistent with the one that was initially disclosed with the *amparo* petition, and the certification that is now presented cannot be deemed as sufficient supporting evidence, since the one that the notary public had at sight also contains a watermark with the legend "Confidential - - - anema@hl.com - - - 2022-03-10 19:25:38 -0800", which allows concluding that the evidence is still the same

document that was obtained not from its original, but electronically from an email and that it was the one that the notary public had at sight for certification purposes.

In the same way, as the Honorable Court has already said, that document, regardless of the fact that its translation has now been presented, is still a certified copy without sufficient value, since it was obtained from an e-mail and the signatures of those who intervened are not clear, so it had to be strengthened with further supporting evidence, given that the certification displayed with the document does not suffice to equate the copy with the original document, as it is still observed that it was obtained from an email; it should also be taken into account that the notary public's statement revealed that "*the Petitioner, **under his strictest responsibility**, states and explains that he is fully aware of the contents of the document drafted in a foreign language, that this copy is true to its original document, which I had before me*," all of which is analyzed regarding its probative value, exclusively for the purposes of deciding on the requested final stay.

In the same vein, the recorded written supporting documents are not suitable for this purpose either, since they only prove that the Court issued the challenged measures in the original proceeding with respect to the property, rights and assets resulting from the liquidation of <span style="color:red">Crédito Real, S.A.B. de C.V. SOFOM, E.N.R.</span>, and the notorious facts invoked by the petitioner regarding several journalistic articles and relevant events published by the Mexican Stock Exchange, which have also been disclosed, only serve to circumstantially prove that the aforementioned company was placed in liquidation pursuant to a judicial order.

However, as the aforementioned Court has also established, proving the existence of the implemented precautionary measures and the rendering of the final judgment does not suffice to deem the petitioner's interest in the stay as proved, since those decisions are not addressed to the petitioner, and are only proof of the existence of the challenged measures.

In this context, the supporting evidence presented with the *amparo* petition and the explanatory writing having been analyzed, in addition to those offered in this collateral action for stay at the collateral case hearing, it can be concluded that they are not sufficient to presumptively prove the interest in the stay necessary to grant the requested final measure, since the petitioner, by affirming that he is not a party to the proceeding from which the challenged actions derive, fails to provide adequate means of proof to demonstrate, at least presumptively, an interest in the stay regarding the provisional measures issued in the original proceeding and of the execution of the final judgment rendered in said proceeding.

Therefore, **it is appropriate to deny the petition for final stay filed by the petitioner**.

In light of the above, further based and supported on Sections **125, 128, 129, 132, 136, 138, 146, 147 and 150** of the *Amparo* Act in force, this Court

**ORDERS:**

**SOLE SECTION. THE FINAL STAY** requested by <span style="color:red">**Banco Monex, Sociedad Anónima, Institución de Banca Múltiple, Monex Grupo Financiero**</span>, against the acts of the **Judge and Assistant Clerks of the Fifty-second Civil Court of the Superior Court of Justice in and for Mexico City; the National Banking and Securities Commission, as well as the Public Registry of Property and Commerce of Mexico City**, as specified in recital ONE hereof, is hereby denied for the reasons set forth in the last recital of this interlocutory decree.

**Be it notified.**

The foregoing was ordered and signed by Ms. **MURCIA JUSTINE RUÍZ GONZÁLEZ**, Clerk of the Eighth District Court in Civil Matters in and for Mexico City, in charge of the Office, under Sections 44 and 141 of the Organic Law of the Judiciary of the Federation, vested with the authority granted by the Judicial Career Commission of the Federal Judiciary Council, according to official letter CCJ/ST/3091/2022, before Mr. Adrián Ríos Cruz, authorizing and attesting Clerk. **I attest.**

13491, 13492, 13493, 13494 and 13495

[On the left margin:]
<span style="color:blue">ADRIAN RIOS CRUZ.</span>
<span style="color:blue">70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.01.aa.49</span>
<span style="color:blue">07/08/22 14:14:15</span>

[Coat of Arms:] **United Mexican States**

**Judiciary of the Federation**

**CRYPTOGRAPHIC EVIDENCE - TRANSACTION**

**File Signed:**

**32047334_0071000030485202009.p7m**

**Certifying Authority:**

**Intermediary Certifying Authority of the Mexican Judicial Council**

**Signing Party/Parties: 2**

| SIGNING PARTY | | | | |
|---|---|---|---|---|
| **Name:** | ADRIAN RIOS CRUZ | **Validity:** | OK | Effective |
| SIGNATURE | | | | |
| **Serial No.:** | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.00.0 1.aa.49 | **Revocation:** | OK | Unrevoked |
| **Date: (UTC/CDMX)** | 08/05/22 5:39:32 PM - 08/05/22 12:39:32 PM | **Status:** | OK | Valid |
| **Algorithm:** | RSA – SHA256 | | | |
| **Signature string:** | 11 9f fd bb 30 5f c0 29 f4 17 09 d8 6f 8b d9 e2 48 14 30 c5 cc 41 82 1d 5a 64 20 59 f8 bd 79 8b b6 41 9a 5b 5b 27 b4 4d 0c 51 7f 5c 44 2d 60 c4 10 87 01 ac b7 ae 28 68 73 c4 60 80 33 24 f3 af 08 51 cc 49 38 d0 5a b9 1d 2f b6 3e 79 52 56 4e 9b 43 46 81 ca 56 fd 29 2d 8e df bc 8e e9 a0 f8 e6 27 51 08 6e 3f bf 58 e8 bf 68 a0 e6 88 ef ac bf fd 0f 5e 35 0b df 8e 3e 97 78 bb 7d f5 9a fd 75 3a 28 8d 32 90 cf 3d e2 af e3 0c 98 94 57 3b de 36 b6 1c 7b 10 42 ea d0 f8 4f 85 a0 40 1b 1f e8 f7 48 64 3a 98 95 38 c0 62 25 cd 39 45 03 4a 28 f8 2c fc ec c4 cd ed 73 ef 63 54 aa f2 cd 02 ca 72 76 5b cd 58 1a df ec dc d7 6d 1d 08 54 79 dd f6 09 5a 03 33 7e ac 48 29 76 0b 8d e9 54 1a 22 85 23 ae e5 77 47 2e 1b eb dc bb c5 0a a0 59 5c 1c d6 44 d4 09 3e c6 e3 ac e1 13 b1 2b 40 0d | | | |
| OCSP | | | | |
| **Date: (UTC / CDMX)** | 08/05/22 5:39:33 PM - 08/05/22 12:39:33 PM | | | |
| **Responder Name:** | OCSP ACI of the Mexican Judicial Council | | | |
| **Responder Issuer:** | Intermediary Certifying Authority of the Mexican Judicial Council | | | |
| **Serial No.:** | 70.6a .66.20.63.6a.66.03 | | | |
| TSP | | | | |
| **Date: (UTC / CDMX)** | 08/05/22 5:39:33 PM - 08/05/22 12:39:33 PM | | | |
| **Name of TSP Response Issuer:** | Timestamping Authority of the Mexican Judicial Council | | | |
| **TSP Certificate Issuer:** | Intermediary Certifying Authority of the Mexican Judicial Council | | | |
| **TSP Response ID:** | 129213630 | | | |
| **Time-stamped Data:** | 3NKg6esUddTqUJ1z32CBvgj+VSo= | | | |

**[Coat of Arms:] United Mexican States**

**Judiciary of the Federation**

| SIGNING PARTY | | | | |
|---|---|---|---|---|
| **Name:** | Murcia Justine Ruiz González | **Validity:** | OK | Effective |
| SIGNATURE | | | | |
| **Serial No.:** | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.01.08.20 | **Revocation:** | OK | Unrevoked |
| **Date: (UTC/CDMX)** | 08/05/22 6:52:23 PM - 08/05/22 1:52:23 PM | **Status:** | OK | Valid |
| **Algorithm:** | RSA – SHA256 | | | |
| **Signature string:** | 87 a1 e0 79 a0 38 7f a4 9b 3a 36 e5 f9 b4 4e d5 2f 56 63 f2 c9 35 7c 81 f5 9f 28 48 d3 62 c3 19 00 3e 2c 03 ed 27 21 15 39 0d 2e 17 67 3f 01 34 b3 be 9d e2 96 c5 96 10 54 c6 3b c1 58 0c 9d 8c 44 55 34 0a 02 ce 3b bd ab 59 95 91 74 d3 d1 20 60 e0 ce 1f e2 61 6c dc 36 0b fc 91 68 af 8b 60 07 85 d3 8c 7e 98 eb 3f 5e dc 51 1d 15 ea 48 f6 37 09 c3 2f ab d5 e9 c9 88 85 da 4a 41 3e d0 ba a4 66 bd c6 b2 af 29 3a 71 14 2d 68 ea b0 68 d5 43 19 7c 18 c8 88 68 22 7c 9c 45 18 de 74 57 be b8 4e a5 43 76 d2 17 93 d5 a5 4c 85 4f e1 fc 63 fc 4c cb 95 88 4e 8e 74 43 83 c1 78 a6 cob 28 5d b8 e3 54 31 b2 c7 71 ce 06 72 51 64 3c b8 4e a1 8a 26 di1 d1 de 46 fb 2e 5c 9b c4 22 5e fd d2 22 00 fc 6d 81 cd f4 f8 2f f2 d2 90 7d d1 a9 06 1a 7a 9b b9 e9 fd a2 e1 26 03 7e fc dd 68 44 e4 58 | | | |
| OCSP | | | | |
| **Date: (UTC / CDMX)** | 05/08/22 18:52:24 - 05/08/22 13:52:24 | | | |
| **Responder Name:** | OCSP ACI of the Mexican Judicial Council | | | |
| **Responder Issuer:** | Intermediary Certifying Authority of the Mexican Judicial Council | | | |
| **Serial No.:** | 70.6a .66.20.63.6a.66.03 | | | |
| TSP | | | | |
| **Date: (UTC / CDMX)** | 08/05/22 6:52:23 PM - 08/05/22 1:52:23 PM | | | |
| **Name of TSP Response Issuer:** | Timestamping Authority of the Mexican Judicial Council | | | |
| **TSP Certificate Issuer:** | Intermediary Certifying Authority of the Mexican Judicial Council | | | |
| **TSP Response Identifier:** | 129246282 | | | |
| **Time-stamped Data:** | Evr1QLtrfnoT6osRMamQXGf0B7A= | | | |

**Original (Spanish)**

FORMA B-2



PODER JUDICIAL DE LA FEDERACIÓN

**Inc. 783/2022-III**

**Amparo indirecto 783/2022**

El licenciado Adrián Ríos Cruz, Secretario del Juzgado Octavo de Distrito en Materia Civil en la Ciudad de México, **CERTIFICA:** Que el acto reclamado en el juicio de amparo del cual deriva el presente incidente de suspensión lo constituye**:** todo lo actuado en el juicio **especial mercantil** expediente **691/2022,** del índice del **Juez Quincuagésimo Segundo Civil del Tribunal Superior de Justicia de la Ciudad de México,** y la **sentencia definitiva** dictada en el mismo, así como de forma destacada el auto de **treinta de junio de dos mil veintidós,** que ordena la ejecución de diversas providencias precautorias, respecto de los bienes, derechos y activos por liquidación de la moral Crédito Real, S.A.B. de C.V. SOFOM, E.N.R., juicio del cual la quejosa se ostenta como extraña a dicho procedimiento. **Doy Fe.**

En la Ciudad de México, a las **NUEVE HORAS CON SIETE MINUTOS DEL CINCO DE AGOSTO DE DOS MIL VEINTIDÓS,** día y hora programados para la celebración de la audiencia incidental relativa al juicio de amparo número **783/2022-III,** promovido por Jacobo Guadalupe Martínez Flores apoderado legal de **Banco Monex, Sociedad Anónima, Institución de Banca Múltiple, Monex Grupo Financiero,** contra actos del **Juez y Actuarios adscritos al Juzgado Quincuagésimo Segundo Civil del Tribunal Superior de Justicia de la Ciudad de México; la Comisión Nacional Bancaria y de Valores, así como del Registro Público de la Propiedad y de Comercio de la Ciudad de México,** la Licenciada **MURCIA JUSTINE RUÍZ GONZÁLEZ,** Secretaria del Juzgado Octavo de Distrito en Materia Civil en la Ciudad de México, Encargada del Despacho, asistida del Licenciado **Adrián Ríos Cruz,** Secretario que autoriza y da fe, la declaró abierta sin la asistencia personal de las partes. Acto seguido el Secretario hace una relación de las constancias de autos y se da cuenta con **1)** copia de la demanda de amparo y escrito aclaratorio; **2)** auto de **veintiséis de julio de dos mil veintidós,** por el que se negó la suspensión provisional solicitada por la parte quejosa, **3)** constancia de notificación a las autoridades responsables **4)** Resolución dictada por el **Décimo Tercer Tribunal Colegiado en Materia Civil del Primer Circuito** en el Q.C. **286/2022-13,** que declaro infundado el recurso de queja contra la negativa de la suspensión provisional y **5)** oficios con folio **13309, 13488, 13489** por los que las autoridades responsables rindieron su **informe previo.** Asimismo, se da cuenta con el oficio suscrito por el Director y la Subdirectora Contenciosos adscritos a la Coordinación Jurídica de Procedimientos C, de la Comisión Nacional Bancaria y de Valores, por el que rinde su informe previo; asimismo, con los escritos suscritos por Jacobo Guadalupe Martínez Flores apoderado de la quejosa, a través de los cuales ofrece pruebas y formula alegatos, promociones registradas con los números de folios **13721, 13724 y 13727 LA SECRETARIA ENCARGADA DEL DESPACHO ACUERDA:** Téngase por hecha la relación de constancias que antecede y por rendido el informe previo de las responsables, con fundamento en lo dispuesto por el artículo 144 de la Ley de Amparo; asimismo, agréguese a los autos los escritos de cuenta de la parte quejosa, toda vez que a través de los mismos ofrece pruebas y formula alegatos dése nueva cuenta con los mismos en la etapa correspondiente de la presente audiencia. Finalmente, respecto a los documentos exhibidos con la promoción 13727 dada su voluminosidad se ordena **guardarlos en sobre cerrado** en el seguro del juzgado. **Se abre el periodo de pruebas,** el Secretario da cuenta con las documentales exhibidas con la demanda de amparo y escrito aclaratorio, mismas que se agregaron al presente cuaderno incidental sin orden de compulsa dado que fueron exhibidas de forma electrónica por lo que obra evidencia criptográfica; asimismo, se da cuenta con las pruebas ofrecidas por la parte quejosa mediante escrito con registro **13727** consistentes en diversas documentales, respecto a la marcada con el número 1,como lo solicita la oferente, se ordena su compulsa con la copia certificada exhibida en el cuaderno principal, para





que obre en los autos del presente cuaderno incidental; en ese sentido, se tienen por admitidas y desahogadas las pruebas documentales ofrecidas por la parte quejosa, dada su propia y especial naturaleza, con fundamento en lo dispuesto por el artículo 144 de la Ley de Amparo. Acto continuo, el secretario certifica que no se ofrecieron diversos medios de convicción en el presente incidente de suspensión. **LA SECRETARIA ENCARGADA DEL DESPACHO ACUERDA:** Sin pruebas por desahogar según constancia secretarial se cierra el periodo respectivo. **Se abre la fase de alegatos**, el Secretario da cuenta con los alegatos formulados por la parte quejosa mediante escrito con registro **13724,** y certifica que las partes no formularon diversas manifestaciones en vía de alegatos. **LA SECRETARIA ENCARGADA DEL DESPACHO ACUERDA:** Con fundamento en el artículo 144 de la ley de la materia, se reciben los alegatos formulados por la parte quejosa; asimismo, se tiene por precluído el derecho de las partes para emitir diversas manifestaciones; sin promociones que acordar se concluye la presente audiencia y se declaran vistos los autos para dictar la siguiente interlocutoria.

**V I S T O S** para resolver, los autos del incidente de suspensión relativo al juicio de amparo **783/2022-III,** promovido por Jacobo Guadalupe Martínez Flores apoderado legal de **Banco Monex, Sociedad Anónima, Institución de Banca Múltiple, Monex Grupo Financiero,** contra actos del **Juez y Actuarios adscritos al Juzgado Quincuagésimo Segundo Civil del Tribunal Superior de Justicia de la Ciudad de México; la Comisión Nacional Bancaria y de Valores, así como del Registro Público de la Propiedad y de Comercio de la Ciudad de México;** y,

**R E S U L T A N D O:**

**PRIMERO.** Por proveído de **veintiséis de julio de dos mil veintidós,** se admitió a trámite la demanda promovida por Jacobo Guadalupe Martínez Flores apoderado legal de **Banco Monex, Sociedad Anónima, Institución de Banca Múltiple, Monex Grupo Financiero,** contra actos del **Juez y Actuarios adscritos al Juzgado Quincuagésimo Segundo Civil del Tribunal Superior de Justicia de la Ciudad de México; la Comisión Nacional Bancaria y de Valores, así como del Registro Público de la Propiedad y de Comercio de la Ciudad de México,** consistente en todo lo actuado en el juicio **especial mercantil** expediente **691/2022,** del índice del **Juez Quincuagésimo Segundo Civil del Tribunal Superior de Justicia de la Ciudad de México,** y la **sentencia definitiva** dictada en el mismo, así como de forma destacada el auto de **treinta de junio de dos mil veintidós,** que ordena la ejecución de diversas providencias precautorias, respecto de los bienes, derechos y activos por liquidación de la moral Crédito Real, S.A.B. de C.V. SOFOM, E.N.R., juicio del cual la quejosa se ostenta como extraña a dicho procedimiento.

Lo que consideró violatorio, en su perjuicio, de las garantías individuales consagradas en los artículos **14** y **16** Constitucionales.

**SEGUNDO.** En proveído de veintiséis de julio del dos mil veintidós, se ordenó integrar por separado y duplicado el incidente de suspensión, se solicitó el informe previo a la autoridad responsable; y se fijó hora y fecha para la celebración de la audiencia incidental, la cual tuvo verificativo al tenor del acta que antecede.

**C O N S I D E R A N D O:**

**PRIMERO.** Con fundamento en la fracción I, del artículo 146 de la Ley de Amparo, se precisa que la parte quejosa reclama, todo lo actuado en



**PODER JUDICIAL DE LA FEDERACIÓN**

**Amparo
indirecto
783/2022**

el juicio **especial mercantil** expediente **691/2022,** del índice del **Juez Quincuagésimo Segundo Civil del Tribunal Superior de Justicia de la Ciudad de México,** y la **sentencia definitiva** dictada en el mismo, así como de forma destacada el auto de **treinta de junio de dos mil veintidós,** que ordena la ejecución de diversas providencias precautorias, respecto de los bienes, derechos y activos por liquidación de la moral **Crédito Real, S.A.B. de C.V. SOFOM, E.N.R.,** juicio del cual la quejosa se ostenta como extraña a dicho procedimiento.

**SEGUNDO.** Se tienen por ciertos los actos reclamados al **Juez y Actuarios adscritos al Juzgado Quincuagésimo Segundo Civil del Tribunal Superior de Justicia de la Ciudad de México,** ya el primero confesó expresamente su existencia al rendir su informe previo y el segundo se adhirió al informe rendido por su superior.

El **Subdirector de lo Contencioso y Amparos adscrito a la Dirección Jurídica del Registro Público de la Propiedad y del Comercio de la Ciudad de México,** al rendir su informe previo **negó** los actos que se le atribuyen al referir esencialmente que la demanda es oscura e irregular por no indicarse ningún antecedente de inmueble inscrito en el acto reclamado, sin embargo, esa negativa se encuentra desvirtuada pues la autoridad ordenadora aceptó la existencia de la sentencia definitiva dictada en el procedimiento de origen, donde refiere que se ordenó la inscripción inmediata de la disolución de la empresa en liquidación, en el folio mercantil **170,184 bis,** de tal forma que la autoridad ejecutora de mérito, se encuentra obligada legalmente a dar cumplimiento a lo sentenciado, de ahí que la negativa enderezada queda desvirtuada de las propias constancias que obran en autos.

Finalmente, también se tienen por ciertos los actos reclamados a **la Comisión Nacional Bancaria y de Valores,** ya que de la misma forma se desvirtúa su negativa de los actos reclamados ya que del informe rendido por el juez responsable se aprecia que ordenó girar diversos oficios para dar efectividad a las medidas precautorias decretadas en el juicio de origen, entre otras, a la autoridad de mérito, mientras que las medidas decretadas quedaron vigentes en términos de lo determinado en el punto resolutivo OCTAVO de la sentencia definitiva dictada en el juicio de origen.

**TERCERO. SE NIEGA LA SUSPENSIÓN DEFINITIVA DEL ACTO RECLAMADO.** Ahora bien, los artículos 107, fracción X y XI, de la Constitución Política de los Estados Unidos Mexicanos y **125, 128 y 138** de la Ley de Amparo, precisan los **aspectos** que el juzgador debe tomar en cuenta, así como los **requisitos** que los peticionarios del amparo deben reunir, para que sea procedente la suspensión del acto reclamado, los cuales enseguida se señalan.

**Requisitos:**

a).- Que la solicite el quejoso;

b).- Que no se siga perjuicio al interés social ni se contravengan disposiciones de orden público.

Ahora bien, del análisis integral de la demanda de amparo se advierte que el acto reclamado se hace consistir, esencialmente, en todo lo actuado en el juicio **especial mercantil** expediente **691/2022,** del índice del **Juez Quincuagésimo Segundo Civil del Tribunal Superior de Justicia de la Ciudad de México,** y la **sentencia definitiva** dictada en el mismo, así como de forma destacada el auto de **treinta de junio de dos mil veintidós,** que ordena la ejecución de diversas providencias precautorias, respecto de los bienes, derechos y activos por liquidación de la moral **Crédito Real,**



<span style="color:red">S.A.B. de C.V. SOFOM, E.N.R.</span>, juicio del cual la quejosa se ostenta como extraña a dicho procedimiento.

Así, en el caso lo procedente es **negar la suspensión definitiva**, ya que la justiciable manifiesta ser tercera extraña al procedimiento de origen y no allegó medio de prueba suficiente y apto para acreditar, aunque sea en forma presuntiva, el interés suspensional que dice le asiste para solicitar dicha medida.

Sirve de apoyo al caso la Tesis publicada en la página   6105, Tribunales Colegiados de Circuito, Séptima Época, 1967-1987, Tomo XVIII, que a la letra dice:

> *"**SUSPENSIÓN DEFINITIVA, CARGA DE LA PRUEBA.** Tomando en cuenta lo dispuesto por el artículo 124 de las ley reglamentaria de los artículos 103 y 107 constitucionales, se constituye que en toda hipótesis el agraviado debe exhibir en los autos del cuaderno incidental respectivo, las pruebas necesarias para que el juzgador pueda apreciar la concurrencia o no de los requisitos exigidos por el invocado precepto, para conceder o negar la suspensión solicitada. por tanto, refiriéndose al último de los requisitos de que se trata, deben aportarse los elementos probatorios que pongan de manifiesto que el acto reclamado afecta al quejoso y de los que se pueda deducir que esta afectación le causara daños y perjuicios de difícil reparación; es decir, es indispensable poner de manifiesto por el agraviado, si se quiere presuntivamente, una relación entre el acto que se reclama y la situación jurídica o hecho que dice tener."*

También es aplicable la jurisprudencia 1904 visible en la página 3069, segunda parte, salas y tesis comunes del apéndice al Semanario Judicial de la Federación 1917-1988, cuyo rubro es el siguiente:

> *"**SUSPENSIÓN PEDIDA POR EXTRAÑOS A UN PROCEDIMIENTO. LOS EXTRAÑOS A UN JUICIO DEBEN PROBAR, AÚN CUANDO SEA DE MANERA PRESUNTIVA, EL INTERÉS QUE TIENEN EN QUE SE SUSPENDA EL ACTO RECLAMADO Y SI NO LO HACEN ASÍ, LA SUSPENSIÓN DEBE NEGARSE. "***

En efecto, la peticionaria del amparo resulta ser persona extraña al juicio especial mercantil de origen y reclama la falta de llamamiento a juicio y de forma destacada el auto de fecha de **treinta de junio de dos mil veintidós,** que ordena la ejecución de diversas providencias precautorias, respecto de los bienes, derechos y activos por liquidación de la moral <span style="color:red">Crédito Real, S.A.B. de C.V. SOFOM, E.N.R.</span>, así como la **sentencia definitiva** dictada en ese juicio en el que aduce se consideró procedente el juicio y declaró la disolución de la compañía ordenando su liquidación.

Asimismo, refiere en lo esencial, que el diecinueve de febrero de dos mil veinte, la empresa ahora en liquidación formalizó una línea de crédito sindicada con un vencimiento de tres años, y se realizó el lanzamiento de un programa de emisión de bonos a mediano plazo, en el que refiere que participaron diversos acreedores entre los que manifiesta estar la quejosa, circunstancia que dice acreditar **con el anexo 2 de su demanda y con la prueba documental 1 y 2** (traducción) ofrecidas en escrito presentado en audiencia incidental, mismas que exhibe para acreditar el interés que tiene

FORMA B-2



PODER JUDICIAL DE LA FEDERACIÓN

**Amparo indirecto**

**783/2022**

en el presente juicio de amparo, al ostentarse como acreedora de la liquidada.

Asimismo, en lo relevante, aduce el promovente que diversos acreedores, entre los que se encuentra su representada, presentaron una solicitud involuntaria de quiebra en los Estados Unidos de Norteamérica (*involuntary bankruptcy proceeding*) respecto a la referida empresa, bajo el procedimiento del Capítulo 11 de la Ley de Bancarrotas de Nueva York *(Chapter 11)* el cual aduce que se encuentra pendiente de resolución.

No obstante, el documento que exhibe digitalizado con su demanda de amparo (anexo 2), mismo que se denomina "EXECUTION VERTION - - - CREDIT AND GUARANTY AGREEMENT […]", y posteriormente con certificación y traducción en el escrito de pruebas allegado en la audiencia incidental, no es apto para acreditar su interés suspensional y no resulta eficaz para otorgarle la medida definitiva solicitada, pues resulta ser la digitalización y por otro lado, la certificación de un archivo formato PDF. En efecto, de la copia certificada y traducción de la misma documental que fue nuevamente exhibida en escrito presentado en audiencia incidental, adjuntando en esta última ocasión también una traducción al español, se aprecia el siguiente encabezado:

"***VERSIÓN PARA FIRMA*** *- - - CONTRATO DE CRÉDITO Y GARANTÍA - - - U.S.$110,000,000 - - - con fecha 19 de febrero de 2020 - - - celebrado entre - - - CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R. - - - Y - - - MAREVALLEY CORPORATION, - - - como Acreditados (…)"*

Ahora bien, dicha documental a pesar de ser exhibida certificada y con la traducción aludida no es apto y suficiente para tener por acreditado el interés suspensional de la quejosa, atento a las consideraciones que respecto de dicha documental ya expresó el Décimo Tercer Tribunal Colegiado en Materia Civil del Primer Circuito, en la ejecutoria dictada en el Q.C. 286/2022-13, por la cual declaró infundada la queja interpuesta contra la negativa de concesión de la suspensión provisional, mismas que resultan aptas para resolver sobre la presente suspensión definitiva.

Tal como fue considerado por la Superioridad que confirmó la negativa de la suspensión provisional peticionada con base en el documento analizado, se aprecia del documento del cual ahora se presenta certificación y la traducción, que la copia del contrato allegado igualmente contiene un sello de agua con la leyenda "Confidential - - - anema@hl.com - - - 2022-03-10 19:25:38 -0800", lo que permite concluir que se trata de un ejemplar que fue obtenido electrónicamente de un email, pero no de un original.

Es decir que, la misma característica perdura en la copia certificada que fue ofrecida en el presente incidente de suspensión, certificada por haberse tenido a la vista el documento, pero donde se aprecia la certificación del titular de la Correduría Pública número 39 de la Ciudad de México, donde asentó:

"…*se hace constar que el Solicitante bajo su más estricta responsabilidad manifiesta y explica que tiene pleno conocimiento del contenido del documento en idioma extranjero, la presente copia concuerda fielmente con el original que tuve a la vista y que consta de*





*doscientas cuarenta y tres fojas útiles, devolviendo a la parte interesada el original exhibido junto con dos ejemplares cotejados…*"

De dicha certificación y del ejemplar presentado, se observa que es concordante con aquel que fue exhibido de forma primigenia con la demanda de amparo, y la certificación que ahora se presenta del mismo no es suficiente para atribuirle un valor probatorio diverso, pues la que tuvo a la vista el fedatario igualmente contiene un sello de agua con la leyenda "Confidential - - - anema@hl.com - - - 2022-03-10 19:25:38 -0800", lo que permite concluir que la probanza sigue siendo el mismo documento que fue obtenido no de su original, sino electrónicamente de un email y que fue ese el que se puso a la vista del fedatario público para su certificación.

En esa guisa, como ya se pronunció la Superioridad ese documento, con independencia de que ahora se haya presentado su traducción, sigue siendo una copia certificada sin valor suficiente dado que fue obtenido de un e mail y no se precian las firmas de los que intervinieron, por lo que debía estar robustecido con diversos elementos de prueba, dado que la certificación exhibida con el documento no tiene el alcance de darle el carácter de original al contenido del que se sigue observando que fue obtenido de un correo electrónico, además atendiendo a la propia manifestación del fedatario que asentó "*el Solicitante bajo su más estricta responsabilidad manifiesta y explica que tiene pleno conocimiento del contenido del documento en idioma extranjero, la presente copia concuerda fielmente con el original que tuve a la vista*", lo cual se analiza en cuanto a su valor probatorio, exclusivamente para efectos de resolver sobre la suspensión definitiva solicitada.

En ese mismo sentido, tampoco resultan aptas para tal finalidad las diversas documentales allegadas, dado que las mismas únicamente prueban el dictado de las medidas reclamadas en el juicio de origen respecto de los bienes, derechos y activos por liquidación de la moral Crédito Real, S.A.B. de C.V. SOFOM, E.N.R., y los hechos notorios que invoca la promovente relativos a diversas notas periodísticas y eventos relevantes publicados por la Bolsa Mexicana de Valores que exhibe también tienen únicamente el alcance de probar indiciariamente que se declaró en estado de liquidación a la referida empresa con motivo de una resolución jurisdiccional.

Sin embargo, como también ya fue establecido el Tribunal Colegiado aludido, el acreditar la existencia de las medidas precautorias implementadas y el dictado de la sentencia definitiva tampoco es apto para tener por acreditado el interés suspensional de la solicitante de la medida pues lo determinado y resuelto no va dirigido a la impetrante, por lo que solo se prueba la existencia de las medidas reclamadas.

Bajo ese contexto, analizados los elementos probatorios presentados con la demanda de amparo y escrito aclaratorio, además de los ofrecidos en el presente incidente de suspensión en audiencia incidental, no son aptos para acreditar presuntivamente el interés suspensional necesario para conceder la medida definitiva solicitada, pues la parte quejosa al ostentarse como tercera extraña al juicio de donde derivan los actos reclamados, no aporta medio de convicción adecuado con el que acredite cuando menos de manera indiciaria su interés suspensional respecto de las medidas provisionales decretadas en el juicio de origen y de la ejecución de la sentencia definitiva dictada en dicho procedimiento.

FORMA B-2

PODER JUDICIAL DE LA FEDERACIÓN

**Amparo indirecto**

**783/2022**

Por lo anterior, **lo procedente es negar la suspensión definitiva solicitada por la parte quejosa.**

Por lo expuesto, fundado y con apoyo, además, en los artículos **125, 128, 129, 132, 136, 138, 146, 147 y 150** de la Ley de Amparo en vigor, se

**R E S U E L V E:**

**ÚNICO. SE NIEGA LA SUSPENSIÓN DEFINITIVA** solicitada por **Banco Monex, Sociedad Anónima, Institución de Banca Múltiple, Monex Grupo Financiero,** respecto de lo actos reclamados al **Juez y Actuarios adscritos al Juzgado Quincuagésimo Segundo Civil del Tribunal Superior de Justicia de la Ciudad de México; la Comisión Nacional Bancaria y de Valores, así como del Registro Público de la Propiedad y de Comercio de la Ciudad de México** precisados en el resultando primero y por los motivos expuestos en el último considerando de la presente sentencia interlocutoria.

**Notifíquese.**

Así lo proveyó y firma la Licenciada **MURCIA JUSTINE RUÍZ GONZÁLEZ,** Secretaria del Juzgado Octavo de Distrito en Materia Civil en la Ciudad de México, Encargada del Despacho, en términos de los artículos 44 y 141 de la Ley Orgánica del Poder Judicial de la Federación, mediante autorización concedida por la Comisión de Carrera Judicial del Consejo de la Judicatura Federal, según el oficio CCJ/ST/3091/2022, ante el Licenciado **Adrián Ríos Cruz**, Secretario que autoriza y da fe. **Doy fe.**

13491, 13492, 13493, 13494 y 13495

PODER JUDICIAL DE LA FEDERACIÓN





## PODER JUDICIAL DE LA FEDERACIÓN

**EVIDENCIA CRIPTOGRÁFICA - TRANSACCIÓN**

**Archivo Firmado:**
**32047334_0071000030485202009.p7m**
**Autoridad Certificadora:**
**Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal**
**Firmante(s): 2**

| FIRMANTE | | | | | |
|---|---|---|---|---|---|
| **Nombre:** | ADRIAN RIOS CRUZ | | **Validez:** | BIEN | Vigente |
| FIRMA | | | | | |
| **No. serie:** | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.01.aa.49 | | **Revocación:** | Bien | No revocado |
| **Fecha: (UTC/ CDMX)** | 05/08/22 17:39:32 - 05/08/22 12:39:32 | | **Status:** | Bien | Valida |
| **Algoritmo:** | RSA - SHA256 | | | | |
| **Cadena de firma:** | 11 9f fd bb 30 5f c0 29 f4 17 09 d8 6f 8b d9 e2 48 14 30 c5 cc 41 82 1d 5a 64 20 59 f8 bd 79 8b b6 41 9a 5b 5b 27 b4 4d 0c 51 7f 5c 44 2d 60 c4 10 87 01 ac b7 ae 28 68 73 c4 60 80 33 24 f3 af 08 51 cc 49 38 d0 5a b9 1d 2f b6 3e 79 52 56 4e 9b 43 46 81 ca 56 fd 29 2d 8e df bc 8e e9 a0 f8 e6 27 51 08 6e 3f bf 58 e8 bf 68 a0 e6 88 ef ac bf fd 0f 5e 35 0b df 8e 3e 97 78 bb 7d f5 9a fd 75 3a 28 8d 32 90 cf 3d e2 af e3 0c 98 94 57 3b de 36 b6 1c 7b 10 42 ea d0 f8 4f 85 a0 40 1b 1f e8 f7 48 64 3a 98 95 38 c0 62 25 cd 39 45 03 4a 28 f8 2c fc ec c4 cd ed 73 ef 63 54 aa f2 cd 02 ca 72 76 5b cd 58 1a df ec dc d7 6d 1d 08 54 79 dd f6 09 5a 03 33 7e ac 48 29 76 0b 8d e9 54 1a 22 85 23 ae e5 77 47 2e 1b eb dc bb c5 0a a0 59 5c 1c d6 44 d4 09 3e c6 e3 ac e1 13 b1 2b 40 0d | | | | |
| OCSP | | | | | |
| **Fecha: (UTC / CDMX)** | 05/08/22 17:39:33 - 05/08/22 12:39:33 | | | | |
| **Nombre del respondedor:** | OCSP ACI del Consejo de la Judicatura Federal | | | | |
| **Emisor del respondedor:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal | | | | |
| **Número de serie:** | 70.6a.66.20.63.6a.66.03 | | | | |
| TSP | | | | | |
| **Fecha : (UTC / CDMX)** | 05/08/22 17:39:33 - 05/08/22 12:39:33 | | | | |
| **Nombre del emisor de la respuesta TSP:** | Autoridad Emisora de Sellos de Tiempo del Consejo de la Judicatura Federal | | | | |
| **Emisor del certificado TSP:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal | | | | |
| **Identificador de la respuesta TSP:** | 129213630 | | | | |
| **Datos estampillados:** | 3NKg6esUddTqUJ1z32CBvgj+VSo= | | | | |



## PODER JUDICIAL DE LA FEDERACIÓN

| FIRMANTE | | | | | |
|---|---|---|---|---|---|
| **Nombre:** | Murcia Justine Ruiz González | | **Validez:** | BIEN | Vigente |
| **FIRMA** | | | | | |
| **No. serie:** | 70.6a.66.20.63.6a.66.00.00.00.00.00.00.00.00.00.01.08.20 | | **Revocación:** | Bien | No revocado |
| **Fecha: (UTC/ CDMX)** | 05/08/22 18:52:23 - 05/08/22 13:52:23 | | **Status:** | Bien | Valida |
| **Algoritmo:** | RSA - SHA256 | | | | |
| **Cadena de firma:** | 87 a1 e0 79 a0 38 7f a4 9b 3a 36 e5 f9 b4 4e d5 2f 56 63 f2 c9 35 7c 81 f5 9f 28 48 d3 62 c3 19 00 3e 2c 03 ed 27 21 15 39 0d 2e 17 67 3f 01 34 b3 be 9d e2 96 c5 96 10 54 c6 3b c1 58 0c 9d 8c 44 55 34 0a 02 ce 3b bd ab 59 95 91 74 d3 d1 20 60 e0 ce 1f e2 61 6c dc 36 0b fc 91 68 af 8b 60 07 85 d3 8c 7e 98 eb 3f 5e dc 51 1d 15 ea 48 f6 37 09 c3 2f ab d5 e9 c9 88 85 da 4a 41 3e d0 ba a4 66 bd c6 b2 af 29 3a 71 14 2d 68 ea b0 68 d5 43 19 7c 18 c8 88 68 22 7c 9c 45 18 de 74 57 be b8 4e a5 43 76 d2 17 93 d5 a5 4c 85 4f e1 fc 63 fc 4c cb 95 88 4e 8e 74 43 83 c1 78 a6 a6 28 5d b8 e3 54 31 b2 c7 71 ce 06 72 51 64 3c b8 4e a1 8a 26 d1 d1 de 46 fb 2e 5c 9b c4 22 5e fd d2 22 00 fc 6d 81 cd f4 f8 2f f2 90 7d d1 a9 06 1a 7a 9b b9 e9 fd a2 e1 26 03 7e fc dd 68 44 e4 58 | | | | |

| OCSP | |
|---|---|
| **Fecha: (UTC / CDMX)** | 05/08/22 18:52:24 - 05/08/22 13:52:24 |
| **Nombre del respondedor:** | OCSP ACI del Consejo de la Judicatura Federal |
| **Emisor del respondedor:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal |
| **Número de serie:** | 70.6a.66.20.63.6a.66.03 |

| TSP | |
|---|---|
| **Fecha : (UTC / CDMX)** | 05/08/22 18:52:23 - 05/08/22 13:52:23 |
| **Nombre del emisor de la respuesta TSP:** | Autoridad Emisora de Sellos de Tiempo del Consejo de la Judicatura Federal |
| **Emisor del certificado TSP:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal |
| **Identificador de la respuesta TSP:** | 129246282 |
| **Datos estampillados:** | Evr1QLtrfnoT6osRMamQXGf0B7A= |