**<u>EXHIBIT A</u>**

Juan P. Morillo (*pro hac vice* pending)
Gabriel F. Soledad
Daniel Pulecio-Boek
QUINN EMANUEL URQUHART
SULLIVAN LLP
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Telephone:  (202) 538-8000
Facsimile:  (202) 538-8100
Email:  juanmorillo@quinnemanuel.com
Email:  gabrielsoledad@quinnemanuel.com
Email:  danielpulecioboek@quinnemanuel.com

Eric Winston (*pro hac vice* pending)
QUINN EMANUEL URQUHART
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100
Email:  ericwinston@quinnemanuel.com

Scott C. Shelley
Samantha Gillespie (*pro hac vice* pending)
QUINN EMANUEL URQUHART
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
Email:  scottshelley@quinnemanuel.com
Email:  samanthagillespie@quinnemanuel.com

*ttorneys for the Foreign Representative*

**UNITED ST TES B NKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTEGRADORA DE SERVICIOS PETROLEROS ORO NEGRO, S.A.P.I. DE C.V.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 18-_____ |
| In re:<br><br>PERFORADORA ORO NEGRO, S. DE R.L. DE C.V.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 18-_____ |

## DECLARATION OF ALFONSO LÓPEZ-MELIH

I, Alfonso López-Melih, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1.      I am a Mexican attorney and I specialize in insolvency disputes.  I have been practicing law for approximately 28 years and my practice has always focused on disputes arising from or related to situations of insolvency.  Throughout my career, I have represented companies and individuals, as creditors, debtors or parties in interest, in over 100 insolvency proceedings in Mexico. My clients have included Mexican and foreign individuals and corporations, including publicly traded corporations, as well as the Mexican government, including the Federal Electric Commission (*Comisión Federal de Electricidad*) Mexico's power regulator.  A copy of my C.V., in English, is attached as Exhibit 1 to this Declaration.

2.      In 1990, I received my law degree from the National Autonomous University of Mexico (*Universidad Nacional Autónoma de México*), a university in Mexico City and one of the largest in the country.  Since then, I have practiced as a litigator specializing in Mexican civil, commercial and administrative law, including insolvency disputes.  Prior to establishing my own firm in 2007, I was a founding partner of the firm Quijano, Cortina, López y de la Torre, S.C., a litigation law firm.

3.      In 2007, after approximately 17 years of practice, I founded López Melih y Estrada, S.C., a litigation law firm in Mexico City focused on commercial litigation and arbitration and antitrust.  Currently, I am the firm's managing partner and head its insolvency, commercial litigation and administrative disputes practices.

4.      I have previously provided declarations and expert testimony on Mexican insolvency law in United States court proceedings, including involving recognition of *concursos mercantiles* as

foreign main proceedings—specifically, before the U.S. Bankruptcy Courts for the Southern District of New York and the Northern District of Texas including in (a) *Duff & Phelps, LLC v. Vitro S.A.B.*, 18 F. Supp. 3d (S.D.N.Y. 2014); (b) *In re Petition of Garcia Avila*, 296 B.R. 95 (Bankr. S.D.N.Y. 2003); (c) *Satelites Mexicanos, S.A. de C.V.*, No. 05-13862 (Bankr. S.D.N.Y. 2005); and (d) *In re Vitro S.A.B. de C.V.*, 473 B.R. 117 (Bankr. N.D. Tex. 2012), *aff'd*,701 F.3d 1031 (5th Cir. 2012).

5.       I am providing this declaration ("Declaration") in support of petitions and motions to the U.S. Bankruptcy Court for the Southern District of New York by Alonso del Val as foreign representative ("Foreign Representative") of Integradora de Servicios Petroleros Oro Negro, S.A.P.I. de C.V. ("Integradora Oro Negro") and Perforadora Oro Negro, S. de R.L. de C.V. ("Perforadora Oro Negro") (respectively, the "Integradora Verified Petition" and the "Perforadora Verified Petition", and together, the "Verified Petitions").

6.       I am aware of insolvency proceedings (in Spanish, *concurso mercantil*) in Mexico commenced by Integradora Oro Negro, and some of its subsidiaries and affiliates, including Perforadora Oro Negro.

7.       This Declaration (a) provides an overview of the Mexican Business Reorganization Act (in Spanish, *Ley de Concursos Mercantiles*, the "LCM"),[1] the statute that governs Mexican insolvency proceedings (in Spanish, *concursos mercantiles*); and (b) describes the stages of a *concurso mercantil* proceeding, including the measures to preserve the debtor's *status quo* during a *concurso*, such as preliminary injunctions, and the LCM's prohibition of termination of a contract by a party to the contract because the debtor files for *concurso*.

8.       Under Mexican law, statutes are the primary source of legal authority. Case law is generally not binding and is usually only an aid to interpret and apply statutes. As such, this

---

[1]     *Ley de Concursos Mercantiles* [LCM] [Business Reorganization Law], Diario Oficial de la Federación [DO], 31 de Diciembre de 1969 (Mex.).

Declaration focuses on analyzing the LCM and does not refer to or cite cases.  Where relevant, this Declaration cites the entire applicable LCM provision and provides an English translation of same.

## Overview of the LCM

9.      Generally, the Mexican courts responsible for *concurso mercantil* proceedings are District Judges (*Jueces de Distrito*),  equivalent to federal District Judges in the United States, in the district where the debtor in insolvency is domiciled.[2]  In contrast to Bankruptcy Judges in the United States, México does not have special judges for *concurso mercantil* proceedings.

10.      Either individuals or companies may commence *concurso mercantil* proceedings.[3] This Declaration refers to the party commencing the *concurso mercantil* proceeding as the debtor.

11.      The main purpose of a *concurso mercantil* proceeding is to prevent the debtor from collapsing including by defaulting entirely on its creditors and terminating its employees.[4]

---

[2]      *See id.* Art. 17 (first paragraph) ("*Es competente para conocer del concurso mercantil de un Comerciante, el Juez de Distrito con jurisdicción en el lugar en donde el Comerciante tenga su domicilio, salvo por lo dispuesto en los párrafos siguientes.*") ["The District Judge with jurisdiction in the place where the Merchant is domiciled is responsible for hearing the *concurso mercantil* of a Merchant, except as provided in the following paragraphs."].

[3]      *See id.* Art. 20 (first paragraph) ("*El Comerciante que considere que ha incurrido en el incumplimiento generalizado de sus obligaciones en términos de cualquiera de los supuestos establecidos en el artículo 10 de esta Ley, podrá solicitar que se le declare en concurso mercantil, el cual, en caso de ser fundado, se abrirá en etapa de conciliación, salvo que el Comerciante expresamente pida que el concurso mercantil se abra en etapa de quiebra.*") ["The Merchant that believes it has committed a general breach of his obligations in terms of any of the cases established in article 10 of this Law may request to declare *concurso mercantil*, which, if it is founded, [the case] will be opened in the conciliation stage, unless the Merchant expressly requests that the proceeding be opened in the liquidation stage."]; Art. 4.II. ("*Comerciante, a la persona física o moral que tenga ese carácter conforme al Código de Comercio. Este concepto comprende al patrimonio fideicomitido cuando se afecte a la realización de actividades empresariales. Igualmente, comprende a las sociedades mercantiles controladoras o controladas a que se refiere el artículo 15 de esta Ley.*") ["Merchant, [means] the individual or legal entity that has this capacity under the Commercial Code. This concept includes the trust estates when it concerns the conduct of business activities.  Equally, it includes the controlling or controlled mercantile companies to which Article 15 of this Law refers."].

[4]      *See id.* Art. 1 ("*La presente Ley es de interés público y tiene por objeto regular el concurso mercantil. Es de interés público conservar las empresas y evitar que el incumplimiento generalizado de las obligaciones de pago ponga en riesgo la viabilidad de las mismas y de las demás con las que mantenga una relación de negocios. Con el fin de garantizar una adecuada protección a los acreedores frente al detrimento del patrimonio de las empresas en concurso, el juez y los demás sujetos del proceso regulado en esta Ley deberán regir sus actuaciones, en todo momento, bajo los principios de trascendencia, economía procesal, celeridad, publicidad y buena fe.*") ["This Law is in the public interest and its purpose is to regulate *concurso mercantil* proceedings. It is in the public interest to preserve companies and prevent generalized breach of payment obligations from jeopardizing the company's viability and that of others with which they have a business relationship.  In order to guarantee adequate protection for creditors against a decrease of the

Specifically, the LCM's objective is for debtors to reorganize their finances and operations, subject to the supervision of the court to repay debts and preserve the continuity of their businesses.

12.     The LCM governs *concurso mercantil* proceedings and does not provide for the application of foreign law to any aspect of a *concurso mercantil* proceeding.  As such, any agreements with any debtor subject to a *concurso mercantil* proceeding are governed by the LCM, regardless of whether the parties are non-Mexican and, if any such agreements violate the LCM, they will be unlawful, null, void and unenforceable.  Importantly, foreign law is inapplicable in instances of evasion of fundamental principles of Mexican law or when foreign law or its application contradicts Mexican public policy.[5]

13.     When a debtor files for *concurso mercantil* proceedings, the *concurso* involves all of the debtor's assets, rights, obligations and liabilities, with respect to all creditors, debtors, customers and clients.  This means that there are no exempted parties or assets that are somehow excluded from a debtor's *concurso*.  Indeed, in a filing requesting the commencement of a *concurso*, the debtor must provide, *inter alia*, a list of all its creditors and debtors and an inventory of all its assets and rights.[6]

---

assets of the companies in bankruptcy, the judge and the others subject to the regulated process per this Law must govern their actions, at all times, under the principles of importance, procedural economics, speed, notice and good faith."].

[5]     *See* Federal Civil Code, Art. 15 (*"No se aplicará el derecho extranjero: I. Cuando artificiosamente se hayan evadido principios fundamentales del derecho mexicano, debiendo el juez determinar la intención fraudulenta de tal evasión; y II. Cuando las disposiciones del derecho extranjero o el resultado de su aplicación sean contrarios a principios o instituciones fundamentales del orden público mexicano."*) ["Foreign law shall not be applied: I. When fundamental principles of Mexican law have been artificially evaded, it being the judge's obligation to determine fraudulent intent of such evasion; and II. When the provisions of foreign law or the result of its application are contrary to fundamental principles or institutions of Mexican public policy."].

[6]     *See* LCM, Art. 20 (*"El Comerciante que considere que ha incurrido en el incumplimiento generalizado de sus obligaciones en términos de cualquiera de los supuestos establecidos en el artículo 10 de esta Ley, podrá solicitar que se le declare en concurso mercantil, el cual, en caso de ser fundado, se abrirá en etapa de conciliación, salvo que el Comerciante expresamente pida que el concurso mercantil se abra en etapa de quiebra. La solicitud de declaración de concurso mercantil del propio Comerciante deberá ser presentada en los formatos que al efecto dé a conocer el Instituto, la cual deberá contener al menos el nombre completo, denominación o razón social del Comerciante, el domicilio que señale para oír y recibir notificaciones, así como en su caso el domicilio social, el de sus diversas oficinas y establecimientos, incluyendo plantas, almacenes o bodegas, especificando en caso necesario en dónde tiene la administración principal de su empresa o en caso de ser una persona física, el domicilio donde vive y además, a ella*

## Stages of a *Concurso Mercantil*

14.     Under the LCM, a *concurso mercantil* proceeding is comprised of two stages:[7] (a) the

preliminary stage, during which the court determines whether the debtor is insolvent, meaning

whether the debtor's revenues are insufficient to pay its debts; and (b) if the court determines that the

debtor is insolvent, the *concurso* stage, which is also comprised of two stages: (i) the conciliation (in

Spanish, *conciliación*), which is for the debtor to reach an agreement with its creditors to repay

debts; and (ii) the liquidation (in Spanish, *quiebra*), which is to sell the debtor's assets to repay

debts.[8]

15.     To admit a debtor's request to initiate a *concurso mercantil* proceeding, the court will

analyze whether the request complies with a list of formal requirements and documentation set forth

in the LCM.  Courts usually grant a debtor's request to initiate a *concurso mercantil* proceeding.

---

*deberán acompañarse los anexos siguientes: . . . III.  Una relación de sus acreedores y deudores que indique sus nombres y domicilios, la fecha de vencimiento del crédito o créditos de cada uno de ellos, el grado con que estima se les debe reconocer, indicando las características particulares de dichos créditos, así como de las garantías, reales o personales, que haya otorgado para garantizar deudas propias y de terceros; IV.  Un inventario de todos sus bienes inmuebles y muebles, títulos valores, géneros de comercio y derechos de cualquier otra especie.")* ["The Merchant that believes it has committed a general breach of his obligations in terms of any of the cases established in article 10 of this Law may request to declare *concurso mercantil*, which, if it is founded, it [the case] will be opened in the conciliation stage, unless the Merchant expressly requests that the proceeding be opened in the liquidation stage.  The request for declaration of *concurso mercantil* by the Merchant itself must be presented in the forms that the Institute makes known, which must contain at least the full name, denomination or business name of the Merchant, the address indicated for hearing and receiving notifications, as well as, where appropriate, the registered office, of its various offices and establishments, including plants or warehouses, specifying where necessary where the main administration of the company is located, or if it is an individual, the address where he lives, and in addition, to it the following annexes accompany the request: . . . III. A list of its creditors and debtors that indicates their names and addresses, the expiration date of the credit of each one of them, the degree to which it is estimated they should be recognized, indicating the particular characteristics of said credits, as well as the guarantees, real or personal, that you have granted to guarantee your own debts and those of third parties; IV. An inventory of all its real and personal property, securities, merchandise and rights of any other kind."].

[7]     *See id.* Art. 2 ("*El concurso mercantil consta de dos etapas sucesivas, denominadas conciliación y quiebra.*") [*Concurso mercantil* consists of two successive stages, called conciliation and liquidation."].

[8]     *See id.* Art. 3 ("*La finalidad de la conciliación es lograr la conservación de la empresa del Comerciante mediante el convenio que suscriba con sus Acreedores Reconocidos. La finalidad de la quiebra es la venta de la empresa del Comerciante, de sus unidades productivas o de los bienes que la integran para el pago a los Acreedores Reconocidos.*") ["The purpose of the conciliation is to achieve the preservation of the Merchant's company through the agreement signed with its Recognized Creditors. The purpose of the liquidation is the sale of the Merchant's company, of its productive units or of the goods that compose it for payment to the Recognized Creditors."].

16.    To determine whether the debtor is insolvent, when the court grants the debtor's request to initiate a *concurso mercantil* proceeding, it will order the Federal Institute of Insolvency Specialists (in Spanish, *Instituto Federal de Especialistas de Concursos Mercantiles*, the "IFECOM"), a government agency responsible for aiding Mexican courts in *concurso mercantil* proceedings, to appoint a financial expert (in Spanish, *visitador*). The *visitador*'s role is to analyze the debtor's finances and provide a non-binding report to the court on whether the debtor is solvent.[9]

17.    Importantly, during the preliminary stage, it is common for the court to issue injunctions applicable to the debtor's (a) customers, prohibiting them from worsening, their contracts with the debtor, including by terminating or defaulting on any such contracts; and (b) creditors, prohibiting them from foreclosing on the debtor's assets or otherwise exercising remedies available to them.[10] The court has broad discretion in crafting the appropriate and necessary injunctions. The purpose of such injunctions is to maintain the debtor's *status quo* and to prevent its customers and

---

[9]    *See id.* Art. 40. ("*El visitador, con base en la información que conste en el acta de visita, deberá rendir al juez, en un plazo de quince días naturales contados a partir de la fecha de inicio de la visita, un dictamen razonado y circunstanciado tomando en consideración los hechos planteados en la demanda y en la contestación, anexando al mismo, el acta de visita. El dictamen deberá ser presentado en los formatos que al efecto dará a conocer el Instituto.*") ["The *visitador*, based on the information in the record of the visit, must submit to the judge, within a period of fifteen calendar days counted from the date of the beginning of the visit, a reasoned and detailed opinion taking into consideration the facts raised in the application and in the answer, attaching to it, the minutes of the visit. The opinion must be presented in the formats that the Institute will make known."]; Art. 42. ("*Sin necesidad de citación, el juez dictará la sentencia que corresponda dentro de los cinco días siguientes al vencimiento del plazo para la formulación de alegatos; considerando lo manifestado, probado y alegado por las partes además del dictamen del visitador. El juez deberá razonar las pruebas aportadas por las partes, incluyendo el dictamen del visitador.*") ["Without requiring a summons, the judge will dictate the corresponding sentence within five days following the expiration of the time period for the formulation of allegations, considering what has been stated, proven and alleged by the parties in addition to the opinion of the *visitador*. The judge must evaluate the evidence provided by the parties, including the opinion of the *visitador*."].

[10]    *See id.* Art. 26 (second paragraph) ("*El juez, a solicitud del Comerciante, o de oficio, dictará las providencias precautorias que considere necesarias a fin de evitar que se ponga en riesgo la viabilidad de la empresa con motivo de la demanda o de otras que se presenten durante la visita, o que se agrave dicho riesgo, para lograr salvaguardar el interés público previsto en el artículo primero de la presente Ley.*") ["The judge, at the request of the Merchant, or ex officio, shall issue the precautionary measures that he/she deems necessary in order to avoid jeopardizing the viability of the company due to the *concurso* filing or of complaints that come up during the visit, or to avoid increasing such risk, in order to safeguard the public interest contemplated by the first article of the present Law. "]; Art. 37 (second paragraph). ("*El juez podrá dictar las providencias precautorias que estime necesarias, en cualquier etapa del procedimiento concursal, una vez que reciba la solicitud, o bien de oficio.*") ["The judge may issue the precautionary measures he deems necessary, at any stage of the *concurso* proceedings, once he receives the request, or ex officio."].

Case 22-10630-JTD    Doc 45-1    Filed 08/26/22    Page 9 of 17

creditors from suffocating it during the *concurso mercantil,* causing its financial collapse and defeating the *concurso mercantil*'s purpose. Generally, the injunctions will remain in place during the rest of the *concurso mercantil.*

18.    Moreover, Mexican law prohibits any party with a contract with the debtor (*e.g.,* creditors and clients) from terminating or defaulting on that contract because the debtor files for *concurso.*[11] This prohibition is what is known in Mexico as a "public interest statute" (in Spanish, *norma de interés público*), meaning a statute that prohibits any agreement against it, causing any such agreement to be unlawful, null, void and unenforceable.

19.    As set forth above, if the court determines that the debtor is insolvent (under articles 9 or 10 of the LCM or that the debtor's insolvency is unlimited under article 20-Bis of the LCM), it will declare a *concurso* and will open the conciliation phase of the *concurso* stage (*see supra* ¶ 16). In this phase, the court will, *inter alia*, (a) issue a list of all the creditors of the debtor; (b) request that the IFECOM appoint an insolvency manager (in Spanish, *conciliador*), who is responsible for adjudicating claims against the debtor by its creditors and for attempting to obtain a restructuring agreement among the debtor and its creditors to end the *concurso*; (c) enjoin the debtor from paying any debts due prior to the *concurso*; (d) stay all proceedings against the debtor or its assets, including foreclosure proceedings; (e) notify all the creditors of the debtor of the commencement of the *concurso* stage; and (f) publish a summary of the *concurso* declaration in a newspaper and in the Mexican federal government's registrar (*Diario Oficial de la Federación*).[12]

---

[11]    *See id.* Art. 87 ("*Se tendrá por no puesta, salvo las excepciones expresamente establecidas en esta Ley, cualquier estipulación contractual que con motivo de la presentación de una solicitud o demanda de concurso mercantil, o de su declaración, establezca modificaciones que agraven para el Comerciante los términos de los contratos.*") ["Unless otherwise stated in this Law, any contractual stipulation that as a result of filing for *concurso mercantil*, or of declaring it, establishes modifications that worsen the terms of the contracts for the Merchant, shall be deemed to never have been written."].

[12]    *See id.* Art. 44 ("*Al día siguiente de que se dicte sentencia que declare el concurso mercantil, el juez deberá notificarla personalmente al Comerciante, al Instituto, y al visitador. A los acreedores cuyos domicilios se conozcan y a las autoridades fiscales competentes, se les notificará por correo certificado o por cualquier otro medio establecido en*

20.    Generally, within 20 days of the publication of the declaration of *concurso* in the

federal registrar, the debtor's creditors must inform the *conciliador* of their claims against the

debtor.[13] The *conciliador* then submits to the court a preliminary list of all the debtor's creditors and

their claims, to which the debtor and the creditors may object.   Afterwards, the *conciliador* will

submit to the court a final list of all the debtor's creditors and their claims.  After receiving this list,

the court will issue a decision listing all the creditors.[14]

21.    Equally important, during the *concurso* stage, the debtor and its creditors attempt to

reach a restructuring agreement.  The court shall approve any restructuring agreement that provides

for the repayment of claims according to article 158 of the LCM, even against the objection of the

---

*las leyes aplicables. Al Ministerio Público se le notificará en caso de que sea el demandante, por oficio. Igualmente, deberá notificarse por oficio al representante sindical y, en su defecto, al Procurador de la Defensa del Trabajo.*") ["The day after judgment is issued declaring the *concurso*, the judge must personally notify the Merchant, the Institute, and the *visitador*. The creditors whose domiciles are known and the relevant fiscal authorities will be notified by certified mail or by any other means established in applicable laws. The Public Prosecutor's Office will be notified in case it is the plaintiff. Likewise, the trade union representative will be notified and, failing that, the Labor Defense Attorney must be notified."]; Art. 45. ("*Dentro de los cinco días siguientes a su designación, el conciliador procederá a solicitar la inscripción de la sentencia de concurso mercantil en los registros públicos que correspondan y hará publicar un extracto de la misma en el Diario Oficial de la Federación y en uno de los diarios de mayor circulación en la localidad donde se siga el juicio, pudiéndose también difundir por otros medios que el Instituto estime conveniente. Las partes que no hayan sido notificadas en términos del artículo anterior, se entenderán notificadas de la declaración de concurso mercantil, en el día en que se haga la última publicación de las señaladas en este artículo.*") ["Within five days of his designation, the *conciliador* will proceed to request the registration of the *concurso* judgment in the relevant public registers and will have an excerpt published in the Official Gazette of the Federation and in one of the more-circulated newspapers in the locale where the trial is proceeding, with the potential to also be disseminated by other means that the Institute deems appropriate.  The parties that have not been notified per the previous article shall be deemed notified of the declaration of *concurso*, on the day on which the last publication of those indicated in this article is done."].

[13]    *See id*. Art. 122 ("*Los acreedores podrán solicitar el reconocimiento de sus créditos: I. Dentro de los veinte días naturales siguientes a la fecha de la publicación de la sentencia de concurso mercantil en el Diario Oficial de la Federación.*") ["The creditors may request the recognition of their credits:  I. Within twenty calendar days following the date of publication of the *concurso* judgment in the Official Gazette of the Federation."].

[14]    *See id*. Art. 132 ("*Transcurrido el plazo mencionado en el artículo 130 de esta Ley, el juez, dentro de los cinco días siguientes, dictará la sentencia de reconocimiento, graduación y prelación de créditos tomando en consideración la lista definitiva presentada por el conciliador, así como todos los documentos que se le hayan anexado.*") ["After the deadline mentioned in article 130 of this Law, the judge, within the next five days, will issue the judgment of recognition, ranking and priority of credits taking into consideration the final list submitted by the *conciliador*, as well as all documents that have been attached to it."].

creditors.  Any restructuring agreement that provides for a reduction of debt or an extension to repay

the debt requires approval of over 50% of the debtor's creditors. [15]

Dated:  04 / 19 / 2018                 Signature: _____

                                                            Alfonso López-Melih

---

[15]    *See id.* Art. 157 ("*Para ser eficaz, el convenio deberá ser suscrito por el Comerciante y sus Acreedores Reconocidos que representen más del cincuenta por ciento de la suma de:  I.  El monto reconocido a la totalidad de los Acreedores Reconocidos comunes y subordinados; y II.  El monto reconocido a aquellos Acreedores Reconocidos con garantía real o privilegio especial que suscriban el convenio. . .*")  ["In order for it to be effective, the agreement must be signed by the merchant and y its Recognized Creditors representing over fifty percent of the sum of: I. The recognized amount of all the regular and subordinated Recognized Creditors; and II. The recognized amount of the Recognized Creditors having a collateral or special privilege that sign the agreement. . ."].

# ALFONSO MARTÍN LÓPEZ MELIH
## *CURRICULUM VITAE*

ALFONSO M. LÓPEZ MELIH was born in Mexico City on June 4, 1965. He is a bankruptcy practitioner with over 25 years of experience representing debtors and creditors in some of the most high profile and complex restructuring matters. He is widely recognized as a leading lawyer in bankruptcy, restructuring, antitrust, arbitration, administrative, commercial and civil litigation in Mexico. Spanish is his native language and he is fluent in English.

Mr. López Melih received his Law degree in 1990 from the *Universidad Nacional Autónoma de México* (UNAM) and since that time has practiced as a litigator specializing in Mexican Civil, Commercial and Administrative Law. From 1989 to 2007, Mr. Lopez Melih was partner of Quijano, Cortina, López y de la Torre, where he began his career in 1984, and where he worked on numerous civil, commercial and administrative cases involving Mexican and foreign entities.

In 2007, he founded the law firm López Melih y Estrada, S.C., where he is in charge of the firm's civil, commercial and administrative practice groups, working on several Mexican and foreign cases.

Mr. López Melih has successfully represented different companies that were subject to the largest business reorganization proceedings that have taken place in Mexico since the new Business Reorganization Law took effect.

He has been recognized as a specialist in Mexican bankruptcy law by the United States Bankruptcy Court for the Southern District of New York and the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

He has lectured in commercial arbitration matters, bankruptcies, among others, at: the Institute of Legal Research of the UNAM, the Federal Institute of Insolvency Specialists (IFECOM), the Mexican Bar Association, The Council Federal Judiciary, the Supreme Court of Justice of the Nation, the Mexican Association of International and Comparative Law, A.C., the U.S. - Mexico Bar Association, the American Chamber of Commerce, Ernst & Young (Mexico) and Latin Lawyer.

He has been member of the following associations: Mexican Bar Association, B.C. (Secretary of the Committee on Civil Law, 1990 - 1991), National Association of Business Lawyers, AC (Coordinator of the Civil Law Committee, 2005 - 2006), Member of the Litigation Council of the newspaper Reforma (2012-2013).

He is also a Ranked Lawyer in the 2018 edition of Chambers and Partners in Dispute Resolution: Litigation and Bankruptcy/Restructuring.

Mr. López Melih has lectured extensively on Bankruptcy and Business Reorganization Law, as well as on Arbitration and Civil and Access to Public Information Law. Some of his lectures are:

> "Efectos de la sentencia de Concurso Mercantil" (The effects of a business reorganization declaration/judgment). Conference at the Instituto de Investigaciones Jurídicas de la Universidad Nacional Autónoma de México (2001).

> "Transparencia en la Impartición de Justicia" (Transparency in the administration of justice). Conference sponsored by the newspaper Reforma, the Instituto de Investigaciones Jurídicas de la UNAM anf the Law Department of UNAM (2003)

> "El Concurso Mercantil" (The Business Reorganization) Conference sponsored by the Barra Mexicana Colegio de Abogados, A.C., the Instituto Federal de Especialistas en Concursos Mercantiles and the Suprema Corte de Justicia de la Nación.

> "La Defensa de la Empresa fuera de los tribunales: Medios alternativos para la solución de controversias" (Defending corporations outside of court: Alternate means for dispute resolution) Conference sponsored by the American Chamber of Commerce.

> "El arbitraje" (Commercial arbitration) Conference sponsored by the Asociación Mexicana de Derecho Internacional Privado y Comparado, A.C.

> "INTRODUCTION TO MEXICO BANKRUPTCY AND SOME CROSS BORDER INSOLVENCY ISSUES" Conference sponsored by the US-Mexico Bar Association (2008).

"A diez años del Régimen de Insolvencia Comercial en Mexico" (10 Years after the commercial insolvency regime in Mexico) Conference sponsored by Ernst & Young Mexico (2010).

"The Mexican Bankruptcy Process, An Overview of the Mexican Business Reorganization Act" Conference sponsored by the US-Mexico Bar Association (2010).

"Practical Consideration of an Out-of-court Restructuring in Mexico" U.S./Mexico Restructuring Symposium, sponsored by the American Bankruptcy Institute.

## PROFESSIONAL ACTIVITIES:

Mr. Lopez Melih's experience in litigation matters related to commercial and financial law derive from his representation and/or participation, in the context of civil and commercial litigation and/or the financial restructuring of several corporations, among them:

Cervecería Moctezuma, S.A. de C.V. (Bankruptcy proceeding)

Eaton Manufacturera, S.A. de C.V. (Bankruptcy proceeding)

Grupo Tribasa, S.A. de C.V. (Business Reorganization Proceeding)

Grupo K-2, S.A. de C.V. (Business Reorganization Proceeding)

Satélites Mexicanos, S.A. de C.V. (Business Reorganization Proceeding)

Controladora Comercial Mexicana, S.A. de C.V. (Business Reorganization Proceeding, representing Costco Wholesale)

Metrofinanciera, S.A. de C.V. Business Reorganization Proceeding)

Televisora del Valle de México, S.A. de C.V. (Business Reorganization Proceeding)

Transportación Marítima Mexicana, S.A. de C.V. (Restructuring)

Sarens, NV (Business Reorganization Proceeding)

The *ad hoc* group of note holders of Vitro, S.A.B. de C.V.

Mexicana de Aviación, S.A Business Reorganization Proceeding).

San Luis Co Inter (Business Reorganization Proceeding.

In addition, he has represented other clients in the context of commercial, administrative, antitrust or civil disputes, among which are included:

América Móvil, S.A.B. de C.V.

Radiomóvil Dipsa, S.A. de C.V. (Telcel)

Teléfonos de México, S.A.B. de C.V.

The Bank of New York, N.A.

Deutsche Bank AG

Comisión Federal de Electricidad

ING Bank, S.A.

Altana AG

Parmalat Canada Inc.

Ericsson Telecom, S.A. de C.V.

Tenaris Tamsa, S.A.

Tubos y Aceros de México, S.A. de C.V.

Operadora Comercial de Desarrollo, S.A. de C.V. (Cinépolis)

Grupo Modelo, S.A.B. de C.V.

Petróleos Mexicanos

UBS Capital Americas LLC

ING (México), S.A. de C.V.

Banco Nacional de México, S.A.

GE Capital CEF México, S. de R. L.

Finally, he has previously been qualified as an expert and given expert testimony on Mexican Law, among others, in the following foreign cases:

United States Bankruptcy Court for the Southern District of New York:
In re Garcia Avila: Case No. 03-14025 (SMB) (Temporary Restraining Order);
*Satélites Mexicanos, S.A. de C.V.*: Case No. 05-13862 (RDD);
*Grupo Tribasa, S.A., Triturados Basálticos y Derivados, S.A. de C.V.:* Case 03-14025 (Temporary Restraining Order);
Compañía Mexicana de Aviación, S.A. de C.V.: Case 10-14182 (MG).

The United States Bankruptcy Court for the Northern District of Texas, Dallas Division: In re Vitro, S.A.B. de C.V.: case 11-33335 BANKR. N.D. Texas 2012.

The Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida: In re Safilo USA, INC.: Case 08-64433 CA 09.

And the High Court of Justice – Business and Property Courts of England and Wales: In re Exportadora de Sal, S.A. de C.V.: CL-2017-000280.

**<u>CONTACT INFORMATION</u>:**

Mr. Alfonso M. Lopez Melih

López Melih y Estrada, S.C.

Paseo de la Reforma 115-1202

Lomas de Chapultepec

Mexico City, 11000

Tel. +52 (55) 5540 0707

Fax +52 (55) 5202 5002

www.lmye.mx
alopezmelih@lmye.mx