**<u>EXHIBIT D</u>**

| UNCITRAL | USA | MEXICO |
|----------|-----|--------|

UNCITRAL Cross Border Insolvency Model Law
compared with USA and Mexico adoption of the
Model Law.
The reference and inclusion of Chapter 15
articles are for academic purposes only, as
the author is not an expert in US law.

| UNCITRAL | USA | MEXICO |
|----------|-----|--------|
| STRUCTURE | STRUCTURE | STRUCTURE |
| 1.- General provisions<br>2.- Access of foreign representatives and creditors to courts in this State<br>3.- Recognition of a foreign proceeding and relief<br>4.- Cooperation with foreign courts and foreign representatives<br>5.- Concurrent proceedings. | Ancillary and other cross-border cases<br>Purpose and scope of application.<br><br>I—General provisions<br>II—Access of foreign representatives and creditors to the court<br>III—Recognition of a foreign proceeding and relief<br>IV—Cooperation with foreign courts and foreign<br>V—Concurrent proceedings | Cooperation in International Proceedings<br>I. Miscellaneous<br>II. Foreign Representatives' and Creditors' Access to Mexican Courts<br>III Recognition of a Foreign Proceeding and Remedies that can be Granted<br>IV Cooperation with Foreign Courts and Representatives<br>V Parallel Proceedings |
| Model Law | Chapter 15 | TITLE TWELFTH<br>Cooperation in International Proceedings |
| Preamble | 1501 | LCM DOES NOT TRANSCRIBE THE PREAMBLE |
| Chapter I<br>General<br>Provisions | | Chapter I<br>Miscellaneous |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| *Article 1. Scope of application* | 1501 | Article 278. |
| | SUBCHAPTER I—GENERAL PROVISIONS | |
| *Article 2. Definitions* | 1502 | Article 279. |
| *Article 3. International obligations of this State* | 1503 | Article 280. |
| *Article 4.* [Competent court or authority] | | Article 281. |
| | 1504 | |
| *Article 5. Authorization of* [insert the title of the person or body administering reorganization or liquidation under the law of the enacting State] *to act in a foreign State* | 1505 | Article 282. |
| *Article 6. Public policy exception* | 1506 | Article 283. |
| *Article 7. Additional assistance under other laws* | 1507 | Article 284. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| *Article 8. Interpretation.* | 1508 | Article 285. |
| *Chapter II Access of foreign representatives and creditors to courts in this State* | | Chapter II Foreign Representatives' and Creditors' Access to Mexican Courts |
| *Article 9. Right of direct access* | 1509 | Article 286. |
| *Article 10. Limited jurisdiction* | 1510 | Article 287. |
| *Article 11. Application by a foreign representative to commence a proceeding under* [identify laws of the enacting State relating to insolvency] | 1511 | Article 288. |
| *Article 12. Participation of a foreign representative in a proceeding under* [identify laws of the enacting State relating to insolvency] | 1512 | Article 289. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| *Article 13. Access of foreign creditors to a proceeding under* [identify laws of the enacting State relating to insolvency] | 1513 | Article 290. |
| *Article 14. Notification to foreign creditors of a proceeding under* [identify laws of the enacting State relating to insolvency] | 1514 | Article 291. |
| Chapter III Recognition of foreign proceeding and relief | | Chapter III Recognition of a Foreign Proceeding and Remedies that can be Granted |
| *Article 15. Application for recognition of a foreign proceeding* | 1515. | Article 292. |
| | | Article 293. |
| | | Article 294. |
| *Article 16. Presumptions concerning recognition* | 1516 | Article 295. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| *Article 17. Decision to recognize a foreign proceeding* | 1517 | Article 296. |
| *Article 18. Subsequent information* | 1518 | Article 297. |
| *Article 19. Relief that may be granted upon application for recognition of a foreign proceeding* | 1519 | Article 298. |
| *Article 20. Effects of recognition of a foreign main proceeding* | *§ 1520. Effects of recognition of a foreign main proceeding* | Article 299. |
| *Article 21. Relief that may be granted upon recognition of a foreign proceeding* | 1521 | Article 300. |
| *Article 22. Protection of creditors and other interested persons* | 1522 | Article 301 |
| *Article 23. Actions to avoid acts detrimental to creditors* | 1523 | Article 302. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| *Article 24. Intervention by a foreign representative in proceedings in this State* | 1524 | Article 303. |
| Chapter IV Cooperation with foreign courts and foreign representatives | | Chapter IV Cooperation with Foreign Courts and Representatives |
| *Article 25. Cooperation and direct communication between a court of this State and foreign courts or foreign representatives* | 1525 | Article 304. |
| *Article 26. Cooperation and direct communication between the* [insert the title of a person or body administering a reorganization or liquidation under the law of the enacting | 1526 | Article 304. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| State]<br>*and foreign courts or foreign representatives* | | |
| *Article 27.*<br>*Forms of cooperation* | 1527 | Article 305. |
| Chapter V<br>Concurrent proceedings | | Chapter V<br>Parallel Proceedings |
| *Article 28.*<br>*Commencement of a proceeding under* [identify laws of the enacting State relating to insolvency]<br>*after recognition of a foreign main proceeding* | 1528<br>¡ | Article 306. |
| *Article 29.*<br>*Coordination of a proceeding under* [identify laws of the enacting State relating to insolvency] *and a foreign proceeding* | 1529 | Article 307. |
| *Article 30.*<br>*Coordination of* | 1530 | Article 308. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| *more than one foreign proceeding* | | |
| Article 31. Presumption of insolvency based on recognition of a foreign main proceeding | 1531 | Article 309. |
| Article 32. Rule of payment in concurrent proceedings | 1532 | Article 310. |

**UNCITRAL Cross Border Insolvency Model Law compared with USA and Mexico adoption of the Model Law.**
The reference and inclusion of Chapter 15 articles are for academic purposes only, as the author is not an expert in US law.

| UNCITRAL STRUCTURE | USA STRUCTURE | MEXICO STRUCTURE |
|---|---|---|
| 1.- General provisions<br>2.- Access of foreign representatives and creditors to courts in this State<br>3.- Recognition of a foreign proceeding and relief<br>4.- Cooperation with foreign courts and foreign representatives<br>5.- Concurrent proceedings. | **Ancillary and other cross-border cases**<br>Purpose and scope of application.<br>I—General provisions<br>II—Access of foreign representatives and creditors to the court<br>III—Recognition of a foreign proceeding and relief<br>IV—Cooperation with foreign courts and foreign | **Cooperation in International Proceedings**<br>I. Miscellaneous<br>II. Foreign Representatives' and Creditors' Access to Mexican Courts<br>III Recognition of a Foreign Proceeding and Remedies that can be Granted<br>IV Cooperation with Foreign Courts and Representatives |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| | V—Concurrent proceedings | V  Parallel Proceedings |
| **Model Law** | **Chapter 15** | **TITLE TWELFTH Cooperation in International Proceedings** |
| **Preamble** The purpose of this Law is to provide effective mechanisms for dealing with cases of cross-border insolvency so as to promote the objectives of: (a) Cooperation between the courts and other competent authorities of this State and foreign States involved in cases of cross-border insolvency; (b) Greater legal certainty for trade and investment; (c) Fair and efficient administration of cross-border insolvencies that protects the interests of all creditors and other interested persons, including the debtor; (d) Protection and maximization of the value of the debtor's assets; and (e) Facilitation of the rescue of financially troubled businesses, thereby protecting investment and preserving employment. | **1501** (a) The purpose of this chapter is to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency with the objectives of— (1) cooperation between— (A) courts of the United States, United States <u>trustees</u>, <u>trustees</u>, examiners, <u>debtors,</u> a nd <u>debtors</u> in possession; and (B) the courts and other competent authorities of foreign countries involved in cross-border insolvency cases; (2) greater legal certainty for trade and investment; (3) fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the <u>debtor</u>; (4) protection and maximization of the | **LCM DOES NOT TRANSCRIBE THE PREAMBLE** |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| | value of the debtor's assets; and (5) facilitation of the rescue of financially troubled businesses, thereby protecting investment and preserving employment. | |
| **Chapter I**<br>**General Provisions** | | **Chapter I**<br>**Miscellaneous** |
| *Article 1. Scope of application*<br>1. This Law applies where:<br>*(a)* Assistance is sought in this State by a foreign court or a foreign representative in connection with a foreign proceeding; or<br>*(b)* Assistance is sought in a foreign State in connection with a pro- ceeding under [*identify laws of the enacting State relating to insolvency*]; or<br>*(c)* A foreign proceeding and a proceeding under [*identify laws of the enacting State relating to insolvency*] in respect of the same debtor are taking place concurrently; or<br>*(d)* Creditors or other interested persons in a foreign State have an interest in | **1501**<br>…<br>(b) This chapter applies where—<br>(1) assistance is sought in the United States by a foreign court or a foreign representative in connection with a foreign proceeding;<br>(2) assistance is sought in a foreign country in connection with a case under this title;<br>(3) a foreign proceeding and a case under this title with respect to the same debtor are pending concurrently; or<br>(4) creditors or other interested persons in a foreign country have an interest in requesting the commencement of, or participating in, a case or proceeding under this title.<br>(c) This chapter does not apply to— | **Article 278.**<br>The provisions of this Title shall apply where:<br>I. Assistance is sought in this State by a foreign court or a foreign representative in connection with a foreign proceeding;<br>II. Assistance is sought in a foreign State in connection with a proceeding under this Act;<br>III. A foreign proceeding and a proceeding under this Act in respect of the same debtor are taking place concurrently or<br>IV. Creditors or other interested persons in a foreign State have an interest in requesting the commencement of, or participating in, a proceeding under this Act. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| requesting the commencement of, or participating in, a proceeding under [*identify laws of the enacting State relating to insolvency*]. 2. This Law does not apply to a proceeding concerning [*designate any types of entities, such as banks or insurance companies, that are subject to a special insolvency regime in this State and that this State wishes to exclude from this Law*]. | **(1) a proceeding concerning an entity, other than a foreign insurance company, identified by exclusion in section 109(b);** **(2) an individual, or to an individual and such individual's spouse, who have debts within the limits specified in section 109(e) and who are citizens of the United States or aliens lawfully admitted for permanent residence in the United States; or** **(3) an entity subject to a proceeding under the** <u>Securities Investor Protection Act of 1970</u>**, a stockbroker subject to subchapter III of** <u>chapter 7 of this title</u>**, or a commodity broker subject to subchapter IV of** <u>chapter 7 of this title</u>**.** **(d) The court may not grant relief under this chapter with respect to any deposit, escrow, trust fund, or other security required or permitted under any applicable State insurance law or regulation for the benefit of claim** | |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| | holders in the United States. | |
| | **SUBCHAPTER I—GENERAL PROVISIONS** | |
| ***Article 2. Definitions***<br>For the purposes of this Law: | 1502 | **Article 279.**<br> For the purposes of this title: |
| | | V.  Foreign Court shall mean the judicial or other authority which may be competent for the purposes of the control or monitoring of a Foreign Proceeding; and |
| | "<u>debtor</u>" means an entity that is the subject of a foreign proceeding; | |
| "Establishment" means any place of operations where the debtor carries out a non-transitory economic activity **with human means and goods or services.** | "<u>establishment</u>" means any place of operations where the <u>debtor</u> carries out a non-transitory economic activity; | VI.  Establishment shall mean any place of operations in which the Merchant carries out an economic activity in a non-transitory manner, with human means and goods or services. |
| "Foreign main proceeding" means a foreign proceeding taking place in the State where the debtor has the centre of its main interests; | "<u>foreign main proceeding</u>" means a foreign proceeding **pending** in the **country** where the <u>debtor</u> has the center of its main interests; | II.  Foreign Main Proceeding shall mean the Foreign Proceeding pursued in the State where the Merchant has its principal place of business. |
| "Foreign non-main proceeding" means a foreign proceeding, other than a foreign main proceeding, taking place in a State where the debtor has an establishment **within the meaning of subparagraph *(f)* of this article;** | "<u>foreign nonmain proceeding</u>" means a foreign proceeding, other than a <u>foreign main proceeding</u>, **pending** in a **country** where the <u>debtor</u> has an <u>establishment</u>; | III.  Foreign Non-Main Proceeding shall mean a foreign proceeding being pursued in a State where the Merchant has one of the establishments described in Section VI of this Article; |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| "Foreign representative" means a person or body, including one appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of the foreign proceeding; | | IV.      Foreign Representative shall mean such person or agency, even one appointed provisionally, that has been authorized in a Foreign Proceeding to handle the reorganization or liquidation of the Merchant's properties or businesses or to act as representative of the Foreign Proceeding; |
| "Foreign proceeding" means a collective judicial or administrative proceeding in a foreign State, including an interim proceeding, pursuant to a law relating to insolvency in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation; | | I.     Foreign Proceeding shall mean the collective proceeding, whether judicial or administrative, including any provisional proceeding, being processed in a foreign State pursuant to a law on the Merchant's business reorganization, bankruptcy or insolvency, pursuant to which the Merchant's properties and businesses are subject to the control or supervision of the Foreign Court, for the purposes of their reorganization or liquidation; |
| | "trustee" includes a trustee, a debtor in possession in a case under any chapter of this title, or a debtor under chapter 9 of this title; | |
| | "recognition" means the entry of an order granting recognition of a foreign main | |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| | proceeding or foreign nonmain proceeding under this chapter; and | |
| | "within the territorial jurisdiction of the United States", when used with reference to property of a debtor, refers to tangible property located within the territory of the United States and intangible property deemed under applicable nonbankruptcy law to be located within that territory, including any property subject to attachment or garnishment that may properly be seized or garnished by an action in a Federal or State court in the United States. | |
| *Article 3. International obligations of this State* To the extent that this Law conflicts with an obligation of this State arising out of any treaty or other form of agreement to which it is a party with one or more other States, the requirements of the treaty or agreement prevail. | 1503 To the extent that this chapter conflicts with an obligation of the United States arising out of any treaty or other form of agreement to which it is a party with one or more other **countries,** the requirements of the treaty or agreement prevail. | **Article 280.** The provisions of this Title shall apply if no other means is available in the international treaties to which Mexico may be a party, unless there is no **international reciprocity** |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| *Article 4.* [Competent court or authority]*a* The functions referred to in this Law relating to recognition of foreign proceedings and cooperation with foreign courts shall be performed by [specify the court, courts, authority or authorities competent to perform those functions in the enacting State]. | | **Article 281.** The functions referred to in this Law relating to recognition of Foreign Proceedings and cooperation with foreign courts shall be exercised pursuant to the provisions of this Act by the judge, the Institute or the Institute-appointed person. |
| | 1504 **A case under this chapter is commenced by the filing of a petition for recognition of a foreign proceeding under section 1515.** | |
| ***Article 5. Authorization of [insert the title of the person or body administering reorganization or liquidation under the law of the enacting State] to act in a foreign State*** A [*insert the title of the person or body administering a reorganization or liquidation under the law of the enacting State*] is authorized to act in a foreign State on behalf of a proceeding under [*identify laws of the enacting State* | 1505 A trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law. | **Article 282.** The inspector, the conciliator or the receiver are authorized to act in a foreign State on behalf of a proceeding which has been initiated in the Republic of Mexico pursuant to this Act, to the extent permitted by the applicable foreign law. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| *relating to insolvency*], as permitted by the applicable foreign law. | | |
| ***Article 6. Public policy exception*** Nothing in this Law prevents the court from refusing to take an action governed by this Law if the action would be manifestly contrary to the public policy of this State. | 1506 Nothing in this chapter prevents the court from refusing to take an action governed by this chapter if the action would be manifestly contrary to the public policy of the United States. | **Article 283.** Nothing provided in this Title may be construed as being contrary to the provisions of Titles I-XI and XIII of this Act, or otherwise contrary to the fundamental principles of law in effect in the Republic of Mexico. Therefore, the judge, the Institute, the inspector, the conciliator or the receiver, shall refuse to take any step that may be contrary to the provisions of such Titles or which might breach said principles. |
| ***Article 7. Additional assistance under other laws*** Nothing in this Law limits the power of a court or a [*insert the title of the person or body administering a reorganization or liquidation under the law of the enacting State*] to provide additional assistance to a foreign representative under other laws of this State. | 1507 (a) Subject to the specific limitations stated elsewhere in this chapter the court, if recognition is granted, may provide additional assistance to a foreign representative under this title or under other laws of the United States. (b) In determining whether to provide additional assistance | **Article 284.** Nothing provided in this Title will limit the power of the judge, the Institute, the inspector, the conciliator or the receiver to provide additional assistance to the Foreign Representative, under other laws in effect in Mexico. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| | under this title or under other laws of the United States, the court shall consider whether such additional assistance, consistent with the principles of comity, will reasonably assure— **(**1) just treatment of all holders of claims against or interests in the <u>debtor</u>'s property; (2) protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in such foreign proceeding; (3) prevention of preferential or fraudulent dispositions of property of the <u>debtor</u>; (4) distribution of proceeds of the <u>debtor</u>'s property substantially in accordance with the order prescribed by this title; and (5) if appropriate, the provision of an opportunity for a fresh start for the individual that such foreign proceeding concerns. | |
| ***Article 8. Interpretation.*** | **1508** In interpreting this chapter, the court | **Article 285.** In interpreting the provisions of this |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| In the interpretation of this Law, regard is to be had to its international origin and to the need to promote uniformity in its application and the observance of good faith. | shall consider its international origin, and the need to promote an application of this chapter that is consistent with the application of similar statutes adopted by foreign jurisdictions. | Title, regard is to be had to its international origin and to the need to promote uniformity in its application and the observance of good faith |
| *Chapter II*<br>*Access of foreign representatives and creditors to courts in this State* | | **Chapter II**<br>**Foreign Representatives' and Creditors' Access to Mexican Courts** |
| *Article 9. Right of direct access*<br>A foreign representative is entitled to apply directly to a court in this State. | 1509<br>(a) A foreign representative may commence a case under <u>section 1504</u> by filing directly with the court a petition for <u>recognition</u> of a foreign proceeding under section 1515.<br>(b) If the court grants <u>recognition</u> under section 1517, and subject to any limitations that the court may impose consistent with the policy of this chapter—<br>(1) the foreign representative has the capacity to sue and be sued in a court in the United States;<br>(2) the foreign representative may apply directly to a court in the United States for appropriate relief in that court; and | **Article 286.**<br>Subject to the provisions of this Act, any Foreign Representative shall be authorized to directly resort to the judge in the proceedings regulated by this Act. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
|  | (3) a court in the United States shall grant comity or cooperation to the foreign representative.<br>(c) A request for comity or cooperation by a foreign representative in a court in the United States other than the court which granted recognition shall be accompanied by a certified copy of an order granting recognition under section 1517.<br>(d) If the court denies recognition under this chapter, the court may issue any appropriate order necessary to prevent the foreign representative from obtaining comity or cooperation from courts in the United States.<br>(e) Whether or not the court grants recognition, and subject to sections 306 and 1510, a foreign representative is subject to applicable non-bankruptcy law.<br>(f) Notwithstanding any other provision of this section, the failure of a foreign representative to commence a case or to obtain recognition un |  |

| UNCITRAL | USA | MEXICO |
|---|---|---|
|  | der this chapter does not affect any right the foreign representative may have to sue in a court in the United States to collect or recover a claim which is the property of the debtor. |  |
| ***Article 10. Limited jurisdiction*** The sole fact that an application pursuant to this Law is made to a court in this State by a foreign representative does not subject the foreign representative **or the foreign assets and affairs of the debtor** to the jurisdiction of the courts of this State for any purpose other than the application. | **1510** The sole fact that **a foreign representative files a petition under section 1515** does not subject the foreign representative to the jurisdiction of any court in the United States for any other purpose. | **Article 287.** The fact that a Foreign Representative files an application with a court in the Republic of Mexico, pursuant to the provisions of this Title, does not imply submission of such Foreign Representative or of the Merchant's properties and businesses overseas, to the jurisdiction of the Mexican courts for purposes other than the purposes of the application. |
| *Article 11. Application by a foreign representative to commence a proceeding under* [identify laws of the enacting State relating to insolvency] A foreign representative is entitled to apply to commence a proceeding under [*identify laws of the enacting State relating to insolvency*] if the conditions for commencing such a | 1511  (a) Upon recognition, a foreign representative may commence— (1) an involuntary case under section 303; or (2) a voluntary case under section 301 or 302, if the foreign proceeding is a foreign main proceeding. (b) The petition commencing a case under subsection (a) must be accompanied | **Article 288.** Any Foreign Representative shall be empowered to request the commencement of a business reorganization pursuant to this Act, if the conditions for the commencement of such proceeding are otherwise complied with. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| proceeding are otherwise met. | by a certified copy of an order granting <u>recognition</u>. The court where the petition for <u>recognition</u> has been filed must be advised of the foreign representative's intent to commence a case under subsection (a) prior to such commencement. | |
| ***Article 12. Participation of a foreign representative in a proceeding under [identify laws of** the enacting State relating to insolvency]* Upon recognition of a foreign proceeding, the foreign representative is entitled to participate in a proceeding regarding the debtor under [*identify laws of the enacting State relating to insolvency*]. | 1512<br><br>Upon recognition of a foreign proceeding, the foreign representative in the recognized proceeding is entitled to participate **as a party in interest** in a case regarding the debtor under this title. | **Article 289.** Beginning with the recognition of a Foreign Proceeding, the Foreign Representative shall be entitled to participate in any business reorganization that may have been commenced pursuant to this Act. |
| ***Article 13. Access of foreign creditors to a proceeding under [identify laws of the enacting State relating to insolvency]*** 1. Subject to paragraph 2 of this article, foreign creditors have the same rights regarding | 1513<br><br>**(a)** Foreign creditors have the same rights regarding the commencement of, and participation in, a case under this title as domestic creditors. **(b) (1)** Subsection (a) does not change or | **Article 290.** Except for the provisions of the second paragraph, the Foreign Creditors shall have the same rights as concerns the commencement of a proceeding in this State and the participation in it pursuant to this Act.   The provisions of the first paragraph of this Article will not |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| the commencement of, and participation in, a proceeding under [*identify laws of the enacting State relating to insolvency*] as creditors in this State.<br>2. Paragraph 1 of this article does not affect the ranking of claims in a proceeding under [*identify* laws of the enacting State relating to insolvency], except that the claims of foreign creditors shall not be ranked lower than [identify the class of general non-preference claims, while providing that a foreign claim is to be ranked lower than the general non-preference claims if an equivalent local claim (e.g. claim for a penalty or deferred- payment claim) has a rank lower than the general non-preference claims]. | codify present law as to the priority of claims under section 507 or 726, except that the claim of a foreign creditor under those sections shall not be given a lower priority than that of general unsecured claims without priority solely because the holder of such claim is a foreign creditor.<br>(2) (A) Subsection (a) and paragraph (1) do not change or codify present law as to the allowability of foreign revenue claims or other foreign public law claims in a proceeding under this title.<br>(B) Allowance and priority as to a foreign tax claim or other foreign public law claim shall be governed by any applicable tax treaty of the United States, under the conditions and circumstances specified therein. | affect the order of preference of the credits in a business reorganization declared pursuant to this Act, except that the credits of foreign creditors will not be ranked below the regular creditors. |
| ***Article 14. Notification to foreign creditors of a proceeding under [identify laws of the enacting State relating to insolvency]*** | **1514**<br><br>(a) Whenever in a case under this title notice is to be given to creditors generally or to any class or category of creditors, such | **Article 291**.<br><br>Whenever pursuant to this Act some proceeding must be served on the creditors residing in the Republic of Mexico, the foreign creditors whose addresses are known and who are not domiciled inside the Mexican territory, must |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| 1. Whenever under [*identify laws of the enacting State relating to insolvency*] notification is to be given to creditors in this State, such notifi- cation shall also be given to the known creditors that do not have addresses in this State. The court may order that appropriate steps be taken with a view to notifying any creditor whose address is not yet known.<br>2. Such notification shall be made to the foreign creditors individually, unless the court considers that, under the circumstances, some other form of notification would be more appropriate. No letters rogatory or other, similar formality is required.<br>3. When a notification of commencement of a proceeding is to be given to foreign creditors, the notification shall:<br>*(a)* Indicate a reasonable time period for filing claims and specify the place for their filing; | notice shall also be given to the known creditors generally, or to creditors in the notified class or category, that do not have addresses in the United States. The court may order that appropriate steps be taken with a view to notifying any creditor whose address is not yet known.<br>**(b)** Such notification to creditors with foreign addresses described in subsection (a) shall be given individually, unless the court considers that, under the circumstances, some other form of notification would be more appropriate. No letter or other formality is required.<br>**(c)** When a notification of commencement of a case is to be given to foreign creditors, such notification shall—<br>**(1)** indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim;<br>**(2)** indicate whether secured creditors | also be notified. The judge must order that the pertinent legal steps be taken in order to notify all creditors, even those whose addresses are not known.<br>Such notice must be served on each foreign creditor separately, unless the judge believes that some other form of notification may be more adequate in the circumstances. No letters rogatory or any similar formality shall be necessary.<br>If foreign creditors must be notified of the commencement of a proceeding, the notification in addition must:<br>    I. Set a forty five-calendar-day term to file the credits and indicate the place where such filing must be made;<br>    II. State whether the creditors with secured credits must file such credits; and<br>    III. Include such other information as may be necessary for the notification pursuant to the Mexican laws and the judge's resolutions. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| *(b)* Indicate whether secured creditors need to file their secured claims; and *(c)* Contain any other information required to be included in such a notification to creditors pursuant to the law of this State and the orders of the court. | need to file proofs of claim; and **(3)** contain any other information required to be included in such notification to creditors under this title and the orders of the court. (d) Any rule of procedure or order of the court as to notice or the filing of a proof of claim shall provide such additional time to creditors with foreign addresses as is reasonable under the circumstances. | |
| **Chapter III Recognition of foreign proceeding and relief** | | **Chapter III Recognition of a Foreign Proceeding and Remedies that can be Granted** |
| *Article 15. Application for recognition of a foreign proceeding* 1. A foreign representative may apply to the court for recognition of the foreign proceeding in which the foreign representative has been appointed. 2. An application for recognition shall be accompanied by: *(a)* A certified copy of the decision commencing the foreign proceeding and appointing the foreign representative; or | 1515. **(a)** A foreign representative applies to the court for recognition of a foreign proceeding in which the foreign representative has been appointed by filing a petition for recognition. (b) A petition for recognition shall be accompanied by— **(1)** a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative. | **Article 292.** The Foreign Representative may request the judge to recognize the Foreign Proceeding in which he was appointed as such. All recognition applications must be filed together with: I. A copy certified by the foreign court of the resolution which declared commenced the Foreign Proceeding and whereby the Foreign Representative was appointed; II. A certificate issued by the Foreign Court that establishes the existence of the Foreign Proceeding and the appointment of the Foreign Representative; or |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| *(b)* A certificate from the foreign court affirming the existence of the foreign proceeding and of the appointment of the foreign representative; or | **(2)** a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or | III. In the absence of any evidence pursuant to Sections I and II, together with any other evidence admissible by the judge of the existence of the Foreign Proceeding and the appointment of the Foreign Representative. |
| *(c)* In the absence of evidence referred to in subparagraphs *(a)* and *(b)*, any other evidence acceptable to the court of the existence of the foreign proceeding and of the appointment of the foreign representative. | **(3)** in the absence of evidence referred to in paragraphs (1) and (2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative. | All recognition applications must be filed together with an affidavit that duly indicates the data of all Foreign Proceedings commenced in connection with the Merchant, or of which the Foreign Representative may be aware. |
| 3. An application for recognition shall also be accompanied by a statement identifying all foreign proceedings in respect of the debtor that are known to the foreign representative. | **(c)** A petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative. | The judge must demand that any documents filed in a language other than the Spanish language in support of a recognition application be accompanied with its translation into Spanish. |
| 4. The court may require a translation of documents supplied in sup-port of the application for recognition into an official language of this State. | (d) The documents referred to in paragraphs (1) and (2) of subsection (b) shall be translated into English. The court may require a translation into English of additional documents. | Likewise, the Merchant's address at which he must be summoned with the application must be stated. The proceeding will be processed as an ancillary proceeding between the Foreign Representative and the Merchant, with the participation, as proper, of the inspector, the conciliator or the receiver. |
| | | **Article 293.** Whenever the recognition of a Foreign Proceeding is applied for with respect of a Merchant having an establishment in Mexico, the provisions of |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| | | Chapter IV of Title First of this Act must be observed, including the provisions regarding the ordering of the preventive remedies.<br><br>The judgment to which Article 43 of this Act refers will contain, in addition, the declaration that the Foreign Proceeding or Proceedings involved are recognized.<br><br>The business reorganization will be governed by the provisions of this Act. |
| | | **Article 294.**<br>If the Merchant does not have an establishment in the Republic, the proceeding will be followed between the Foreign Representative and the Merchant.<br><br>The proceeding will be processed following the provisions set by Title Tenth of this Act in connection with ancillary proceedings. The person applying for the recognition must indicate the Merchant's service of process purposes. |
| ***Article 16. Presumptions concerning recognition***<br>1. If the decision or certificate referred to in paragraph 2 of article 15 indicates that the foreign proceeding is a proceeding within the meaning of subparagraph *(a)* of article 2 and that the foreign representative is a | 1516<br>**(a)** If the decision or certificate referred to in section 1515(b) indicates that the foreign proceeding is a foreign proceeding and that the person or body is a foreign representative, the court is entitled to so presume.<br>**(b)** The court is entitled to presume that documents | **Article 295.**<br>If the resolution or the certificate to which Article 292 of this Act refers, states that the Foreign Proceeding is a proceeding of those listed in Article 279, Section I, of this Act, and that the Foreign Representative is a person or a body pursuant to Article 279, Section IV, of this Act, the judge shall presume such situations.<br>The judge shall be authorized to presume that any documents submitted to him in support of a |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| person or body within the meaning of subparagraph *(d)* of article 2, the court is entitled to so presume. 2. The court is entitled to presume that documents submitted in support of the application for recognition are authentic, whether or not they have been legalized. 3. In the absence of proof to the contrary, the debtor's registered office, or habitual residence in the case of an individual, is presumed to be the centre of the debtor's main interests. | submitted in support of the petition for <u>recognition</u> are authentic, whether or not they have been legalized. **(c)** In the absence of evidence to the contrary, the <u>debtor</u>'s registered office, or habitual residence in the case of an individual, is presumed to be the center of the <u>debtor</u>'s main interests. | recognition application are genuine, whether or not they are legalized. Unless otherwise proven, it shall be presumed that the Merchant's corporate domicile or usual residence, in the case of a natural person, is his main place of business. |
| *Article 17. Decision to recognize a foreign proceeding* 1. Subject to article 6, a foreign proceeding shall be recognized if: *(a)* The foreign proceeding is a proceeding within the meaning of subparagraph *(a)* of article 2; *(b)* The foreign representative applying for recognition is a person or body **within the meaning of** | 1517 **(a)** Subject to section 1506, **after notice and a hearing**, an order recognizing a foreign proceeding shall be entered if— **(1)** such foreign proceeding **for which <u>recognition</u> is sought is a <u>foreign main proceeding</u> or <u>foreign nonmain proceeding</u> within the meaning of section 1502;** **(2)** the foreign representative applying | **Article 296.** Except for the provisions of Article 281 of this Act, the recognition of a Foreign Proceeding will be granted if: I. The Foreign Proceeding is a proceeding in the terms of Article 279, Section I, of this Act; II. The Foreign Representative that applies for the recognition is a person or a body in the terms of Article 279, Section IV; III. The application meets the requirements of Articles 292, 293 and 294 of this Act, as the case may be, and IV. The application was filed with the competent court. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| **subparagraph *(d)* of article 2;** *(c)* The application meets the requirements of paragraph 2 of article 15; and *(d)* **The application has been submitted to the court referred to in article 4.** 2. The foreign proceeding shall be recognized: *(a)* As a foreign main proceeding if it is taking place in the State where the debtor has the centre of its main interests; or *(b)* As a foreign non-main proceeding if the debtor has an establishment within the meaning of subparagraph *(f)* of article 2 in the foreign State. <br><br>3. An application for recognition of a foreign proceeding shall be decided upon at the earliest possible time. <br><br>4. The provisions of articles 15, 16, 17 and 18 do not prevent modification or termination of recognition if it is shown that the grounds for granting it were fully or | for recognition is a person or body; and **(3)** the **petition** meets the requirements of section 1515. <br><br>**(b)** Such foreign proceeding shall be recognized— **(1)** as a foreign main proceeding if it is **pending** in the **country** where the debtor has the center of its main interests; or **(2)** as a foreign nonmain proceeding if the debtor has an establishment with in the meaning of section 1502 in the foreign country where the proceeding is pending. <br><br>**(c)** A **petition** for recognition of a foreign proceeding shall be decided upon at the earliest possible time. **Entry of an order recognizing a foreign proceeding constitutes recogniti on under this chapter.** **(d)** The provisions of this subchapter do not prevent modification or termination of recognition if it is shown that the | The Foreign Proceeding will be recognized: I. As the Principal Foreign Proceeding if it is being processed in the State where the Merchant has his principal place of business; or II. As the Non-Principal Foreign Proceeding, if the Merchant has an establishment in the terms of Article 279, Section VI, of this Act, in the territory of the State of the foreign venue. *Points 3 and 4 are not included in Mexican statute.* |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| partially lacking or have ceased to exist. | grounds for granting it were fully or partially lacking or have ceased to exist, **but in considering such action the court shall give due weight to possible prejudice to parties that have relied upon the order granting recognition. A case under this chapter may be closed in the manner prescribed under section 350.** | |
| *Article 18. Subsequent information* From the time of filing the application for recognition of the foreign proceeding, the foreign representative shall inform the court promptly of: *(a)* Any substantial change in the status of the recognized foreign proceeding or the status of the foreign representative's appointment; and *(b)* Any other foreign proceeding regarding the same debtor that becomes known to the foreign representative. | 1518 From the time of filing the petition for recognition of a foreign proceeding, the foreign representative shall **file with** the court **promptly a notice of change of status concerning— (1)** any substantial change in the status of such foreign proceeding or the status of the foreign representative's appointment; and **(2)** any other foreign proceeding regarding the debtor that becomes known to the foreign representative. | **Article 297.** Beginning the moment that a Foreign Proceeding recognition application is filed, the Foreign Representative will forthwith advise the judge: I. Of any major change in the status of the recognized Foreign Proceeding or in the appointment of the Foreign Representative; and II. Of any other Foreign Proceeding which is being pursued in connection with the same Merchant and which the Foreign Representative may be aware. |
| *Article 19. Relief that may be granted upon application for* | 1519 | **Article 298.** |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| ***recognition of a foreign proceeding*** | | |
| 1. From the time of filing an application for recognition until the application is decided upon, the court may, at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests of the creditors, grant relief of a provisional nature, including: | (a) From the time of filing a petition for <u>recognition</u> until the court rules on the petition, the court may, at the request of the foreign representative, where relief is urgently needed to protect the assets of the <u>debtor</u> or the interests of the creditors, grant relief of a provisional nature, including— | From the filing of a recognition application to the moment that said application is resolved, the judge may, upon request of the inspector, the conciliator or the receiver, who shall act on behalf of the Foreign Representative and whenever such measures may be necessary and urgent to protect the Merchant's properties or the interests of the creditors, grant preventive remedies, such as |
| *(a)* Staying execution against the debtor's assets; | (1) staying execution against the <u>debtor</u>'s assets; | I. To suspend any execution action against the Merchant's properties; |
| *(b)* Entrusting the administration or realization of all or part of the debtor's assets located in this State to the foreign representative or another person designated by the court, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; | (2) entrusting the administration or realization of all or part of the <u>debtor</u>'s assets located in the United States to the foreign representative or another person authorized by the court, including an examiner, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and | II. That the person appointed by the Institute may appoint the administrator or manager of all or a part of the Merchant's properties located in the Mexican territory, in order to protect and preserve the value of any goods which, due to their nature or concomitant circumstances, may be perishable, subject to depreciation or otherwise threatened, and said appointee may be the Foreign Representative; and |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| *(c)* Any relief mentioned in paragraph 1 *(c)*, *(d)* and *(g)* of article 21. 2. [*Insert provisions (or refer to provisions in force in the enacting State) relating to notice.*] | **(3)** any relief referred to in paragraph (3), (4), or (7) of section 1521(a). | III. To apply any of the remedies provided for in Article 300, first paragraph, Sections III, IV and VI, of this Act. In order to adopt the preventive remedies to which this Article refers, the provisions of this Act regarding preventive remedies must be observed where proper. |
| 3. Unless extended under paragraph 1 *(f)* of article 21, the relief granted under this article terminates when the application for recognition is decided upon. | **(b)** Unless extended under section 1521(a)(6), the relief granted under this section terminates when the petition for <u>recognition</u> is **granted** | Unless extended pursuant to Article 300, first paragraph, Section V, of this Act, the remedies granted pursuant to this Article shall have no effects upon a resolution being issued in connection with the recognition application. |
| 4. The court may refuse to grant relief under this article if such relief would interfere with the administration of a foreign main proceeding. | **(c) It is a ground for denial** of relief under this section that such relief would interfere with the administration of a <u>foreign main proceeding</u>. | The judge may refuse any remedy provided for in this Article if such remedy may affect the pursuit of a Principal Foreign Proceeding. |
| | **(d) The court may not enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding, under this section.** **(e) The standards, procedures, and limitations applicable to an injunction shall apply to relief under this section.** **(f) The exercise of rights not subject to the stay arising under <u>section</u>** | If the Merchant has an establishment in the Republic of Mexico, it must demand the recognition of the involved Foreign Proceeding in order to request the remedies to which this Article refers. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| | **362(a) pursuant to paragraph (6), (7), (17), or (27) of section 362(b) or pursuant to section 362(o) shall not be stayed by any order of a court or administrative agency in any proceeding under this chapter.** | |
| ***Article 20. Effects of recognition of a foreign main proceeding*** <br> 1. Upon recognition of a foreign proceeding that is a foreign main proceeding, <br> *(a)* Commencement or continuation of individual actions or individual proceedings concerning the debtor's assets, rights, obligations or liabilities is stayed; <br> *(b)* Execution against the debtor's assets is stayed; and <br> *(c)* The right to transfer, encumber or otherwise dispose of any assets of the debtor is suspended. <br> 2. The scope, and the modification or termination, of the stay and suspension referred to in | ***§ 1520. Effects of recognition of a foreign main proceeding*** <br> **(a)** Upon recognition of a foreign proceeding that is a foreign main proceeding— <br> **(1)** sections 361 and 362 apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States; <br> **(2)** sections 363, 549, and 552 apply to a transfer of an interest of the debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate; <br> **(3)** unless the court orders otherwise, the foreign representative may operate the debtor's | Article 299. <br> Beginning the recognition of a Principal Foreign Proceeding: <br> I. Any enforcement action against the Debtor's properties will be suspended; and <br> II. Any right to transfer or encumber the Debtor's assets, as well as to dispose of those assets in any other way, will be stayed. <br> The scope, modification and extinction of the paralyzing and suspension effects to which the first paragraph of this Article refers shall be subject to the provisions of Chapter I of Title Third of this Act, regarding the suspension of any enforcement proceedings |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| paragraph 1 of this article are subject to *[refer to any provisions of law of the enacting State relating to insolvency that apply to exceptions, limitations, modifications or termination in respect of the stay and suspension referred to in paragraph 1 of this article]*.<br><br>3. Paragraph 1 *(a)* of this article does not affect the right to commence individual actions or proceedings to the extent necessary to preserve a claim against the debtor.<br>4. Paragraph 1 of this article does not affect the right to request the commencement of a proceeding under *[identify laws of the enacting State relating to insolvency]* or the right to file claims in such a proceeding. | business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552; and<br>**(4)** section 552 applies to property of the debtor that is within the territorial jurisdiction of the United States.<br><br>**(b)** Subsection (a) does not affect the right to commence an individual action or proceeding in a foreign country to the extent necessary to preserve a claim against the debtor.<br>**(c)** Subsection (a) does not affect the right of a foreign representative or an entity to file a petition commencing a case under this title or the right of any party to file claims or take other proper actions in such a case. | throughout the conciliation period.<br>*(paragraphs 3 and 4 are omited)* |
| 1. Upon recognition of a foreign proceeding that is a foreign main proceeding: | **(a)** Upon <u>recognition</u> of a foreign proceeding that is a <u>foreign main proceeding</u>— | Beginning the recognition of a Principal Foreign Proceeding: |
| *(a)* Commencement or continuation of individual actions or individual proceedings | **(1)** sections 361 and 362 apply with respect to the <u>debtor</u> and the property of | I. Any enforcement action against the Merchant's properties will be suspended; and |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| concerning the debtor's assets, rights, obligations or liabilities is stayed;<br>*(b)* Execution against the debtor's assets is stayed; and | the debtor that is within the territorial jurisdiction of the United States; | |
| *(c)* The right to transfer, encumber or otherwise dispose of any assets of the debtor is suspended. | (2) sections 363, 549, and 552 apply to a transfer of an interest of the debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate; | II. The right to transfer or encumber the Merchant's properties and to dispose otherwise of such properties will be suspended. |
| | (2) sections 363, 549, and 552 apply to a transfer of an interest of the debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate; | |
| 2. The scope, and the modification or termination, of the stay and suspension referred to in paragraph 1 of this article are subject to [*refer to any provisions of law of the enacting State relating to* | | The scope, modification and extinction of the paralyzing and suspension effects to which the first paragraph of this Article refers shall be subject to the provisions of Chapter I of Title Third of this Act, regarding the suspension of any enforcement proceedings throughout the conciliation period |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| *insolvency that apply to exceptions, limitations, modifications or termination in respect of the stay and suspension referred to in paragraph1 of this article*]. | | |
| | (3) unless the court orders otherwise, the foreign representative may operate the debtor's business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552; and<br>(4) section 552 applies to property of the debtor that is within the territorial jurisdiction of the United States | |
| 3. Paragraph 1 *(a)* of this article does not affect the right to commence individual actions or proceedings to the extent necessary to preserve a claim against the debtor. | (b) Subsection (a) does not affect the right to commence an individual action or proceeding in a foreign country to the extent necessary to preserve a claim against the debtor. | |
| 4. Paragraph 1 of this article does not affect the right to request the commencement of a proceeding under [*identify laws of the enacting State relating to* | (c) Subsection (a) does not affect the right of a foreign representative or an entity to file a petition commencing a case under this title or the right of any party to file claims | |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| *insolvency*] or the right to file claims in such a proceeding. | or take other proper actions in such a case. | |
| *Article 21. Relief that may be granted upon recognition of a foreign proceeding* | 1521 | **Article 300.** |
| 1. Upon recognition of a foreign proceeding, whether main or nonmain, where necessary to protect the assets of the debtor or the interests of the creditors, the court may, at the request of the foreign representative, grant any appropriate relief, including: | **(a)** Upon <u>recognition</u> of a foreign proceeding, whether main or nonmain, where necessary to **effectuate the purpose of this chapter and t**o protect the assets of the <u>debtor </u>or the interests of the creditors, the court may, at the request of the foreign representative, grant any appropriate relief, including— | From the recognition of a Foreign Proceeding, if necessary to protect the Merchant's properties or the creditors' interests, the Foreign Representative may urge the inspector, the conciliator or the receiver, to request any proper remedy to the judge, including the following remedies: |
| *(a)* Staying the commencement or continuation of individual actions or individual proceedings concerning the debtor's assets, rights, obligations or liabilities, to the extent they have not been stayed under paragraph 1 *(a)* of article 20; | **(1)** staying the commencement or continuation of an individual action or proceeding concerning the <u>debtor</u>'s assets, rights, obligations or liabilities to the extent they have not been stayed under section 1520(a); | |
| b) Staying execution against the debtor's assets to the extent it has not been stayed under paragraph 1 *(b)* of article 20; | **(2)** staying execution against the <u>debtor</u>'s assets to the extent it has not been stayed under section 1520(a); | I. To suspend all enforcement actions against the Merchant's properties, to the extent that they have not been paralyzed pursuant to Article 298, first paragraph, Section I, of this Act; |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| *(c)* Suspending the right to transfer, encumber or otherwise dispose of any assets of the debtor to the extent this right has not been suspended under paragraph 1 *(c)* of article 20; | **(3)** suspending the right to transfer, encumber or otherwise dispose of any assets of the debtor to the extent this right has not been suspended under section 1520(a); | II. To suspend the exercise of the right to transfer or encumber the Merchant's properties, and to otherwise dispose of such properties, to the extent that said right has not been suspended pursuant to Article 299; |
| *(d)* Providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities; | **(4)** providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities; | III. To provide for the production of evidence or the supply of information regarding the Merchant's properties, businesses, rights, obligations or liabilities; |
| *(e)* Entrusting the administration or realization of all or part of the debtor's assets located in this State to the foreign representative or another person designated by the court; | **(5)** entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative or another person, including an examiner, authorized by the court; | IV. To entrust the Foreign Representative, the inspector, the conciliator or the receiver with the management or sale of all or a part of the Merchant's properties located in the national territory; |
| *(f)* Extending relief granted under paragraph 1 of article 19; | **(6)** extending relief granted under section 1519(a); and | V. To extend any provisional remedy granted in the terms of Article 298, first paragraph, of this Act; and |
| *(g)* Granting any additional relief that may be available to [*insert the title of a person or body administering a reorganization or* | **(7)** granting any additional relief that may be available to a **trustee**, **except for relief available under sections 522,** | VI. To grant any other remedy which, pursuant to Mexican legislation, may be granted to the inspector, the conciliator or the receiver. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| *liquidation under the law of the enacting State*] under the laws of this State | **544, 545, 547, 548, 550, and 724(a).** | |
| 2. Upon recognition of a foreign proceeding, whether main or nonmain, the court may, at the request of the foreign representative, entrust the distribution of all or part of the debtor's assets located in this State to the foreign representative or another person designated by the court, provided that the court is satisfied that the interests of creditors in this State are adequately protected. | **(b)** Upon <u>recognition</u> of a foreign proceeding, whether main or nonmain, the court may, at the request of the foreign representative, entrust the distribution of all or part of the <u>debtor's</u> assets located in the United States to the foreign representative or another person, **including an examiner,** authorized by the court, provided that the court is satisfied that the interests of creditors in the United States are sufficiently protected. | Upon the recognition of a Foreign Proceeding, the Foreign Representative may urge the inspector, the conciliator or the receiver to entrust to the Foreign Representative or any other person appointed by the Institute, the distribution of all or a part of the Merchant's properties located in the national territory, provided that the judge makes sure that the interests of the creditors domiciled in Mexico are sufficiently protected. |
| 3. In granting relief under this article to a representative of a foreign non-main proceeding, the court must be satisfied that the relief relates to assets that, under the law of this State, should be administered in the foreign non-main proceeding or concerns information required in that proceeding. | **(c)** In granting relief under this section to a representative of a <u>foreign nonmain proceeding</u>, the court must be satisfied that the relief relates to assets that, under the law of the United States, should be administered in the <u>foreign nonmain proceeding</u> or concerns information | Upon granting the remedies provided for in this Article to the representative of a Non-Principal Foreign Proceeding, the judge must make sure that the remedies thus granted refer to properties which, pursuant to the laws of Mexico, must be managed within the framework of the Non-Principal Foreign Proceeding or refer to information required under said Non-Principal Foreign Proceeding. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| | required in that proceeding. | |
| | **(d) The court may not enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding, under this section.** | |
| . | **(e) The standards, procedures, and limitations applicable to an injunction shall apply to relief under paragraphs (1), (2), (3), and (6) of subsection (a).** | |
| | **(f) The exercise of rights not subject to the stay arising under <u>section 362(a)</u> pursuant to paragraph (6), (7), (17), or (27) of section 362(b) or pursuant to section 362(o) shall not be stayed by any order of a court or administrative agency in any proceeding under this chapter.** | |
| | | |
| | | |
| ***Article 22. Protection of creditors and other interested persons*** | 1522 | **Article 301** |
| 1. In granting or denying relief under article 19 or 21, or in modifying or terminating relief under paragraph 3 of this article, the court must be | **(a)** The court may grant relief under section 1519 or 1521, or may modify or terminate relief under subsection (c), **only** if the interests of the creditors and | Upon granting or refusing a remedy pursuant to Article 298 or 300 of this Act or upon modifying or rendering said remedy without effect based on the third paragraph of this Article, the judge must make sure that the |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| satisfied that the interests of the creditors and other interested persons, including the debtor, are adequately protected. | other interested entities, including the debtor, are **sufficiently** protected. | interests of the creditors and of other interested persons, including the Merchant, are duly protected. |
| 2. The court may subject relief granted under article 19 or 21 to conditions it considers appropriate. | **(b)** The court may subject relief granted under section 1519 or 1521, **or the operation of the debtor's business under section 1520(a)(3),** to conditions it considers appropriate, **including the giving of security or the filing of a bond.** | The judge may condition any remedy granted pursuant to Article 298 or 300 of this Act to such conditions as he may deem advisable. |
| 3. The court may, at the request of the foreign representative or a person affected by relief granted under article 19 or 21, or at its own motion, modify or terminate such relief. | **(c)** The court may, at the request of the foreign representative or an entity affected by relief granted under section 1519 or 1521, or at its own motion, modify or terminate such relief. | Upon urging of the Foreign Representative or of any person affected by some remedy granted pursuant to said Article 298 or 300, or by operation of law, the judge may modify the remedy or render the same without effect. The processing shall be made through ancillary proceedings and with a hearing with the inspector, the conciliator or the receiver, if any. |
| | (d) Section 1104(d) shall apply to the appointment of an examiner under this chapter. Any examiner shall comply with the qualification requirements imposed on a trustee by section 322. | |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| ***Article 23. Actions to avoid acts detrimental to creditors*** 1. Upon recognition of a foreign proceeding, the foreign representative has standing to initiate [*refer to the types of actions to avoid or otherwise render ineffective acts detrimental to creditors that are available in this State to a person or body administering a reorganization or liquidation*]. 2. When the foreign proceeding is a foreign non-main proceeding, the court must be satisfied that the action relates to assets that, under the law of this State, should be administered in the foreign non-main proceeding. | **1523** **(a)** Upon <u>recognition</u> of a foreign proceeding, the foreign representative has standing in a case concerning the <u>debtor</u> pending under another chapter of this title to initiate actions under sections 522, 544, 545, 547, 548, 550, 553, and 724(a). **(b)** When a foreign proceeding is a <u>foreign nonmain proceeding</u>, the court must be satisfied that an **action under subsection (a)** relates to assets that, under United States law, should be administered in the <u>foreign nonmain proceeding</u>. | **Article 302.** Upon the recognition of a Foreign Proceeding, the Foreign Representative shall be empowered to ask the inspector, conciliator or receiver to start any action to recover the properties of the Estate and to declare void any fraudulent acts against creditors to which Chapter VI of Title Third and Articles 192 and 193 of this Act refer. |
| ***Article 24. Intervention by a foreign representative in proceedings in this State*** Upon recognition of a foreign proceeding, the foreign representative may, provided the requirements of the law of this State are met, intervene in any | **1524** Upon <u>recognition</u> of a foreign proceeding, the foreign representative may int**ervene in any proceedings in a State or Federal court in the United States** in which the <u>debtor</u> is a party. | **Article 303.** Upon the recognition of a Foreign Proceeding, the Foreign Representative may be authorized to participate in the proceedings to which Article 83 and 84 of this Act refer. |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| proceedings in which the debtor is a party. | | |
| **Chapter IV Cooperation with foreign courts and foreign representatives** | | **Chapter IV Cooperation with Foreign Courts and Representatives** |
| ***Article 25. Cooperation and direct communication between a court of this State and foreign courts or foreign representatives*** | 1525 | **Article 304.** |
| 1. In matters referred to in article 1, the court shall cooperate to the maximum extent possible with foreign courts or foreign representatives, either directly or through a [*insert the title of a person or body administer- ing a reorganization or liquidation under the law of the enacting State*]. | **(a) Consistent with section 1501,** the court shall cooperate to the maximum extent possible with a <u>foreign court</u> or a foreign representative, either directly or through **the trustee.** | In any of the matters listed in Article 278 of this Act, the judge, the inspector, the conciliator or the receiver must cooperate, in performing their duties and to the extent possible, with foreign courts and representatives. |
| 2. The court is entitled to communicate directly with, or to request information or assistance directly from, foreign courts or foreign representatives. | **(b)** The court is entitled to communicate directly with, or to request information or assistance directly from, a <u>foreign court</u> or a foreign representative, **subject to the rights of a party in interest to notice and participation.** | The judge, the inspector, the conciliator or the receiver shall be empowered, in performing their duties, to get directly in touch with Foreign Courts or Representatives, without letters rogatory or other formalities being necessary. |
| ***Article 26. Cooperation and*** | 1526 | **Article 304.** |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| ***direct communication between the* [insert the title of a person or body administering a reorganization or liquidation under the law of the enacting State]** *and foreign courts or foreign representatives* 1.   In matters referred to in article 1, a [*insert the title of a person or body administering a reorganization or liquidation under the law of the enacting State*] shall, in the exercise of its functions and subject to the supervision of the court, cooperate to the maximum extent possible with foreign courts or foreign representatives. 2.   The [*insert the title of a person or body administering a reorganization or liquidation under the law of the enacting State*] is entitled, in exercise of its functions and subject to the supervision of the court, to communicate directly with foreign courts or foreign representatives. | **(a)**   Consistent with section 1501, the <u>trustee</u> or other person, including an examiner, authorized by the court, shall, subject to the supervision of the court, cooperate to the maximum extent possible with a <u>foreign court</u> or a foreign representative. **(b)**   The <u>trustee</u> or other person, including an examiner, authorized by the court is entitled, subject to the supervision of the court, to communicate directly with a <u>foreign court</u> or a foreign representative. | In any of the matters listed in Article 278 of this Act, the judge, the inspector, the conciliator or the receiver must cooperate, in performing their duties and to the extent possible, with foreign courts and representatives. The judge, the inspector, the conciliator or the receiver shall be empowered, in performing their duties, to get directly in touch with Foreign Courts or Representatives, without letters rogatory or other formalities being necessary. |
| ***Article 27.  Forms of cooperation*** Cooperation referred to in articles 25 and | **1527** Cooperation referred to in sections 1525 and 152 | **Article 305.** The cooperation to which Article 304 of this Act refers may be provided by |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| 26 may be implemented by any appropriate means, including:<br>*(a)* Appointment of a person or body to act at the direction of the court;<br>*(b)* Communication of information by any means considered appropriate by the court;<br>*(c)* Coordination of the administration and supervision of the debtor's assets and affairs;<br>*(d)* Approval or implementation **by courts** of agreements concerning the coordination of proceedings;<br>*(e)* Coordination of concurrent proceedings regarding the same debtor;<br>*(f)* [*The enacting State may wish to list additional forms or examples of cooperation*]. | 6 may be implemented by any appropriate means, including—<br>**(1)** appointment of a person or body, **including an examiner**, to act at the direction of the court;<br>**(2)** communication of information by any means considered appropriate by the court;<br>**(3)** coordination of the administration and supervision of the debtor's assets and affairs;<br>**(4)** approval or implementation of agreements concerning the coordination of proceedings; and<br>**(5)** coordination of concurrent proceedings regarding the same debtor. | any proper means, and especially by means of:<br>    I.  The appointment of some person or body to act under the directions of the judge, the inspector, the conciliator or the receiver;<br>    II.  The disclosure of information by any means that the judge, the inspector, the conciliator or the receiver may deem proper;<br>    III.  The coordination of the management and monitoring of the Merchant's properties and businesses;<br>    IV.  The approval or the application, by the courts, of agreement regarding the coordination of the proceedings; and<br>    V.  The coordination of the proceedings which are being concurrently pursued in connection with the same Merchant. |
| **Chapter V**<br>**Concurrent proceedings** | | **Chapter V**<br>**Parallel Proceedings** |
| *Article        28.*<br>*Commencement  of  a*<br>*proceeding      under*<br>**[identify laws of the**<br>**enacting      State**<br>**relating         to**<br>**insolvency]**  *after*<br>*recognition*<br>*of   a   foreign   main*<br>*proceeding*<br>After recognition of a foreign main | 1528<br>After recognition of a foreign main proceeding, a case under another chapter of this title may be commenced only if the debtor has assets in the United States. The effects of such case shall be restricted to the | **Article 306.**<br>The effects of the recognition of a Principal Foreign Proceeding and the declaration of a foreign Merchant in business reorganization, with respect of the establishment located in the Republic of Mexico and the effects of a Principal Foreign Proceeding, with respect of a Merchant that only has properties within |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| proceeding, a proceeding under [*identify laws of the enacting State relating to insolvency*] may be commenced only if the debtor has assets in this State; the effects of that proceeding shall be restricted to the assets of the debtor that are located in this State and, to the extent necessary to implement cooperation and coordination under articles 25, 26 and 27, to other assets of the debtor that, under the law of this State, should be administered in that proceeding. | assets of the debtor that are within the territorial jurisdiction of the United States and, to the extent necessary to implement cooperation and coordination under sections 1525, 1526, and 1527, to other assets of the debtor that are within the jurisdiction of the court under sections 541(a) of this title, and 1334(e) of title 28, to the extent that such other assets are not subject to the jurisdiction **and control of a foreign proceeding that has been recognized under this chapter.** | the Republic of Mexico, shall be restricted to the Merchant's establishment located in the Republic and, to the extent required in order to provide the cooperation and coordination referred to in Articles 304 and 305 of this Act, to any other of the Merchant's properties which, pursuant to the laws of Mexico, must be administered in this proceeding. |
| ***Article 29. Coordination of a proceeding under [identify laws of the enacting State relating to insolvency] and a foreign proceeding*** Where a foreign proceeding and a proceeding under [*identify laws of the enacting State relating to insolvency*] are taking place concurrently regarding the same debtor, the court shall seek | **1529** If a foreign proceeding and a case under another chapter of this title are pending concurrently regarding the same debtor, the court shall seek cooperation and coordination under sections 1525, 1526, and 1527, and the following shall apply: **(1)** If the case in the United States is pending at the time the petition | **Article 307.** If a Foreign Proceeding and a proceeding pursuant to this Act are being processed concurrently and in connection with the same Merchant, the judge will try to collaborate and coordinate his activities with those related to the other proceeding, pursuant to the provisions of Articles 304 and 305 of this Act, as follows: |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| cooperation and coordination under articles 25, 26 and 27, and the following shall apply: *(a)* When the proceeding in this State is taking place at the time the application for recognition of the foreign proceeding is filed, (i) Any relief granted under article 19 or 21 must be consistent with the proceeding in this State; and (ii) If the foreign proceeding is recognized in this State as a foreign main proceeding, article 20 does not apply; *(b)* When the proceeding in this State commences after recognition, or after the filing of the application for recognition, of the foreign proceeding, (i) Any relief in effect under article 19 or 21 shall be reviewed by the court and shall be modified or terminated if inconsistent with the proceeding in this State; and (ii) If the foreign proceeding is a foreign main | for <u>recognition</u> of such foreign proceeding is filed— (A) any relief granted under section <u>1519</u> or <u>1521</u> must be consistent with the relief granted in the case in the United States; and (B) <u>section 1520</u> does not apply even if such foreign proceeding is recognized as <u>a foreign main proceeding.</u> (2) If a case in the United States under this title commences after <u>recognition</u>, or after the date of the filing of the petition for <u>recognition</u>, of such foreign proceeding— (A) any relief in effect under section <u>1519</u> or <u>1521</u> shall be reviewed by the court and shall be modified or terminated if inconsistent with the case in the United States; and (B) if such foreign proceeding is a <u>foreign main proceeding</u>, the stay and suspension referred to in <u>section 1520(a)</u> shall be modified or | I. If the proceeding being processed in Mexico is pending when the Foreign Proceeding recognition application is filed: a) Any remedy granted pursuant to Article 298 or 300 must be compatible with the proceeding being pursued in Mexico; and b) If the Foreign Proceeding is recognized in Mexico as the Principal Foreign Proceeding, Article 306 of this Act shall not apply; II. If the proceeding being pursued in Mexico is commenced after the recognition, or after the application for recognition of the Foreign Proceeding: a) Any remedy that may be in effect pursuant to said Article 298 or 300 shall be reexamined by the judge and either modified or revoked, if incompatible with the proceeding in Mexico; and b) If the Foreign Proceeding was recognized as the Principal Foreign Proceeding, the paralyzing or suspension effects to |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| proceeding, the stay and suspension referred to in paragraph 1 of article 20 shall be modified or terminated pursuant to paragraph 2 of article 20 if inconsistent with the proceeding in this State;<br>(*c*) In granting, extending or modifying relief granted to a representative of a foreign nonmain proceeding, the court must be satisfied that the relief relates to assets that, under the law of this State, should be administered in the foreign nonmain proceeding or concerns information required in that proceeding. | terminated if inconsistent with the relief granted in the case in the United States.<br>**(3)** In granting, extending, or modifying relief granted to a representative of a foreign nonmain proceeding, the court must be satisfied that the relief relates to assets that, under the laws of the United States, should be administered in the foreign nonmain proceeding or concerns information required in that proceeding.<br>**(**4) In achieving cooperation and coordination under sections 1528 and 1529, the court may grant any of the relief authorized under section 305. | which Article 298, first paragraph, of this Act refers, will be either modified or revoked pursuant to the provisions of Article 298, second paragraph, if incompatible with the proceeding being pursued in Mexico; and<br>III. Upon granting, extending or modifying a remedy granted to the representative of a Non-Principal Foreign Proceeding, the judge must make sure that said remedy affects properties which, pursuant to the laws of Mexico, must be administered in the Non-Principal Foreign Proceeding, or refers to information required for such proceeding. |
| ***Article 30. Coordination of more than one foreign proceeding***<br>In matters referred to in article 1, in respect of more than one foreign proceeding regarding the same debtor, the court shall seek cooperation and coordination under articles 25, 26 and | **1530**<br>In matters referred to in section 1501, with respect to more than 1 foreign proceeding regarding the debtor, the court shall seek cooperation and coordination under sections 1525, 1526, and 1527, and the following shall apply: | **Article 308.**<br>In the events contemplated in Article 298, if more than one Foreign Proceeding is being pursued in connection with the same Merchant, the judge will try that cooperation and coordination be provided pursuant to Articles 304 and 305 of this Act, and the |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| 27, and the following shall apply:<br>*(a)* Any relief granted under article 19 or 21 to a representative of a foreign non-main proceeding after recognition of a foreign main proceeding must be consistent with the foreign main proceeding;<br>*(b)* If a foreign main proceeding is recognized after recognition, or after the filing of an application for recognition, of a foreign non-main proceeding, any relief in effect under article 19 or 21 shall be reviewed by the court and shall be modified or terminated if inconsistent with the foreign main proceeding;<br>*(c)* If, after recognition of a foreign non-main proceeding, another foreign non-main proceeding is recognized, the court shall grant, modify or terminate relief for the purpose of facilitating coordination of the proceedings. | **(1)** Any relief granted under section 1519 or 1521 to a representative of a foreign nonmain proceeding after recognition of a foreign main proceeding must be consistent with the foreign main proceeding.<br>**(2)** If a foreign main proceeding is recognized after recognition, or after the filing of a petition for recognition, of a foreign nonmain proceeding, any relief in effect under section 1519 or 1521 shall be reviewed by the court and shall be modified or terminated if inconsistent with the foreign main proceeding.<br>**(3)** If, after recognition of a foreign nonmain proceeding, another foreign nonmain proceeding is recognized, the court shall grant, modify, or terminate relief for the purpose of facilitating coordination of the proceedings. | following rules shall apply:<br>I. Any remedy granted pursuant to said Article 298 or 300 to the representative of a Non-Principal Foreign Proceeding, once a Principal Foreign Proceeding has been recognized, must be compatible with the latter;<br>II. When a Principal Foreign Proceeding is recognized after the recognition or after the filing of an application for recognition of a Non-Principal Foreign Proceeding, any remedy in effect pursuant to said Article 298 or 300 must be reexamined by the judge and modified or rendered without effects if incompatible with the Principal Foreign Proceeding; and<br>III. If, once a Non-Principal Foreign Proceeding has been recognized, another Non-Principal Foreign Proceeding is recognized, the judge must grant, modify or render without effects any remedy that may be ordered to facilitate the |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| | | coordination of the proceedings. |
| **Article 31. Presumption of insolvency based on recognition of a foreign main proceeding** In the absence of evidence to the contrary, recognition of a foreign main proceeding is, for the purpose of commencing a proceeding under [*identify laws of the enacting State relating to insolvency*], proof that the debtor is insolvent. | 1531 In the absence of evidence to the contrary, recognition of a foreign main proceeding is, for the purpose of commencing a proceeding under section 303, proof that the debtor is generally not paying its debts as such debts become due. | Article 309. Unless otherwise proven, the recognition of a Principal Foreign Proceeding shall presume that the Merchant has generally defaulted his obligations for the purposes of the commencement of the proceeding pursuant to this Act. |
| **Article 32. Rule of payment in concurrent proceedings** Without prejudice to secured claims or rights in rem, a creditor who has received part payment in respect of its claim in a proceeding pursuant to a law relating to insolvency in a foreign State may not receive a payment for the same claim in a proceeding under [identify laws of the enacting State relating to insolvency] regarding the same debtor, so long as the payment to the other creditors of the same class is | 1532 Without prejudice to secured claims or rights in rem, a creditor who has received payment with respect to its claim in a foreign proceeding pursuant to a law relating to insolvency may not receive a payment for the same claim in a case under any other chapter of this title regarding the debtor, so long as the payment to other creditors of the same class is proportionately less than the payment the creditor has already received. | **Article 310.** Without prejudice of the rights of the holders of credits having a special privilege, a collateral or rights in rem, a creditor that received a partial collection with respect of his credit in a proceeding being pursued in a foreign State, pursuant to an insolvency statute, may not receive a new dividend for the same credit in an insolvency proceeding being pursued under this Act in connection with the same Merchant, to the extent that the |

| UNCITRAL | USA | MEXICO |
|---|---|---|
| proportionately less than the payment the creditor has already received. | | dividend received by the other creditors of the same rank are proportionally lower than the collection received by the creditor. |