# EXHIBIT A

## Certified Translation of *Declaración de José Ramón Cossío Díaz Para Sustentar a La Petición Conforme al Capitulo 15 y La Solicitud Para Desestimar*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.,<br><br>Debtor in a Foreign Proceeding. | Chapter 15 / Chapter 11<br><br>Case No. 22-10630 (JTD)<br>Case No. 22-10696 (JTD) |

**DECLARATION OF JOSÉ RAMÓN COSSÍO DÍAZ
IN SUPPORT OF THE VERIFIED PETITION AND MOTION TO DISMISS**

I, José Ramón Cossío Díaz, hereby declare pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, that the following is true and correct to the best of my knowledge, information and belief:

**I.    Curriculum Vitae**

1. I was born in Mexico City, in 1960. I studied Law at Universidad de Colima. Thereafter, I have a Masters in Constitutional Law and Political Science at Centro de Estudios Constitucionales de Madrid and a doctorate at the Law Faculty of the Universidad Complutense de Madrid. I obtained a Master's Degree from the Law Faculty of the Universidad Nacional Autónoma de México.

2. While I studying law, I worked as paralegal in a well-known law firm in Colima City. In 1983, I started working as professor giving classes at different academic institutions, especially at the Instituto Tecnológico Autónomo de México, where I served as Head of the Law Department from 1995 to 2003.

3. I acted as Magistrate of the Supreme Court of Justice of Mexico from December 1st, 2003 to November 30, 2018. I was assigned to the First Chamber, which was competent to hear and rule on civil, commercial and criminal matters. As Magistrate, I had

1

the opportunity to analyze and rule on a wide variety of cases, due to the broad jurisdiction of the Mexican Supreme Court, such as cases regarding human rights, crimes, contracts, administrative-law liabilities or corruption.

4. Currently, I am an associate professor-researcher at El Colegio de México, manage the Instituto para el Fortalecimiento del Estado de Derecho, A.C. (IFED) and preside at the Instituto Mexicano de la Mediación (IMM), association which gathers the most important law firms in Mexico. Additionally, I am counselor for several non-profit organizations and Grupo Financiero Citi-Banamex and Banco Nacional de México.

5. My professional training has been divided between teaching, researching, and public service. My research major is constitutional law, although I have also carried out research in other legal fields. I have directed the dissertation of students of several Mexican and foreign universities to obtain their Bachelor, Masters and Doctorate degrees. I have given several talks, courses, seminars, lectures, and speeches in different universities in Mexico and abroad.

6. I am member of several academic, scientific and professional institutions, including but not limited to: the Sistema Nacional de Investigadores as National Researcher Level III, Academia Mexicana de Ciencias, American Law Institute, Barra Mexicana-Colegio de Abogados, Academia Mexicana de Derecho Internacional, Academia Nacional de Medicina, El Colegio Nacional, Sociedad Mexicana de Salud Pública, Consejo Académico de la Cátedra de Estudios Jurídicos Iberoamericanos of Universidad Carlos III de Madrid and Editorial Tirant Lo Blanch of the Instituto Mexicano de la Mediación and Academia Mexicana de la Historia.

7. I have coordinated 13 books, compiled, 8 and written, 32. I have been awarded several prizes and recognitions, among which stand out: 1998 National Prize of Research, in

Social Sciences; 2009 National Prize of Arts and Sciences, in History, Social Sciences and Philosophy; 2010 and 2017 National Prize of Communication José Pagés Llergo; 2011 National Malinalli Prize to Promote Arts, Human Rights and Cultural Diversity and 2019 National Prize of Jurisprudence. I have also received 8 honorary doctorates from several Mexican universities.

## II.    Purpose of the Opinion

8.     Based on the legal experience accumulated over thirty-eight years in the legal field, I proceed to answer the questions that were presented to me by counsel to Crédito Real, S.A.B. de C.V., SOFOM, E.N.R., ("**Crédito Real**"), White & Case, LLP.  I reviewed and grounded my answers on the: *Verified Petition for Recognition of Foreign Main Proceeding* [ECF No. 2] (the "**Verified Petition**") filed by Robert Wagstaff (the "**Foreign Representative**"); *Declaration Of Juan Pablo Estrada Michel Pursuant To 28 U.S.C. § 1746* [Case No. 22-10630 (JTD), ECF No. 3]; the *Supplemental Declaration Of Juan Pablo Estrada Michel* [Case No. 22-10630 (JTD), Docket No. 43]; the *Objection Of The Ad Hoc Group To The (I) Verified Petition For Recognition Of Foreign Main Proceeding And (II) Motion Of Crédito Real To Dismiss The Involuntary Chapter 11 Petition* [Case No. 22-10696 (JTD), ECF No. 55] (the "**AHG Obj**."); the *Declaration of Alejandro Sainz in Support of the Objection of the Ad Hoc Group to the (I) Verified Petition for Recognition of Foreign Main Proceeding and (II) Motion of the Putative Debtor to Dismiss the Involuntary Chapter 11 Petition* [Case No. 22-10696 (JTD), ECF No. 56]; the *Declaration of Jorge Villen in Support of the Objection of the Ad Hoc Group to the (I) Verified Petition for Recognition of Foreign Main Proceeding and (II) Motion of the Putative Debtor to Dismiss the Involuntary Chapter 11 Petition* [Case No. 22-10696 (JTD), ECF No. 57]; the *Declaration of Luis Manuel Camp Méjan Carrer* [Case No. 22-10696 (JTD), ECF No. 58]; the *Supplemental Declaration of*

3

*Kenneth Monaghan on Behalf of Institutional Multiple Investment Fund, LLC* [Case no. 22-10696 (JTD), ECF No. 59], as provided to me and the provisions of the *Constitución Política de los Estados Unidos Mexicanos* (the "**Mexican Constitution**"), the *Ley General de Sociedades Mercantiles* (the "**Mexican Corporations Law**"), *Ley de Concursos Mercantiles* (the "**Mexican Bankruptcy Law**"), *Código Civil Federal* (the "**Mexican Federal Civil Code**"), *Código de Comercio* (the "**Mexican Commercial Code**"), as well as jurisprudence of Mexican courts and Mexican scholars.

**III.    Legal Elements Necessary to Resolve Submitted Questions**

9. The constitutional grounds of Mexican corporations are provided in Article 9 of the Mexican Constitution, which sets forth that the right to associate or gather peacefully for any legal purpose cannot be restricted, preserving two fundamental rights such as the right of assembly (*derecho de reunión*) and the right of association (*derecho de asociación*). The right of association consists of a permanent congregation and its effects produce the creation of a legal entity (*persona moral*).

10. Originally, the Mexican Commercial Code contained provisions that ruled Mexican corporations, but due to the development of economy through years and the transformation of society, it became necessary to further regulate Mexican corporations. The Mexican Commercial Code still provides the guidelines for commercial activities applicable to Mexican corporations.

11. On August 4, 1943, the Mexican Corporations Law was published to replace Chapter 1, Second Title of the Mexican Commercial Code (*Capítulo I, Título Segundo del Código de Comercio*). It regulates the incorporation and creation of Mexican corporations, the liabilities arising from the partners' agreement and the structure of a company and its dissolution and liquidation. The Mexican Corporations Law is part of Mexico's Federal

4

commercial legislation.

12.  The Mexican Federal Civil Code applies to supplement laws generally applicable to corporate entities.

13.  On May 12, 2000, the LCM was published to replace the Mexican Bankruptcy and Reorganization Law (*Ley de Quiebras y de Suspensión de Pagos*). Its main purpose is to provide a legal framework to maximize the value of a company in crisis through its conservation, protecting the employment of its human elements, avoiding the negative economic consequences on society of losing a business that provides goods and services, recovering the entrepreneurial effort that said company represented to its owners, and in case the company was not viable to provide regulations that allowed preserving the economic value of the company or of the assets and rights that comprised it through a procedure that maximized the proceeds of the alienation and gave equitable treatment to the merchant and his creditors. It was amended in 2007, 2014, 2019 and more recently in 2020. The LCM is part of the Federal commercial legislation of Mexico. Thus, the LCM does not supersede the Mexican Corporations Law and both statutes co-exist together.

14.  Once the legal framework governing the case giving rise to this query, I proceed to answer the specific questions made to me.

**IV.   Answer to the questions made.**

1.  *Does the LGSM govern the dissolution and liquidation of any legal entity incorporated under the Mexican laws?*

15.  Yes. First, it is necessary to point out, as previously stated, that the LGSM was enacted in 1943 and sets forth the general provisions applicable to any business corporation, including, without limitation, those related to their incorporation, dissolution and liquidation. Thus, its Chapters X and XI, specifically, provide for the events of dissolution and liquidation

of legal entities. Particularly, Articles 229 to 233 provide for the events of dissolution of legal entities and Articles 234 to 249 Bis 1, the liquidation procedure for any type of legal entities.

16.  The law does not distinguish the type of company that can be liquidated through the LGSM, thus it is understood that any type of company can be dissolved and liquidated under the LGSM.

 2. *May the company's creditors appear in the liquidation procedure?*

17.  Yes, they may. It is true that the company's dissolution may cause its liquidation if the partners fail to reach an agreement that eliminates the basis for dissolution. However, in the event of a liquidation, this would cause the company to enter a stage where the partners and third parties' interests would be duly protected.

18.  In this regard, it is important to turn to contents of Article 232, third and fourth paragraphs, of the LGSM, which provide that any interested party – also understood as a creditor - may appear before the judicial authority to enforce its rights. In this regard, it is necessary to highlight that, even though the Articles of the LGSM referring to dissolution and liquidation of companies do not mention the creditors, the provisions of the Mexican Federal Code of Civil Procedure supplement the LGSM. Specifically Article 1 which provides that a "anyone having an interest in the judicial authority declaring or creating a right or ordering a condemnation and anyone having an interest to the contrary may intervene in a judicial procedure."

19.  The foregoing implies that, even though the LGSM does not expressly mention the creditors, the creditors always have a clear right to participate or appear in the relevant procedure to enforce their rights.



3. *Is Article 229 of the LGSM a valid standard in full force and effect?*

20. Yes it is, since it is a standard enacted by the competent legislative body and met all the relevant legislative process. Moreover, it has not been amended nor repealed by the ordinary lawmaker itself nor declared as null and void by any competent jurisdictional body.

4. *Is the LCM the sole ordinance regulating the liquidation of a company?*

21. No, it is not. As previously mentioned, Chapter XI of the LGSM governs the liquidation of business corporations.

5. *Is the liquidation procedure equal to the bankruptcy stage in a commercial bankruptcy?*

22. In a certain manner, yes it is.

23. Both Article 3 of the LCM and Article 242 of the LGSM allow for the sale of the debtor company's assets to be used to pay such company's debts.

6. *Is the liquidator appointed in a liquidation procedure subject to supervision?*

24. Yes, he is. The Federal Judiciary Branch has sustained that once the company has been dissolved and the liquidator, appointed, the liquidator will be accountable for the actions which the liquidator exceeded the limits of his assignment.[1]

7. *Regarding liquidation of a company, does the LCM replace the LGSM or do both laws coexist?*

25. Both laws coexist. In the Mexican legal order, a regulation is in full force and effect until it is expressly repealed or abrogated by the ordinary lawmaker. Regarding the LGSM, even though it is true such law was enacted before the LCM, the Executive Order enacting the LCM, published on May 12, 2000, does not provide abrogation of the LGSM,

---

[1] **BUSINESS CORPORATIONS. THEIR LEGAL CAPACITY SUBSISTS AFTER THEIR DISSOLUTION AND DURING THEIR LIQUIDATION**. Court Precedent: 3a. CXIII/91. Fuente: Federal Judiciary Weekly Bulletin. Volume VII, Eighth Epoch, June 1991, digital record: 206971.

nor the repeal of any of its precepts. This means that the two laws coexist in the Mexican legal system.

26.  More specifically, upon enactment of the LCM after the LGSM, the LCM only abrogated the Bankruptcy and Reorganization Law, as it can be read in the Second Transitory Article, which provides as follows:

> SECOND. - The Bankruptcy and Reorganization Law published in the Federal Official Gazette on April 20, 1943, is repealed, and all the other legal provisions that oppose what is set forth in this Law are repealed or amended.

27.  The LCM was amended by means of executive orders published in the Federal Official Gazette dated December 17, 2007, without including any amendment or adjustment to the differentiation of dissolution and bankruptcy. On January 10, 2014 a set of financial provisions were also materially modified, without including business corporations in general but to those business corporations related to the financial sector. On August 9, 2019 and May 11, 2022, the LCM was modified again without making any adjustment to differentiate or take in the two procedures previously mentioned. The foregoing contemplates that the lawmaker did not have the intention to subsume the dissolution-liquidation procedure provided in the LGSM in the business bankruptcy provided in the LCM.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]



I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 14, 2022
Mexico City, Mexico

[signature]

JOSÉ RAMÓN COSSÍO DÍAZ
jrcossoid@gmail.com

*******************************************************************************

I, MARÍA ELENA CRUCES RAMÍREZ, Expert Translator authorized to act before the Organs of the Federal Judicial Branch as per ruling published in the Federal Official Gazette on DECEMBER 15, 2021, and under registration number P. 049-2018, HEREBY CERTIFIES THAT, this document, contained in 9 (nine) pages, is a true and correct translation from Spanish into English of the document in Spanish submitted to me.

*María Elena Cruces Ramírez*

*Mexico City, September 14, 2022.*

*******************************************************************************

