**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 / Chapter 11 |
| Crédito Real, S.A.B. de C.V., SOFOM, E.N.R., | Case No. 22-10630 (JTD)<br>Case No. 22-10696 (JTD) |
| Putative Debtor. | |

**DECLARATION OF DANIEL ALEJANDRO DÍAZ ALVAREZ IN SUPPORT OF
OBJECTION OF THE AD HOC GROUP TO THE (I) VERIFIED PETITION FOR
RECOGNITION OF FOREIGN MAIN PROCEEDING AND (II) MOTION OF THE
PUTATIVE DEBTOR TO DISMISS THE INVOLUNTARY CHAPTER 11 PETITION**

I, Daniel Alejandro Díaz Alvarez, declare as follows:

1.      I am an attorney duly admitted to practice law in Mexico. I am one of the founding partners of Sainz Abogados, S.C. ("**Sainz Abogados**" or the "**Firm**"), located at Boulevard Manuel Ávila Camacho 24, Floor 21, Lomas de Chapultepec 11000, Mexico City, Mexico.  I am the head of the Firm's Administrative and Commercial Litigation Practice Group and a member of the Firm's Restructuring and Insolvency Practice Group.

2.      For over 20 years, I have advised and represented clients in cross-border insolvency and restructuring disputes and litigations as well as shareholders' conflicts.  I also have broad experience in the purchase and sale of assets in special situations and distress, *amparo* lawsuits and arbitration proceedings before international courts.

3.      I hold a *Licenciado en Derecho* degree (J.D. equivalent) from the Escuela Libre de Derecho in Mexico City and an LL.M. from Georgetown University Law Center.  In addition, I am a former professor of law at the Escuela Libre de Derecho.

4.      Except as otherwise indicated, all statements set forth in this Declaration are based upon my personal knowledge; my review of the docket in the above-captioned case (the "**Chapter 11 Proceeding**"), relevant documents, information provided to me by members of the Firm's

restructuring team working under my supervision, and publicly available information; and/or my opinion based upon my legal experience, knowledge, applicable Mexican law, and the facts described herein. If called upon to testify, I would testify competently to the statements set forth herein.

5.      This Declaration comprises matters that reflect my view of Mexican law and statements of fact. My statements regarding Mexican law represent my view of the law as an attorney admitted and authorized to practice law in Mexico.

6.      I am fluent in English and make this Declaration without the aid of a translator.

## I.      Background on Mexican Appellate Procedure

7.      Pursuant to article 1337 of the Mexican Commerce Code any party in interest that is affected by a trial court judgment may seek to challenge such judgment through an appeal recourse in a Mexican Appellate Court for civil matters. If the trial court issuing the judgment finds that the admissibility requirements of the appeal are met pursuant to the provisions under the Mexican Commerce Code and Mexican procedural law, it will admit and submit such appeal to the Mexican Appellate Court.

8.      The appeal is normally filed before the same trial court that conducted the proceeding and, if admitted, will be resolved by the Mexican Appellate Court.[1] Once an appeal is filed, the trial court will determine if it was filed timely and will admit the appeal that will be reviewed by the Mexican Appellate Court.

9.      Article 1338 of the Mexican Commerce Code provides that appeals may be admitted by trial courts, in their  sole discretion, in one of two ways: (1) an appeal with "devolutive" effect (*efecto devolutivo*), or (2) an appeal with suspensive effect (*efecto suspensivo*

---

[1] This is different than a reconsideration motion, which is resolved by the same court issuing the challenged resolution.

or *ambos efectos*).[2]  Such admission and its effects will be reviewed by the Mexican Appellate

Court, which will confirm the effects of the admission of the appeal.

10.     If an appeal is admitted in devolutive effect, the Mexican Appellate Court assumes

jurisdiction to rule on the merits of the case, but the trial court keeps jurisdiction to enforce the

judgement, if its nature allows it ("**Devolutive Effect**").

11.     If an appeal is admitted in suspensive effect, the contested judgement is stayed, and

therefore cannot be enforced ("**Suspensive Effect**").[3]  Under the Suspensive Effect, the contested

judgement cannot be enforced, and the proceeding is suspended until there is a final ruling. The

proceedings before the trial court are suspended, and the trial court will not be able to enforce its

ruling until a final decision is made on the merits of the appeal.

12.     Once an appeal is filed, the trial court will issue a resolution deciding on the

admission of the appeal and the effect of such admission as explained above—*i.e.*, either a

Devolutive Effect or Suspensive Effect.

13.     Once the appeal is conveyed to the Mexican Appellate Court by the trial court, and

upon review of the appeal admissibility requirements, the Mexican Appellate Court will confirm

or modify the trial court's decision on admission, and will determine whether the appeal shall have

a Devolutive Effect or Suspensive Effect pending a final decision on the appeal.

**II.     The Mexican Liquidation Proceeding Is Stayed by Order of the Mexican Trial
Court**

14.     On August 12, 2022, Jesus Nava Moreno ("**Mr. Moreno**"), one of the Putative

Debtor´s shareholders, appealed the Mexican Liquidation Order (the "**Moreno Appeal**") and

---

[2] Article 1338 of the Mexican Commerce Code: "Appeals may be admitted in devolutive and suspensive effect . . . ."

[3] Article 1345 bis 4 of the Mexican Commerce Code: "The appeal admitted in both effects evidently suspends the enforcement of the judgment, until a final ruling is issued. Whenever it is filed against a judicial ruling or interlocutory judgement that in its content prevent the continuation of the proceeding and when the appeal is admitted in both effects, it will suspend the proceeding . . . ."

expressly requested that the appeal be admitted in Suspensive Effect by the 52nd State Court of Mexico City (the "**Mexican Trial Court**").  As set forth in Mr. Moreno's submission to the Mexican Trial Court (the "**Moreno Brief**"), the Moreno Appeal expressly requested a stay of the Mexican Liquidation Order as (i) Mr. Moreno had not been given the opportunity to be heard in the Mexican Liquidation Proceeding; (ii) the Mexican Trial Court did not grant any party in interest the opportunity to appear and/or submit expert evidence against the alleged cause for dissolution raised by Mr. Romanos in the Mexican Petition (*i.e.*, the loss of more than two-thirds of Crédito Real, S.A.B. de C.V., SOFOM, E.N.R. capital); and (iii) pursuant to the Mexican Commercial Code, a shareholders' meeting should have taken place prior to the Putative Debtor's dissolution and the commencement of a liquidation proceeding.[4]

15.     On that same date, August 12, 2022, Mr. Romanos requested that the Mexican Trial Court (i) declare the Mexican Liquidation Order as a final, non-appealable ruling; (ii) order the registration of the Mexican Liquidation Order in the Mexican Commercial Registry; and (iii) order the registration of Mr. Fernando Florida´s appointment as the definitive liquidator ("**Final Order Request**").[5]

16.     On August 17, 2022, the Mexican Trial Court issued a ruling (i) admitting the Moreno Appeal in its capacity as shareholder of the Putative Debtor since it was filed on a timely manner; (ii) granting a Suspensive Effect regarding the Mexican Liquidation Order, pending a final decision on the Moreno Appeal (the "**Moreno Appeal Provisional Order**"), and (iii)

---

[4] The Putative Debtor filed a purported certified translation of the Moreno Brief at Docket No. 54-1.

[5] A true and correct copy of Mr. Romanos's Final Order Request is attached hereto as **Exhibit A**.  The Petitioning Creditors will provide a certified translation of this document as soon as practicable.

granting six days to the parties of the Mexican Liquidation Proceeding to reply to the Moreno Appeal.[6]

17.    The legal effect of the suspension granted in the Moreno Appeal Provisional Order is to prevent the liquidator and the parties to the Mexican Liquidation Proceeding from proceeding with any enforcement of the Mexican Liquidation Order.  Thus, the liquidation or any act in connection with the Mexican Liquidation Proceeding and the enforcement of such judgment is suspended/stayed pending a final decision on the merits of the appeal from the Mexican Appellate Court presiding over the Moreno Appeal (the "**Third Civil Appellate Court**").

18.    To confirm the foregoing, on August 17, 2022, the Mexican Trial Court denied the Final Order Request filed by Mr. Romanos due to the suspension granted in the Moreno Appeal Provisional Order, which stayed the Mexican Liquidation Proceeding.[7]

19.    Contrary to what the Putative Debtor and its representatives have stated in Mr. Estrada's Supplemental Declaration and in the "Relevant Event" dated August 18, 2022, published in the Mexican Stock Exchange,[8] the Moreno Appeal Provisional Order operates to suspend/stay the Mexican Liquidation Order and the Mexican Liquidation Proceeding itself.  The suspension granted prevents the enforcement of the Mexican Liquidation Order and the Mexican Liquidation Proceeding until final resolution of the merits of the appeal.

---

[6] A true and correct copy of the Moreno Appeal Provisional Order is attached hereto as **Exhibit B**.  The Petitioning Creditors will provide a certified translation of this document as soon as practicable.

[7] A true and correct copy of the August 17 order denying the Final Order Request is attached hereto as **Exhibit C**. The Petitioning Creditors will provide a certified translation of this document as soon as practicable.

[8] See *Eventos releventes de Emisoras*, Grupo BMV (Aug. 18, 2022) ("**Mexico City, August 18, 2022. Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.** ("Crédito Real" or the "Company"), informs that today a resolution issued by the judicial authority was published allowing an appeal against the ruling of July 13, 2022, which declared the dissolution and final liquidation of Crédito Real. The aforementioned does not affect in any way the liquidation process of the Company."), *available at* https://www.bmv.com.mx/docs-pub/visor/visorXbrl.html?docins=../eventemi/eventemi_1213819_1.zip#/visorXbrl.

20.     Contrary to the misleading assertions of the Putative Debtor, the Mexican Trial Court has clearly issued and confirmed a stay, which has the immediate effect of suspending the authority of the liquidator to take any action in furtherance of the Mexican Liquidation Order and which is subject to appeal.

### III.    Mr. Romanos's Actions Indicate Awareness of the Mexican Liquidation Proceeding's Suspension

21.     On August 24, 2022, Mr. Romanos, filed a reconsideration motion (the "**Reconsideration Motion**") in the Mexican Trial Court against the admission of the Moreno Appeal and the Moreno Appeal Provisional Order.  In the Reconsideration Motion, Mr. Romanos argued that (i) Mr. Moreno lacked standing to file an appeal; and (ii) the Moreno Appeal Provisional Order is against public policy and therefore unlawful.[9]  It appears that Mr. Romanos filed the Reconsideration Motion in light of the Suspensive Effect of the admitted Moreno Appeal. Therefore, the Reconsideration Motion confirms once more the effects of the Moreno Appeal Provisional Order and the stay of the Mexican Liquidation Proceeding.

22.     On August 31, 2022, the Mexican Trial Court acknowledged receipt of the Reconsideration Motion filed but stated that no ruling on such motion would be made until a final decision on the merits of the Moreno Appeal is reached.[10]  Again, the Mexican Trial Court noted that the appeal was admitted "*en ambos efectos*"—in both effects.

### IV.    The Mexican Appellate Court Has Confirmed the Stay of the Mexican Liquidation Proceeding

23.     On September 8, 2022, (notified on September 9 through the Judicial Bulletin), the Third Civil Appellate Court issued an order ("**Appellate Court Stay Confirmation Order**")

---

[9] The Petitioning Creditors will provide a true and correct copy of the Reconsideration Motion when it becomes available, as well as a certified translation of the same.

[10] A true and correct copy of the August 31, 2022 order acknowledging the Reconsideration Motion is attached hereto as **Exhibit D**.  The Petitioning Creditors will provide a certified translation of this document as soon as practicable.

corroborating the stay imposed by the Moreno Appeal, as it confirmed (i) the admission of the Moreno Appeal with Suspensive Effect and (ii) the Moreno Appeal Provisional Order.[11]  Thus, pursuant to the Appellate Court Stay Confirmation Order, the suspension of the Mexican Liquidation Order and the Mexican Liquidation Proceeding will remain in place until the Moreno Appeal is resolved on the merits.  In my experience, such appeals typically take between two to four months for the Mexican Appellate Court to resolve.

24.     On September 12, 2022, the Putative Debtor published a "Relevant Event" in the Mexican Stock Exchange, containing the liquidator´s first report (the "**Liquidator's First Report**") on the activities carried out from the date of his appointment through August 31, 2022. In such report, in numeral 4, "Judicial Processes," the liquidator selectively and misleadingly describes the current pending legal proceedings, and fails entirely to disclose that the Third Civil Appellate Court had expressly confirmed the Moreno Appeal Provisional Order published on September 8, 2022.[12]

25.     The convenient omission of any reference to the Moreno Appeal Provisional Order was likewise replicated in the Third Declaration of Mr. Juan Pablo Estrada Michel and the Declaration of Mr. José Ramón Cossío Diaz.  The Moreno Appeal Provisional Order and the Mexican Liquidation Proceeding is stayed both by operation of law[13] and by the ruling issued by

---

[11] The Petitioning Creditors will provide a true and correct copy of the Appellate Court Stay Confirmation Order when it becomes available, as well as a certified translation of the same.

[12] The Putative Debtor filed a purported certified translation of the Liquidator's First Report at Docket No. 57-1.

> **4. Judicial Processes**.  An insignificant group of bond holders . . . challenged via an *Amparo* lawsuit the resolution that recognized dissolution and ordered liquidation of the Company, such *Amparo* is pending final decision. Additionally, a minority group of shareholders appealed the resolution that recognized dissolution and ordered liquidation of the Company, which is pending to be decided by the corresponding civil chamber of the Superior Court of Justice of Mexico City.

Liquidator's First Report ¶ 4 [ECF No. 57-1].

[13] *See* Article 1345 bis 4 of the Mexican Commerce Code, *supra* n.3.

the Third Civil Appellate Court. Thus, the Liquidator presently lacks any authority to take any action in connection with the Mexican Liquidation Order, including instructing a foreign representative (or any other representative) from taking any action on his behalf in furtherance of the Liquidation.

26. On September 15, 2022, six days after the Appellate Court Stay Confirmation Order was noticed to the Putative Debtor, the Putative Debtor published a "Relevant Event" in the Mexican Stock Exchange disclosing that the Moreno Appeal was admitted and subject to review/study by the Third Civil Appellate Court.[14] Surprisingly, again, no mention was made whatsoever of the Appellate Court Stay Confirmation Order. Instead, and again misleadingly, there was nothing more than a description of the rest of the resolutions issued during the judicial process that were described as still being in force.

## V. The Monex *Amparo* Proceeding

27. Pursuant to applicable Mexican law, an interested party that has not been legally summoned or served in a proceeding has the constitutional remedy (*amparo*) to challenge a proceeding on due process grounds. If such *amparo* is granted, then the challenged proceeding will be invalidated in its entirety, and the trial court will be ordered to commence a new proceeding.

28. As this Court is aware, since the Mexican Liquidation Proceeding did not provide formal notice to any other shareholder of the Putative Debtor or any of its creditors, Banco Monex, Sociedad Anónima, Institución de Banca Múltiple, Monex Grupo Financiero ("**Monex**"), filed an

---

[14] *Eventos relevantes de Emisoras*, Grupo BMV (Sept. 15, 2022) ("**Mexico City, September 15, 2022. Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.** ("Crédito Real" or the "Company"), informs that certain court of appeals of Mexico City's Superior Tribunal of Justice confirmed the allowance of the appeal filed by certain shareholder against the definitive resolution issued within the commercial proceeding by which the judicial declaration of dissolution and liquidation of Crédito Real was claimed. Such appeal is still being reviewed. The rest of the resolutions issued during the judicial process are still effective."), *available at* https://www.bmv.com.mx/docs-pub/visor/visorXbrl.html?docins=../eventemi/eventemi_1219881_1.zip#/visorXbrl.

*amparo* lawsuit to contest the dissolution and liquidation process under the General Law of Business Organizations (*Ley General de Sociedades Mercantiles*) ("**GLBO**") based on the failure of the Mexican Liquidation Proceeding to comply with constitutional due process requirements. The Monex *amparo* seeks a declaration that the Mexican Liquidation Proceeding is void and an order from the Mexican Court to reinstate the proceeding and give proper notice to creditors to provide the opportunity to reply to the lawsuit and use any remedies available within the proceeding, if required.

29.     Whereas the Monex *amparo* seeks to declare void the challenged resolution and obtain an order to reinstate the Mexican Liquidation Proceeding, the Moreno Appeal is a remedy that seeks to challenge the validity of the Mexican Liquidation Order.

30.     Monex is not a party to the Moreno Appeal.  Moreover, Monex, unlike Mr. Moreno, decided to file an *amparo* on due process grounds.  The apparent logic behind the action of Monex's choice is that it seeks the *amparo* court to declare void the liquidation proceeding and to require that any liquidation be commenced again, but this time with proper notice to the creditors.

## VI.     Conclusion

31.     It is my professional opinion based on applicable Mexican law that the enforcement of the Mexican Liquidation Order and the Mexican Liquidation Proceeding has been suspended due to orders issued by the Mexican Trial Court and Mexican Appellate Court in the Moreno Appeal.  As a result, the final appointment and authority of the Mexican Liquidator is stayed, and therefore, neither he nor the Foreign Representative may act on behalf of the Putative Debtor whatsoever until a final judgement is entered in the Moreno Appeal.

32.     I am further of the opinion that the Putative Debtor's Mexican law advisors are aware or should be aware of the stay, given the plain text of the above-discussed orders and the

cited law therein.  This opinion is further supported by the actions of Mr. Romanos, who, being aware of the implications of the Moreno Appeal Provisional Order, has challenged such stay.

* * *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of September, 2022
in Mexico City, Mexico

*/s/ Daniel Alejandro Díaz Alvarez*
Daniel Alejandro Díaz Alvarez
**SAINZ ABOGADOS, S.C.**
Manuel Ávila Camacho 24, Floor 21,
Lomas de Chapultepec 11000, Mexico City,
Mexico