# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.,<br><br>Putative Debtor. | Chapter 15 / Chapter 11<br><br>Case No. 22-10630 (JTD)<br>Case No. 22-10696 (JTD) |

**SECOND DECLARATION OF DANIEL ALEJANDRO DÍAZ ALVAREZ IN SUPPORT OF OBJECTION OF THE AD HOC GROUP TO THE (I) VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING AND (II) MOTION OF THE PUTATIVE DEBTOR TO DISMISS THE INVOLUNTARY CHAPTER 11 PETITION**

I, Daniel Alejandro Díaz Alvarez, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge, information and belief:

1. I submit this Declaration ("**Second Declaration**") to supplement the Declaration I previously provided on September 17, 2022, ("**Initial Declaration**")[1] and to provide an update on the most recent developments and events that have occurred in connection with the dissolution and liquidation proceeding of Crédito Real, S.A.B. de C.V., SOFOM, E.N.R (the "**Putative Debtor**").

### I. The Mexican Appellate Court has denied the Reconsideration Motions and reaffirmed the stay of the Mexican Liquidation Proceeding

2. As previously disclosed, on or around September 8, 2022, the Third Civil Appellate Court issued an order (the "**Appellate Court Stay Confirmation Order**")[2]

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Initial Declaration.

[2] The Petitioning Creditors have provided a true and correct copy of the Appellate Court Stay Confirmation Order as Exhibit D to the Initial Declaration. The Petitioning Creditors will provide a certified English translation of this document as soon as practicable.

corroborating the stay imposed by the Moreno Appeal, as it confirmed (i) the admission of the Moreno Appeal in suspensive effect; and (ii) the Moreno Appeal Provisional Order.[3]

7. On September 12, 2022, the Putative Debtor published the Liquidator's First Report in the Mexican Stock Exchange that failed entirely to disclose that the Third Civil Appellate Court had expressly confirmed the Moreno Appeal Provisional Order.

8. On the same date, Mr. Romanos filed a reconsideration motion (*recurso de reposición*) before the Third Civil Appellate Court against the Appellate Court Stay Confirmation Order (the "**Romanos Reconsideration Motion**").[4] In the Romanos Reconsideration Motion, Mr. Romanos argued that: (i) Mr. Moreno lacked standing to appeal the Mexican Liquidation Order and had not suffered an injury-in fact; and (ii) the stay granted as a result of the Moreno Appeal was against public policy and therefore unlawful. In fact, Mr. Romanos expressly stated that the Appellate Court Stay Confirmation Order affected public policy by *suspending the Mexican Liquidation Proceeding*.[5]

9. On September 13, 2022, Mr. Moreno filed a motion before the Third Civil Appellate Court arguing that the liquidator had violated the Appellate Court Stay Confirmation Order, as he had learned that certain payments were made to "cherry-picked" creditors ("**Moreno Petition**").

---

[4] A true and correct copy of the Romanos Reconsideration Motion and a certified English translation thereof is attached hereto as **Exhibit A**.

[5] Romanos Reconsideration Motion, p. 21 ("In the event of sustaining the admission of the appeal, without recognizing any legality to such determination, its admission must be revoked in both effects, being proved its admission in devolutive effect of immediate processing, in view of what is argued in the present grievance, since THE DEFINITIVE JUDGMENT DOES NOT CAUSE ANY IMPOSSIBLE INJURY TO THE APPELLANT AND ON THE OTHER HAND ITS ADMISSION IN BOTH EFFECTS DOES IRREMEDIABLY (sic) AFFECT THE PUBLIC ORDER *BY SUSPENDING A LIQUIDATION PROCEDURE*.") (emphasis added)

10. On September 22, 2022, Mr. Estrada, on behalf of the Putative Debtor, filed a reconsideration motion (*recurso de reposición*) (the "**Putative Debtor Reconsideration Motion**,"[6] and together with the Romanos Reconsideration Motion the "**Reconsideration Motions**") before the Third Civil Appellate Court against the Appellate Court Stay Confirmation Order. In the Putative Debtor Reconsideration Motion, the Putative Debtor argued that: (i) the Moreno Appeal was untimely filed; and (ii) the Appellate Court Stay Confirmation Order admitted in suspensive effect is inappropriate due to the nature of a summary proceeding.

11. On October 4, 2022, the Third Civil Appellate Court issued an order (i) acknowledging receipt of the response filed by the Putative Debtor on Mr. Moreno Petition; and (ii) informing Mr. Moreno that, with respect to the Moreno Petition, he should stand by until the interlocutory orders on the Reconsideration Motions are issued.

12. On or around October 12, 2022, the Third Civil Appellate Court issued a judgment (the "**Reconsideration Denial Order**") that denied the Reconsideration Motions and reaffirmed the Appellate Court Stay Confirmation Order.[7]

**II.     The Reconsideration Denial Order**

13. The Reconsideration Denial Order, like the Moreno Appeal Provisional Order and the Appellate Court Stay Confirmation Order, confirms that the Mexican Liquidation Order and the Mexican Liquidation Proceeding are stayed. This conclusion is an incontrovertible result of the Third Civil Appellate Court's findings that the admission of the

---

[6] A true and correct copy of the Putative Debtor Reconsideration Motion and a certified English translation thereof are attached hereto as **Exhibit B**.

[7] A true and correct copy of the Reconsideration Denial Order and a certified English translation thereof are attached hereto as **Exhibit C**.

Moreno Appeal in both effects (suspensive effect) was legal and correct and that "*[i]t is evident that, in accordance with the third paragraph of article 1345 of the Code of Commerce, **the execution of the judgment is suspended until it becomes enforceable***."

14. Contrary to arguments raised by Mr. Estrada on behalf of the Putative Debtor, the Reconsideration Denial Order found that the Moreno Appeal had been timely filed. The Reconsideration Denial Order explains that the time frame to appeal the Mexican Liquidation Order was nine days following the effective date of the notification in the Judicial Bulletin. In this regard, the Reconsideration Denial Order makes no distinction between litigation parties and third parties with legitimate interests in the underlying dispute.

15. The Reconsideration Denial Order also found that Mr. Moreno established his status as a shareholder of the Putative Debtor and therefore that he had legal standing to appeal the Mexican Liquidation Order. Specifically, the Reconsideration Denial Order states that Mr. Moreno demonstrated that he may have suffered an injury in-fact as: (i) the dissolution and liquidation of the Putative Debtor implies that the rights of Mr. Moreno as shareholder of the Putative Debtor will be extinguished; and (ii) a General Shareholder Meeting should have been called to discuss and approve the dissolution and liquidation of the Putative Debtor. The Reconsideration Denial Order also found that Mr. Moreno demonstrated that the Mexican Liquidation Order threatened a legally protected interest that is tangible, personal, and verified.

16. In its holding, the Third Civil Appellate Court stated that it is contradictory for Mr. Romanos to maintain, on the one hand, that he has legal standing to commence a dissolution and liquidation proceeding in his capacity as shareholder of the Putative Debtor, while, on the other hand, arguing simultaneously that Mr. Moreno lacks legal standing to appeal the Mexican Liquidation Order in the same capacity.

17.     The Third Civil Appellate Court also found that the proceeding subject to the Moreno Appeal is appropriately characterized as a case of undetermined amount, since the Plaintiff seeks a declaratory judgment. Therefore, as with all final rulings issued in cases that are of undetermined amount, the Mexican Liquidation Order is subject to appeal with immediate processing and in both effects (suspensive effect), as set forth in Article 1339 of the Code of Commerce.

18.     In summary, in the Reconsideration Denial Order, the Third Civil Appellate Court analyzed and confirmed the suspensive effect of the admission of the Moreno Appeal by expressly ruling that: (i) pursuant to the Code of Commerce, the enforcement and execution of the Mexican Liquidation Order has been suspended until it is considered non-appealable; (ii) the Mexican Liquidation Order was appealable; (iii) the appeal was duly and timely filed; (iv) it was lawful and correct to admit the appeal with a suspensive effect, as it was admitted; and (v) there is no violation to the public interest by admitting the appeal in suspensive effects since the procedure was conducted pursuant to Article 232 of the GLBO.

### III.     Conclusion

22.     It is my professional opinion, based on applicable Mexican law and the literal wording of the Reconsideration Denial Order, that the enforcement of the Mexican Liquidation Order and the Mexican Liquidation Proceeding has been suspended and stayed through the orders issued by the Mexican Trial Court and the Third Civil Appellate Court in connection with the Moreno Appeal. The plain language of the Reconsideration Denial Order removes any doubt with respect to the suspension of the Mexican Liquidation Order and the Mexican Liquidation Proceeding commenced thereunder. As a result, the final appointment and authority of the Mexican Liquidator is stayed, and therefore, neither he nor

the Foreign Representative may act on behalf of the Putative Debtor until a final judgement is entered in the Moreno Appeal.

23. Moreover, I believe that the Putative Debtor's Mexican law advisors are aware at this point of the stay, regardless of any possible interpretation they propose, given the plain and literal text of the above-discussed orders, the cited law therein, and the confirmations issued in this regard. This opinion is further supported by the actions of Mr. Romanos and the Putative Debtor, which, being aware of the implications of the Appellate Court Stay Confirmation Order, have attempted to remove such stay through multiple, unsuccessful, challenges.

\* \* \*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of October 2022
in Mexico City, Mexico

*/s/ Daniel Alejandro Díaz Alvarez*
Daniel Alejandro Díaz Alvarez
**SAINZ ABOGADOS, S.C.**
Manuel Ávila Camacho 24, Floor 21,
Lomas de Chapultepec 11000, Mexico City, Mexico