## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 15 / Chapter 11 |
| | ) |
| Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.,[1] | ) Case No. 22-10630 (JTD) |
| | ) Case No. 22-10696 (JTD) |
| | ) |
| Debtor in a Foreign Proceeding. | ) |
| | ) |

### FIFTH DECLARATION OF
### JUAN PABLO ESTRADA MICHEL PURSUANT TO 28 U.S.C. § 1746

I, Juan Pablo Estrada Michel, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a Mexican citizen, a founding partner of the Mexico-based law firm of López Melih y Estrada, and a member in good standing of the Mexican Bar Association.

2.      I hereby submit this fifth declaration (the "**Declaration**") to provide this Court with an update on events that have occurred in connection with the Special Expedited Commercial proceeding *(Via Sumaria Especial Mercantil)* for the dissolution and liquidation (the "**Mexican Liquidation Proceeding**") of Crédito Real, S.A.B. de C.V., SOFOM, E.N.R., ("**Crédito Real**") pending in the 52nd Civil State Court of Mexico City (the "**Mexican Court**") pursuant to, among others, Articles 229, 232, 233, and 236 of the *Ley General de Sociedades Mercantiles*, as originally published in the *Diario Oficial de la Federación* on August 4, 1934 and last revised on June 14, 2018 (as amended, the "**Mexican Corporations Law**" or "**LGSM**").

---

[1]      The last four identifying digits of the tax number and the jurisdiction in which Crédito Real pays taxes is Mexico — 6815.  Crédito Real's corporate headquarters is located at Avenida Insurgentes Sur No. 730, 20th Floor, Colonia del Valle Norte, Alcaldía Benito Juárez, 03103, Mexico City, Mexico.

3.      In connection with this Declaration, I rely on and incorporate by reference the *Supplemental Declaration Of Juan Pablo Estrada Michel* [Case No. 22-10630 (JTD), ECF No. 43] (the "**Second Estrada Declaration**") and the *Fourth Declaration of Juan Pablo Estrada Michel Pursuant to 28 U.S.C. § 1746* [Case No. 22-10630 (JTD), ECF No. 77] (the "**Fourth Estrada Declaration**"), which are relevant to the matters set forth herein.

4.      I submit this Declaration to explain the recent rulings by the Third Civil Appellate Court in Mexico regarding the Moreno Appeal (as defined below).  In particular, I focus on the aspects of those rulings that, while upholding the certification of the Moreno Appeal to the Third Civil Appellate Court, establish that the suspensive effect afforded to the Moreno Appeal is limited in its scope and does not affect the continuation of the Mexican Liquidation Proceeding or the continued performance by the Mexican Liquidator of his duties.

**A.      Mr. Moreno Appeals the Final Mexican Order**

5.      As set forth in my Second Estrada Declaration,[2] on August 12, 2022, Jesus Nava Moreno, one of Crédito Real's alleged shareholders, appealed (the "**Moreno Appeal**")[3] the final order of the Mexican Court dated July 13, 2022 (the "**Final Mexican Order**").[4]

6.      As this Court is aware, the Final Mexican Order (i) affirmed the appointment of the Mexican Liquidator (who had been provisionally appointed by an interim order on June 30, 2022)[5]

---

[2]      *See* Second Estrada Declaration, ¶ 24.  *See also Statement Notifying the Court of Developments in the Mexican Liquidation Proceeding Pursuant to 11 U.S.C. § 1518 and 28 U.S.C. § 1746* [Case No. 22-10630 (JTD), ECF No. 42] ¶¶ 5 *et seq.*

[3]      A copy of the Moreno Appeal is attached to the Second Estrada Declaration as Exhibit J, and a certified English translation thereof the Moreno Appeal is attached to the *Notice of Filing of Certified Translation of the Moreno Appeal* [Case No. 22-10630 (JTD), ECF No. 54] as Exhibit A.

[4]      A copy of the Final Mexican Order with a certified English translation thereof can be found as Exhibit G to the Second Estrada Declaration.

[5]      As set forth in the Second Estrada Declaration, to provide Crédito Real and other parties in interest with notice and an opportunity to be heard regarding the commencement of the Mexican Liquidation Proceeding, the Final

RLF1 28141630v.1

and (ii) acknowledged that the precautionary measures (which were intended to protect Crédito Real from enforcement action by its creditors) remained in effect.

**B.**     **The Mexican Courts Grant Limited "Suspensive Effect" to the Final Mexican Order Pending Resolution of the Moreno Appeal**

7.     On August 17, 2022, the Mexican Court (as the first instance court) entered an order (the "**Moreno Appeal Provisional Order**") certifying the Moreno Appeal to the Third Civil Appellate Court and ordered the suspension of execution in respect of the Final Mexican Order (also known as "*efecto suspensivo*" or "suspensive effect") pending resolution of the Moreno Appeal.[6]  On September 8, 2022, the Third Civil Appellate Court affirmed the Moreno Appeal Provisional Order, including the suspensive effect (the "**Appellate Court Confirmation Order**").[7]

8.     Although both Mr. Romanos (the shareholder who filed the petition commencing the Mexican Liquidation Proceeding) and Crédito Real sought to vacate the Appellate Court Confirmation Order on procedural grounds by filing *recursos de reposición* (the "**Reposición Appeals**") and thereby terminate the Moreno Appeal (including, *inter alia*, its suspensive effect) on the Final Mexican Order), the Third Civil Appellate Court issued an order on October 12, 2022

---

Mexican Order was preceded by interlocutory orders dated June 30, 2022 (the "**Interlocutory Orders**").  The Interlocutory Orders admitted the shareholder's petition for liquidation, appointed the Mexican Liquidator, and granted certain precautionary measures (such as the stay of any and all execution, foreclosure, or bankruptcy proceedings against the assets and rights of Crédito Real and a stay against any order attaching assets or rights of Crédito Real in Mexico), each on an interim basis.  A copy of the Interlocutory Orders and their certified English translations can be found as Exhibits B and C to the *Declaration of Juan Pablo Estrada Michel Pursuant to 28 U.S.C. § 1746* [Case No. 22-10630 (JTD), ECF No. 3].

[6]     A copy of the Moreno Appeal Provisional Order and a certified English translation thereof are attached to the Second Estrada Declaration as Exhibit K.

[7]     A copy of the Appellate Court Confirmation Order and a certified English translation thereof are attached hereto as **Exhibit A**.

(the "**October 12 Order**")[8] denying both requests and upholding the Appellate Court Confirmation Order.[9]

9.      As set forth in my Fourth Estrada Declaration, the Appellate Court Confirmation Order did not stay or suspend the Mexican Liquidation Proceeding or any act of the Mexican Liquidator.[10]   Indeed, there was no mention in the Appellate Court Confirmation Order about suspending any procedural act in the case.  The same is true of the October 12 Order.  Rather, the Appellate Court Confirmation Order (as upheld by the October 12 Order) provides only for suspension of the *execution* of the Final Mexican Order.  In this regard, the October 12 Order has maintained the *status quo* by affirming the Appellate Court Confirmation Order.  This simply prevents the Mexican Court from enforcing any provisions of the Final Mexican Order that are yet to be executed.[11]

10.     Since all formalities required to be conducted by the Mexican Court, regulatory authorities, and Mexican Liquidator were completed in connection with the Mexican Liquidator's provisional appointment on June 30, 2022, there are limited actions that are suspended by the Appellate Court Confirmation Order.  In practical terms, the suspension of execution merely prevents the Final Mexican Order from becoming *res judicata* and prevents certain technical notices, registrations, and other communications to authorities from being performed within the judicial docket, none of which affect the validity of the Mexican Liquidator's appointment or

---

[8]       A copy of the October 12 Order and a certified English translation thereof are attached hereto as **Exhibit B**.

[9]       All of Crédito Real's rights to challenge the October 12 Order through an *amparo*, or any other available method pursuant to Mexican law, have been preserved as of the date of this filing.

[10]      *See* Fourth Estrada Declaration ¶ 4.

[11]      *See Id.* ¶¶ 11-12.

authority to perform his duties.[12]  Moreover, the record in Mexico, including events described below that occurred since I submitted the Fourth Estrada Declaration, make clear that the suspensive effect of the Moreno Appeal is limited in its scope.

**C.     The Third Civil Appellate Court Upholds the Limited "Suspensive Effect" of the Moreno Appeal, and Declines to Enjoin the Mexican Liquidator from Conducting the Mexican Liquidation Proceeding**

11.     On September 13, 2022, Mr. Moreno filed a motion for clarification (the "**Moreno Clarification Motion**") requesting that the Third Civil Appellate Court find the Mexican Liquidator is in breach of the Appellate Court Confirmation Order and issue an order: (i) restraining the Mexican Liquidator and Crédito Real from taking any action in furtherance of the Mexican Liquidation Proceeding, including by enjoining the Mexican Liquidator from holding himself out to be the authorized liquidator of Crédito Real and from making any payments; (ii) declaring null and void any action taken by the Mexican Liquidator since July 13, 2022 (i.e., the date of the Final Mexican Order); and (iii) issuing an official communication advising the Mexican National Banking and Securities Commission ("**CNBV**") of the appeal and suspension of the liquidation and ordering CNBV to require Crédito Real to clarify its press releases concerning the Mexican Liquidation Proceeding with CNBV and the suspension of execution in respect of the Final Mexican Order.[13]

12.     On October 4, 2022, after providing Crédito Real and other parties in interest an opportunity to be heard on the scope of the Appellate Court Confirmation Order,[14] the Third Civil

---

[12]      *See Id.* ¶ 11.

[13]      A copy of the Moreno Clarification Motion and a certified English translation thereof are attached hereto as **Exhibit C**.  *See* **Exhibit C** ¶ 4.

[14]      On September 30, 2022, Crédito Real timely filed a response to the Moreno Clarification Motion in which it argued, *inter alia,* that the Moreno Clarification Motion was an untimely collateral attack on the Interlocutory Orders and consequent formalities that validly appointed the Mexican Liquidator under Mexican law.  Such Interlocutory

Appellate Court issued an order (the "**October 4 Order**"):[15] (i) acknowledging the arguments made by Crédito Real in response to the Moreno Clarification Motion; and (ii) notifying Mr. Moreno that he would be bound, in all respects, by the Third Civil Appellate Court's forthcoming ruling on the merits of the *Reposición* Appeals (which, as set forth above, sought to vacate the certification of the Moreno Appeal to the Third Civil Appellate Court). In this regard, the implication of the October 4 Order is that no other separate decision would be rendered on the Moreno Clarification Motion, and that the relief requested by Mr. Moreno in the Moreno Clarification Motion would be addressed in the October 12 Order, if at all.

13.     As set forth above, in the October 12 Order, the Third Civil Appellate Court denied both the *Reposición* Appeals. In doing so, the Third Civil Appellate Court upheld the scope of the suspensive effect it originally issued pending resolution of the Moreno Appeal. Notably, it did **not** grant any of the directions or injunctions requested by Mr. Moreno with respect to the Mexican Liquidator's conduct or find that the Mexican Liquidation Proceeding was stayed pending appeal. Instead, the Third Civil Appellate Court cited the Mexican Commercial Code for the proposition that admission of an appeal of a final order in suspensive effect operates only as a stay of execution of the order that is subject to appeal.[16]

14.     No other or further decision of the Third Civil Appellate Court will be rendered with respect to the Moreno Clarification Motion. Accordingly, in light of the October 4 Order and the October 12 Order of the Third Civil Appellate Court, it is clear that (i) the Mexican Liquidator

---

Orders have not been appealed in any manner and there is no stay of execution in effect with respect to them. Mr. Moreno is not permitted to seek relief that is beyond the scope of the Appellate Court Confirmation Order and barred by applicable Mexican law.

[15]     A copy of the October 4 Order and a certified English translation thereof are attached hereto as **Exhibit D**.

[16]     *See* **Exhibit B** at 19-20 citing Art. 1345 bis 4 of the Mexican Commercial Code ("An appeal admitted in both effects immediately suspends the enforcement of the judgment, until it is enforceable.").

remains in place and empowered to act on behalf of Crédito Real, (ii) the precautionary measures staying all actions against Crédito Real remain in effect under Mexican law, and (iii) creditors continue to have the ability to seek relief from the Mexican Court with respect to any action taken by the Mexican Liquidator, and the Mexican Court has discretion to consider such requests.

15.    As of the date hereof, the Third Civil Appellate Court has not ruled on the merits of the Moreno Appeal.

*[Remainder of Page Intentionally Left Blank]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 24, 2022
Mexico City, Mexico

/s/ *Juan Pablo Estrada Michel*
Juan Pablo Estrada Michel

López Melih y Estrada, S.C.
Sierra Gamón, No. 320, Lomas de Chapultepec
11000 Mexico City, Mexico
Telephone: + 52 (55) 5540-0707

RLF1 28141630v.1