## <u>EXHIBIT B</u>

**October 12 Order**

**Certified Translation**

**THE TR COMPANY**

**CERTIFICATION**

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate rendition into English of the original document entitled "2022.10.12 October 12 Appellate Court Order," which was written in Spanish.

City of Buenos Aires, October 24, 2022.

THE TR COMPANY TRANSLATION SERVICES

_____

Ms Cynthia Farber

Certified Sworn Translator

License recorded on Page 226: Book XV.

Registered with the Translators Bar Association

City of Buenos Aires

C.T.P.C.B.A. No.5402

*"2022 -Year of Ricardo Flores Magón, Forefather of the Mexican Revolution"*



REPORTING JUDGE
**ELISEO JUAN HERNÁNDEZ VILLAVERDE**
CIVIL DIVISION No. 3
CASE FILE: 1323/2022
PROJECTS 576 and 577

**Mexico City, October 12, 2022**

IN VIEW OF the rulings under Case File No. **1323/2022** to solve the **motions for reversal** raised by both the plaintiff and the respondent against the ruling of <u>September 8, 2022</u>, issued by this Appellate Court in this appeal case, filed in the **SPECIAL COMMERCIAL PROCEEDING** brought by **ROMANOS BERRONDO ÁNGEL FRANCISCO**, against **CRÉDITO REAL, SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD NO REGULADA**, docket No. **691/2022**, filed then before the **FIFTY-SECOND CIVIL COURT FOR WRITTEN PROCEEDINGS OF THE SUPERIOR COURT OF JUSTICE IN AND FOR MEXICO CITY**; and considering the

**FINDINGS OF FACT**

**I.** The contested ruling reads as follows:

"Mexico City, September 8, 2022.

Pursuant to the official request received from the Fifty-second Civil Court in and for Mexico City, whereby file No. 691/2022 was sent containing a brief with the grounds for appeal and a pack of documents, the case file No. 1323/2022 was formed and registered to hear the appeal filed by JESÚS NAVA MORENO, acting in his capacity as shareholder of the legal entity held as the Respondent, against the FINAL JUDGMENT OF JULY 13, 2022, rendered in the SPECIAL COMMERCIAL proceeding brought by **ROMANOS BERRONDO ÁNGEL FRANCISCO** against **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA**.

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

**The appeal is hereby confirmed as admitted by the lower court, which granted appeal with a stay of the proceedings, pursuant to Section 1345 bis (4) of the Commercial Code, and the PARTIES ARE HEREBY SUMMONED TO A HEARING OF THE JUDGMENT...**

**...Be this ruling notified...**"

**II.** The plaintiff as well as the respondent were in disagreement with the ruling transcribed above, and thus they both filed motions for reversal which, once admitted and heard, pathed the way for the delivery of the relevant ruling being rendered in this act.

**FINDINGS OF LAW**

**I. As a matter of methodology, the analysis will start by examining the motion for reversal filed by the plaintiff, ANGEL FRANCISCO ROMANOS BERRONDO**, in the brief of September 12, 2022, on file on pages 94 through 114 of this appeal case.

The reasons for dissent asserted by the referred petitioner are examined on a topic by topic basis, as follows:

1. Allegation that Jesús Nava Moreno has no legal standing to appeal the final judgment of July 13, 2022.

The petitioner contends that the ruling being contested entails a violation, to his detriment, of the provisions of Sections 1077, 1331, 1332, 1333, 1337(IV), 1344, 1345, 1345 bis, 1345 bis(1), 1345 bis(2) and other relevant applicable sections of the Commercial Code, as well as the *non ultra petita* principle, as the admissibility was confirmed with respect to an appeal that is inadmissible on the grounds that it has been filed by a person without legal standing to sue or be sued in the proceedings.

Moreover, the petitioner argues that it is wrong to implement the provision of Article 1337(IV) of the Commercial Code, given that the final judgment does not affect the appellant and, therefore, it has no legitimate interest to assert.

What is more, the petitioner contends that Article 1337(IV) of the Commercial Code was an amendment added to commercial laws by means of Executive Order No. 79 of the Legal Period LX of the Mexican Congress, published in the Official Gazette of the Federation on April 17, 2008. As follows from the

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

statement of reasons of such legislation, it is intended only to streamline the means of appeal, but no express reference is made as regards an intention to provide any feasible means of appeal to third parties who are directly and immediately unaffected by any resolution rendered.

Likewise, the petitioner further contends that the Opinion of the Committee of Economy involved in the referred reform to the commercial laws evidences that the legitimate interest is, according to Miguel Sánchez Morón, in general terms, "any interest held by any public or private person, as recognized and protected by the legal framework. It means the legal standing to sue in connection with the acts of a third party, which involves the power of the interested party to demand respect from the legal framework..."

In this vein, the party in disagreement affirms that an appeal raised by a third party is admissible in the event a person has legal standing to sue and the resolution in question affects such person.

Accordingly, the petitioner claims that the judgment which acknowledged a ground for dissolution of the business company entails a matter not affecting the appellant, but solely the business company, and it does not straddle the scope of legally protected rights of the shareholders; thus, their right to a hearing as enshrined under Article 14 of the Mexican Constitution is not violated.

In addition to the foregoing, the petitioner further claims that the Second Court of the Second Circuit held that the shareholders of a stock corporation have no standing if they file an indirect *amparo* petition against acts which affect the assets of the company. Therefore, the petitioner contends that the appellant is not to be deemed a third party with a legitimate interest.

This is supported on the fact that business companies, in their capacity as legal entities, merely resort to representation as a means to assert their rights and fulfill their obligations and, consequently, the shareholders of a company have no legal standing to sue.

The petitioner notes that, pursuant to the opinion on the mater, "*the shareholders lack legal standing to sue if an action is brought against acts that affect the assets of the company,*" hence the shareholders of a company lack standing to file an indirect *amparo* petition against acts that affects the assets of the company, even if the effects might indirectly straddle their own assets as regards their contributions to the corporation.

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

In the same vein, the petitioner contends that the judgments rendered in the actions brought to object to the resolutions adopted by the Meeting of Shareholders affect all shareholders, irrespective of whether they are called upon to appear in the case or not, pursuant to Section 203 of the Mexican Corporations Law, which provision states that any judgment rendered with respect to the objection shall have effect as regards company members.

The petitioner noted that, in the instant case, the respondent company, Crédito Real, S.A.B. de C.V., SOFOM, E.N.R., is a legal entity acting in accordance with and on behalf of their corporate bodies, and therefore the parts of the business company cannot be dismembered in order to enable them to act separately on behalf of the company or on their own.

Thus, the petitioner affirms, it is not necessary to call upon the shareholders to appear in the case if the matters involved refer to the corporation, given that the shareholders become bound to abide by the judgment as regards the effects of *res judicata*, pursuant to Section 203 of the Mexican Corporations Law, the shareholders thus lacking legal standing to sue or be sued on account of the fact that no direct loss is sustained with respect to their legal rights.

The petitioner insists that the shareholders who were not materially involved in the action to object to the resolution, or any other action in connection with the business company, are not deemed third parties holding a legitimate interest to lodge an appeal against the final judgment, given that such judgment does not bring a direct, immediate harm with respect to their legal rights.

The petitioner claims that the legal standing to bring any action to object to corporate agreements, or any judgments related thereto, rests with the company itself, as is the case with regard to the discussion of a resolution of the meeting of shareholders in its condition as a unilateral legal act attributable to the company and, from a procedural standpoint, to the privity of the legal relationship underpinning the litigation which, therefore, is held by the company.

The petitioner further adds that neither the shareholders who took part in the act, voted at the meeting of shareholders, if it actually took place, nor the administrators who promoted the adoption of the agreement being contested, are acting under a joinder of defendants as regards the company.

Moreover, the petitioner contends that the claims relate solely and exclusively a business corporation. Therefore, in his opinion, any natural person lacks legal standing to be sued in the case at hand, even

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

if it is a shareholder, given that a natural person cannot rebut any acts which relate exclusively to a company and any judgment rendered do not affect the scope of its assets directly and immediately.

Likewise, the petitioner argues that none of the facts asserted in the complaint can be attributed to the appealing party and/or the shareholders, but the facts are related solely and exclusively to the business company, which is distinct from the members or shareholders who formed it by virtue of the articles of incorporation, the Mexican Corporations Law thus vesting the entity with the benefit of a particular legal status, separate and independent from that of its members, for the purpose of transacting business.

The petitioner further notes that, pursuant to legal authorities and case law regarding the so-called "corporate veil," this entails a guarantee for the protection of the internal and external scope of a company, which is an expression of the legal principle of separate legal personality.

Additionally, the petitioner contends that a business company acts by means of its legal representatives and, whenever they transact business or enter into contracts, the company is the sole obligor before third parties, and thus lacks any capacity to bind its shareholders or members personally, by virtue of such legal presumption and the referred corporate veil, thus being merely bound to pay in their contributions.

The petitioner argues that the only obligation and, therefore, the right of the shareholders, is limited to the payment of the members' contribution to the corporation. Consequently, he states that, in the event of liquidation, a company's shareholders need not be heard or defeated in court, simply because they are not liable for the debts of the company, thus lacking any legitimate interest whatsoever which affects interests.

Based on the foregoing arguments, the petitioner requests that the admissibility of the appeal should be revoked, and again contends that the condition as a shareholder does not give legal standing to be sued, to take part in the dissolution and liquidation proceedings concerning a business company.

The allegation herein discussed is both **unfounded** and **ineffective**.

Firstly, to account for the fact that the ground for appeal is unfounded, the provisions contained in Sections 1336 and 1337 of the Commercial Code are specified, and they read as follows:

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

"Section 1336. An appeal is a motion filed to request **a higher court to confirm, amend or revoke the decisions of a lower court which may be objected to by means of an appeal**, under the terms set forth in the following sections.

Section 1337. A judgement may be appealed by:

I.   The losing party, if such party believes it has been aggrieved;

II.  The winning party who, albeit having been granted a favorable judgment, has not succeeded in recovering the fruits, the compensation for damages or the payment of legal costs, and

III. The winning party may adhere to an appeal filed upon being served notice of such appeal, or within a period of three days following such notice. In the event of adhesion to an appeal, the course of such adhesion shall follow any developments of the appeal, and

**IV. A third party holding a legitimate interest, provided always that it is affected by the resolution**."

As observed, the persons formally included in the proceeding as parties have the right to lodge an appeal under the terms of the referred provision, that is, the following persons have legal standing to appeal:

a)   The losing party, if such party believes it has been aggrieved -this refers to both the plaintiff and the respondent;

b)   The winning party who, albeit having been granted a favorable judgment, has not succeeded in recovering the fruits, the compensation for damages or the payment of legal costs;

c)   Additionally, the winning party, which may adhere to an appeal filed upon being served notice of such appeal, or within a period of three days following such notice.

It follows that the mentioned capacities sufficiently warrant the interest held by the parties to the proceeding enabling them to appeal, at the same time requiring that there is a serious, reasonable likelihood that a grievance or loss might be incurred by the appellant.

Notwithstanding the foregoing, it is understood that Section 1337(IV) of the Commercial Code recognizes the right of third parties to lodge an appeal, **on condition that they have a legitimate interest and provided always that they are affected by the resolution they seek to overturn**.

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

In this respect, it should be noted that Section 1337(IV) of the Commercial Code was added by means of the reform published in the Official Gazette of the Federation of April 17, 2008. As regards this amendment, the considerations issued by the Committee of Economy of the House of Representatives of the Mexican Congress included the following:

> *"...Eight. A legitimate interest is, according to Miguel Sánchez Morón, is, in general terms, "**any interest held by any public or private person, as recognized and protected by the legal framework**," and we should therefore understand that it is a situation where a party has legal standing to sue in connection with the acts of a third party and does not entail, unlike subjective rights, any corresponding obligation of another person to deliver, to do or to refrain from doing an act, but **it does entail the power of the interested party to demand respect from the legal framework**.*
>
> *In this vein, Section 1337 of the Commercial Code lists the persons who may lodge an appeal, and **the opinion under analysis proposes that a subsection should be added as paragraph (IV), to enable an appeal against any judgment which affects the legitimate interests of third parties**; it should be noted in this respect that the intention of this branch by including the concept of a "third party holding a legitimate interest" is only intended to **enable third parties** who are called upon to appear in the case **may lodge an appeal against the final judgment, provided always that they are affected by the resolution**…"*

Thus, it is clear that third parties who are affected by the resolution being contested, if they believe they have been aggrieved by the issuance of such resolution, are permitted to challenge any resolution rendered in the course of a commercial proceeding.

That is to say, the grievance caused to a third party holding a legitimate interest to seek the revocation or amendment of the resolution being contested, is the core aspect giving the appellant legal standing to file such an appeal. Thus, any party suffering no harm or loss from the court decision or a part thereof lacks the capacity to challenge such aspects and considerations, for they harbor no grievance.

Where appropriate, the guiding opinion rendered by the now defunct Third Division of the Mexican Supreme Court is applicable through analogy, such opinion being available on the Sixth Series, Docket

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

No. 270811, Court Journal of the Federation, Vol. LVII, Fourth Part, Civil Matters, page: 18, which caption and text read as follows:

> "LEGAL STANDING TO LODGE AN APPEAL. Pursuant to Section 689 of the Code of Civil Procedure for the Federal District and Territories, any litigating party who believes to have been aggrieved, any third parties taking part in the proceeding and other interested parties affected by an appealable court decision may lodge an appeal against the ruling. Therefore, a grievance caused to the litigating party, to any third party entering an appearance in the case or to any other person holding a legitimate interest to seek the revocation or amendment of the appealed resolution is the circumstance giving legal standing for the appellant to file the appeal; this is so because the interest lies on the right of the plaintiff to file an action before the lower court, just like the interest lies on the right of the appellant to contest the resolution objected to before the higher court. Hence, the favored party or anyone who suffers no harm as a result of a court resolution lacks legal standing to lodge an appeal."

Added to the foregoing, it should be mentioned that the interest referred to under Section 1337(IV) of the Commercial Code, which vests the appellant with legal standing to file an appeal, is not to be confused with the legal standing to sue or be sued in the case and become a party to a proceeding.

This is so because the legitimate interest to lodge an appeal merely entails the existence of a qualified interest with regard to the legality of the act being challenged, which is derived from the fact that the scope of the individual's rights has been affected directly or as a result of the particular situation regarding the legal framework. On the other hand, the legal standing to sue or be sued in the case and be party to a proceeding should be understood as a prerequisite for the admissibility of the action, in connection with the condition of the parties to the proceeding, and means that the action should be brought by the holder of a right against the person bound under the law to satisfy the obligation.

In addition to the foregoing, it should be noted that for an appeal to be admissible, there should be a serious, reasonable likelihood that a grievance or loss might be incurred by the appellant, which should in turn be evidenced in the statement of arguments through an account of the statutory provisions or the legal principles whose contents or enforcement bring a benefit to the appellant, along with the description of the reasons in support of the allegation that, through the act or resolution being contested, a violation of such provisions or principles was committed, thus somehow affecting the referred benefit, to any degree.

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

The following opinion, which is applicable <u>through analogy</u>, can be quoted in support of the foregoing:[1]

"LEGAL STANDING FOR THIRD PARTIES UNRELATED TO THE PROCEEDING TO FILE AN APPEAL (Federal District Laws).

Section 689 of the Code of Civil Procedure for the Federal District provides that, in addition to the litigating parties, third parties who appeared in the proceedings and other interested parties affected by the court ruling may file an appeal. An extended acceptance criterion considers, as a general rule, that the legal interest provides the basis for the recognition of legal standing both to sue and to appeal. Under this directive, legal standing to file an appeal is thus given: a) to litigating parties who believe they have been aggrieved, including both plaintiff and respondent, b) to third parties appearing in the action, that is, those who are connected to the court proceeding, under the terms of Sections 21 through 23 and 652 through 673 of the Code of Civil Procedure for the Federal District, and c) to other interested parties who are affected by the court ruling. The existence of the legal interest is presumed by the law with respect to the persons involved in the proceeding, such as the parties and the afore-mentioned third parties, on account of the fact that the recognition of the legal interest was a prerequisite for them to be included in the case, therefore, the capacity of such persons is sufficient to warrant the standing to appeal.

Conversely, any person who is not a party or any third party not appearing in the proceeding should demonstrate their legal interest to file an appeal. Such an interest requires, in addition to the constructive or proven interest, the existence of a serious, reasonable likelihood that a grievance or loss might be incurred by the appellant and, to that end, conducive arguments should be raised to justify said likelihood, through the statement of the statutory provisions or the legal principles whose contents or enforcement bring a benefit to the appellant, along with the description of the reasons in support of the allegation that, through the act or resolution being contested, a violation of such provisions or principles was committed, thus somehow affecting the referred benefit, to any degree. FOURTH CIVIL COURT IN CIVIL MATTERS OF THE FIRST CIRCUIT."

---

[1] Court Journal and Gazette of the Federation. Digital docket No.: 163886. Instance: Circuit Courts. Ninth Series. Matter(s): Civil. Opinion: I.4o.C.287 C. Vol. XXXII, September 2010, page 1160. Type of Opinion: Guiding Opinion.

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

As observed, for an appeal to be admissible, the parties to the proceeding and any third parties related to the action are presumed to have a sufficient interest to appeal and, therefore, have legal standing to lodge an appeal against the judgment resolving the matter where they were involved. However, it is required that they should believe that that they are aggrieved by the act being contested; to that effect, they must state conducive arguments so as to show a likelihood in this respect.

However, third parties who took no part in the original proceedings should demonstrate the existence of the interest they claim as well as the legal protection afforded to such interest as an essential condition in order to be admitted as having legal standing to assert the right to appeal.

The foregoing applies because the demonstration of a legitimate interest by third parties is among the formal requirements or essential prerequisites for higher court authorities to hear the merits of the appeal. This is deemed a fundamental part of the right to an effective judicial protection, given that, pursuant to Article 17 of the Mexican Constitution, every person shall be entitled to a fair trial in a court of law, and the decisions shall be issued within **the legal timeframes and under the terms of the laws**.

In this regard, and contrary to the considerations asserted by the petitioner, the legitimate interest of Jesús Nava Moreno to lodge an appeal against the final judgment of July 13, 2022 has indeed been proven in the case at hand.

This is established on account of the fact that he claims to be the holder of 200,600 (two hundred thousand six hundred) shares of the capital stock of the respondent company. In this respect, he produced a certified copy of brokerage agreement No. AKJ786,[2] executed between Grupo Bursátil Mexicano, Sociedad Anónima de Capital Variable, Casa de Bolsa and Jesús Nava Moreno in his capacity as the client, whereby they agreed, among other aspects, that the brokerage firm would open one or more accounts for the client, which account would contain entries including but not limited to the transactions with and the delivery or transfer of securities or cash carried out by the Client or in compliance with instructions from the Client, along with any income from interest, yield, dividend, amortization, proceeds from sales of securities and equities and, in general, any balance to the benefit of the client, either in securities or in cash.

---

[2] The notary who issued the referred certification stated that the document is a true printed copy of the electronic page "https://gbm.com/plus/

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

Additionally, it is hereby considered that the statement of accounts regarding brokerage agreement No. AKJ786, in the name of Jesús Nava Moreno, for the period between June 1 and 30, 2022, shows a deposit of 200,600 (two hundred thousand six hundred) shares in Crédito Real.

Moreover, he produced a certificate evidencing the deposit of shares of August 12, 2022, as issued by Mr. Luis Enrique Flores Torres, BA, Manager of Domestic Securities Transactions of "INDEVAL Grupo BMV," which showed that, on August 11, 2022, the safe deposit box of S.D. INDEVAL, INSTITUCIÓN PARA EL DEPÓSITO DE VALORES, S.A. DE C.V., held on behalf of Grupo Bursátil Mexicano, S.A. DE C.V., CASA DE BOLSA, shares issued by Crédito Real S.A.B. DE C.V., SOFOM. E.N.R. according to the following information:

| Account | Securities Transfer | Issuer | Series | Coupon | Position |
|---|---|---|---|---|---|
| 010124503 | 0 | CREAL | * | 0000 | 69,042,719 |

Furthermore, a letter of August 12, 2022 has been added to the case file as signed by Natalia Saldate Durón, Internal Control director and Legal Representative of Grupo Bursátil Mexicano, S.A. de C.V., Casa de Bolsa, informing that Jesús Nava Moreno is party to a brokerage agreement with Grupo Bursátil Mexicano, S.A. de C.V., Casa de Bolsa (GBM), pursuant to which he holds account No. AKIJ78601, which to that date holds the following position:

| Volume | Issuer |
|---|---|
| 200,600 | CREAL |

Thus, the capacity of Jesús Nava Moreno as shareholder of the respondent company is deemed to be proven; which company was dissolved and liquidated under the final judgment. Therefore, it is unquestionable that he does have a legitimate interest to seek the amendment or revocation of such judgment, given that he is a member of the company and, should the company be dissolved and liquidated, the rights of the appellant regarding such company would cease to exist.

Particularly, among the complaints raised by the appellant are included the grievances concerning the fact that he was not called upon to take part in the proceeding in his capacity as shareholder. This was necessary, in his view, on the grounds that a joinder of defendants existed; and that the decision as to the dissolution of the respondent company falls under the exclusive powers of the general meeting of shareholders, of which he is a member; he further contended that one of the requirements for the admissibility of the action was not satisfied.

Electronic signature SICOR / TSJCDMX – Third Civil Court | Key: 3SC | Document: 1323/2022-16 | Signature: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Date of publication: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX –

[QR Code]

He complained that the final judgment being contested entails a violation, to his detriment, of Articles 1, 14 and 16 of the Mexican Constitution, Sections 182, 229, 232, 233, 34 and other applicable relevant sections of the Mexican Corporations Law.

Based on the foregoing, the appellant, Jesús Nava Moreno, is hereby deemed to have demonstrated both the legitimate interest to lodge the appeal as admitted under the contested ruling, as well as the statement showing a serious, reasonable likelihood that a direct, personal harm might affect the appellant's legally protected rights.

Additionally, the Supreme Court of Justice, sitting *en banc,* adjudicated conflict of opinion No. 259/2009 and held that where a claimant appears as a third party not related to the proceeding, it might resort to an ordinary appeal to object to any missing or defective notification. The court further noted that any possibilities for a claimant to use such an appeal to defend its constitutional rights will be dependent on various particular aspects regarding the terms of notice to file the appeal, the type of evidence and the facts to be proven.

The foregoing notwithstanding, if the claimant resorts to an ordinary appeal to contest the referred defects, it may not subsequently claim to be a third party unrelated to the proceeding like an alien to the case and, therefore, such claimant may, where applicable, file a direct *amparo* petition against the decision rendered with regard to its ordinary appeal.

This allows us to repeat that a third party holding a legitimate interest, as is the case of the appellant, Jesús Nava Moreno, may file an appeal against the final judgment if he believes he is aggrieved thereby.

In support of this view, the following precedent can be noted, which was derived from the referred conflict of opinion.[3]

> "NOTIFICATION. A MISSING OR ILLEGAL NOTICE CAN BE APPEALED
> THROUGH AN INDIRECT *AMPARO* PETITION, IF THE CLAIMANT IS AN
> UNRELATED THIRD PARTY TANTAMOUNT TO AN ALIEN TO THE CASE AND
> IT BECAME AWARE OF THE PROCEEDINGS AFTER THE LOWER COURT
> JUDGMENT WAS DELIVERED AND HAS NOT BECOME FINAL, EVEN IF SUCH
> CLAIMANT MIGHT EVENTUALLY OBJECT TO THE JUDGMENT THROUGH AN

---

[3] Court Journal and Gazette of the Federation. Digital docket No.: 2000348. Instance: *En banc* session. Tenth Series. Matter(s): Ordinary. Opinion: P./J. 1/2012 (10th.). Book VI, March 2012, Vol. 1, page 5. Type of Opinion: Case law

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

ORDINARY APPEAL WHERE IT MAY ASSERT THE PROCEDURAL VIOLATION.

Pursuant to the criterion laid down by the Mexican Supreme Court of Justice sitting *en banc*, under the precedent No. P./J. 18/94, captioned: "IRREGULAR NOTIFICATION. AN INDIRECT *AMPARO* PETITION MAY BE FILED IF THE CLAIMANT IS UNRELATED TO THE PROCEEDING." An indirect *amparo* may be brought by anyone who, albeit being a material party to the proceeding, claims that there are missing notifications or irregularities, considering that, for the sake of an adequate protection of its right to a hearing, it may contend in that case that it is a party unrelated to the proceeding and, thus, should be deemed tantamount to an alien to the case, the claim thus being subject to the procedural rules applicable thereto, including the possibility to resort to an *amparo* petition with no need to exhaust ordinary appeals; this has been derived from a systematic interpretation of Article 107(III)(a), (b) and (c) of the Mexican Constitution, and from the use of indirect proceedings to raise the unconstitutionality of the relevant action, in order to offer evidence to prove the referred procedural defects; such evidentiary measures would not be realized through a direct proceeding on the basis of the limited standard of proof allowed under Sections 78 and 190 of the *Amparo* Law. In this vein, given the lack of rules governing the admissibility of an indirect *amparo* petition filed by an unrelated party who became aware of the relevant proceeding upon the issuance of the lower court judgment and who is still within the timeframes allowed to file an ordinary motion, generally in the form of an appeal, where it might assert any procedural defects, in light of the nature of the guiding principles that underpin *amparo* proceedings and the principle favorable to individuals enshrined in the second paragraph of Article 1 of the Mexican Constitution, it is concluded that such circumstance does not enable to disregard the procedural advantages afforded by the regulations governing constitutionality proceedings to those who are unrelated third parties, because even where a missing or defective notification may be objected to under an ordinary appeal, the possibility to use such means to defend their constitutional rights are subject to certain particular aspects regarding the terms of notice to file the appeal, the type of evidence and the facts to be proven; this notwithstanding, if the claimant resorts to an ordinary appeal to contest the referred defects, it may not subsequently claim to be a third party unrelated to the proceeding like an alien to the case and, therefore, such claimant may, where applicable, file a direct *amparo* petition and, pursuant to Section 159(I) of the specific Law, assert the mentioned defects as a procedural violation, which leads

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

to a partial interruption, to the extent they lay down a contrary view, precedents 3a./J. 17/92, 3a./J. 18/92 and 3a./J. 19/92, of the then Third Division of this Supreme Court."

This does not imply a finding of whether or not the allegations raised by the appellant are founded, as such examination is to be conducted when hearing the merits of the appeal, as opposed to the analysis concerning the failure to satisfy any of the admissibility requirements, such as the lack of a legitimate interest by the appellant, Jesús Nava Moreno. Additionally, this motion for reversal is circumscribed to the study of the formal requirements for the appeal to be admitted.

In this context, it is not possible to examine, in this decision, the dissenting allegations raised by the petitioner claiming that the appellant Jesús Nava Moreno, lacks legal standing because the effects of the final judgment are applicable in the terms of Section 203 of the Mexican Corporations Law, nor the allegations that none of the facts asserted in the complaint are attributable to the appellant and/or the shareholders; this is so because such matters relate to the merits of the appeal filed by Jesús Nava Moreno which, we insist, cannot be addressed under this resolution, as it is merely intended to determine whether or not the formal requirements have been satisfied to confirm the appeal as filed by Jesús Nava Moreno.

Hence, **the allegations under analysis are ineffective**.

2. <u>Allegation that the contested ruling contained an improper statement of grounds and reasons, since it did not warrant why the appellant had legal standing to lodge an appeal</u>.

The petitioner based this allegation on the fact that it is insufficient that the contested ruling refers to Section 1337(IV) of the Commercial Code, given that a logical and legal reasoning should have been included as to why the appellant holds a legitimate interest and how it is directly and immediately affected by the final judgment, which circumstance, the petitioner claims, has not been demonstrated in the decision being contested. He further contends that this entails a beach of the *non ultra petita* and completeness principles.

The allegation under analysis is **partially founded but ineffective**, because the petitioner is right in complaining that no grounds were asserted in the contested ruling as regards the legitimate interest of the appellant Jesús Nava Moreno to file an appeal against the final judgement in the litigation at hand.

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

However, as found in the discussion of the preceding allegation, since the appellant Jesús Nava Moreno was held to have demonstrated that he is a member of the legal entity dissolved and liquidated pursuant to the final judgment, it was evidenced that he has legal standing to appeal such decision. Particularly, considering that, in the case at hand, the essential requirement that a meeting of shareholders should have been held for the members to approve the dissolution prior to the filing of the action, was not satisfied.

These contentions reveal that there might potentially exist a personal and direct grievance to the appellant's scope of rights. Hence, we find that the appeal filed by Jesús Nava Moreno against the final judgment of July 13, 2022 was properly admitted, as the legitimate interest of this shareholder to lodge an appeal was duly proven, as was the likelihood that a personal and direct grievance might exist.

What is more, it should be noted, without this implying any finding on the merits of the appeal, that the plaintiff sought to base its own legal interest in the action on the fact that it is a shareholder of the respondent company while, at the same time, and arguably, objects to the legal interest of the appellant, who also claims to be acting in the capacity as a shareholder and as such tries to defend its interest. Thus, the arguments raised and answered under the allegations stage by both the appealing party and the appealed party revolve around the determination of whether or not it is an interest for a shareholder to have an interest or not in the case at hand, and in the effective judicial protection.

Then, the admissibility of the appeal is legally justified, given that the allegations claiming the revocation include arguments on the merits related to the matter asserted and adjudicated in the action. Accordingly, and granting prevalence to the right to an effective judicial protection, it is clear that the appeal should be admitted, so that the merits of the case can be analyzed in the course of the appeal along with any allegations asserted in reply, thus guaranteeing the full resolution of the matter raised by the parties.

The ineffectiveness of the allegation under analysis is thus confirmed.

**IV.** Allegation that the appeal admitted in both effects should be revoked.

The petitioner contends that the ruling being contested entails a violation, to his detriment, of the provisions of Sections 1345, 1345 bis (8) and other applicable relevant sections of the Commercial

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

Code as related to Section 129 (XI) of the *Amparo* Law, considering that the lower court categorization of the appeal should be changed so that it does not stay the proceedings, because, in his opinion, public policy is affected by stalling the company's liquidation proceeding.

The petitioner argues that Section 129 (XI) of the *Amparo* Law lists the cases where the stay of the acts being contested is to be admitted, and that a stay of the proceedings is inadmissible where social interests or public policy are involved. The petitioner claims that any acts impairing or interrupting the liquidation of a financial entity are included in this latter case.

In addition, the petitioner contends that the referred section is applicable through analogy and according to reason to the case at hand. He insists that the confirmation of the appeal against the final judgment in both effects is contrary to public policy and social interests, as the court decision involved declared the dissolution and liquidation of a financial entity. Therefore, he claims, the stay of the proceedings does not apply, given the nature of the action under analysis.

Based on the foregoing, the petitioner argues that the stay of liquidation proceedings is inadmissible, and so is the grant of the appeal lodged by Jesús Nava Moreno against the final judgment in both effects, as it jeopardizes the economic feasibility of the respondent entity. He quotes various precedents and opinions in connection with bankruptcy proceedings.

Thus, the petitioner insists that the admissibility of the appeal in both effects limits and restrains the fundamental right to access to justice to the detriment of the company, considering its nature as a financial and commercial entity, by virtue that the liquidation proceedings entail matters of public policy and social interests. The petitioner reiterates that any court determination implying a stay of this proceeding affects the ordinary course of business and the natural financial situation of the company, which might translate into harm to third parties.

Finally, the petitioner contends that the confirmation of the appeal in both effects is inadmissible because there is a legal impediment to the suspension of the execution, related to a factual situation, considering the financial and economic dynamics that affect a company the liquidation of which was ordered by the lower court.

This is **unfounded**.

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

To justify this assertion, it should first be noted that the case at hand was processed under special proceedings pursuant to the terms of the Mexican Corporations Law, where Section 232 provides that, in the event of court-ordered company dissolution, the means of appeal available under the jurisdiction of the court which issued the judgment.

In this vein, given that the resolution at issue was rendered in the course of commercial proceedings, for the purpose of any appeals against it, the provisions of the Commercial Code shall be applied.

In view of the above, in order to verify if the appeal filed by Jesús Nava Moreno against the final judgment should have been admitted without suspending execution, as the petitioner posits, or if, on the contrary, it was correct to admit the appeal in both effects, Sections 1339, 1339 Bis, 1345 Bis 4, and 1345 Bis 5 of the Mexican Commercial Code must be considered, which set forth as follows:

> "Section 1339. Any decisions entered during the proceedings and any judgments entered in matters whose principal amount is lower than MXN 757,365.46 (seven hundred and fifty-seven thousand, three hundred and sixty-five pesos, 46/100, national currency), without considering interest and other ancillary claims as of the date of submission of the complaint, shall not be open to appeal. This amount shall be updated on an annual basis.
>
> The Ministry of Economy shall update the amount in pesos specified above for inflation every year, and shall publish the updated amount in the Federation's Official Gazette no later than December 30 of each year.
>
> For such purpose, it shall use the variation observed in the value of the Mexican Consumer Price Index, published by the National Institute of Statistics and Geography between the last update to such amount and November of the applicable year.
>
> **Any judgments that are open to appeal pursuant to the first paragraph of this Section may be appealed in both effects, except where the Law expressly determines that they may only be appealed without suspending execution.**
>
> Resolutions, interlocutory decrees, or decisions regarding collateral actions, as well as the cases specified by this code, may only be appealed if the final judgment is open for appeal in accordance with the first paragraph of this Section.
>
> Any appeals against resolutions, interlocutory decrees, or decisions entered during the proceedings shall be admitted without suspending execution and

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

shall be heard together with the appeal against the final judgment, and it shall not be necessary to include the written grounds for the appeal in such pleading. Once the appeal is filed, it shall be heard, if applicable, together with the appeal filed by the same appellant against the final judgment.

A special provision of law is required for any appeal against resolutions, interlocutory decrees, or decisions with or without a suspension of execution.

Appeals shall be filed before the same court that entered the resolution, interlocutory decree or decision no later than nine days after the date on which the notice takes effect, in the case of final judgments; no later than six days in the case of appeals for immediate processing filed against resolutions, interlocutory decrees, or decisions entered during the proceedings; and no later than three days in the case of appeals to be processed together with the final judgment.

Any grounds for appeal that are to be stated against the resolution, interlocutory decree, or decision, in the case of appeals for immediate processing or against final judgments, shall be stated when the appeal is filed. Any grounds, if applicable, that are to be stated against decisions to be processed together with the final judgment shall be stated pursuant to Section 1344 of this Code."


"Section 1339 Bis. Matters for undetermined amounts shall be open to appeal in all cases."

"Section 1345 Bis 4. The appellate court, when receiving the documentation sent by the lower court, shall determine whether the appeal was timely filed and properly admitted, and shall confirm or overturn the lower court's decision on the admissibility of the appeal. Should the appellate court find that the appeal was filed in accordance with the law, it shall so declare and summon the parties in the adjudication order. The judgment shall be entered and notified pursuant to the provisions in this Code.

In the case of a final judgment whose enforcement is not suspended by an admissible appeal, a certified copy of such judgment and any other documentation that the judge deems necessary for its enforcement shall be filed with the lower court, and the original case file shall be sent to the appropriate court.

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

> **An appeal admitted in both effects immediately suspends the enforcement of the judgment, until it is enforceable.** Whenever an appeal is filed against a court order or interlocutory judgment which, due to its content, prevents the continuation of the proceeding and the appeal is admitted in both effects, the proceeding will be suspended."
>
> Section 1345 Bis 5. **Appeals shall be admitted without suspending execution if it is not expressly provided that they shall be admitted in both effects**.

In view of the sections above, only judgments entered in proceedings whose amount is lower than MXN 757,365.46 (seven hundred and fifty-seven thousand, three hundred and sixty-five pesos, 46/100, national currency) are not open to appeal.

Thus, in the opposite sense, any judgments in proceedings whose principal amount is higher than the amount above and those with an undetermined amount are open to appeal. In these cases, the appeal must be admitted in both effects, as specified by the fourth paragraph of Section 1339 of the Mexican Commercial Code.

Therefore, if, in the case at hand, an action was filed for a declaratory judgment, it is a proceeding with an undetermined amount, whose final judgment is open to an appeal for immediate processing, and the appeal must be admitted in both effects, as there is a legal provision that so states.

In addition, neither the Mexican Corporations Law nor the Mexican Commercial Code (which sets forth the rules and requirements of appeals in connection with commercial matters) contain any exceptions stating that appeals in special commercial proceedings must be heard without suspending execution.

In this regard, there is an express provision that sets forth that the appeal applicable to the case at hand must be admitted in both effects. It is clear, pursuant to the third paragraph of Section 1345 of the Mexican Commercial Code, that **the enforcement of the judgment must be suspended until the judgment becomes enforceable**.

Moreover, this court takes into consideration that, opposite to what was considered by the petitioner, in the case at hand, Section 129 of the *Amparo* Law is not applicable by analogy, given that, as explained, there is an express provision in the Mexican Commercial Code that governs the effects with which

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

appeals must be admitted against judgments entered in matters whose principal amount exceeds MXN 757,365.46 (seven hundred and fifty-seven thousand, three hundred and sixty-five pesos, 46/100, national currency) and in those with undetermined amounts. No distinction is made for the case of final judgments ordering the dissolution of financial companies.

In particular, it is the Mexican Commercial Code which governs the processing of appeals in commercial matters, and not the *Amparo* Law cited by the petitioner, which is applicable to *Amparo* Proceedings.

Therefore, the decision of the lower court to admit the appeal filed by Jesús Nava Moreno against the final judgment entered in the case in both effects, which decision was confirmed by this Division, is considered correct, as there is an express provision that so establishes. This confirms that the complaint under review is groundless.

**II**. The Court proceeds with the **motion for review filed by defendant Crédito Real, Sociedad Anónima Bursátil de Capital Variable, Sociedad de Objeto Múltiple, Entidad No Regulada**, through its legal counsel, Juan Pablo Estrada Michel, by a statement submitted to the Filing Desk of this Division on September 22, 2022 (pages 130 to 139 of the case file.)

The grounds for review are analyzed by subject as follows:

1. Allegation that the appeal filed by Jesús Nava Moreno was untimely.

The petitioner argues that the challenged resolution violates, to its detriment, Sections 1079, 1339, 1344, and other related and applicable sections of the Mexican Commercial Code, as the appeal filed by Jesús Nava Moreno against the final judgment was untimely. Consequently, the petitioner posits that its admission should not have been confirmed.

It argues that, pursuant to the Sections cited above, the term to file appeals against a final judgment is nine days from the day following the date on which the relevant notice took effect, if there was such a notice.

The petitioner notes that the final judgment entered in these proceedings was notified to the parties through a publication in judicial gazette No. 126 (one hundred and twenty-six) of July 14, 2022 and, therefore, the notice to the parties took effect on the following business day, *i.e.*, August 1, 2022.

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

However, the appellant confessed that, as it was not a party to the proceedings, it learned of the decision on July 14, 2022, through means other than a notice and that such situation does not take effect on the following business day. Therefore, the term available for such third party to appeal the judgment was between August 1 and August 11, 2022, given that, as it was not a party to the proceedings, there is no reason for it to take effect the following day as in the case of procedural notices.

In this regard, the petitioner argues that the appellant submitted its appeal on August 12, 2022, one day after the term for such person expired, given their legal situation, and holds that the appeal at hand was filed in an untimely manner.

The petitioner adds that the appellant acknowledged that it learned of the judgment against which it intended to file an appeal through the publicity of procedural acts of the same proceeding, against which it decided not to act. The petitioner states that, if the appellant considered that he could act in the proceedings and file appeals, it is inconsistent for him not to have acted in view of the procedural acts that were communicated. Therefore, the petitioner argues that the appellant's actions are inconsistent.

Furthermore, it states that the taking effect of notices is a procedural act that applies only to notices served on those that are already a party to the proceedings and on those that are formally notified through acts of the proceeding, in order to safeguard the rights of all of them and to foster legal certainty.

Thus, the petitioner states that the notice does not take effect with regard to the third party, not a party to the proceedings; it states, rather, that the terms run from the moment in which it learns of the act it intends to challenge. Therefore, the petitioner requests that the challenged resolution be revoked and that the appeal filed by Jesús Nava Moreno against the final judgment entered in these proceedings be dismissed.

This allegation **is unfounded**.

To justify the above, firstly, Sections 1079, 1339, and 1075 of the Mexican Commercial Code, which the petitioner deems were violated, are to be considered. In their relevant part, they read as follows:

> "Section 1079. If the law does not specify a term for a court action or the exercise of any right, the following terms shall apply:

> …II. **Nine days to file appeals against a final judgment**, six days in the case of interlocutory decrees or resolutions for immediate processing, and three days to preemptively appeal interlocutory judgments or in the case of appeals to be processed together with the final judgment, pursuant to Section 1339 of this Code…"

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

"Section 1339

… Appeals shall be filed before the same court that entered the resolution, interlocutory decree or decision no later than **nine days after the date on which the notice takes effect, in the case of final judgments**; no later than six days in the case of appeals for immediate processing filed against resolutions, interlocutory decrees, or decisions entered during the proceedings; and no later than three days in the case of appeals to be processed together with the final judgment…"

"Section 1075. All court terms shall run from the day following the date on which the summons or notice took effect and the expiry date shall be included in such terms.

Personal **notices** take effect on the day following the date on which they were served, and any other notices **take effect on the day following the date on which they were served through a judicial bulletin, gazette or newsletter, or affixed in the courthouses**, as well as those sent by mail or telegraph, if there is proof of delivery to the interested party, and those by public notices take effect on the day following the last date of publication in the official gazette of the State or the Federal District."

As can be observed from the legal provisions cited above, the term to file an appeal against a final judgment entered in commercial proceedings is **nine days from the day following the date on which the notice takes effect when served by judicial bulletin**, gazette or newspaper, or after it is affixed in the courthouses.

The provisions above make no differentiation regarding whether such term refers only to the parties. Furthermore, it makes no exception regarding the fact that the notice by gazette and its taking effect (for the purpose of calculating the term of the appeal) should be understood exclusively with regard to the parties.

Therefore, in view of the general principle of law that "*where the law does not differentiate, there is no differentiation to be made*", it is not possible to interpret, as the petitioner intends, that the term available to the parties to a proceeding differs from the term available to a third party with a legitimate interest.

In this regard, this Court takes into consideration that, from the case record with full probative value, pursuant to Section 1294 of the Mexican Commercial Code, it can be observed that on July 13, 2022, a final judgment was entered in these proceedings, which was published in the Judicial Gazette of this Court on July 14 of this year, the notice taking effect on the following business day, *i.e.*, on August 1, 2022, given that the first vacation period of 2022 of this Court was between July 14 and July 31.

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

From the above, this Court concludes that the term available for the parties and third parties with a legitimate interest to challenge the final judgment entered in these proceedings was between August 2 and August 12, 2022.

Consequently, if appellant Jesús Nava Moreno submitted his appeal on August 12, 2022, as can be observed in the "Received" stamp of the Central Filing Desk of this Court, it is undeniable that such appeal was presented in due time and not in an untimely manner, as the petitioner posits.

Furthermore, the case record does not show that, before the final judgment was entered, the appellant had entered an appearance in the original proceedings or acted in any other manner that could lead to the assumption that he was aware of the contents of the final judgment on that date.

On the contrary, the record shows that Jesús Nava Moreno entered an appearance in these proceedings and requested to be acknowledged as a shareholder of legal entity Crédito Real, S.A.B. SOFOM, E.N.R., on August 4, 2022, *i.e.*, after the final judgment was published and took effect.

That being said, this Court is not unaware that, in the recitals of its writ of appeal, Jesús Nava Moreno stated the following:

> "…*1. On July 14, 2022, CRÉDITO REAL posted a material event at the Mexican Stock Exchange, announcing that judgment had been rendered on July 13, declaring the dissolution and ordering the liquidation of said company.*
>
> … *4. My examination of the Judicial Gazette showed that the petition was lodged with the Fifty-Second Civil Court of the Superior Court of Justice in and for Mexico City under file number 691/2022 and that, on July 14, 2022, the relevant final judgment was published*…"

However, this does not imply that the final judgment was appealed in an untimely manner, given that, as stated above, pursuant to Section 282 of the Mexican Corporations Law, when a court decision orders the dissolution of a company, if none of the interested parties considers that any of the causes specified by law is present, the challenges set forth by the law must apply.

In other words, the interested party's right, in this case, Jesús Nava Moreno's right, to file a challenge arises when the decision ordering the dissolution is issued. Clearly, the parties and third parties with a

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

legitimate interest become aware of this decision by its publication in the Gazette, and the term to file an appeal begins to run one business day after the date of publication.

Therefore, the appeal under analysis, filed by Jesús Nava Moreno, was filed in a timely manner.

Furthermore, this court considers that the right to effective judicial protection or to effective access to justice is defined as the subjective public right that every person has, within the terms specified by the laws, to promptly (*i.e.*, without any hindrances) have access to independent and impartial courts, to file a complaint or defend themselves against it, so that, through a process in which certain formalities are observed, a decision is entered with regard to the complaint or the defense against it and, when applicable, such decision is enforced. This right is constitutionally acknowledged by Article 17(2) of our Constitution.

Thus, the citizens' fundamental right of access to justice implies the obligation of the courts of the State to guarantee that justice be served in a prompt, complete, impartial and gratuitous manner.

This right is also acknowledged in Article 25 of the American Convention on Human Rights, which demands that the legal system make available to every person a simple and prompt recourse, or any other mechanism before the courts or tribunals, that is effective to challenge acts that violate their fundamental rights, *i.e.*, every person must have a recourse or defense means set forth by law that is appropriate to determine the existence of a violation to human rights and to repair it.

Moreover, this court considers that the Mexican Supreme Court of Justice, when deciding on direct Amparo Proceeding for Review No. 3562/2016, established that the guarantee of a hearing set forth by Article 14 of the Constitution consists in granting citizens the opportunity of a proper defense before an act of deprivation is issued, by complying with the essential formalities of the proceeding, acknowledging the following as basic formalities: 1) notifying the commencement of the proceedings and their consequences; 2) the opportunity to offer and produce evidence; 3) the opportunity to make allegations; and 4) the issuance of a decision that solves the matters at issue.

Furthermore, in resolving Conflict of Opinion No. 42/2019, the First Division ruled that the right to a proper defense is not limited to the formalities outlined above. Depending on the nature of the relevant proceeding, certain procedural rights shall apply to contribute to its full satisfaction as guarantees of due process, such as the <u>right to challenge court decisions by filing ordinary appeals available under procedural law</u>.

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

In this context, it follows that access to an ordinary appeal by the party whose rights have been violated as a result of certain decisions entered by a lower court has a constitutional basis, supported by the right to effective judicial protection. This is so because the parties' right to file ordinary appeals available under procedural law to challenge decisions entered by a lower court is part of an essential formality of procedure.

In this regard, the First Division of the Supreme Court of Justice has ruled that the supremacy of the Constitution not only applies to the crafting of laws but also, as an interpretative parameter, to the application of laws.

Hence, a "conforming interpretation" requires that, before rendering a law unconstitutional, all possibilities shall be exhausted to find meaning in it aligned with the Mexican Constitution. Accordingly, if several interpretations of a provision are possible, preference shall be given to the interpretation that resolves the apparent contradiction with the Constitution, and an ordinary law may be rendered unconstitutional only if it gives rise to a clear incompatibility or an irreparable contradiction with the Constitution.

As an essential assumption for the application of the hermeneutic technique described above, the attribution of meaning to a law shall result from a valid interpretation, i.e., the relevant provision shall be understood based on a certain method of legal interpretation, including but not limited to the grammatical method, which considers the text; the systematic method, which considers the context of the provision as part of a system; the functional method, which considers the subject-matter and purpose of the law; or the historical method, which considers its legislative changes.

Accordingly, judges and courts are under a duty to apply and interpret legal provisions regulating appeals in the most favorable way for their admission, since the access to appeals is governed by the same principles of the right to effective judicial protection.

In this regard, the existence of a defense to challenge a lower court's decisions means that the aggrieved party has the following rights, among others:

(a)      The right to defense, without disproportionate requirements being demanded.

(b)      The right to have the appeal admitted, unless a legal impediment requires otherwise. In any event, such impediment shall be interpreted in the way that is most favorable to the appeal.

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

(c)      The right to require that any impediments hindering access to appeals be applied without formalities and in accordance with their purpose.

This is supported by the following guiding opinion:[4]

> "ACCESS TO JUSTICE. INTERPRETATION OF THE LAWS THAT REGULATE THE FILING OF APPEALS. In the same way that citizens are constitutionally entitled to assert their rights in a proceeding determined by lawmakers, they are also entitled to the legally established appeals to challenge decisions entered by a lower court. This is so because an appeal is the continuation of the proceeding, since the appellate court is asked to review the decision of the lower court, which means that the principles of defense, equality between the parties, confrontation of evidence and legal equality in the application of the law also apply to the right of appeal. Hence, when procedural law provides for an appeal, access to it by the party whose rights have been violated falls within the scope of the rights to effective judicial protection and the administration of justice. However, although the right to appeal has a constitutional basis and is supported by the rights to effective judicial protection and the administration of justice under Article 17 of the Mexican Constitution, its legal regulation falls within the purview of lawmakers, but such power is not absolute, since it may only limit access to appeals in order to protect other fundamental rights. Thus, lawmakers cannot create unreasonable or disproportionate obstacles precluding the parties affected by a procedural decision from immediately filing an appeal. Judges and courts, in turn, are under a duty to apply and interpret legal provisions regulating appeals in the most favorable way for their admission, since the access to appeals is governed by the same principles of the right to effective judicial protection and they are a continuation of the proceeding; as a result, the existence of a defense to challenge a lower court's decisions means that the aggrieved party has the following rights: (a) the right to defense, without disproportionate requirements being demanded; (b) the right to have the appeal admitted, unless a legal impediment requires otherwise, in which case such impediment shall be interpreted in the way that is most favorable to the appeal; (c) the right to require that any legal impediments hindering access

---

[4] Court Journal and Gazette of the Federation. Digital Docket No. 162250. Instance: Circuit Courts. Ninth Series. Matter(s): Constitutional, Ordinary. Opinion: I.7o.C.66 K. Volume XXXIII, May 2011, page 997. Type: Guiding Opinion.

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

to appeals be applied without formalities and in accordance with their purpose; (d) the right to have appeals heard in accordance with the principles of equality and confrontation of evidence; and (e) the right to a decision on the merits by the appellate court disposing of the case brought by the appellant. In short, free access to appeals to raise issues that affect the parties' rights in a proceeding is a necessary condition to satisfy the rights to judicial protection and the administration of justice. This implies that lawmakers shall regulate the access to appeals under a law specifying the terms, manner and procedure to hear appeals; lawmakers are prevented, however, from freely imposing limitations on such right, since limitations may be placed only in a restrictive manner and to safeguard or protect other constitutionally guaranteed rights, as long as the burdens upon the parties as a result of such limitations are not disproportionate. Judges and courts, in turn, shall interpret the laws that regulate appeals in the most favorable way so that the parties are allowed to file an appeal with an appellate court, and they shall refrain from introducing or making strict interpretations of legal provisions that hinder the right to legal defense. SEVENTH COURT IN CIVIL MATTERS OF THE FIRST CIRCUIT."

In this sense, the term of nine days granted to parties under commercial law, and the time of its commencement, shall be interpreted in accordance with the Constitution, respecting the full extent of the right of access to justice granted to the third party with a legitimate interest.

The view that the phrase "take effect" used in the Mexican Commercial Code only applies with respect to the parties is a more restricted interpretation.

Conversely, the view that the notice of the final judgment through the Judicial Gazette takes effect on the following business day with respect to any of the persons entitled to file an appeal —i.e., the parties to the proceeding and third parties with a legitimate interest— is best suited to guarantee the integrity of the legal decisions adopted and the effective enforcement of the judgment. Otherwise, its unchangeable and unappealable nature would result in the ordinary and extraordinary means of defense being inadmissible. This means that, under any legal system, the decision would keep its unchangeable nature in furtherance of its enforcement, since the parties or third parties, such as appellant Jesús Nava Moreno, would be unable to file any appeal against it.

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

The right of the parties and third parties with a legitimate interest to file an appeal as from the same date is interdependent and aligned with other human rights, such as legal certainty and due process of law. By virtue of this, a party is able to challenge a court decision.

In a similar vein, based on the broader interpretation that notices published in the Judicial Gazette take effect equally with respect to the parties to a proceeding and the third parties with a legitimate interest, judges shall offer the opportunity and possibility for persons to exercise, if they so wish, the right to effective judicial recourse, i.e., a term common for all parties to file an appeal, unless the proceedings show that any of the parties became aware of the challenged decision prior to its publication by means of personal service.

To satisfy the right of access to effective judicial recourse, an appeal is not only required to have formal existence —it shall also be effective, i.e., capable of producing results or responses and providing full relief with respect to an alleged violation of rights.

In other words, the State's obligation is not limited to the legal existence of an appeal —such appeal shall also be suitable to challenge the violation and offer a real, not illusory, possibility of filing a simple and prompt request for the relevant judicial protection. This shall be guaranteed by courts.

Therefore, courts shall avoid at all times any actions intended to deny or limit such right of access to justice in relation to the effective judicial recourse. An example of such actions is the interpretation that the term available to appellant Jesús Nava Moreno to bring an appeal against the final judgment is different from the term granted to the parties to the proceeding because he is a third party with a legitimate interest and is not a party to the case.

The preceding view is supported by the following guiding opinion.

> "EFFECTIVE JUDICIAL PROTECTION. IN FURTHERANCE OF SUCH HUMAN RIGHT, COURTS SHALL AFFORD THE POSSIBILITY OF FILING APPEALS."[5]
>
> Based on the interpretation of Article 17 of the Mexican Constitution and Article 25 of the American Convention on Human Rights, it follows that the effective judicial protection involves the following principles: (a) the right to

---

[5] Court Journal and Gazette of the Federation, Instance: Circuit Courts. Tenth Series. Matter(s): Constitutional, Ordinary. Opinion: III.4o.(Third Region) 6 K (10th.). Book VI, March 2012, Volume 2, page 1481, Type: Guiding Opinion, Digital Docket No. 2000479.

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

the administration of justice or guarantee of judicial protection is a legally protected right granted to private parties so that, within the time periods prescribed by the applicable laws, they may have access to independent and impartial courts to file their claims or defenses against a lawsuit; (b) the private parties shall be guaranteed access to a court with legal powers to resolve a specific matter under the applicable legal framework, i.e., any person requesting access to justice shall have full assurance that justice will be administered by courts permanently established before the dispute, subject to no conditions other than the necessary, reasonable and proportional formalities to hear and resolve the case; and (c) the implementation of the necessary and effective mechanisms to provide the possibility of a legal recourse that guarantees the right to defense. Thus, public authorities cannot condition or hinder access to the administration of justice. This means that the applicable laws shall not impose limits to such right —they may only establish essential formalities to conduct proceedings. Therefore, aside from the foregoing considerations regarding the law, courts administering justice shall facilitate access to justice. This does not imply the elimination all formalities or a presupposition to disregard legislative provisions, but actually a requirement to comply with them and weigh the rights at stake, so that the parties in dispute have the same opportunity to exercise their right to defense, since effective judicial protection shall be understood as the minimum prerogatives available to persons. Therefore, in furtherance of such human right, courts shall provide the possibility of judicial recourse, i.e., they shall remove any formalities that hinder access to it. For example, if a decision is challenged and the court seized finds that it lacks jurisdiction, it shall not dismiss the case, but rather inform the filing party of the proper venue and send the case to the court of competent jurisdiction, which shall even offer the opportunity to adapt the claim to the requirements set forth in the applicable laws, notwithstanding the fact that it shall also examine whether the defense was filed in due time. FOURTH CIRCUIT COURT OF THE AUXILIARY CENTER OF THE THIRD REGION, SITTING IN GUADALAJARA, JALISCO."

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

In support of the above, the following court decision, applicable by analogy,[6] is cited.

> "ACCESS TO JUSTICE. COURTS SHALL AVOID AT ALL TIMES ANY ACTIONS INTENDED TO DENY OR LIMIT SUCH RIGHT.
>
> To effectively satisfy the fundamental right of access to justice, it is necessary to comply with Article 25 of the American Convention on Human Rights, which sets forth the State's obligation to grant all persons under its jurisdiction an effective judicial recourse against acts that violate their rights, recognized by the domestic legislation of the State or the Convention. Furthermore, in the interpretation of such article by the Inter-American Court of Human Rights, it has been held that, to satisfy the right of access to justice, an appeal is not only required to have formal existence —it shall also be effective, i.e., capable of producing results or responses and providing full relief with respect to an alleged violation of rights. In other words, the obligation of the State is not limited to the legal existence of an appeal —such appeal shall also be suitable to challenge the violation and offer a real, not illusory, possibility of filing a simple and prompt request for the relevant judicial protection. As a result, the existence of such guarantee is a basic pillar not only of the American Convention but also of every State under the rule of law. Therefore, courts shall avoid at all times any actions intended to deny or limit the right of access to justice. FOURTH COURT IN ADMINISTRATIVE MATTERS OF THE FIRST CIRCUIT."

### 2. Allegation that the appeal filed by Jesús Nava Moreno against the final judgment was erroneously admitted with a suspension of execution.

As argued by the Petitioner, the original case involves summary special commercial proceedings for the speedy disposition of the dispute, and therefore it is neither necessary nor appropriate to admit an appeal filed by an interested third party with a suspension of execution and without the posting of any bond, aside from the fact that this proceeding involves a declaratory judgment action.

Invoking Article 129 (XI) of the *Amparo* Law, the Petitioner also argues that the proceedings for liquidation of a legal entity, such as Crédito Real, cannot be postponed.

---

[6] Court Journal and Gazette of the Federation. Book XV, December 2012, Volume 2, page 1053, Digital Docket No. 159900. Instance: Circuit Courts. Tenth Series. Matter(s): Constitutional, Administrative. Opinion: I.4o.A. J/103 (9th.). Type: Case Law.

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

The foregoing arguments are **ungrounded**. As stated in whereas paragraph 1 above, Section 1339 of the Mexican Commercial Code provides that the appeal filed against a final judgment entered in commercial proceedings for an amount greater than MXN 757,365.46 (seven hundred and fifty-seven thousand, three hundred and sixty-five pesos and forty-six cents) or otherwise uncertain shall be admitted in both effects, contrary to the Petitioner's allegations.

Section 1339 does not make a distinction between ordinary proceedings and summary proceedings or otherwise introduce any exception according to which an appeal should be granted in both effects depending on the filing party, i.e., depending on whether or not the appellant is a party to the proceeding.

Furthermore, the Court finds that the bond alleged by the Petitioner applies only when an appeal should be admitted without suspending execution and the appellant requests a suspension pending appeal — in such case, it would be appropriate to require the posting of a bond for the possible damages arising from the challenged judgment not being enforced.

Such event provided by law does not apply to the case at hand. As explained above, there is an express provision ordering that the appeal brought against the final judgment be admitted in both effects.

Furthermore, the Court reiterates that Section 129 of the *Amparo* Law does not apply to the case at issue, since no application for a suspension pending appeal has been filed as part of an *amparo* proceeding. This case involves an appeal against a final judgment entered in a commercial proceeding under the Mexican Commercial Code, which clearly provides that such appeal shall be admitted in both effects. This confirms that the issue presented on appeal in section 2 above is ungrounded.

In view of the foregoing, the issues presented on appeal by the plaintiff and the defendant are **inapplicable and ungrounded**, and, therefore, the challenged decision should be upheld.

**III.** Costs.

Since none of the events under Section 1084 of the Mexican Commercial Code apply to the case at issue, no special award of costs is made.

NOW, THEREFORE, this Court hereby **ORDERS** the following:

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

1. The issues presented on appeal by the plaintiff and the defendant are hereby found to be inapplicable and ungrounded.
2. The challenged decision is hereby upheld.
3. No special award of costs shall be made.
4. Notice and a copy of this decision shall be delivered to the lower court.

Entered and signed individually by **ELISEO JUAN HERNÁNDEZ VILLAVERDE**, Judge of the **THIRD CIVIL DIVISION OF THE SUPERIOR COURT OF JUSTICE IN AND FOR MEXICO CITY**, as authorized and certified by **ELSA ZALDÍVAR CRUZ** in her capacity as Court Clerk.

CASE FILE No. 637/2022, pp. 576-577

ROMANOS BERRONDO ANGEL FRANCISCO

v.

CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA

Special Commercial Proceeding

EJHV/JAZG

---

"THE STATUTORY NOTICE WAS PUBLISHED IN JUDICIAL GAZETTE No. [blank] DATED [blank], 2022. BE IT RECORDED.
ON [blank], 2022, THE FOREGOING NOTICE TOOK EFFECT. BE IT RECORDED."

---

Electronic signature SICOR / TSJCDMX – Third Civil Court |
Key: 3SC | Document: 1323/2022-16 | Signature:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Signature: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Date of publication: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX –

[QR Code]

Original - Spanish

1

*"2022, Año de Ricardo Flores Magón,*
*Precursor de la Revolución Mexicana*



MAGISTRADO PONENTE
**ELISEO JUAN HERNÁNDEZ VILLAVERDE**
TERCERA SALA CIVIL
TOCA: 1323/2022
PROYECTOS 576 y 577

**Ciudad de México, a doce de octubre del dos mil veintidós**

**V I S T O S** los autos del toca **1323/2022** para resolver los **recursos de reposición** que hacen valer, tanto la parte el actora como la demandada, en contra del auto de <u>ocho de septiembre del dos mil veintidós</u>**,** dictado por esta Alzada en el presente toca, deducido del **JUICIO ESPECIAL MERCANTIL** promovido por **ROMANOS BERRONDO ÁNGEL FRANCISCO,** en contra de **CRÉDITO REAL, SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD NO REGULADA,** expediente **691/2022**, radicado ante el entonces C. **JUEZ QUINCUAGÉSIMO SEGUNDO DE PROCESO ESCRITO EN MATERIA CIVIL DEL TRIBUNAL SUPERIOR DE JUSTICIA DEL PODER JUDICIAL DE LA CIUDAD DE MÉXICO**; y,

**R E S U L T A N D O**

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



**I.-** El auto impugnado es del tenor siguiente:

"Ciudad de México, a ocho de septiembre de dos mil veintidós.

Con el oficio de cuenta procedente del Juzgado Quincuagésimo Segundo de lo Civil de la Ciudad de México, por el cual remitió un expediente número 691/2022, un cuaderno de agravios y una bolsa con documentos, se forma y registra el toca 1323/2022 para substanciar el recurso de apelación interpuesto por JESÚS NAVA MORENO quien actúa en su carácter de accionista de la persona moral Demandada en contra de la SENTENCIA DEFINITIVA DE FECHA TRECE DE JULIO DE DOS MIL VEINTIDÓS, emitida en los autos del juicio ESPECIAL MERCANTIL, promovido por **ROMANOS BERRONDO ÁNGEL FRANCISCO** en contra de **CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA.**

**Se confirma la admisión del recurso y su calificación de grado realizada en primera instancia en ambos efectos y con fundamento en el artículo 1345 bis 4 del Código de Comercio, se CITA A LAS PARTES PARA OÍR SENTENCIA...**

**...Notifíquese...**"

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil |
Clave: 3SC | Documento: 1323/2022-16 | Firma:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX --



**II.** Inconformes, el actor y la demandada, con el auto transcrito en el párrafo que antecede, interpusieron sendos recursos de reposición, los que, una vez admitidos y tramitados, se citó para el dictado de la resolución correspondiente, que ahora se pronuncia.

**C O N S I D E R A N D O**

**I. Por cuestión de método se inicia con el estudio del recurso de reposición que interpuso el actor ANGEL FRANCISCO ROMANOS BERRONDO,** mediante escrito de doce de septiembre del dos mil veintidós –foja 94 a la 114 del presente toca-.

Los motivos de inconformidad que hace valer el citado recurrente se analizan por tema en los siguientes términos:

**1.** Agravio relativo a que Jesús Nava Moreno carece de legitimación para apelar la sentencia definitiva de trece de julio del dos mil veintidós.

El recurrente sostiene que en el auto impugnado se transgreden en su perjuicio los artículos 1077, 1331, 1332, 1333, 1337 fracción IV, 1344, 1345, 1345 bis, 1345 bis 1, 1345 bis 2 y demás relativos y aplicables del Código de Comercio, así como el principio de congruencia, ya que se confirmó la admisión de un recurso de apelación, que es improcedente, por ser promovido por persona que carece de legitimación activa y pasiva en el juicio.

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil |
Clave: 3SC | Documento: 1323/2022-16 | Firma:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX --

Asimismo, manifiesta que es incorrecto que se actualice lo dispuesto por la fracción IV, del artículo 1337, del Código de Comercio, dado que la sentencia definitiva no causa perjuicio al apelante y que, por ende, carece de interés legítimo.

Aunado a lo anterior, el recurrente sostiene que la fracción IV, del artículo 1337, del Código de Comercio, fue una adición realizada a la legislación mercantil, mediante Decreto 79 de la LX Legislatura del Congreso de la Unión, publicada en el Diario Oficial de la Federación, el diecisiete de abril del dos mil ocho. De cuya exposición de motivos se advierte que únicamente tiende a hacer más ágil el trámite de los medios de impugnación, pero que no hace mención expresa a la intención de otorgar viabilidad a algún medio de impugnación interpuesto por algún tercero, que no tenga afectación directa e inmediata de la resolución dictada.

De igual forma, refiere que, del Dictamen de la Comisión de Economía de la citada reforma a la legislación mercantil, se observa que el interés legítimo, según Miguel Sánchez Morón es, en términos generales, "todo interés de cualquier persona, pública o privada, reconocido y protegido por el ordenamiento jurídico. Es la situación jurídica activa que se ostenta en relación con la actuación de un tercero, que comporta la facultad del interesado de exigir el respecto del ordenamiento jurídico..."

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

En ese sentido, el disconforme afirma, que un recurso de apelación de un tercero procede, en el supuesto de que una persona se encuentre en una situación jurídica activa y la resolución le perjudique.

En la misma línea, el recurrente aduce que la sentencia en que se reconoce la comprobación de una causal de disolución de una sociedad mercantil, es una cuestión que no perjudica al apelante, sino únicamente a la sociedad mercantil y no trasciende a la esfera jurídica de sus accionistas y que, por esa razón, no se le viola su garantía de audiencia consagrada en el artículo 14 de la Constitución Política de los Estados Unidos Mexicanos.

Amén de lo anterior, el recurrente arguye que el Segundo Tribunal Colegiado del Segundo Circuito resolvió que los accionistas de una sociedad anónima, carecen de legitimación cuando promueven un juicio de amparo indirecto en contra de actos que afectan el patrimonio de la sociedad. Por lo que, dice, el apelante no tiene el carácter de tercero con interés legítimo.

Lo anterior, lo fundamenta en que las sociedades mercantiles, como personas morales, solo utilizan la institución de la representación, para hacer valer sus derechos y cumplir sus obligaciones y que, por ende, los accionistas de una sociedad no tienen legitimación para promover.

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



Indicando que, conforme a la tesis de rubro *"legitimación en el amparo, los accionistas carecen de, cuando lo promueven contra actos que afecten el patrimonio de la sociedad",* los accionistas de una sociedad carecen de legitimación para promover un amparo indirecto en contra de actos que afecten el patrimonio de la sociedad, aun cuando tal afectación pudiera trascender de manera indirecta a su patrimonio en cuanto hace a su aportación social.

En el mismo sentido, el recurrente afirma que las sentencias dictadas en juicios de oposición a resoluciones de Asambleas de Accionistas afectan a todos los socios, independientemente de que estos sean llamados a juicio, o no, en términos de lo dispuesto por el artículo 203 de la Ley General de Sociedades Mercantiles, disposición que establece que la sentencia que se dicte con motivo de la oposición surtirá efectos respecto de los socios.

Manifestando el inconforme que, en el presente asunto, la sociedad demandada Crédito Real, S.A.B. de C.V., SOFOM, E.N.R., es una persona moral que actúa de conformidad y en representación de sus órganos sociales no pudiendo desmembrarse las partes de una sociedad mercantil para permitir que actúen por separado en nombre de esta o en nombre propio.

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

Por lo que, afirma, no es necesario llamar a juicio a los accionistas cuando las cuestiones atañen al ente societario, ya que los socios quedan obligados a acatar la sentencia respectiva en extensión a los efectos de la cosa juzgada, en términos de lo dispuesto por el artículo 203 de la Ley General de Sociedades Mercantiles, careciendo de legitimación activa o pasiva un accionista, por no generarse un perjuicio de manera directa a su esfera jurídica.

El recurrente, insiste en que los socios que no intervinieron materialmente en el juicio de oposición, o cualquier otro relacionado a la sociedad mercantil, carecen de carácter de terceros con interés legítimo para interponer recurso de apelación en contra de la sentencia definitiva, al no causarles esta un perjuicio directo e inmediato en su esfera jurídica.

Pues, aduce, que la legitimación para soportar la acción de impugnación de acuerdos sociales o sentencias que le incumban, compete a la propia sociedad, como corresponde a la consideración del acuerdo de su asamblea de accionistas como acto jurídico unitario imputable a la sociedad y, desde la perspectiva procesal, a la titularidad de la relación jurídica litigiosa que, por tanto, ostenta la compañía.

Agregando que no se hallan en una situación de litisconsorcio pasivo respecto de la compañía, ni los socios

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



que hayan intervenido en el acto, hayan votado en caso de existir asamblea, ni los administradores que promovieron la adopción de acuerdo impugnado.

Además, el recurrente arguye que las prestaciones reclamadas constriñen única y exclusivamente a una sociedad mercantil. Por lo que, a su parecer, carece de legitimación pasiva en la causa cualquier persona física, aun ostentando el carácter de accionista, dado que la persona física no puede controvertir hechos que le atañen en exclusiva a una sociedad y la sentencia que se dicte no le afecta directa e inmediatamente a su esfera patrimonial.

De manera similar, el recurrente manifiesta que ninguno de los hechos de la demanda es imputable a la parte apelante y/o a los accionistas, sino que los hechos se refieren única y exclusivamente en contra de la sociedad mercantil, que es autónoma de los socios o accionistas que la integran por virtud de un pacto social, otorgándole la Ley General de Sociedades Mercantiles, el beneficio de contar con personalidad jurídica propia, ajena e independiente de sus socios, con el propósito de que puedan actuar en el tráfico mercantil.

Agrega que, conforme a la doctrina y jurisprudencia del llamado "velo corporativo", éste constituye una garantía para la protección de los ámbitos interno y externo de una sociedad mercantil, que es una expresión del principio jurídico de separación de personalidades.

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

Añade que la sociedad mercantil actúa a través de sus representantes legales y, cuando celebran operaciones comerciales o contractuales, es la única obligada frente a terceros, careciendo de cualquier facultad de obligar a sus accionistas o socios en lo personal quienes, en virtud de esa ficción legal y del mencionado velo corporativo, únicamente están obligadas al pago de sus aportaciones.

Señala el recurrente que la única obligación y, por ende, derecho de los accionistas se constriñe a la derivada en el pago de su participación social. Por lo que, arguye que, en el caso de liquidación, no tienen que ser oídos o vencidos en juicio los accionistas de la sociedad, por la sencilla razón de que no responden de las deudas de la sociedad, careciendo de interés legítimo alguno que afecte sus intereses.

Por los anteriores argumentos, el recurrente solicita que se revoque la admisión del recurso de apelación, reiterando que el carácter de accionista no otorga legitimación *ad casuam,* para intervenir en el juicio de disolución y liquidación de una sociedad mercantil.

El agravio en comento deviene, por una parte, **infundado** y, por otra, **inoperante.**

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

Para justificar lo infundado del agravio, en primer término, se precisa el contenido de los artículos 1336 y 1337 del Código de Comercio, que son del tenor siguiente:

> "Art. 1,336. Se llama apelación el recurso que se interpone para que **el tribunal superior confirme, reforme o revoque las resoluciones del inferior que puedan ser impugnadas por la apelación**, en los términos que se precisan en los artículos siguientes.
>
> Art. 1,337. Pueden apelar de una sentencia:
>
> I. El litigante condenado en el fallo, si creyere haber recibido algún agravio;
>
> II. El vencedor que, aunque haya obtenido en el litigio, no ha conseguido la restitución de frutos, la indemnización de daños y perjuicios, o el pago de las costas, y
>
> III. La parte que venció puede adherirse a la apelación interpuesta al notificársele la admisión de ésta, o dentro de los tres días siguientes a esa notificación. En este caso la adhesión al recurso sigue la suerte de éste, y
>
> **IV. El tercero con interés legítimo, siempre y cuando le perjudique la resolución."**

Como puede observarse, las personas que figuran en el proceso como partes formales, tienen el derecho a apelar en términos del citado precepto normativo, es decir, tienen legitimación para recurrir:

a) El litigante condenado en el fallo, si creyere haber recibido algún agravio -con lo que se hace referencia a las partes actora y demandada-;

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



b) El vencedor que, aunque haya obtenido en el litigio, no ha conseguido la restitución de frutos, la indemnización de daños y perjuicios, o el pago de las costas;

c) Asimismo, la parte que venció, quien puede adherirse a la apelación interpuesta al notificársele la admisión de ésta, o dentro de los tres días siguientes a esa notificación.

De donde se sigue que las calidades en comento, son suficientes para justificar el interés que tienen, las partes en el juicio para apelar, requiriéndose además la existencia de una probabilidad seria y razonable de un agravio o perjuicio para el recurrente.

Sin perjuicio de lo anterior, se considera que la fracción IV, del artículo 1337, del Código de Comercio, reconoce el derecho de terceros para apelar, **con la condición de que tengan un interés legítimo y siempre y cuando le perjudique la resolución que pretende impugnar.**

Al respecto, se puntualiza que la fracción IV, del artículo 1337, del Código de Comercio, se adicionó mediante reforma publicada en el Diario Oficial de la Federación el diecisiete de abril del dos mil ocho. Respecto de esa adición, la Comisión de Economía de la Cámara de Diputados del Congreso de la Unión emitió entre sus consideraciones la siguiente:

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



*"...Octava. Que el interés legítimo, según Miguel Sánchez Morón, es en términos generales "**todo interés de cualquier persona, pública o privada, reconocido y protegido por el ordenamiento jurídico**", por lo que debemos entender que es la situación jurídica activa que se ostenta en relación con la actuación de un tercero y que no supone, a diferencia del derecho subjetivo, una obligación correlativa de dar, hacer o no hacer exigible de otra persona, pero **sí comporta la facultad del interesado de exigir el respeto del ordenamiento jurídico**.*

*Al respecto, el artículo 1337 del Código de Comercio cita quiénes pueden interponer el recurso de apelación, y **la minuta en estudio propone la adición de una fracción IV, que permita apelar la sentencia que afecte el interés legítimo de un tercero**, a lo que cabe precisar que la intención de esta soberanía al incorporar la figura de "tercero con interés legítimo" únicamente pretende **posibilitar que los terceros llamados a juicio puedan apelar la sentencia definitiva, siempre que les perjudique la resolución**...*

Así, resulta evidente que están facultados para impugnar una resolución emitida en un juicio mercantil, los terceros que se vean afectados con la resolución materia de impugnación y creyeren haber recibido un agravio con la emisión de tal decisión.

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



13

Es decir, el agravio que se ocasione a un tercero que tenga interés legítimo en obtener la revocación o modificación de la resolución recurrida, es lo que legitima al recurrente para interponer ese medio de impugnación. Así, la parte que ninguna lesión o perjuicio resienta con la decisión judicial o con parte de ella, carece de facultades para impugnar esos aspectos y consideraciones, ya que éstos no le irrogan agravio.

Resulta aplicable, por analogía en lo conducente, la tesis aislada sustentada por la extinta Tercera Sala de la Suprema Corte de Justicia de la Nación, localizable en Sexta Época, Registro 270811, Semanario Judicial de la Federación, Volumen LVII, Cuarta Parte, Materia Civil, página: 18, del rubro y texto siguientes:

"APELACION, LEGITIMACION ACTIVA PARA LA. Conforme al artículo 689 del Código de Procedimientos Civiles del Distrito y Territorios Federales, el litigante que creyere haber recibido algún agravio, los terceros que hayan salido al juicio y los demás interesados a quienes perjudique una resolución judicial apelable, pueden interponer en su contra el recurso de apelación. Por tanto, el agravio que ocasione al litigante, a un tercero que haya comparecido al juicio o a cualquiera que tenga interés legítimo en obtener la revocación o modificación de la resolución recurrida, es lo que viene a dar la legitimación al apelante para interponer el recurso, porque así como en primera instancia el interés es la medida de la acción en el actor para deducirla, en la



Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

segunda es el agravio la medida de la apelación en el apelante para impugnar la resolución recurrida. De aquí que el que resulte beneficiado o quien ningún agravio resienta con la resolución judicial, carezca de legitimación activa para interponer el recurso de apelación."

Aunado a lo anterior, es menester precisar que el interés a que alude la fracción IV, del artículo 1337, del Código de Comercio, y que legitima a la parte apelante para promover un recurso de apelación, no debe confundirse con la legitimación activa o pasiva en la causa para formar parte de un proceso.

Puesto que, el interés legítimo para apelar, supone únicamente la existencia de un interés cualificado respecto de la legalidad del acto impugnado, interés que proviene de la afectación a la esfera jurídica del individuo, ya sea directa o derivada de su situación particular respecto del orden jurídico. Mientras que la legitimación activa y pasiva en la causa para formar parte de un proceso jurisdiccional debe entenderse como una condición necesaria para la procedencia de la acción, que se refiere a la calidad de las partes en el juicio e implica que la acción debe ser intentada por el titular del derecho y contra la persona obligada por la ley para satisfacerlo.

Aunado a lo anterior, se puntualiza que para la procedencia de la apelación, se requiere que exista una probabilidad seria y razonable de la causación de un

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



agravio o perjuicio para el recurrente, la que debe ponerse de manifiesto en la parte argumentativa, mediante el señalamiento de disposiciones legales o principios jurídicos de cuyo contenido o aplicación se desprende un beneficio para el apelante, con la expresión de los razonamientos demostrativos de que con el acto o resolución impugnados se cometió una transgresión a las citadas disposiciones o principios que trae como consecuencia, la afectación del beneficio aludido, en cualquier grado.

Se cita en apoyo a lo anterior la siguiente tesis aislada, <u>aplicable por analogía[1]</u>.

> "APELACIÓN, LEGITIMACIÓN PARA INTERPONERLA DE LOS TERCEROS NO VINCULADOS AL JUICIO (Legislación del Distrito Federal).
> El artículo 689 del Código de Procedimientos Civiles para el Distrito Federal dispone que pueden apelar, además de los litigantes, los terceros que hayan salido al juicio y los demás interesados a quienes perjudique la resolución judicial. Un criterio de aceptación generalizada consiste en que, por regla general, el interés jurídico constituye la base para el otorgamiento de la legitimación, tanto para accionar como para impugnar. Bajo esta directriz, se confiere legitimación, para apelar: a) a los litigantes que creyeren haber recibido un agravio, con lo que se hace

---

[1] Semanario Judicial de la Federación y su Gaceta. Registro digital: 163886. Instancia: Tribunales Colegiados de Circuito. Novena Época. Materias(s): Civil. Tesis: I.4o.C.287 C. Tomo XXXII, Septiembre de 2010, página 1160. Tipo: Aislada

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



referencia a las partes actora y demandada, b) a los terceros salidos al juicio, esto es, a los que están vinculados al procedimiento judicial, en términos de los artículos 21 al 23 y 652 a 673 del Código de Procedimientos Civiles para el Distrito Federal, y c) a los demás interesados a quienes perjudique la resolución judicial. La ley presume la existencia del interés jurídico, con relación a las personas vinculadas al procedimiento, como son las partes y los terceros señalados, en atención a que el reconocimiento de ese interés jurídico fue un requisito esencial para su incorporación al juicio, de modo que dichas calidades son suficientes para justificar el interés para apelar.

En cambio, las personas que no sean parte o terceros salidos al juicio sí deben acreditar su interés jurídico, para acudir a la apelación. Dicho interés requiere, además del interés presunto o demostrado, la existencia de una probabilidad seria y razonable de la causación de un agravio o perjuicio para el recurrente, para lo cual deben exponerse los argumentos conducentes, susceptibles de justificar esa probabilidad, mediante el señalamiento de disposiciones legales o principios jurídicos de cuyo contenido o aplicación se desprenda un beneficio para el apelante, aunado a la expresión de razonamientos demostrativos de que con el acto o resolución impugnados se cometió una transgresión a las citadas disposiciones o principios que trae como consecuencia, la afectación del beneficio aludido, en cualquier grado. CUARTO TRIBUNAL COLEGIADO EN MATERIA CIVIL DEL PRIMER CIRCUITO."

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



Como puede observarse, para la procedencia del recurso de apelación, las partes y los terceros vinculados al juicio ya cuentan con la presunción de tener el interés necesario para apelar y, por ende, están legitimados para interponer el recurso de apelación en contra de la sentencia que resolvió el juicio del que formaron parte. No obstante, es necesario que consideren que el acto impugnado les causa un agravio, para lo cual deben exponer los argumentos conducentes susceptibles de producir una probabilidad al respecto.

Mientras que, los terceros que no formaron parte de la litis primigenia, deben acreditar la existencia del interés por el que actúan y la tutela jurídica de ese interés como requisito *sine qua non* para considerarlos legitimados para hacer valer el recurso de alzada.

Lo anterior, puesto que, la demostración del interés legítimo por parte de los terceros, forma parte de los requisitos formales o presupuestos necesarios para que la autoridad jurisdiccional de segunda instancia analice el fondo del recurso de apelación. Lo que se considera una parte fundamental del derecho a la tutela judicial efectiva, pues conforme a lo dispuesto por el artículo 17 de la Constitución Política de los Estados Unidos Mexicanos, toda persona tiene derecho a que se le administre justicia por tribunales que estarán expeditos para impartirla **en los plazos y términos que fijen las leyes.**

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

En ese tenor, opuestamente a lo considerado por la parte recurrente, en el caso, sí se encuentra demostrado el interés legítimo que tiene Jesús Nava Moreno, para promover recurso de apelación en contra de la sentencia definitiva de trece de julio del dos mil veintidós, emitida en el juicio que nos atañe.

Ello, en virtud de que afirma ser titular de 200,600 (doscientos mil seiscientas) acciones representativas del capital social de la moral demandada. Exhibiendo al respecto, copia certificada del contrato de intermediación bursátil AKJ786[2], celebrado entre Grupo Bursátil Mexicano, Sociedad Anónima de Capital Variable, Casa de Bolsa y por Jesús Nava Moreno en su carácter de cliente, mediante el cual convinieron, entre otras cuestiones, que la casa de bolsa abriría al cliente una o más cuentas en las que se registrarían, de manera enunciativa más no limitativa, las operaciones realizadas, las entregas o traspasos de valores o efectivo hechos por el Cliente o por instrucciones de éste, las percepciones de intereses, rendimientos, dividendos, amortizaciones, importe de ventas de títulos y derechos en general cualquier saldo a favor del propio cliente en valores o efectivos.

Aunado a lo anterior, se considera que del estado de la cuenta correspondiente al contrato AKJ786, a nombre de Jesús Nava Moreno, del periodo del 1 al 30 de junio del

---

[2] El Fedatario que realizó la citada certificación, indicó que esa documental es una impresión fiel de la página electrónica "https://gbm.com/plus/

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



dos mil veintidós, se advierte el depósito de 200,600 (dos mil seiscientas acciones), de Crédito Real.

Asimismo, exhibió la constancia de depósito de acciones de doce de agosto del dos mil veintidós, emitida por el Licenciado Luis Enrique Flores Torres, Gerente de Ejercicio de Derechos Nacionales, del "INDEVAL Grupo BMV", en la que se hizo constar que al once de agosto del dos mil veintidós, en la bóveda de la institución S.D. INDEVAL, INSTITUCIÓN PARA EL DEPÓSITO DE VALORES, S.A. DE C.V., se mantiene en custodia a nombre de Grupo Bursátil Mexicano, S.A. DE C.V., CASA DE BOLSA, acciones emitidas por Crédito Real S.A.B. DE C.V., SOFOM. E.N.R. en términos de la siguiente información:

| Cuenta | T.V. | Emisora | Serie | Cupón | Posición |
|--------|------|---------|-------|-------|----------|
| 010124503 | 0 | CREAL | * | 0000 | 69,042,719 |

Además, obra en autos la carta de doce de agosto del dos mil veintidós, signada por Natalia Saldate Durón, directora de Control Interno y Representante Legal de Grupo Bursátil Mexicano, S.A. de C.V., Casa de Bolsa, mediante el cual informó que Jesús Nava Moreno tiene un contrato de intermediación bursátil con Grupo Bursátil Mexicano, S.A. de C.V., Casa de Bolsa (GBM), al amparo del cual tiene la cuenta AKIJ78601, que mantiene a la fecha de la carta la siguiente posición:

| Volumen | Emisora |
|---------|---------|

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



| 200,600 | CREAL |
|---------|-------|

Con lo anterior, se tiene por demostrado el carácter de accionista de Jesús Nava Moreno, de la Sociedad demandada, respecto de la cual en sentencia definitiva se ordenó su disolución y liquidación. Por ende, resulta inconcuso que sí tiene un interés legítimo para solicitar la modificación o revocación de dicho fallo, al formar parte de dicha sociedad, pues sí esta se disuelve y liquida, cesaran los derechos que tiene dicho apelante en torno a la sociedad en comento.

Máxime, que entre los agravios que hace valer el apelante, se encuentran los relativos a que no fue llamado a juicio en su carácter de socio. Lo que, a su decir, era necesario, al existir un litisconsorcio pasivo; y que la determinación de disolución de la sociedad demandada es facultad exclusiva de la asamblea general de accionistas, de la cual forma parte, así como que no se cumplió con uno de los requisitos para la procedencia de la acción.

Argumentando que en el fallo definitivo impugnado, se vulneraron en su perjuicio los artículos 1, 14 y 16 de la Constitución Política de los Estados Unidos Mexicanos, el 182, 229, 232, 233, 34 y demás relativos y aplicables de la Ley General de Sociedades Mercantiles.

Por lo anterior, se tiene que el apelante Jesús Nava Moreno, acredita tanto el interés legítimo con el que

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

comparece a promover el recurso de apelación admitido mediante el proveído recurrido. Así como la expresión de una afectación, que denota la probabilidad seria y razonable de la causación de un agravio personal y directo en la esfera jurídica del apelante.

Amén que, el Pleno de la Suprema Corte de Justicia de la Nación, al resolver la contradicción de tesis 259/2009, consideró que cuando el justiciable se ostente como persona tercera extraña al juicio, puede, mediante el recurso ordinario, controvertir la falta o la deficiencia del emplazamiento. Indicando que las posibilidades de ejercer por esa vía la defensa de su derecho constitucional estarán sujetas a diversas particularidades sobre el plazo para interponer el recurso, el tipo de pruebas y los hechos materia de probanza.

Lo anterior, sin menoscabo de que, si ante la referida opción el justiciable acude al medio ordinario de defensa para controvertir los vicios en comento, posteriormente ya no podrá ostentarse como un tercero extraño a juicio equiparado a persona extraña, por lo que contra la sentencia dictada en el recurso ordinario respectivo podrá, en su caso, promover demanda de amparo directo.

Lo que permite reiterar que, un tercero con interés legítimo, como lo es el apelante Jesús Nava Moreno, se encuentra en aptitud de promover recurso de apelación en

contra de la sentencia definitiva que estima le causa agravio.

Sirve de apoyo al respecto, la siguiente Jurisprudencia, que derivó de la contradicción de tesis indicada[3].

"EMPLAZAMIENTO. SU FALTA O ILEGALIDAD ES IMPUGNABLE A TRAVÉS DEL JUICIO DE AMPARO INDIRECTO, SI QUIEN SE OSTENTA COMO TERCERO EXTRAÑO EQUIPARADO A PERSONA EXTRAÑA TUVO CONOCIMIENTO DEL JUICIO RESPECTIVO DESPUÉS DE DICTADA LA SENTENCIA DE PRIMERA INSTANCIA QUE NO HA CAUSADO EJECUTORIA, AUN CUANDO PUEDA IMPUGNARLA OPORTUNAMENTE MEDIANTE UN RECURSO ORDINARIO EN EL QUE PUEDA HACER VALER AQUELLA VIOLACIÓN PROCESAL.

Conforme al criterio del Tribunal en Pleno de la Suprema Corte de Justicia de la Nación contenido en la jurisprudencia P./J. 18/94, de rubro: "EMPLAZAMIENTO, IRREGULARIDADES EN EL. SON RECLAMABLES EN AMPARO INDIRECTO CUANDO EL QUEJOSO SE OSTENTA COMO PERSONA EXTRAÑA AL JUICIO POR EQUIPARACIÓN." es factible promover juicio de amparo indirecto por quien, siendo parte material en un juicio, se duela de la falta de emplazamiento o de las irregularidades suscitadas en él, considerando que en aras de permitir la adecuada

---

[3] Semanario Judicial de la Federación y su Gaceta. Registro digital: 2000348. Instancia: Pleno. Décima Época. Materias(s): Común. Tesis: P./J. 1/2012 (10a.). Libro VI, Marzo de 2012, Tomo 1, página 5. Tipo: Jurisprudencia

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



tutela de su derecho de audiencia, en ese supuesto se ostenta como un tercero extraño a juicio que, por equiparación, debe regirse por las reglas procesales aplicables a la persona extraña a juicio, entre las que se encuentra la posibilidad de acudir al juicio de amparo sin necesidad de agotar los recursos ordinarios, lo que deriva de la interpretación sistemática de los incisos a), b) y c) de la fracción III del artículo 107 de la Constitución Política de los Estados Unidos Mexicanos, así como la de promoverlo en la vía indirecta para impugnar la constitucionalidad del juicio respectivo, con el objeto de ofrecer las pruebas para acreditar los referidos vicios procesales, lo que no podría realizar en la vía directa ante la limitación probatoria establecida en los artículos 78 y 190 de la Ley de Amparo. En ese tenor, ante la ausencia de regulación sobre la procedencia del amparo indirecto promovido por quien se ostenta como tercero extraño, cuando tuvo conocimiento del juicio respectivo con motivo del dictado de la sentencia de primera instancia y aún se encuentre en tiempo para interponer el recurso ordinario, generalmente el de apelación, en el cual pudiera hacer valer vicios procesales, atendiendo a la naturaleza de las normas rectoras del juicio de amparo y al principio pro persona establecido en el artículo 1o., párrafo segundo, de la Constitución General de la República, se concluye que dicha circunstancia no permite desconocer los beneficios procesales que dispensa la regulación del juicio constitucional a quienes se ostentan como terceros extraños, pues aun cuando en el recurso ordinario puedan controvertir la falta o la deficiencia del emplazamiento, las posibilidades de ejercer por esa vía



Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



la defensa de su derecho constitucional estarán sujetas a diversas particularidades sobre el plazo para interponer el recurso, el tipo de pruebas y los hechos materia de probanza; sin menoscabo de que si ante la referida opción el justiciable acude al medio ordinario de defensa para controvertir los vicios en comento, posteriormente ya no podrá ostentarse como un tercero extraño a juicio equiparado a persona extraña, por lo que contra la sentencia dictada en el recurso ordinario respectivo podrá, en su caso, promover demanda de amparo directo en la cual, conforme a la fracción I del artículo 159 de la Ley de la materia, haga valer como violación procesal los vicios mencionados, lo cual lleva a interrumpir parcialmente, en la medida en que sostienen un criterio contrario al precisado, las tesis jurisprudenciales 3a./J. 17/92, 3a./J. 18/92 y 3a./J. 19/92, de la entonces Tercera Sala de este Alto Tribunal."

Sin que lo anterior, prejuzgue sobre lo fundado, o no, de los agravios que hace valer el apelante, pues ello es propio del fondo de dicho medio de impugnación y no así de la falta de cumplimiento de alguno de los requisitos para la procedencia del mismo, como lo sería la falta de interés legítimo, por parte del apelante Jesús Nava Moreno. Amén que el presente recurso de reposición se circunscribe al estudio de los requisitos formales para la admisión del recurso de apelación.

En ese contexto, no es posible que en la presente resolución se analicen los motivos de inconformidad que

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



expone el recurrente relativos a que, el apelante Jesús Nava Moreno, carece de legitimación al surtirle efectos la sentencia definitiva en términos del artículo 203 de la Ley General de Sociedades Mercantiles, ni aquellos en los que señala que ninguno de los hechos de la demanda es imputable a la parte apelante y/o a los accionistas; pues se trata de cuestiones de fondo del recurso de apelación que interpuso Jesús Nava Moreno que, se insiste, no pueden abordarse en la presente resolución que se ciñe a verificar si se actualizan o no la falta de cumplimiento de formalidades para confirmar la admisión de la apelación que hace valer Jesús Nava Moreno.

De ahí la **inoperancia de los agravios que se analizan.**

2. Agravio relativo a que en el auto impugnado se realizó una indebida fundamentación y motivación, al no justificarse, porqué, el apelante tiene legitimación para apelar.

Lo anterior lo hace descansar en que, es insuficiente que en el auto impugnado se haga mención al artículo 1337 del Código de Comercio en su fracción IV, ya que, debió realizarse un raciocinio lógico jurídico de porqué el apelante tiene interés legítimo y como le afecta de manera directa e inmediata la sentencia definitiva, situación que aduce, no quedó acreditada en el auto recurrido. Indicando

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



que ello, constituye una transgresión al principio de congruencia y exhaustividad.

El agravio en estudio deviene **parcialmente fundado pero inoperante**, pues si bien le asiste la razón al disiente en lo relativo a que en el auto impugnado no se realizó justificación alguna en relación al interés legítimo que tiene el apelante Jesús Nava Moreno para apelar la sentencia definitiva emitida en el controvertido que nos ocupa.

Lo cierto es que, tal y como se determinó en el estudio del motivo de inconformidad que antecede, al demostrar el apelante Jesús Nava Moreno ser socio de la persona moral, respecto del cual en el fallo definitivo se ordenó su disolución y liquidación, se evidencia el interés que lo legitima para impugnar dicha resolución. Máxime que aduce que, en la especie, no se cumplió con el requisito *sine qua non,* consistente en que previo a la presentación de la demanda debió existir una asamblea en la que los socios aprobaran dicha disolución.

Manifestaciones que revelan la posible existencia de un agravio personal y directo en la esfera jurídica del apelante en cita. De ahí que se estime acertada la admisión del recurso de apelación interpuesto por Jesús Nava Moreno, en contra de la sentencia definitiva de trece de julio del dos mil veintidós, al haber quedado demostrado el interés legítimo que tiene para apelar dicho accionista, así

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

como la probabilidad de existencia de un agravio personal y directo.

A mayor abundamiento, es importante resaltar, sin que ello implique prejuzgar sobre el fondo del recurso planteado, que el actor pretendió justificar su interés en la acción pretendida en su calidad de socio accionante de la persona moral demandada y, al mismo tiempo, paradójicamente, cuestiona el interés del apelante, quien también se ostenta como socio accionante y pretende justificar su interés en dicho carácter. De tal suerte que los argumentos que en vía de agravios se exponen y replican por las partes apelada y apelante, giran en torno a si existe, o no, interés en que un accionista tenga interés, o no, en el presente juicio, así como en el recurso judicial efectivo.

Luego entonces, se justifica legalmente la admisibilidad del recurso de apelación, ya que los argumentos en que se solicita se revoque su admisión, incluye argumentos de fondo sobre la cuestión resuelta y plateada en juicio. De tal suerte que, privilegiando el derecho al recurso judicial efectivo, es claro que debe admitirse, a fin de analizar el fondo de la cuestión plateada en el recurso de apelación y sus contraargumentos, garantizando la solución íntegra de la cuestión plateada por las partes.

Confirmándose así la inoperancia del motivo de inconformidad en estudio.

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



**IV.** <u>Agravio relativo a que debe revocarse la admisión del recurso en ambos efectos.</u>

El recurrente refiere que el auto impugnado transgrede en su perjuicio lo establecido en los artículos 1345, 1345 bis 8 y demás relativos y aplicables del Código de Comercio en relación con el 129 fracción XI de la Ley de Amparo, en razón que, la calificación de grado del recurso debe cambiar, para ser admitida en el efecto devolutivo. Puesto que, a su decir, se atenta en contra del orden público al paralizar el juicio de liquidación de una sociedad mercantil.

Señala el inconforme que el artículo 129 fracción XI de la Ley de Amparo establece los casos en los que procede la suspensión del acto reclamado y que la misma no es procedente cuando se atenta en contra del interés social o el orden público. Indicando que en este último supuesto se encuentra los actos que impiden o interrumpen la liquidación de una entidad financiera.

A su vez, el recurrente aduce que el artículo indicado en el párrafo que antecede es aplicable al caso concreto por analogía y mayoría de razón. Insistiendo en que la confirmación de la apelación en contra de la sentencia definitiva en ambos efectos, contraviene el orden público y el interés social, al tratarse de una resolución judicial que declaró la disolución y liquidación de una sociedad

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



financiera. Por lo que, dice, no procede la suspensión de ésta, dada la naturaleza del procedimiento que nos atañe.

En razón de lo anterior, el recurrente arguye que es improcedente suspender un procedimiento de liquidación y admitir la apelación interpuesta por Jesús Nava Moreno, en contra de la sentencia definitiva en ambos efectos, dado que pone en riesgo la viabilidad económica de la demandada. Citando diversas Jurisprudencias y tesis relativas al concurso mercantil.

Así, el apelante insiste en que la admisión en ambos efectos del recurso de apelación limita y restringe el derecho fundamental de acceso a la justicia en perjuicio de la sociedad, dada su naturaleza financiera y mercantil en virtud de que su procedimiento de liquidación es de orden público e interés social. Reiterando que, cualquier determinación judicial que implique la suspensión de ese procedimiento, atenta contra el curso ordinario y natural financiero de la propia sociedad, lo que podría traducirse en afectaciones a terceros.

Finalmente, el recurrente manifiesta que la confirmación de la admisión de la apelación en ambos efectos no es proceden al existir impedimento legal para suspender su ejecución, que atiende a una situación de facto, dado el dinamismo económico financiero que rige a la sociedad cuya liquidación fue ordenada por el A quo.

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

Lo que deviene **infundado**.

Para justificar lo anterior, en primer término, se puntualiza que el juicio que nos atañe, se tramitó en la vía especial en términos de lo dispuesto por la Ley General de Sociedades Mercantiles, que en su artículo 232 establece que, en caso de que la disolución de una sociedad se decrete mediante resolución judicial, procederán los medios de impugnación correspondientes a la materia en que emitió tal fallo.

En esa tesitura, dado que la resolución que nos atañe, se emitió en la materia mercantil, para efectos de la apelación de la misma, debe atenderse a las disposiciones del Código de Comercio.

Establecidos lo anterior, para verificar si la apelación que interpuso Jesús Nava Moreno en contra de la sentencia definitiva, debió admitirse en efecto devolutivo como lo aduce la recurrente o, por el contrario, fue correcta su admisión, en ambos efectos, se precisa el contenido de los artículos 1339, 1339 Bis, 1345 Bis 4 y 1345 Bis 5, del Código de Comercio, que son del tenor siguiente:

> "Artículo 1,339. Son irrecurribles las resoluciones que se dicten durante el procedimiento y las sentencias que recaigan en negocios cuyo monto sea menor a $757,365.46 (Setecientos cincuenta y siete mil trescientos sesenta y cinco pesos 46/100 M.N.) por concepto de suerte principal, sin que sean de tomarse en consideración intereses y demás accesorios reclamados a la fecha de presentación de



Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

la demanda, debiendo actualizarse dicha cantidad anualmente.

Corresponderá a la Secretaría de Economía actualizar cada año por inflación el monto expresado en pesos en el párrafo anterior y publicarlo en el Diario Oficial de la Federación, a más tardar el 30 de diciembre de cada año.

Para estos efectos, se basará en la variación observada en el valor del Índice Nacional de Precios al Consumidor, publicado por el Instituto Nacional de Estadística y Geografía entre la última actualización de dicho monto y el mes de noviembre del año en cuestión.

**Las sentencias que fueren recurribles, conforme al primer párrafo de este artículo, lo serán por la apelación que se admita en ambos efectos, salvo cuando la Ley expresamente determine que lo sean sólo en el devolutivo**.

Sólo serán apelables los autos, interlocutorias o resoluciones que decidan un incidente o cuando lo disponga este código, y la sentencia definitiva pueda ser susceptible de apelación, de acuerdo a lo dispuesto en el primer párrafo de este artículo.

El recurso de apelación contra autos, interlocutorias o resoluciones, que se dicten en el trámite del procedimiento se admitirá en el efecto devolutivo de tramitación conjunta con la apelación de la sentencia definitiva, sin que sea necesario en tal escrito la expresión de agravios; interpuesta esta apelación, se reservará su trámite para que se realice en su caso conjuntamente con la tramitación de la apelación que se formule en contra de la sentencia definitiva por la misma parte apelante.

Para que proceda la apelación contra autos, interlocutorias o resoluciones en efecto devolutivo o

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



en el suspensivo se requiere disposición especial de la ley.

La apelación debe interponerse ante el tribunal que haya pronunciado el auto, interlocutoria o resolución, a más tardar dentro de los nueve días siguientes a aquél en que surta efectos la notificación si se tratare de sentencia definitiva, seis si fuere contra auto, interlocutoria o resolución, dictada en el procedimiento si se trata de apelaciones de tramitación inmediata y en el término de tres días si se trata de apelación de tramitación conjunta con la sentencia definitiva.

Los agravios que hayan de expresarse en contra del auto, interlocutoria o resolución, cuando se trate de apelaciones de tramitación inmediata o de sentencia definitiva, se expresarán al interponerse el recurso de apelación. Los agravios que en su caso se deban expresar en contra de resoluciones de tramitación conjunta con la sentencia definitiva se expresarán en la forma y términos previstos en el artículo 1344 de este Código."

"Artículo 1,339 Bis. Los asuntos de cuantía indeterminada siempre serán apelables."

"Artículo 1,345 Bis 4. El tribunal, al recibir las constancias que remita el inferior, revisará si la apelación fue interpuesta en tiempo y bien admitida, y calificará si se confirma o no el grado en que se admitió por el inferior. De encontrarla ajustada a derecho, así lo hará saber y citará a las partes en el mismo auto para dictar sentencia, la que pronunciará y notificará dentro de los términos de este Código.

En el caso de que se trate de sentencia definitiva y la apelación proceda en el efecto devolutivo, se dejará en el juzgado copia certificada de ella y de las demás

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



constancias que el juez estime necesarias para ejecutarla, remitiéndose desde luego los autos originales al tribunal correspondiente.

**La apelación admitida en ambos efectos suspende desde luego la ejecución de la sentencia, hasta que ésta cause ejecutoria**. Cuando se interponga contra auto o interlocutoria que por su contenido impida la continuación del procedimiento y la apelación se admita en ambos efectos, se suspenderá la tramitación del juicio."

Artículo 1,345 Bis 5. **Se admitirán en un solo efecto las apelaciones en los casos en que no se halle prevenido expresamente que se admitan en ambos efectos.**

Del contenido de los citados artículos se tiene que únicamente son irrecurribles las sentencias que se dicten en asuntos cuyo monto sea inferior a $757,365.46 (Setecientos cincuenta y siete mil trescientos sesenta y cinco pesos 46/100 M.N.).

Así, *a contrario sensu,* son recurribles mediante apelación, las sentencias emitidas en asuntos cuya suerte principal sea mayor al monto indicado en el párrafo que precede, así como las de cuantía indeterminada. En estos supuestos, la apelación deberá admitirse en ambos efectos, tal y como lo dispone el cuarto párrafo del artículo 1339 del Código de Comercio.

De esa guisa, si en el asunto que nos atañe se demandaron prestaciones de naturaleza declarativa, se

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



tiene que estamos frente a un juicio de cuantía indeterminada respecto del cual procede en contra de la sentencia definitiva el recurso de apelación de tramitación inmediata y que éste deberá admitirse en ambos efectos, al existir norma expresa que así lo determina.

Máxime que ni de la Ley General de Sociedades Mercantiles, ni del Código de Comercio, -que establece las reglas y requisitos para el trámite de la apelación en materia mercantil-, se advierte excepción alguna respecto a que, en juicios especiales mercantiles deba tramitarse la apelación en el efecto devolutivo.

En esa tesitura, al existir disposición expresa respecto a que la apelación que nos interesa debe admitirse en ambos efectos. Resulta evidente, que, conforme al tercer párrafo del artículo 1345 del Código de Comercio, se encuentre **suspendida la ejecución de la sentencia, hasta que ésta cause ejecutoria**.

A mayor abundamiento, se toma en consideración que opuestamente a lo considerado por el recurrente, en el caso, no resulta aplicable por analogía, el artículo 129 de la Ley de Amparo, pues como se ha visto existe disposición expresa en el Código de Comercio en la que se regulan los efectos en que debe admitirse el recurso de apelación en contra de sentencias definitivas que se emitan en asuntos cuya suerte principal sea mayor a $757,365.46 (Setecientos cincuenta y siete mil trescientos sesenta y

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



cinco pesos 46/100 M.N.) y en aquellas que sean de cuantía indeterminada. Sin que se haga distinción alguna respecto a sentencias definitivas en las que se ordene la disolución de sociedades financieras.

Máxime que el Código de Comercio, es la ley que rige la tramitación del recurso de apelación en materia mercantil, no así la Ley de Amparo a que hace referencia el inconforme, que es aplicable al Juicio de Amparo.

Por lo anterior, se estima acertado que la Juzgadora primigenia admitiera el recurso de apelación que interpuso Jesús Nava Moreno, en contra de la sentencia definitiva dictada en autos, en ambos efectos y, que ello, se confirmara por esta Sala, al existir disposición expresa que así lo determina. Confirmándose así lo infundado del agravio en estudio.

**II.** Se continua con el **recurso de reposición que hizo valer la demandada Crédito Real, Sociedad Anónima Bursátil de Capital Variable, Sociedad de Objeto Múltiple, Entidad No Regulada,** por conducto de su mandatario judicial Juan Pablo Estrada Michel, mediante escrito presentado ante la Oficialía de Partes de esta Sala el veintidós de septiembre del dos mil veintidós. –foja 130 a la 139 del presente toca-

Los motivos de inconformidad se analizan por tema en los siguientes términos:

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



1. <u>Agravio relativo a que el recurso de apelación que interpuso Jesús Nava Moreno es extemporáneo</u>.

El recurrente sostiene que el auto impugnado transgrede en su perjuicio lo dispuesto por los artículos 1079, 1339, 1344 y demás relativos y aplicables del Código de Comercio, ya que la apelación interpuesta por Jesús Nava Moreno en contra de la sentencia definitiva es extemporánea. Por lo que, dice, no debió confirmarse su admisión.

Aduce que conforme a los artículos indicados en el párrafo que antecede, el plazo para la interposición del recurso de apelación en contra de una sentencia definitiva es de nueve días, contados a partir del día siguiente a aquél en que haya surtido efectos la notificación respectiva. Eso es, si la hubiere.

Refiriendo que la sentencia definitiva emitida en el presente juicio fue notificada a las partes por medio de publicación en el boletín judicial 126 (ciento veintiséis) del catorce de julio del dos mil veintidós y que, por ello, la notificación para las partes surtió sus efectos al día siguiente hábil, es decir, el primero de agosto del dos mil veintidós.

Pero que, el apelante confiesa que no siendo parte en el procedimiento tuvo conocimiento y se hizo sabedor del

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --


acto el catorce de julio del dos mil veintidós, a través de un medio distinto a una notificación y que ello no surte efectos al día siguiente hábil. Por lo que, el plazo con el que dicho tercero contaba en ese momento para apelar la sentencia transcurrió del uno al once de agosto del dos mil veintidós. Pues al no haber sido parte del juicio, no tiene por qué surtir efectos al día siguiente, como si se tratare de una notificación procesal.

En ese sentido, el recurrente sostiene que el apelante presentó su recurso de apelación hasta el doce de agosto del dos mil veintidós, un día después de que el plazo para dicha persona, en su situación jurídica venciera. Insistiendo en que el recurso de apelación que nos interesa es extemporáneo.

Agregando que, el apelante reconoció que tuvo conocimiento de la sentencia que pretendió apelar por la publicidad de los actos procesales del mismo juicio frente a los cuales decidió no actuar. Indicando que, si consideraba que podía actuar en el juicio y aún apelar, resulta incongruente que no lo hubiera hecho con motivo de los actos procesales del mismo que fueron objeto de difusión. Por lo que, afirma, que el actuar del apelante es inconsistente.

Además, refiere que el surtimiento de efectos de una notificación es una figura procesal, aplicable únicamente a las notificaciones que se practiquen a quienes ya sean

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

parte del procedimiento y a quienes sean formalmente notificados por actuaciones de ese procedimiento, con el objeto de salvaguardar los derechos que a todas ellas les corresponde y favorecer a la seguridad jurídica.

Así, el recurrente manifiesta que, al tercero extraño al juicio, no le surten efectos procesales, sino que los plazos y términos le corren desde el momento en que tiene conocimiento y se hace sabedor del acto que se pretende impugnar. Por lo que, solicita que se revoque el auto impugnado y se deseche la apelación que interpuso Jesús Nava Moreno en contra de la sentencia definitiva dictada en el presente juicio.

El agravio en estudio **deviene infundado.**

Para justificar lo anterior, en primer término, se precisa el contenido de los artículos 1079, 1339 y 1075 del Código de Comercio que la recurrente estima vulnerados, que en la parte que nos interesa son del tenor siguiente:

"Artículo 1,079. Cuando la ley no señale término para la práctica de algún acto judicial, ó para el ejercicio de algún derecho, se tendrán por señalados los siguientes:

...II. **Nueve días para interponer el recurso de apelación contra sentencia definitiva,** seis días cuando se trate de interlocutoria o auto de tramitación inmediata, y tres días para apelar preventivamente la sentencia interlocutoria o auto de tramitación conjunta

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

con la definitiva, en los términos del artículo 1339 de este Código..."

"Artículo 1339

... La apelación debe interponerse ante el tribunal que haya pronunciado el auto, interlocutoria o resolución, a más tardar dentro de **los nueve días siguientes a aquél en que surta efectos la notificación si se tratare de sentencia definitiva**, seis si fuere contra auto, interlocutoria o resolución, dictada en el procedimiento si se trata de apelaciones de tramitación inmediata y en el término de tres días si se trata de apelación de tramitación conjunta con la sentencia definitiva..."

"Artículo 1,075. Todos los términos judiciales empezarán a correr desde el día siguiente a aquel en que hayan surtido efectos el emplazamiento o notificaciones y se contará en ellos el día de vencimiento.

**Las notificaciones** personales surten efectos al día siguiente del que se hayan practicado, y las demás **surten al día siguiente, de aquel en que se hubieren hecho por boletín, gaceta o periódico judicial, o fijado en los estrados de los tribunales**, al igual que las que se practiquen por correo o telégrafo, cuando exista la constancia de haberse entregado al interesado, y la de edictos al día siguiente de haberse hecho la última en el periódico oficial del Estado o del Distrito Federal."

Como puede observarse de los citados preceptos normativos, el término para interponer el recurso de

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

apelación en contra de una sentencia definitiva dictada en un juicio de naturaleza mercantil es de **nueve días contados a partir del día siguiente en que surta efectos la notificación hecha por boletín**, gaceta o periódico judicial o fijado en los estrados de los tribunales.

Sin que, de los artículos en comento, se advierta distinción alguna respecto a que, dicho término debe entenderse referido exclusivamente a las partes. Tampoco se hace excepción en el sentido de que, la notificación por boletín y el que ésta surta efectos, -para fines de computar el término de la apelación- deba entenderse exclusivamente respecto de las partes.

Por lo tanto, atendiendo al principio general del derecho que reza: "*donde la ley no distingue no hay porque distinguir",* es que no puede interpretarse, como lo pretende el recurrente, que el término que tienen las partes del juicio y un tercero con interés legítimo, transcurra en momentos distintos.

En ese sentido, se toma en consideración que, de las actuaciones judiciales de valor probatorio pleno, en términos de lo dispuesto por el artículo 1294 del Código de Comercio, se advierte que el trece de julio del dos mil veintidós, se dictó sentencia definitiva en el presente juicio, misma que se publicó mediante Boletín Judicial de este Tribunal el catorce de julio del año en curso, surtiendo sus efectos al día hábil siguiente, es decir, el uno de agosto del dos mil veintidós. -Ello en virtud de que el primer periodo

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



vacacional del dos mil veintidós de este Tribunal, transcurrió del catorce de julio al treinta y uno de julio-.

De lo anterior, se colige que el término que tenían las partes y los terceros con interés legítimo para impugnar el fallo definitivo dictado en el presente juicio, transcurrió del dos al doce de agosto del dos mil veintidós.

En esa tesitura si el apelante Jesús Nava Moreno presentó su escrito de apelación el doce de agosto del dos mil veintidós, tal y como se advierte del sello de recepción de la Oficialía de Partes Común de este Tribunal, resulta inconcuso que el mismo fue presentado en tiempo y no de forma extemporánea como lo arguye el recurrente.

Máxime, que de autos no se advierte que, con anterioridad a la emisión del fallo conclusivo, el apelante compareciera al juicio de origen, o diversa actuación de la cual se pueda presumir que tuvo conocimiento del contenido de la sentencia definitiva en fecha de diversa.

Contrario a ello, se tiene que el cuatro de agosto del dos mil veintidós, Jesús Nava Moreno se apersonó al presente juicio solicitando que se le reconociera su personalidad como accionista de la persona moral Crédito Real, S.A.B. SOFOM, E.N.R., es decir, con posterioridad a que se publicó y surtió efectos la sentencia definitiva.

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



Ahora bien, no pasa desapercibido para el Suscrito que en el capítulo de antecedentes de su escrito de apelación Jesús Nava Moreno manifestó que:

*"...1.El 14 de Julio de 2022, CRÉDITO REAL publicó un evento relevante en la Bolsa Mexicana y de Valores en el que anunció que el 13 de julio se dictó sentencia por la que se declaró su disolución y se puso en liquidación a dicha empresa.*

*...4. De una revisión que el suscrito realizó en el Boletín Judicial observó que la demanda se radicó en el Juzgado Quincuagésimo Segundo del Tribunal Superior de Justicia de la Ciudad de México con el número de expediente 691/2022 y que el 14 de julio de 2022 se publicó la sentencia definitiva correspondiente..."*

Sin embargo, ello no implica que la interposición de la sentencia definitiva sea extemporánea, pues como se precisó con anterioridad, conforme al artículo 282 de la Ley General de Sociedades Mercantiles, si mediante resolución judicial se ordena la disolución de la sociedad, sin que a juicio de algún interesado exista alguna causa de las enumeradas por la ley, deben aplicarse los medios de impugnación que la ley de la materia prevea.

Es decir, es a partir de que se emite la resolución que ordena la disolución de la sociedad, que nace el derecho de impugnar del interesado, en este caso de Jesús Nava Moreno. Sentencia que evidentemente se hace del conocimiento de las partes y de terceros con interés

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



legítimo a través de su publicación en el Boletín, transcurriendo el término para la interposición de la apelación a partir del día hábil siguiente a la publicación.

De ahí que, se insista en que la interposición del recurso de apelación que nos atañe por parte de Jesús Nava Moreno se presentó en tiempo.

A mayor abundamiento, se considera que el derecho a la tutela judicial o de acceso a la justicia efectiva, se define como el derecho público subjetivo que toda persona tiene, dentro de los plazos y términos que fijen las leyes, para acceder de manera expedita -esto es, sin obstáculos- a tribunales independientes e imparciales, a plantear una pretensión o defenderse de ella, con el fin de que, a través de un proceso en el que se respeten ciertas formalidades, se decida sobre la pretensión o la defensa y, en su caso, se ejecute esa decisión. El derecho en comento se encuentra reconocido constitucionalmente en el segundo párrafo del artículo 17 de nuestra Carta Magna.

Así, el derecho fundamental de acceso a la justicia de los gobernados, implica la obligación de los órganos jurisdiccionales del Estado de garantizar la impartición de justicia de manera pronta, completa, imparcial y gratuita.

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

El derecho en cita, también se encuentra reconocido en el artículo 25 de la Convención Americana sobre Derechos Humanos, el cual exige que el sistema legal ponga a disposición de toda persona un recurso sencillo y rápido o cualquier otro mecanismo que se pueda instar ante los tribunales, que resulte efectivo para impugnar actos que violen derechos fundamentales, es decir, toda persona debe contar con un recurso o medio de defensa previsto en la ley, que resulte idóneo para determinar la existencia de la violación de derechos humanos y repararla.

Por otra parte, se considera que la Suprema Corte de Justicia de la Nación, al resolver el Amparo directo en revisión 3562/2016, estableció que la garantía de audiencia reconocida en el artículo 14 constitucional, consiste en otorgar al gobernado la oportunidad de adecuada defensa previamente a que se emita el acto privativo, mediante el cumplimiento de las formalidades esenciales del procedimiento, reconociendo como básicas: 1) La notificación del inicio del procedimiento y sus consecuencias; 2) La oportunidad de ofrecer y desahogar pruebas; 3) La oportunidad de alegar; y, 4) El dictado de un resolución que dirima las cuestiones debatidas.

Asimismo, al resolver la contradicción de tesis 42/2019, la citada Primera Sala, determinó que el derecho a una adecuada defensa no se agota en esas

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --


formalidades. Puesto que, acorde con la naturaleza del procedimiento de que se trate, tendrán cabida determinados derechos procesales que coadyuvan a su plena satisfacción, como garantías de debido proceso. Como lo es <u>el derecho a recurrir las determinaciones judiciales a través de los recursos ordinarios</u> que la <u>legislación procesal prevea para ello</u>.

En ese contexto, se colige que el acceso al recurso ordinario, por la parte que sufre un perjuicio en sus derechos, generado por determinadas resoluciones emitidas por un órgano de primera instancia, tiene una base constitucional, al encontrar su fundamento en el derecho a la tutela judicial efectiva. Pues el derecho de los justiciables de acceder a los recursos ordinarios <u>previstos en la legislación procesal</u> para impugnar las resoluciones dictadas por el juez de primera instancia, es parte de una formalidad esencial del procedimiento.

En ese respecto, la primera Sala de la Suprema Corte de Justicia de la Nación, ha determinado que la supremacía normativa de la Constitución no sólo opera en el momento de la creación de las normas, sino que se prolonga, como parámetro interpretativo, a la fase de aplicación de esas normas.

De ahí que surja la llamada "interpretación conforme", en virtud de la cual antes de considerar inconstitucional una norma jurídica, deben agotarse todas

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil |
Clave: 3SC | Documento: 1323/2022-16 | Firma:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX --

las posibilidades de encontrar en ella un significado que la haga compatible con la Constitución Política de los Estados Unidos Mexicanos, por lo que, de ser posibles varias interpretaciones de la disposición, debe preferirse la que salve la aparente contradicción con la Norma Fundamental y sólo en el caso de que exista una clara incompatibilidad o una contradicción insalvable entre la norma ordinaria y la Constitución, procedería declararla inconstitucional

Un presupuesto indispensable para que tal técnica hermenéutica pueda aplicarse es que la asignación de sentido o significado a la norma sea fruto de una interpretación válida, es decir, que sea posible entender la disposición a partir de la aplicación de algún método de interpretación jurídica, ya sea el gramatical por el cual se atiende al texto; el sistemático, que atiende al contexto de la disposición como parte de un sistema; el funcional, que considera el objeto y fin de la norma; el histórico, que toma en cuenta su evolución legislativa, etcétera.

En esa tesitura, se colige que <u>los jueces y tribunales tienen el deber de aplicar e interpretar las disposiciones legales que regulan los recursos, en la forma más favorable a su admisión</u>, ya que, el acceso a los mismos, se rige por los mismos principios del derecho a la tutela judicial efectiva.

Lo anterior, en virtud de que, al existir un medio de defensa para impugnar las resoluciones del Juez de



Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

primera instancia, la parte afectada tiene, entre otros derechos:

a) El de interponer el medio de defensa respectivo, sin que se le exijan requisitos desproporcionados.

b) A que se admita el recurso, salvo que exista un impedimento legal para ello. <u>En todo caso, el impedimento debe interpretarse en el sentido más favorable al recurso.</u>

c) A que los impedimentos que obstaculizan el acceso a los recursos, se apliquen sin formalismos y atendiendo a la finalidad de éstos.

Lo que encuentra sustento en la siguiente tesis aislada[4]:

"ACCESO A LA JUSTICIA. INTERPRETACIÓN DE LAS NORMAS QUE REGULAN LA INTERPOSICIÓN DE LOS RECURSOS. Del mismo modo que los ciudadanos tienen un derecho constitucional para defender sus derechos en un proceso establecido por el legislador, también tienen el derecho a acceder a los recursos previstos legalmente para impugnar las resoluciones dictadas por el Juez de primera instancia. Lo anterior es así, porque el recurso es la continuación del proceso, dado que a través de éste, el órgano ad quem revisa la decisión del órgano a quo; de

---

[4] Semanario Judicial de la Federación y su Gaceta. Registro digital: 162250. Instancia: Tribunales Colegiados de Circuito. Novena Época. Materias(s): Constitucional, Común. Tesis: I.7o.C.66 K. Tomo XXXIII, Mayo de 2011, página 997. Tipo: Aislada

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

manera que los principios de defensa, igualdad de las partes, contradicción e igualdad jurídica en la aplicación de la ley, también son aplicables al derecho de acceso a los recursos. De ahí que, cuando el ordenamiento procesal regula un recurso, el acceso al mismo por la parte que sufre un perjuicio en sus derechos, se encuentra comprendido dentro de los derechos a la tutela judicial efectiva y de administración de justicia. Sin embargo, si bien el derecho a los recursos es de base constitucional, porque encuentra su fundamento en los derechos a la tutela judicial efectiva y a la administración de justicia, previstos en el artículo 17 de la Constitución Política de los Estados Unidos Mexicanos, corresponde su configuración legal al legislador ordinario, pero dicha facultad no es omnímoda ya que sólo puede limitar el acceso a los recursos en aras de proteger otros derechos fundamentales. Así es, el legislador no puede crear obstáculos irrazonables o desproporcionados que impidan a las partes afectadas por un acto procesal, acceder de inmediato a una segunda instancia. Por su parte, los Jueces y tribunales tienen el deber de aplicar e interpretar las disposiciones legales que regulan los recursos, en la forma más favorable a su admisión, ya que el acceso a éstos, se rige por los mismos principios del derecho a la tutela judicial efectiva, dado que constituyen la continuación del proceso; de tal manera que, al existir un medio de defensa para impugnar las resoluciones del Juez del proceso, la parte afectada tiene los siguientes derechos: a) a interponer el medio de defensa sin que se le exijan requisitos desproporcionados; b) a que se admita el recurso, salvo que exista un impedimento legal para ello, pero dicho impedimento deberá interpretarse en el sentido más favorable al recurso; c) a que los impedimentos legales

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



que obstaculizan el acceso a los recursos, se apliquen sin formalismos y atendiendo a la finalidad de éstos; d) a que se tramiten los recursos con arreglo a los principios de igualdad y contradicción; y e) a que se dicte una resolución de fondo en segunda instancia que resuelva en sus méritos la controversia planteada por el recurrente. En suma, el libre acceso a los recursos para poder plantear en ellos las cuestiones que afectan los derechos de las partes en un proceso, es una condición necesaria para que resulten efectivos los derechos a la tutela judicial y a la administración de justicia. Ello supone que el legislador debe configurar el acceso a los recursos mediante una ley que establezca los términos, formas y modos de tramitarlos; pero está impedido para establecer libremente límites a ese derecho, ya que sólo puede hacerlo en forma restrictiva y para dar cobertura o proteger otros bienes constitucionalmente garantizados, y observando que no sean desproporcionadas las cargas que esos límites impongan a los justiciables. Por su parte, los Jueces y tribunales deben interpretar las normas que regulan la tramitación de los recursos en el sentido más favorable que permita el acceso a las partes a una segunda instancia, evitando introducir o hacer interpretaciones estrictas de las disposiciones legales que impidan el acceso a los medios de defensa legal. SÉPTIMO TRIBUNAL COLEGIADO EN MATERIA CIVIL DEL PRIMER CIRCUITO."

En esa tesitura, es que el término de nueve días que la ley mercantil concede a los justiciables, y el momento a partir del cual comienza a transcurrir, debe interpretarse de manera conforme con la Constitución maximizando el

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

acceso del tercero con interés legítimo de acceder a la justicia.

Lo anterior, puesto que, el considerar que el término "surtir efectos" a que alude el Código de Comercio, únicamente tiene aplicación respecto de las partes resulta una interpretación más restringida.

Por el contrario, el considerar que la notificación por Boletín Judicial, de la sentencia definitiva surte efectos al día hábil siguiente a cualquiera de las personas facultadas para interponer la apelación -partes y terceros con interés legítimo-, resulta ser más garantista de la integridad de la verdad legal constituida y la eficacia de la ejecución de la sentencia. En virtud de que su inmutabilidad e irrecurribilidad, se sustenta en la improcedencia de medios de defensa ordinarios y extraordinarios. Lo que implica que, bajo cualquier ordenamiento jurídico, la resolución conservará su contenido inmutable para los efectos de su debida cumplimentación, pues no podrá ser recurrida de alguna forma, ni por las partes ni por terceros, como lo es el apelante Jesús Nava Moreno.

El que las partes y los terceros con interés legítimo, estén facultados para apelar a partir del mismo momento, se encuentra en interdependencia y concurso armónico con otros derechos humanos, como el de seguridad jurídica y debido proceso legal. Pues con base en ello, el justiciable puede inconformarse con las resoluciones del juzgador.

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

En este orden de ideas, al tenor de esta interpretación más amplia de que las notificaciones publicadas en el Boletín Judicial, las mismas surten efectos, por igual, a las partes del juicio y a los terceros con interés legítimo. Las personas juzgadoras deben desarrollar la oportunidad y posibilidad de los justiciables para que ejerzan, si así lo desean, el derecho al recurso judicial efectivo, en el sentido de tener un término común para apelar, salvo que de actuaciones se advierta que alguna de las partes tuvo conocimiento del fallo impugnado con anterioridad a su publicación, por haberse notificado personalmente de la misma.

Lo anterior puesto que, para la satisfacción del derecho al acceso a un recurso judicial efectivo, no basta con la existencia formal de un recurso, sino que éste debe ser efectivo, es decir, capaz de producir resultados o respuestas y tener plena eficacia restitutoria ante la violación de derechos alegada.

En otras palabras, la obligación a cargo del Estado no se agota con la existencia legal de un recurso, pues éste debe ser idóneo para impugnar la violación y brindar la posibilidad real, no ilusoria, de interponer un recurso sencillo y rápido que permita alcanzar, en su caso, la protección judicial requerida. Lo cual debe materializarse por parte de las personas juzgadoras.

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



Por tanto, los órganos jurisdiccionales deben evitar, en todo momento, prácticas que tiendan a denegar o limitar el referido derecho de acceso a la justicia, en relación al recurso judicial efectivo. Como ocurriría en el caso, al interpretar que, por ser el apelante Jesús Nava Moreno un tercero con interés legítimo, que no formó parte del juicio, el término con que cuenta para apelar la sentencia definitiva impugnada deba transcurrir en un momento diverso al de las partes.

Sirve de apoyo al respecto, la siguiente tesis aislada.

"TUTELA JURISDICCIONAL EFECTIVA. PARA LOGRAR LA EFICACIA DE ESE DERECHO HUMANO LOS JUZGADORES DEBEN DESARROLLAR LA POSIBILIDAD DEL RECURSO JUDICIAL[5]".

De la interpretación conforme de los artículos 17 de la Constitución Política de los Estados Unidos Mexicanos y 25 de la Convención Americana sobre Derechos Humanos, se advierte que la tutela judicial efectiva se compone de los siguientes postulados: a) el derecho a la administración de justicia o garantía de tutela jurisdiccional es un derecho público subjetivo incorporado en la esfera jurídica de todo gobernado para que, dentro de los plazos previstos en la legislación aplicable, pueda acceder a tribunales independientes e imparciales a plantear su pretensión o defenderse de la demanda en su contra; b) debe garantizarse al

---

[5] Semanario Judicial de la Federación y su Gaceta , Instancia: Tribunales Colegiados de Circuito. Décima Época. Materias(s): Constitucional, Común. Tesis: III.4o.(III Región) 6 K (10a.). Libro VI, Marzo de 2012, Tomo 2, página 1481, Tipo: Aislada, Registro digital: 2000479

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



gobernado el acceso ante la autoridad jurisdiccional con atribuciones legales para resolver una cuestión concreta prevista en el sistema legal, es decir, todo aquel que tenga necesidad de que se le administre justicia tendrá plena seguridad de recibirla por los órganos jurisdiccionales permanentemente estatuidos, con antelación al conflicto, sin más condición que las formalidades necesarias, razonables y proporcionales al caso para lograr su trámite y resolución; y, c) la implementación de los mecanismos necesarios y eficaces para desarrollar la posibilidad del recurso judicial que permita cristalizar la prerrogativa de defensa. Así, el poder público no puede condicionar o impedir el acceso a la administración de justicia, lo cual debe entenderse en el sentido de que la ley aplicable no deberá imponer límites a ese derecho, aunque sí la previsión de formalidades esenciales para el desarrollo del proceso, por lo que además de la normativa, los órganos encargados de administrar justicia deben asumir una actitud de facilitadores del acceso a la jurisdicción. Lo anterior no implica la eliminación de toda formalidad ni constituye un presupuesto para pasar por alto las disposiciones legislativas, sino por el contrario, ajustarse a éstas y ponderar los derechos en juego, para que las partes en conflicto tengan la misma oportunidad de defensa, pues la tutela judicial efectiva debe entenderse como el mínimo de prerrogativas con las cuales cuentan los sujetos. Por tanto, para lograr la eficacia del indicado derecho humano, los juzgadores deben desarrollar la posibilidad del recurso judicial, esto es, eliminar formalismos que representen obstáculos para ello. Lo anterior se ejemplifica en el caso de que se impugne un acto y el tribunal ante el que se interpuso


Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



la demanda advierta que es incompetente, en cuyo caso no debe sobreseer, sino señalar al particular cuál es la vía de impugnación procedente y remitir los autos al órgano jurisdiccional que deba conocer de él, el cual deberá inclusive otorgar la oportunidad de adecuar la pretensión a los requisitos previstos en los ordenamientos aplicables, sin perjuicio de que se analice la oportuna presentación del medio de defensa. CUARTO TRIBUNAL COLEGIADO DE CIRCUITO DEL CENTRO AUXILIAR DE LA TERCERA REGIÓN, CON RESIDENCIA EN GUADALAJARA, JALISCO."

Asimismo, se cita en apoyo la siguiente jurisprudencia, aplicable por analogía[6].

"ACCESO A LA JUSTICIA. LOS ÓRGANOS JURISDICCIONALES DEBEN EVITAR, EN TODO MOMENTO, PRÁCTICAS QUE TIENDAN A DENEGAR O LIMITAR ESE DERECHO.

A fin de satisfacer efectivamente el derecho fundamental de acceso a la justicia, debe acudirse al artículo 25 de la Convención Americana sobre Derechos Humanos, el cual prescribe la obligación por parte del Estado, de conceder a toda persona bajo su jurisdicción, un recurso judicial efectivo contra actos violatorios de derechos, los cuales pueden estar reconocidos tanto en la legislación interna, como en la propia convención. Asimismo, en la interpretación que se ha hecho de este numeral por parte de la Corte

---

[6] Semanario Judicial de la Federación y su Gaceta. Libro XV, Diciembre de 2012, Tomo 2, página 1053, Registro digital: 159900. Instancia: Tribunales Colegiados de Circuito. Décima Época. Materias(s): Constitucional, Administrativa. Tesis: I.4o.A. J/103 (9a.). Tipo: Jurisprudencia

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



Interamericana de Derechos Humanos, ha sido criterio sostenido que, para la satisfacción de dicha prerrogativa, no basta con la existencia formal de un recurso, sino que éste debe ser efectivo; es decir, capaz de producir resultados o respuestas y tener plena eficacia restitutoria ante la violación de derechos alegada; en otras palabras, la obligación a cargo del Estado no se agota con la existencia legal de un recurso, pues éste debe ser idóneo para impugnar la violación y brindar la posibilidad real, no ilusoria, de interponer un recurso sencillo y rápido que permita alcanzar, en su caso, la protección judicial requerida. En estas condiciones, la existencia de esta garantía constituye uno de los pilares básicos, no sólo de la Convención Americana citada, sino de todo Estado de derecho. Por tanto, los órganos jurisdiccionales deben evitar, en todo momento, prácticas que tiendan a denegar o limitar el referido derecho de acceso a la justicia. CUARTO TRIBUNAL COLEGIADO EN MATERIA ADMINISTRATIVA DEL PRIMER CIRCUITO."

**2.** Agravio relativo a que fue inadecuado que la apelación interpuesta por Jesús Nava Moreno en contra de la sentencia definitiva se admitiera en el efecto suspensivo.

El recurrente aduce que atendiendo a que el juicio primigenio es sumario, al ser un especial mercantil, en el que se pretenden agilizar los procesos respectivos, no es necesaria ni adecuada que una apelación que intenta un tercero interesado, sea admitida en el efecto suspensivo sin señalar caución o garantía alguna. Aunado a que es de naturaleza declarativa.

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

Indicando que el procedimiento de liquidación de una persona moral, como lo es Crédito Real, es impostergable, citando al respecto el artículo 129 fracción XI de la Ley de Amparo.

Lo que **deviene infundado**, pues tal y como se analizó en el considerando I de éste fallo, el artículo 1339 del Código de Comercio, dispone, *a contrario sensu*, que la apelación que se interpone en contra de una sentencia definitiva dictada en juicios de naturaleza mercantil, cuya cuantía sea mayor a $757,365.46 (Setecientos cincuenta y siete mil trescientos sesenta y cinco pesos 46/100 M.N.) o indetermindada, deben admitirse en ambos efectos.

Sin que se haga distinción alguna respecto de juicios ordinarios o sumarios, ni se advierta excepción alguna para admitir la apelación respectiva en ambos efectos, atendiendo a la persona que interpone la apelación, es decir, si es o no parte del juicio.

Asimismo, se considera que la garantía a que alude el recurrente únicamente tiene lugar cuando la apelación debe admitirse en el efecto devolutivo y el apelante solicita sea admitido en ambos efectos, pues en ese supuesto sí procede fijar una garantía por los posibles daños y perjuicios que se origen por la falta de ejecución del fallo impugnado.

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --

Hipótesis normativa que no se surte en el caso, en el que, se reitera, existe disposición expresa que ordena que la apelación en contra de la sentencia definitiva que nos ocupa deba admitirse en ambos efectos.

Aunado a lo anterior, se insiste en que, en el asunto que nos ocupa no resulta aplicable el artículo 129 de la Ley de Amparo, al no encontrarnos en el supuesto de una solicitud de suspensión dentro de un juicio de amparo. Sino en el supuesto de los efectos en que debe admitirse un recurso de apelación en contra de una sentencia definitiva dictada en un juicio mercantil, lo que se rige por el Código de Comercio, siendo claro en establecer que dicho recurso debe admitirse en ambos efectos. Lo que permite confirmar lo infundado del agravio que se analiza.

En las relatadas consideraciones, al haber resultado **inoperantes e infundados** los agravios expuestos por la parte actora y la demandada, lo procedentes es confirmar el auto impugnado.

**III.** Costas.

Al no encontrarse el presente caso, comprendido en alguno de los supuestos previstos por el artículo 1084 del Código de Comercio, no se hace especial condena en costas.

Por lo expuesto y fundado, se

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



**R E S U E L V E**

**PRIMERO.-** Se declaran inoperantes e infundados los motivos de inconformidad expuestos por la parte actora y la demandada.

**SEGUNDO**.- Se confirma el auto impugnado.

**TERCERO.-** No se hace especial condena al pago de costas.

**CUARTO.**- Notifíquese y remítase testimonio de la presente resolución al Juzgado de su procedencia.

**A S I,** lo resolvió y firma de forma unitaria el C. Magistrado integrante de la **TERCERA SALA CIVIL, DEL H. TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO, ELISEO JUAN HERNÁNDEZ VILLAVERDE,** ante la C. Secretaria de Acuerdos, **Licenciada ELSA ZALDÍVAR CRUZ** que autoriza y da fe.

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil | Clave: 3SC | Documento: 1323/2022-16 | Firma: EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 | Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 | Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-2953-940 -- SICOR / TSJCDMX --



TOCA 637/2022, P. 576 y 577
ROMANOS BERRONDO ANGEL FRANCISCO
vs
CRÉDITO REAL, S.A.B. DE C.V., SOFOM, ENTIDAD NO REGULADA
Especial Mercantil
EJHV/JAZG

"EN EL BOLETÍN JUDICIAL No_____ CORRESPONDIENTE AL DÍA_____ DE_____DE 2022 SE HIZO LA PUBLICACIÓN DE LEY.- CONSTE.

EL_____DE_____DEL 2022, SURTIÓ EFECTOS LA NOTIFICACIÓN ANTERIOR.- CONSTE."

Firma electrónica SICOR / TSJCDMX -- Tercera Sala Civil |
Clave: 3SC | Documento: 1323/2022-16 | Firma:
EHERNANDEZV | jgVy 9Glh QZw= | 2022-10-12 15:46:46 |
Firma: EZALDIVARC | aKzC j9uL d2E= | 2022-10-12 15:47:09 |
Fecha de publicación: 2022-10-13 | NAS: 5111-3910-8403-
2953-940 -- SICOR / TSJCDMX --

