## EXHIBIT C

**Moreno Clarification Motion**

**Certified Translation**

[STAMPED SEAL READING:]
"JUDICIARY BRANCH
OF MEXICO CITY
2022  SEP  13  PM 2:23
THIRD CIVIL CHAMBER"

**ROMANOS BERRONDO ÁNGEL FRANCISCO
VS.
CRÉDITO REAL, S.A.B. DE C.V.
SOCIEDAD FINANCIERA DE OBJETO
MÚLTIPLE, ENTIDAD NO REGULADA
SPECIAL COMMERCIAL ACTION
CASE RECORD: 1A23/2022**

**THIRD CIVIL CHAMBER OF THE SUPREME COURT OF JUSTICE OF MEXICO CITY.**

[Partially
illegible
stamped seal]

I, JESÚS NAVA MORENO, represented by himself and as shareholder of the legal entity named **CRÉDITO REAL, S.A.B. DE C.V. SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD NO REGULADA,** whose legal capacity is duly proven and acknowledged in the court records of this trial, before this Chamber, hereby respectfully appear before you and state:

By means of court record dated August 17, 2022, published on August 18, 2022, the 52nd Court for Civil Matters considered the undersigned as having filed a motion for appeal against the judgment entered on July 13, 2022 and having admitted such motion for appeal in <u>BOTH ITS NON-SUSPENSIVE EFFECT AND STAY-OF-EXECUTION EFFECT</u>, that, staying the execution of any action to execute the final judgment.

In turn, by means of court record dated September 8, 2022, this Chamber confirmed the admission of the motion for appeal filed by the undersigned and the degree rating in both its non-suspensive effect and stay-of-execution effect according to article 1345 bis 4 of the Code of Commerce, which reads as follows:

> *Article 1345 bis 4.- The appeal court, upon receiving the court records remitted by the lower court, will revise if the motion to appeal was timely filed and properly admitted, and assess whether to confirm or not the confidence degree grade applied by the lower court to admit the appeal. If the appeal court considers that the motion to appeal meets the requirements provided in the law, the appeal court will so notify, and summon, the parties to render its judgement, which will be entered and notified under the same terms provided in this Code.*
> *[...]*
> *The motion to appeal admitted in its **both effects, of course, stays the execution of the judgment until the judgment is ready for execution**. Whenever a motion to appeal is filed against a court record or interlocutory judgment, which due to its contents makes impossible the procedure and the motion to appeal is admitted to remit court records to the higher court and stay execution of a judgment, the pursuance of trial will be stayed.*

The foregoing clearly shows that execution of judgment dated July 13, 2022 has been stayed since August 17, 2022 to date as a consequence of the admission of the motion for appeal and its configuration by this Chamber. The following court precedent grounds the foregoing:

> *Digital entry: 187625*
> *Instance: Collegiate Circuit Court*
> *Ninth Epoch'*
> *Matter(s): Civil*
> *Court Precedent: VII.lo.C. J/12*
> *Source: Federal Judiciary Weekly Bulletin and its Gazette. Volume XV, March 2002, page 1125*
> *Type: Court Precedent*

**APPEAL IN BOTH ITS NON-SUSPENSIVE EFFECT AND STAY-OF-EXECUTION EFFECT, WHERE REMITTANCE OF COURT RECORDS ORDERED BY THE HIGHER COURT IMPLIES A FORWARDING (LEGISLATION OF THE STATE OF VERACRUZ).**

*From articles 509, 516, 517, section I, 518 and 519 of the Code of Civil Procedures of the State of*

*Veracruz, it appears that any motion for appeal filed against a first instance judgment must be admitted in its both effects (suspensive effect and non-suspensive effect), which results in the stay of execution of the appealed judgment until the higher court enters a judgment, meanwhile, as long as such ruling is not entered, the competence of the Judge to hear the court records of the main action is stayed (suspensive effect); provided, however, upon remittance of the court records to the higher court, the higher court is given back the original jurisdiction delated to the first instance Judgments (non-suspensive effect). Thus, the entering of a final judgment consumes the authority granted by the law to the Judge to rule on the first instance case, and in view of the appeal their jurisdiction is stayed while the appeal court , upon hearing the motion for appeal, has express powers to revise and rule, with full jurisdiction, on the issues unduly omitted in the appealed judgment and subject matter of the list of errors. Accordingly, if the Judge, upon entering the first instance judgment refrains from studying the merits because the Judge considers the procedural legal relationship was not compiled, and in the appeal the appellate court revokes the first instance judgement because such procedural legal relationship is indeed compiled and returns the court records to the lower court with the excuse of not depriving the parties of an instance, so that the lower court does conduct the aforementioned study, this implies a remittance not allowed in our legal system, since in view of the non-suspensive effect of the motion, the appellate court is empowered to study with full jurisdiction the issues set aside by the lower court, even the main appealed matter, without implying the deprivation of an instance, since the first instance was concluded by the judgment entered by the Judge, before its full and complete grounding.*

[Partially illegible stamped seal]

### FIRST COLLEGIATE COURT FOR CIVIL MATTERS OF THE SEVENTH CIRCUIT

*Writ of Amparo under review 145/97, Ramón J. Alarcón Olivier, by himself and as executor of the testamentary succession of Ramón Alarcón Pozos, March 20, 1907. Unanimous vote. Drafting Magistrate: Alfonso Ortiz Díaz. Secretary: José Atanacio Alpuche Marrufo.*

*Direct Writ of Amparo 1037/2000. Industrias de Córdoba, S.A. de C.V. October 11, 2000. Unanimous vote. Drafting Magistrate: Clemente Gerardo Ochoa Cantú. Secretary: Ignacio Díaz Robledo.*

*Direct Writ of Amparo 249/2001. Luisa Pérez Pérez. April 23, 2001. Unanimous vote. Drafting Magistrate: Clemente Gerardo Ochoa Cantú. Secretary: Keramín Caro Herrera.*

*Direct Writ of Amparo 231/2001. Tomasa Osorio et al. April 30, 2001. Unanimous vote. Drafting Magistrate: Enrique R. García Vasco. Secretary: Alfredo Flores Rodríguez.*

*Direct Writ of Amparo 1301/2001. Arnulfo de Jesús: Huerta Ramírez. January 16, 2002. Unanimous vote. Drafting Magistrate: Amado Guerrero Alvarado. Secretary: José Ángel Ramos Bonifaz.* \

1.    Now therefore, even though the judgment dated July 13, 2022 is legally has been suspended and, therefore, any action to execute such judgment, including the liquidation of Crédito Real and appointment of Fernando Alonso-de-Florida Rivero as liquidator of Crédito Real, is suspended, the defendant published a relevant event through the Bolsa Mexicana de Valores [Mexican Stock Exchange] stating that the motion for appeal does not affect in any manner whatsoever the liquidation procedure, the relevant portion of such relevant event reads as follows:

*Mexico City, August 18, 2022. Crédito Real, S.A.B. de C.V., SOEOM, E.N.R. ("Crédito Real" or the "Company") hereby informs that today was published a ruling was entered by the judiciary authorities admitting a motion for appeal against the final judgment dated July 13, 2022 declaring the dissolution and final liquidation of Crédito Real.* ***The foregoing does not affect in any manner whatsoever the liquidation procedure of the Company.***

Your Honors are hereby informed that such relevant event may be seen in the following link: https://www.bmv.com.mx/docs-pub/visor/visorXbrl.html?docins=../eventemi/eventemi_1213818_1.zip#/visorXbrl; specially, since it is a

notorious fact according to the court precedent titled **"*WEB OR ELECTRONIC PAGES. THEIR CONTENT IS A NOTORIOUS FACT AND MAY BE CONSIDERED AS A JUDICIAL DECISION.*"**

2.   On the other hand, on September 5, 2022, it was informed that holders of CREALCB17 received from Crédito Real a payment in the amount of $67,000.00 million [sic] Mexican pesos, however, the undersigned is not certain whether such payment was made by the liquidator or as part of the alleged liquidation procedure by Crédito Real, clearly breaching the judgment dated July 13, 2022.

In other words, there exists a risk that the liquidator is taking actions, allegedly representing Crédito Real, intended to liquidate the business entity, liquidation which is in stay of execution.

As Your Honors can see, such note may be checked in the following link: (Crédito Real pays in advance secured bond) https://www.bloomberglinea.com/2022/09/08/credito-real-paga-anticipadamente-bono-garantizado/; specially, since it is a notorious fact according to the court precedent titled **"*WEB OR ELECTRONIC PAGES. THEIR CONTENT IS A NOTORIOUS FACT AND MAY BE CONSIDERED AS A JUDICIAL DECISION.*"**

3.   Likewise, on September 12, 2022, the alleged liquidator, Fernando Alonso de Florida Rivero submitted his alleged report of activities regarding his performance as liquidator of Crédito Real from his appointment to August 31, 2022. From such report, it clearly appears that even though the liquidation and Fernando Alonso de Florida Rivero's position as liquidator are in stay of execution , this individual has taken actions as liquidator and allegedly representing Crédito Real, such actions include, listing without limitation, payment to several creditors. Your Honors may appreciate that such report is an undeniable breach of the stay of execution of the judgment dated July 13, 2022; for quick reference, such relevant event reads as follows:

*Mexico City, September 12, 2022. Crédito Real, S.A.B. de C.V., SOFOM, E.N.R. ("Crédito Real") hereby releases the first report of activities taken by the Company's liquidator from his appointment to August 31, 2022, included.*

*First Partial Report of the liquidator of Crédito Real, S.A.B. de C.V., SOFOM, E.N.R. ("CRÉDITO REAL" or the "Company")*

*I, Fernando Alonso de Florida Rivera, court appointed liquidator of the Company, hereby submit the first partial report of activities taken to liquidate the Company for the period of time from my acceptance of such position to August 31, 2022.*

*1.   Background. CRÉDITO REAL is a sociedad anónima bursátil de capital variable [listed stock of variable capital stock], currently under liquidation, which shares of stock are registered with the Registro Nacional de Valores [National Registry of Securities] ("RNV"). Their listing in the Bolsa Mexicana de Valores ("BMV") is suspended. It was originally suspended by the Comisión Nacional Bancaria y de Valores [National Banking and Securities Commission] ("CNBV").*

*On June 28, 2022 the then Chairman of the Board of CRÉDITO REAL, and also shareholder of the Company Sociedad, filed a special commercial action requesting a court ruling to acknowledge that the Company was dissolved, at least since April 30, 2022, as a consequence of realization of the assumption provided in Article 229, section V, of the General Law of Business Corporations ("LGSM"), since the Company had lost more than two thirds of its capital stock. The Chairman of the Board also requested the appointment of a liquidator by the court.*

*On July 13, 2022, the jurisdictional authority finally ruled the Company's dissolution and ordered its liquidation, and appointed me, the undersigned, as liquidator, and I am liquidating the Company according to the applicable provisions of the LGSM and the Company's corporate bylaws, under the objectiveness, professionalism, excellence, efficiency, confidentiality and integrity principles.*

[Partially illegible stamped seal]

*2.* **_Effective exertion of title_**. *As from July 13, 2022 several relevant officers of CRÉDITO REAL were notified of termination of their labor relationship with the Company. On July 26, 2022 the delivery and reception of the Company's properties, books and documents and the stocktaking of the corporate assets and liabilities were conducted and completed. We are still working to certainly and precisely determine the Company's assets and liabilities, and how CRÉDITO REAL's indebtedness will be served. My appointment as the Company's liquidator by the Court was timely recorded with the Public Registry of Commerce.*

*3.* **_Negotiations with Creditors_**. *I have been in negotiations with the Company's creditors, some of which had already filed certain actions with the courts to collect amounts and execute guaranties. We reached an agreement with the Company's secured creditors, such as* **(i)** *Banco Mercantil del Norte, S.A., Institución de Banca Múltiple,* Grupo *Financiero Banorte;* **(ii)** *BBVA México, S.A., Institución de Banca Múltiple, Grupo Financiero BBVA México;* **(iii)** *Banco Santander México, S.A. Institución de Banca Múltiple, Grupo Financiero Santander México; and* **(iv)** *Scotiabank Inverlat S.A., Institución de Banca Múltiple, Grupo Financiero Scotiabank Inverlat. The Company does not longer owe any amount to such institutions and the assets encumbered as guaranties granted to such institutions have been released.*

*4.* **_Court Procedures._** *A minority group of holders of bonds issued by the Company* **(i)** *tried to force an insolvency* (Chapter 11) *procedure of the Company in the United States of America, which admissibility has been challenged by the Corporation with the Bankruptcy Court in Delaware; and* **(ii)** *filed a writ of amparo to object the judgment acknowledging dissolution and ordering liquidation of the Company, which is pending resolution. Likewise, minority shareholders appealed the judgment acknowledging dissolution and ordering liquidation of the Company, which is pending resolution by the competent Civil Chamber of the Supreme Court of Justice of Mexico City. Finally, the representative appointed by the Company in the United States of America filed in said country a request for acknowledgment of the Company's dissolution and liquidation, which is pending resolution by the Bankruptcy Court in Delaware.*

[Partially illegible stamped seal]

*5.* **_Regulatory._** **(i)** *several requirements of information by the CNBV to CRÉDITO REAL (July 12, 15 and 28, and August 05, 2022), regarding certain notes published in several news media in connection with the Company's activities; and* **(ii)** *stating of an inspection visit by the CNBV itself, have timely attended and satisfied.*

*The Company's shareholders trying to hold a shareholders' meeting on August 15, 2022, were attended, such shareholders' meeting was attended by CNBV officers as observers. Since less than 20% of the del capital was represented, there was not present a quorum to convene the shareholders' meeting.*

*On August 4, 2022, a request to enter the Company's dissolution and liquidation in Registry of Financial Services Providers kept by the National Commission for the Protection and Defense of Users of Financial Services was filed with such National Commission.*

*6.* **_Denunciation of Facts._** *Certain behaviors that may be a felony against the Company have been denunciated to the relevant authorities.*

*7.* **_Tax Liabilities._** **(i)** *compliance with the Company's tax liabilities;* **(ii)** *ongoing audits commenced by the Tax Administration Office [Servicio de Administración Tributaria], and* **(iii)** *payment of federal taxes and fees, have been followed up.*

### FERNANDO ALONSO DE FLORIDA RIVERO

Your Honors are hereby informed that such relevant event may be seen in the following link: https://wwwbmv.com.mx/docs-pub/visor/visorXbrl.html?docins=../eventemi/eventemi_121882_d.zip#wlsoOXbrl ; specially, since it is a notorious fact according to the court precedent titled *"WEB OR ELECTRONIC PAGES, THEIR CONTENT IS A NOTORIOUS FACT AND MAY BE CONSIDERED AS A JUDICIAL DECISION".*

4.  In this connection, Your Honors may appreciate that even though liquidation of Crédito Real is in stay

of execution, the sued company and Fernando Alonso-de-Florida Rivero, as alleged liquidator, are intending to take actions clearly breaching and contravening the stay of execution ordered in connection with the final judgement dated July 13, 2022, since they categorically state that admission of the motion for appeal in **BOTH ITS NON-SUSPENSIVE EFFECT AND STAY-OF-EXECUTION EFFECT**, does not affect in any manner whatsoever the liquidation procedure. The foregoing is groundless, since if one of its effects in stay of execution due to the admission of the motion for appeal is the liquidation and appointment of liquidator, then there is no doubt that liquidation can be neither conducted nor realized.

In view of the foregoing, I hereby request Your Honors to warn, by means of any enforcement measure you may consider convenient and according to Article 59 of the Federal Code of Civil Procedures[1], Crédito Real and Fernando Alonso-de-Florida Rivero to: *(i)* restrain from taking any action to execute the judgement dated July 13, 2022, such as, listing without limitation, claiming to be the liquidator of Crédito Real and/or making any payment; *(i)* declare that any action taken and/or performed against the stay of execution of the judgment dated July 13th is illegal null and void and has no legal effectiveness.


[Partially illegible stamped seal]

4.       On the other hand, due to the falseness of the aforementioned relevant event and the confusion created for the investor public due to the legal situation of Crédito Real's liquidation. It is hereby requested to issue an official communication addressed to the National Banking and Securities Commission to inform the admission of the motion for appeal of the judgment dated July 13, 2022 and stay of execution of its effects so that Crédito Real is requested to clarify that the published relevant events are neither true nor accurate, since its liquidation is in stay of execution. Such request is grounded in the provisions of article 106 of the Law of the Security Marked, which reads as follows:

*Article 106. - Issuers with securities registered in the Registry shall be bound to immediately report to the Commission and to the stock exchange where their securities are listed, for their immediate disclosure to the public at large through the latter, abiding by the terms and conditions established in the internal regulations of such stock exchange, the causes that in their opinion, generated any of the following events:*

*In addition, the Commission or the stock exchange where the securities are listed shall have the power to request the issuers to publish a relevant event that explains the causes that gave rise to it, as well as request the disclosure of additional information when the information existing in the market is insufficient, inaccurate or confusing, or otherwise, to rectify, ratify, deny or add to any event that has been released to the public by third parties and which due to its interpretation may impact or influence in the quotation of the issuer's securities.*

In view of the foregoing, I hereby respectfully request Your Honors:

**FIRST.-** To warn Crédito Real and Fernando Alonso-de-Florida Rivero to refrain from taking any action to execute the judgment dated July 13, 2022.

**SECOND.-** To issue an official communication addressed to the National Banking and Securities Commission for the purposes herein above mentioned.

**PROTESTO LO NECESARIO**
[I ATTEST]
Mexico City, on the filing date hereof

**JESÚS NAVA MORENO**
represented by myself, as shareholder of
**CRÉDITO REAL, S.A.B. DE C.V.**
**SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE,**
**ENTIDAD NO REGULADA**

---

[1] See court precedent titled *ENFORCEMENT MEASURES, FOR THEIR APPLICATION IN A COMMERCIAL ACTION, IT MUST BE APPLIED TO SUPPLY THE CODE OF COMMERCE.*

I, ZULUEM JULIETA GARCÍA PACHECO, Expert Translator authorized by the *Tribunal Superior de Justicia de la Ciudad de México* [Superior Court of Justice of Mexico City], pursuant to the ruling published in the *Boletín Judicial* [Court Bulletin] on March 8, 2021, hereby attest that the preceding translation from Spanish language contained in six (6) pages is, at the best of my knowledge, true, complete and correct.

Zuluem Julieta García Pacheco
Mexico City, Federal District, September 28, 2022
Phone:  (52) (55) 52 19 68 95
E-mail:  zuluemgp@prodigy.net.mx

**Original - Spanish**

**PODER JUDICIAL**
DE LA
CIUDAD DE MÉXICO

2022 SEP 13 PM 2: 23

TERCERA SALA CIVIL

ROMANOS FRANCISCO BERRONDO ÁNGEL VS.
CRÉDITO REAL, S.A.B. DE C.V. SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD NO REGULADA
JUICIO ESPECIAL MERCANTIL
TOCA: 1323/2022

H. TERCERA SALA CIVIL DEL TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO.

JESÚS NAVA MORENO, por propio derecho y en mi carácter de accionista de la persona moral denominada **CRÉDITO REAL, S.A.B. DE C.V. SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDAD NO REGULADA**, personalidad que se encuentra debidamente acreditada y reconocida en autos del presente juicio, ante esa Sala, con el debido respeto comparezco a exponer:

Por auto del 17 de agosto del 2022, publicado el 18 de agosto del 2022, el Juzgado Quincuagésimo Segundo de lo Civil tuvo al suscrito interponiendo recurso de apelación en contra de la sentencia dictada el 13 de julio del 2022 y admitiendo dicho recurso de apelación en **AMBOS EFECTOS**, esto es, suspendiendo cualquier acto de ejecución de la sentencia definitiva.

A su vez, por auto del 8 de septiembre del 2022, esa H. Sala confirmó la admisión del recurso de apelación interpuesto por el suscrito y su calificación de grado en ambos efectos de conformidad con el artículo 1345 bis 4 del Código de Comercio, mismo que es del tenor literal siguiente:

*Artículo 1345 bis 4.- El tribunal, al recibir las constancias que remita el inferior, revisará si la apelación fue interpuesta en tiempo y bien admitida, y calificará si se confirma o no el grado en que se admitió por el inferior. De encontrarla ajustada a derecho, así lo hará saber y citará a las partes en el mismo auto para dictar sentencia, la que pronunciará y notificará dentro de los términos de este Código.*
*[...]*
*La apelación admitida en **ambos efectos suspende desde luego la ejecución de la sentencia, hasta que ésta cause ejecutoria**. Cuando se interponga contra auto o interlocutoria que por su contenido impida la continuación del procedimiento y la apelación se admita en ambos efectos, se suspenderá la tramitación del juicio.*

Lo anterior, deja ver claramente que la ejecución de la sentencia del 13 de julio del 2022 ha estado suspendida desde el 17 de agosto del 2022 a la fecha como consecuencia de la admisión del recurso de apelación y su confirmación por parte de esa H. Sala; sirve de sustento el siguiente criterio jurisprudencial:

*Registro digital: 187625*
*Instancia: Tribunales Colegiados de Circuito*
*Novena Época*
*Materias(s): Civil*
*Tesis: VII.1o.C. J/12*
*Fuente: Semanario Judicial de la Federación y su Gaceta. Tomo XV, Marzo de 2002, página 1125*
*Tipo: Jurisprudencia*

*APELACIÓN EN AMBOS EFECTOS. CASO EN QUE LA REMISIÓN DE LOS AUTOS ORDENADA POR EL TRIBUNAL DE ALZADA IMPLICA REENVÍO (LEGISLACIÓN DEL ESTADO DE VERACRUZ).*

*De los artículos 509, 516, 517, fracción I, 518 y 519 del Código de Procedimientos Civiles del Estado de Veracruz, se desprende que el recurso de apelación que se interpone contra la sentencia de primer grado debe admitirse en ambos efectos (suspensivo y devolutivo), lo que trae como consecuencia la suspensión de la ejecución de la sentencia apelada hasta que se dicta el fallo del superior y mientras ello no sucede, por regla general, queda en suspenso la*

1

*jurisdicción del Juez para a seguir cumpliendo con la apelación (efecto suspensivo), en la inteligencia de que con la remisión de los autos al superior, se devuelve a éste la jurisdicción original delegada en los Jueces de primera instancia (efecto devolutivo). Así, el dictado de la sentencia definitiva consume la facultad que la ley le confiere al Juez para fallar el negocio en primera instancia, y en virtud de la apelación se suspende su jurisdicción, en tanto que el tribunal de alzada, al conocer de tal recurso, tiene facultades expresas para examinar y resolver, con plenitud de jurisdicción, las cuestiones indebidamente omitidas en la sentencia apelada y que hayan sido materia de agravio. En consecuencia, si el Juez al dictar el fallo de primera instancia, por estimar que no se integró la relación jurídica procesal, se abstiene de entrar al estudio del fondo del asunto, y en la apelación el ad quem revoca tal fallo por sí estar integrada dicha relación procesal y con el pretexto de no privar a las partes de una instancia devuelve los autos al inferior para que efectúe aquel estudio, ello implica un reenvío que no está permitido en nuestro sistema legal, pues en virtud del efecto devolutivo del recurso, el tribunal ad quem está facultado para analizar con plenitud de jurisdicción los aspectos no tocados por el a quo, inclusive la cuestión principal controvertida, sin que ello implique la privación de una instancia, ya que la de primer grado concluyó con la sentencia pronunciada por el Juez, previa su completa e íntegra sustanciación.*

*PRIMER TRIBUNAL COLEGIADO EN MATERIA CIVIL DEL SÉPTIMO CIRCUITO.*

*Amparo en revisión 145/97. Ramón J. Alarcón Olivier, por sí y como albacea de la sucesión testamentaria a bienes de Ramón Alarcón Pozos. 20 de marzo de 1997. Unanimidad de votos. Ponente: Alfonso Ortiz Díaz. Secretario: José Manacio Alpuche Marrufo.*

*Amparo directo 1037/2000. Industrias de Córdoba, S.A. de C.V. 11 de octubre de 2000. Unanimidad de votos. Ponente: Clemente Gerardo Ochoa Cantú. Secretario: Ignacio Díaz Robledo.*

*Amparo directo 249/2001. Luisa Pérez Pérez. 23 de abril de 2001. Unanimidad de votos. Ponente: Clemente Gerardo Ochoa Cantú. Secretaria: Keramín Caro Herrera.*

*Amparo directo 231/2001. Tomasa Osorio y otros. 30 de abril de 2001. Unanimidad de votos. Ponente: Enrique R. García Vasco. Secretario: Alfredo Flores Rodríguez.*

*Amparo directo 1301/2001. Arnulfo de Jesús Huerta Ramírez. 16 de enero de 2002. Unanimidad de votos. Ponente: Amado Guerrero Alvarado. Secretario: José Ángel Ramos Bonifaz.*

**1.**     Ahora bien, no obstante que la sentencia del 13 de julio de 2022 se encuentra jurídicamente suspendida y por lo tanto a su vez, suspendido cualquier acto de ejecución de ésta, incluyendo la liquidación de Crédito Real y el nombramiento del señor Fernando Alonso-de-Florida Rivero como liquidador de Crédito Real, la sociedad demandada publicó un evento relevante a través de la Bolsa Mexicana de Valores en la cual expresa que el recurso de apelación no afecta de forma alguna el procedimiento de liquidación; dicho evento relevante en su parte conducente es del tenor literal siguiente:

*Ciudad de México, a 18 de agosto de 2022. Crédito Real, S.A.B. de C.V., SOFOM, E.N.R. ("**Crédito Real**" o la "Compañía"), informa que hoy se publicó resolución dictada por la autoridad judicial admitiendo recurso de apelación en contra de la sentencia definitiva de 13 de julio del 2022 que declaró la disolución y puesta en liquidación definitiva de Crédito Real. **Lo anterior no afecta en forma alguna el proceso de liquidación de la Compañía**.*

Se hace ver a sus Señorías que dicho evento relevante puede ser consultado en el siguiente                                link:                                https://www.bmv.com.mx/docs-pub/visor/visorXbrl.html?docins=../eventemi/eventemi_1213818\1.zip#/visorXbrl; máxime que el mismo constituye un hecho notorio de conformidad con el criterio jurisprudencial de rubro *"PÁGINAS WEB O ELECTRÓNICAS. SU CONTENIDO ES UN HECHO NOTORIO Y SUSCEPTIBLE DE SER VALORADO EN UNA DECISIÓN JUDICIAL."*

**2.**     Por otro lado, el 5 de septiembre del 2022, se informó que los tenedores de CREALCB17 recibieron el pago de $67,000.00 millones de pesos por parte de Crédito Real,

2

sin que el suscrito tenga certeza si dicho pago fue efectuado por el liquidador o como parte del supuesto procedimiento de liquidación por parte de Crédito Real, en franca violación a la suspensión de la sentencia del 13 de julio del 2022.

Es decir, existe riesgo de que el liquidador en supuesta representación de Crédito Real este realizando actos tendientes a ejecutar la liquidación de la sociedad mercantil, misma que se encuentra suspendida.

Se hace ver a sus Señorías que dicha nota puede ser consultado en el siguiente link: (Crédito Real paga anticipadamente bono garantizado) https://www.bloomberglinea.com/2022/09/08/credito-real-paga-anticipadamente-bono-garantizado/ ; máxime que el mismo constituye un hecho notorio de conformidad con el criterio jurisprudencial de rubro *"PÁGINAS WEB O ELECTRÓNICAS SU CONTENIDO ES UN HECHO NOTORIO Y SUSCEPTIBLE DE SER VALORADO EN UNA DECISIÓN JUDICIAL."*

3.      Adicionalmente, el 12 de septiembre del 2022, el supuesto liquidador Fernando Alonso de Florida Rivero rindió un supuesto informe de actividades del desempeño de su cargo de liquidador de Crédito Real desde su designación hasta el 31 de agosto del 2022. De dicho informe se desprende claramente que, no obstante que la liquidación y el cargo de liquidador del señor Fernando Alonso de Florida Rivero se encuentra suspendida, dicho sujeto ha llevado cabo actos en ejercicio de dicho encargo y en supuesta representación de Crédito Real, entre ellos, el pago a diversos acreedores. Sus Señorías podrán apreciar que dicho informe es una violación categórica a la suspensión a la ejecución de la sentencia del 13 de julio del 2022; para pronta referencia dicho evento relevante dice:

*Ciudad de México, a 12 de septiembre de 2022. Crédito Real, S.A.B. de C.V., SOFOM, E.N.R. ("Crédito Real" o la "Compañía"), da a conocer el primer informe de las actividades que ha desempeñado el liquidador de la Compañía desde su designación hasta el 31 de agosto del 2022, inclusive.*

*Informe Parcial Primero del liquidador de Crédito Real, S.A.B. de C.V., SOFOM, E.N.R. ("CRÉDITO REAL" o "Sociedad")*

*El suscrito, Fernando Alonso de Florida Rivero, liquidador judicial de la Sociedad, rindo primer informe parcial de actividades para la liquidación de la Sociedad durante el periodo comprendido entre la fecha de mi asunción del cargo y el 31 de agosto de 2022.*

*1. __Antecedentes__. CRÉDITO REAL es sociedad anónima bursátil de capital variable, hoy en liquidación, cuyas acciones están inscritas en el Registro Nacional de Valores ("RNV"). Su cotización se encuentra suspendida en la Bolsa Mexicana de Valores ("BMV"). Originariamente estuvo supervisada por la Comisión Nacional Bancaria y de Valores ("CNBV").*

*El 28 de junio del 2022 el otrora Presidente del Consejo de Administración de CRÉDITO REAL, a la vez accionista de la Sociedad, presentó demanda en la vía especial mercantil solicitando resolución judicial en cuyos términos se reconociera que la Sociedad quedó disuelta, al menos desde el 30 de abril del 2022, como consecuencia de haberse actualizado el supuesto normativo previsto en la fracción V del artículo 229 de la Ley General de Sociedades Mercantiles (la "LGSM"), al haber perdido más de las dos terceras partes de su capital social. Demandó también la designación de liquidador judicial.*

*El 13 de julio del 2022 la autoridad jurisdiccional resolvió en definitiva la disolución de la Sociedad, y ordenó su liquidación, designando en definitiva al suscrito liquidador judicial, quien está llevando al cabo la liquidación de la Sociedad de conformidad con las disposiciones aplicables de la LGSM y de los estatutos sociales de la Sociedad, bajo principios de imparcialidad, profesionalismo, excelencia, eficiencia, confidencialidad y honestidad.*

*2.      __Ejercicio efectivo del cargo__. A partir del 13 de julio del 2022 se notificó a diversos directivos relevantes de CRÉDITO REAL la terminación de la relación de trabajo que les vinculó con la Sociedad. El 26 de julio de 2022 se concluyó y se materializó la entrega-recepción de los bienes, libros y documentos de la sociedad y el inventario del activo y pasivo sociales. Se continúa trabajando para determinar con total certeza y precisión los activos y pasivos de la Sociedad, así como la forma en que se dará servicio a la deuda de CRÉDITO*

*REAL. La designación del síndico será oportunamente inscrita en el Registro Público de Comercio.*

**3.** _Negociaciones con Acreedores_. He estado en negociaciones con acreedores de la Sociedad, algunos de los cuales ya habían iniciado acciones judiciales de cobro y de ejecución de garantías. Se lograron acuerdos con acreedores garantizados de la Sociedad tales como **(i)** Banco Mercantil del Norte, S.A., Institución de Banca Múltiple, Grupo Financiero Banorte; **(ii)** BBVA México, S.A., Institución de Banca Múltiple, Grupo Financiero BBVA México; **(iii)** Banco Santander México, S.A. Institución de Banca Múltiple, Grupo Financiero Santander México; y **(iv)** Scotiabank Inverlat S.A., Institución de Banca Múltiple, Grupo Financiero Scotiabank Inverlat. La Sociedad ya no tiene adeudo alguno con dichas instituciones y se liberaron activos otorgados en garantía en favor de las mismas.

**4.** _Procedimientos Judiciales_. Un grupo minoritario de tenedores de bonos emitidos por la Sociedad **(i)** intentaron forzar un procedimiento de insolvencia (Chapter 11) a la Sociedad en los Estados Unidos de América, cuya procedencia se ha cuestionado por la Sociedad ante el Tribunal de Quiebras de Delaware; e, **(ii)** impugnaron, vía amparo, la sentencia que reconoció la disolución y decretó liquidación de la Sociedad, mismo que se encuentra pendiente de resolución. Adicionalmente, accionistas minoritarios apelaron la sentencia que reconoce la disolución y decretó la liquidación de la Sociedad, pendiente de resolución por la Sala Civil competente del Tribunal Superior de Justicia de la Ciudad de México. Finalmente, el representante designado por la Sociedad en los Estados Unidos de América presentó solicitud de reconocimiento en dicho país del procedimiento de disolución y liquidación de la Sociedad, misma que se encuentra pendiente de resolución por el Tribunal de Quiebras de Delaware.

**5.** _Regulatorio_. Se han atendido y desahogado de forma oportuna **(i)** diversos requerimientos de información y documentación efectuados por parte de la CNBV a CRÉDITO REAL (12, 15 y 28 de julio, y 05 de agosto, todos del 2022), con motivo de diversas notas periodísticas publicadas en diversos medios informativos relacionadas con las actividades de la Sociedad; así como, **(ii)** el inicio de una visita de investigación por parte de la propia CNBV.

Se atendió a los accionistas de la Sociedad en el intento de celebración de Asamblea de Accionistas el 15 de agosto del 2022, a la que asistieron funcionarios de la CNBV en calidad de observadores. En virtud de haberse presentado menos del 20% del capital social, no se reunió el quórum suficiente para instalar la Asamblea.

El 04 de agosto del 2022 se presentó a la Comisión Nacional para la Protección y Defensa de los Usuarios de Servicios Financieros solicitud de inscripción de la disolución y liquidación de la Sociedad en el Registro de Prestadores de Servicios Financieros a su cargo.

**6.** _Denuncias de Hechos_. Se han denunciado a las autoridades correspondientes conductas que posiblemente constituyen la comisión de delitos en agravio de la Sociedad.

**7.** _Obligaciones Fiscales_. Se ha dado seguimiento puntual **(i)** al cumplimiento de las obligaciones fiscales de la Sociedad; **(ii)** a las auditorías en curso iniciadas por el Servicio de Administración Tributaria; y, **(iii)** al pago de impuestos y contribuciones federales.

FERNANDO ALONSO DE FLORIDA RIVERO

Se hace ver a sus Señorías que dicho evento relevante puede ser consultado en el siguiente link: https://www.bmv.com.mx/docs-pub/visor/visorXbrl.html?docins=../eventemi/eventemi_1218822_1.zip#/visorXbrl ; máxime que el mismo constituye un hecho notorio de conformidad con el criterio jurisprudencial de rubro *"PÁGINAS WEB O ELECTRÓNICAS. SU CONTENIDO ES UN HECHO NOTORIO Y SUSCEPTIBLE DE SER VALORADO EN UNA DECISIÓN JUDICIAL."*

**4.** En tal sentido, sus Señorías podrá apreciar que a pesar de encontrarse suspendida la liquidación de Crédito Real, la sociedad demandada y el señor Fernando Alonso-de-Florida Rivero en supuesto carácter de liquidador pretenden ejecutar actos en clara violación y contravención a la suspensión decretada respecto de la sentencia definitiva del 13 de julio del 2022, pues tajantemente sostiene que la admisión de la apelación en **AMBOS EFECTOS**, no afecta en forma alguna el procedimiento de liquidación. Lo anterior, no tiene sustento alguno, pues si uno de los efectos suspendidos por la admisión de

4

la apelación es la liquidación y el cargo de liquidador luego entonces no queda duda que la liquidación no puede llevarse a cabo ni materializarse.

En virtud de lo anterior, solicito a sus Señorías que aperciban con cualquiera de las medidas de apremio que consideren prudente y de conformidad con el artículo 59 del Código Federal de Procedimientos Civiles[1] a Crédito Real y al señor Fernando Alonso-de-Florida Rivero para que: *(i)* se abstengan de realizar cualquier acto de ejecución de la sentencia del 13 de julio del 2022, entre ellos, ostentarse como liquidador de Crédito Real y/o realizar cualquier pago; *(i)* se decrete que cualquier acto realizado o ejecutado en contra de la suspensión de la sentencia del 13 de julio es ilegal, es nulo y no tiene eficacia jurídica alguna.

4.      Por otro lado, derivado de la falsedad del evento relevante que se menciona y de la confusión que genera al público inversor respecto de la situación jurídica de liquidación de Crédito Real, se solicita se gire oficio a la Comisión Nacional de Valores y a la Bolsa Mexicana de Valores a efecto de informar de la admisión de la apelación de la sentencia del 13 de julio del 2022 y la suspensión de los efectos de ésta, con el objeto de que se requiera a Crédito Real aclarar que los eventos relevantes publicados no son correctos ni exactos en virtud de que la liquidación se encuentra suspendida. Dicha petición encuentra sustento en lo dispuesto por el artículo 106 de la Ley de Mercado de Valores, que es del tenor literal siguiente:

*Artículo 106.- Las emisoras con valores inscritos en el Registro estarán obligadas a informar a la Comisión y a la bolsa en la que listen sus valores, para su difusión inmediata al público en general a través de esta última, ajustándose a los términos y condiciones previstos en el reglamento interior de dicha bolsa, las causas que a su juicio hayan dado origen a cualquiera de los eventos siguientes:*

*Adicionalmente, la Comisión o la bolsa en la que se listen los valores tendrá la facultad de requerir a las emisoras la publicación de un evento relevante que explique las causas que le dieron origen, así como para requerir la revelación de información adicional cuando la existente en el mercado a juicio de la Comisión o de la bolsa de valores, sea insuficiente, imprecisa o confusa, o bien, para rectificar, ratificar, negar o ampliar algún evento que hubiere sido divulgado por terceros entre el público y que por su interpretación pueda afectar o influir en la cotización de los valores de la emisora.*

Por lo anteriormente expuesto y fundado, a USTEDES C. MAGISTRADOS atentamente solicito se sirva:

PRIMERO. – Apercibir a Crédito Real y al señor Fernando Alonso-de-Florida Rivero para que se abstengan de realizar cualquier acto de ejecución de la sentencia del 13 de julio del 2022.

SEGUNDO. - Girar oficio a la Comisión Nacional de Valores y a la Bolsa Mexicana de Valores para los efectos precisados en el presente.

PROTESTO LO NECESARIO
Ciudad de México, a la fecha de su presentación

JESÚS NAVA MORENO
Por mi propio derecho, en mi calidad de accionista de
CRÉDITO REAL, S.A. B. DE C.V.
SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE,
ENTIDAD NO REGULADA

---

[1] Ver la jurisprudencia de rubro *MEDIDAS DE APREMIO, PARA SU APLICACION EN UN JUICIO MERCANTIL, DEBE ACUDIRSE SUPLETORIAMENTE A LA LEGISLACION COMUN.*