**<u>Exhibit A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.,[1] | ) | Case No. 22-10630 (JTD) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | **Re: Docket No. [●]** |
| | ) | |

**ORDER: (A) AUTHORIZING AND APPROVING BIDDING PROCEDURES
RELATING TO THE SALE OF THE CHAPTER 15 DEBTOR'S EQUITY
INTERESTS IN CRÉDITO REAL USA FINANCE, LLC; (B) SCHEDULING
AN AUCTION FOR, AND HEARING TO APPROVE, THE PROPOSED
SALE; AND (C) APPROVING THE FORM AND MANNER THEREOF;
AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Foreign Representative for entry of an order (this "**Order**") (i) authorizing and approving the bidding procedures attached hereto as **Schedule I** (the "**Bidding Procedures**") for the proposed sale (the "**Sale**") of substantially all of the Chapter 15 Debtor's direct and/or indirect equity interests in a majority-owned, U.S. subsidiary, Crédito Real USA Finance, LLC (the "**CRUSAFin Interests**"); (ii) scheduling an auction of the CRUSAFin Interests (the "**Auction**") and a final hearing to consider approval of a sale of the CRUSAFin Interests to a Successful Bidder (the "**Sale Hearing**"); (iii) approving the form and manner of notice of the Bidding Procedures, the Auction, and the Sale Hearing, including the form of notice of the proposed Sale substantially in the form attached hereto as **Schedule II** (the "**Sale Notice**") and notice of, among other things, the Foreign Representative's selection of a Successful Bidder substantially in the form attached hereto as **Schedule III**

---

[1] The last four identifying digits of the tax number and the jurisdiction in which the Chapter 15 Debtor pays taxes is Mexico – 6815.  The Chapter 15 Debtor's corporate headquarters is located at Avenida Insurgentes Sur No. 730, 20th Floor, Colonia del Valle Norte, Alcaldía Benito Juárez, 03103, Mexico City, Mexico.

[2] Where context requires, capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such term in the Bidding Procedures or the Motion.

(the "**Post Auction Notice**"); and (iv) granting related relief; and upon the Verified Petition and any other evidence submitted in support of the Motion; and this Court having considered the Motion, and the arguments of counsel made, and the evidence adduced, at the hearing (the "**Bidding Procedures Hearing**"), if any, on the Motion; and in accordance with Bankruptcy Rules 2002, 6004, and 9014 and Local Rule 6004, due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Chapter 15 Debtor, the Chapter 15 Debtor's creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor:

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.      <u>Jurisdiction and Venue</u>.  This Court has jurisdiction to consider the Motion and the relief requested under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) as to which the Bankruptcy Court has the power to enter a final judgment.  Venue of the Chapter 15 Case and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1410(1).

B.      <u>Statutory Predicates</u>.  The predicates for the relief granted herein are sections 105, 363, 1501, 1507, 1520 and 1521 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "**Bankruptcy Code**"), Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1(b) and 6004-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

C.      <u>Bidding Procedures</u>.   The relief granted herein is in the best interests of the Chapter 15 Debtor and its creditors and other stakeholders.   The Foreign Representative has articulated good, sufficient, and sound business reasons for authorizing and approving the following, all of which were developed in good faith and are fair, reasonable, and appropriate under the circumstances:  (i) the Bidding Procedures; (ii) the date of the Auction and the Sale Hearing; and (iii) the form and manner of notice of the Bidding Procedures, the Auction, the Sale Transaction, and the Sale Hearing.   The relief granted herein is designed to maximize the recovery on, and realizable value of, the CRUSAFin Interests.  The Bidding Procedures comply with the requirements of Local Rule 6004-1(c).

D.      <u>Notice of the Motion</u>.   The Foreign Representative's notice of the Motion, Bidding Procedures Hearing, and the proposed entry of this Order was sufficient under the circumstances of this case and complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Accordingly, no other or further notice of the Motion or the entry of this Order is necessary or required.  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to all parties in interest.

E.      <u>Sale Notice</u>.  The Foreign Representative has set forth a notice process that is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, including notice of the following:  (i) the Bidding Procedures and certain dates and deadlines related thereto; (ii) the date, time, and place of the Auction (if one is held); (iii) the objection deadlines for the Sale and the date, time, and place of the Sale Hearing; (iv) reasonably specific identification of the assets for sale; and (v) representations describing the Sale as being free and clear of liens, claims, interests, and other encumbrances, with all such liens, claims, encumbrances, and other interests of any kind or nature, including rights or claims based on any

successor or transferee liability (collectively, the "**Interests**") attaching with the same validity and priority to the sale proceeds subject to customary exceptions for permitted liens. Such notice process is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each, and no other or further notice of the Sale shall be required.

     F.    <u>Other Findings</u>. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the foregoing findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

    1.    The Motion and the relief requested therein is **GRANTED** and **APPROVED**, in accordance with the terms and conditions set forth in this Order.

    2.    All objections to the Motion with respect to the entry of this Order, to the extent not withdrawn, waived, settled, or not otherwise resolved, and all reservation of rights included therein, are hereby **DENIED** and **OVERRULED** on the merits with prejudice. All withdrawn objections are deemed withdrawn with prejudice.

<u>**Important Dates and Deadlines**</u>

    3.    The following dates and deadlines regarding the Sale are hereby established, subject to the right of the Foreign Representative to modify the following dates pursuant to the Bidding Procedures, after consultation with the Consultation Party as provided in the Bidding Procedures:[3]

---

[3] The "**Consultation Party**" consists of the Ad Hoc Group constituting of the parties disclosed in the *Verified Statement Pursuant to Bankruptcy Rule 2019*, Case No. 22-10696 (JTD) (Bankr. D. Del. Aug 4, 2022) [ECF No. 27].

| Deadline | Item |
|---|---|
| [_____], 2022 at [____] (Eastern Time) | Hearing to consider entry of the Bidding Procedures Order |
| **Within 2 business days of Entry of the Bidding Procedures Order** | Deadline for the Foreign Representative to file and serve the Sale Notice |
| **December [5], 2022 at 4:00 p.m. (Eastern Time)** | Deadline to file objections to the Sale Transaction |
| **December [14], 2022 at 4:00 p.m. (Eastern Time)** | Final Bid Deadline |
| **December [16], 2022 at 10:30 a.m. (Eastern Time)** | Auction Date (if one is to be held) |
| **Within 2 business days of conclusion of the Auction** | Deadline to file the Post Auction Notice |
| **December [20], 2022 at 4:00 p.m. (Eastern Time)** | Deadline to file objections to the conduct of the Auction |
| **December [22], 2022 at [____](Eastern Time)** | Proposed hearing to approve the proposed Sale Transaction |

### The Bidding Procedures

4.    The Bidding Procedures are hereby approved in their entirety and incorporated herein by reference.   The Foreign Representative and Mexican Liquidator, on behalf of the Chapter 15 Debtor, are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

5.    The failure to specifically include or reference any particular provision of the Bidding Procedures in the Motion or this Order shall not diminish or otherwise impair the effectiveness of such procedures, it being this Court's intent that the Bidding Procedures be authorized and approved in their entirety, as if fully set forth in this Order.

6.    The Foreign Representative and Mexican Liquidator may, as they deem necessary and appropriate in the prudent exercise of their business judgment execute one or more "stalking horse" agreements (a "**Stalking Horse SPA**") for the CRUSAFin Interests and seek approval by separate motion and order, on an expedited basis, of such Stalking Horse SPA, including any bid protections that may be provided therein.

5

**Notice of the Sale Transaction and the Sale Hearing**

7.     <u>Sale Notice</u>. Within two (2) business days after the entry of this Order, or as soon as practicable, the Foreign Representative (or his agents) shall serve the Sale Notice in substantially the form attached hereto as **Schedule II**, by first-class mail, postage prepaid, and e-mail (if known), upon the following parties: (i) the U.S. Trustee; (ii) counsel to the Ad Hoc Group, Akin Gump Stauss Hauer & Feld LLP, Attn: Ira S. Dizengoff (idizengoff@akingump.com), David H. Botter (dbotter@akingump.com); (iii) counsel to Wells Fargo; (iv) counsel to The Bank of New York Mellon as indenture trustee under the indentures of certain senior unsecured notes and certain subordinated perpetual notes issued by the Chapter 15 Debtor; (v) any known affected creditor(s) asserting a lien, claim, or encumbrance against, or interest in, the relevant assets; (vi) any party that has expressed an interest in purchasing the CRUSAFin Interests during the last three (3) months; (vii) the Internal Revenue Service; (viii) United States Attorney for the District of Delaware; (ix) the Mexican National Banking and Securities Commission (*Comisión Nacional Bancaria y de Valores*); (x) the state attorneys general for all states in which the Chapter 15 Debtor conducts business; and (xi) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002. The Foreign Representative shall also publish the Sale Notice, in English and Spanish, on the Chapter 15 Debtor's website. Such notice shall be sufficient and proper notice of this Order, the Bidding Procedures, the Sale, and the Sale Hearing.

8.     <u>Post Auction Notice</u>. No later than two (2) Business Days after the conclusion of the Auction (if one is conducted), the Foreign Representative shall file on the docket and post on the Chapter 15 Debtor's website, in English and Spanish, the Post Auction Notice substantially in the form attached to this Order as **Schedule III**, that, among other things: (i) identifies the

Successful Bidder and the Back-Up Bidder and contains information for how parties may access the transaction documentation related to Successful Bid; and (ii) provides the date and time of the Sale Objection Deadline and Sale Hearing.

## The Auction

9.      To the extent one or more Qualified Bids are received, the Foreign Representative is authorized to conduct the Auction with respect to the CRUSAFin Interests.  The Auction (if conducted) shall take place **on December [16], 2022 at 10:30 a.m. (prevailing Eastern Time)** in a virtual room hosted by the Foreign Representative's counsel, or such other place and time as the Foreign Representative shall notify all Qualified Bidders and the Consultation Party.  The Foreign Representative is authorized, subject to the terms of this Order and the Bidding Procedures, to take all actions necessary, based on his reasonable discretion, to conduct the Auction in a manner that will result in the highest and otherwise best offer for the CRUSAFin Interests.

## The Sale Hearing and Objections to the Sale Transaction

10.      The Sale Hearing to approve the sale of the CRUSAFin Interests to a Successful Bidder is currently scheduled to take place on **December [22], 2022 at [___] (prevailing Eastern Time)**.  The Sale Hearing may be continued to a later date by the Foreign Representative by filing a notice on the docket prior to, or making an announcement at, the Sale Hearing.  No further notice of any such continuance will be required.

11.      Objections to the Sale Transaction and entry of any order approving the sale (the "**Sale Order**") must: (i) be in writing and specify the nature of such objection; (ii) comply with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and all orders of the Bankruptcy Court; and (iii) be filed with the Bankruptcy Court and served **so as to be actually**

received by the **Foreign Representative and counsel to the Foreign Representative by December [5], 2022 at 4:00 p.m. (prevailing Eastern Time)** (the "**Sale Objection Deadline**"); provided that Parties may file or supplement an objection based solely on the conduct of the Auction, which objection must comply with the aforementioned form requirements and must be served so as to be actually received by the Foreign Representative and counsel to the Foreign Representative by **December [20], 2022 at 4:00 p.m. (prevailing Eastern Time)** (the "**Auction Objection Deadline**").

12.      If any party fails to timely file with the Court and serve on Foreign Representative and counsel to the Foreign Representative (i) an objection to the or Sale Order by the Sale Objection Deadline or (ii) an objection to the conduct of the Auction by the Auction Objection Deadline, or otherwise abide by the procedures set forth in the Bidding Procedures regarding an objection to the Sale Transaction, such party shall be barred from asserting, at the Sale Hearing or otherwise, any objection to the relief requested in the Motion, or to the consummation and performance of the Sale Transaction, including the transfer of the CRUSAFin Interests to the Successful Bidder or Back-Up Bidder, free and clear of all liens, claims, interests and Encumbrances pursuant to section 363(f) of the Bankruptcy Code, and shall be deemed to "consent" for the purposes of section 363(f) of the Bankruptcy Code.

**Related Relief**

13.      All persons and entities (whether or not selected as a Qualified Bidder) that submit a bid for the CRUSAFin Interests during the sale process, including at the Auction, shall be deemed to have knowingly and voluntarily: (a) submitted to the exclusive jurisdiction of this Court with respect to all matters related to the terms and conditions of the transfer of the CRUSAFin Interests, the Auction, and any Sale Transaction; (b) consented to the entry of a final

8

order by the Court in connection with the Motion or this Order (including any disputes relating to the bidding and auction process, the Auction, and/or any Sale Transaction) to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution; and; (c) waived any right to jury trial in connection with any disputes relating to the any of the foregoing matters.

14.    The Foreign Representative is hereby authorized and empowered to take such actions as may be necessary to implement and effect the terms and requirements established in this Order.

15.    In the event of any inconsistencies between this Order and the Bidding Procedures, the Order shall govern in all respects.

16.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17.    This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

18.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014 or any applicable provisions of the Bankruptcy Rules or the Local Rules or otherwise stating the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of the effectiveness and enforceability of this Order is hereby waived.

19.    The Court has and will retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, including, but not

limited to, any matter, claim or dispute arising from or relating to the Bidding Procedures, any

Successful SPA, any Sale Transaction, and any Qualified Bid.

## Schedule I

**Bidding Procedures**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 15 |
| | ) |
| Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.,[1] | ) Case No. 22-10630 (JTD) |
| | ) |
| Debtor in a Foreign Proceeding. | ) |
| | ) |

## **BIDDING PROCEDURES**

On July 14, 2022, Robert Wagstaff (the "**Foreign Representative**"), in his capacity as foreign representative duly appointed by Mr. Fernando Alonso-de-Florida Rivero, the court-appointed liquidator (*Liquidador Judicial*) (the "**Mexican Liquidator**") of the Special Expedited Commercial proceeding (*Via Sumaria Especial Mercantil*) for the dissolution and liquidation (the "**Mexican Liquidation Proceeding**") of Crédito Real, S.A.B. de C.V., SOFOM, E.N.R. (the "**Chapter 15 Debtor**") filed a petition for relief under chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

On [____], 2022, the Bankruptcy Court entered the *Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief* [ECF No. ____], granting recognition of the Mexican Liquidation Proceeding as the foreign main proceeding of the Chapter 15 Debtor and recognizing the Foreign Representative as the "foreign representative" (as defined in section 101(24) of the Bankruptcy Code) of the Mexican Liquidation Proceeding.

On [____], 2022, the Bankruptcy Court entered the *Order (A) Authorizing and Approving Bidding Procedures Relating to the Sale of Chapter 15 Debtor's Equity Interests in Crédito Real USA Finance, LLC; (B) Scheduling an Auction for, and Hearing to Approve, the Proposed Sale; and (C) Approving the Form and Manner of Notice of Thereof; and (D) Granting Related Relief* [ECF No. ____] (the "**Bidding Procedures Order**"),[2] by which the Bankruptcy Court approved the following Bidding Procedures.

These Bidding Procedures set forth the process to determine the highest or otherwise best offer for the sale (the "**Sale**" or "**Sale Transaction**") of substantially all the Chapter 15 Debtor's

---

[1]    The last four identifying digits of the tax number and the jurisdiction in which the Chapter 15 Debtor pays taxes is Mexico – 6815.  The Chapter 15 Debtor's corporate headquarters is located at Avenida Insurgentes Sur No. 730, 20th Floor, Colonia del Valle Norte, Alcaldía Benito Juárez, 03103, Mexico City, Mexico.

[2]    Where context requires, capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Bidding Procedures Order.

direct and/or indirect equity interests (the "**CRUSAFin Interests**") in a majority-owned, U.S. subsidiary, Crédito Real USA Finance, LLC ("**CRUSAFin**").

**COPIES OF THE BIDDING PROCEDURES ORDER OR ANY OTHER RELATED DOCUMENTS ARE AVAILABLE ON THE CHAPTER 15 DEBTOR'S WEBSITE AT www.creal.mx/en/financiera/eventos OR UPON REQUEST TO WHITE & CASE AT wccrusafin@whitecase.com OR 305-371-2700, ATTN: CRÉDITO REAL TEAM.**

### Assets to Be Auctioned

The Foreign Representative is offering for sale all of the Chapter 15 Debtor's right, title and interest, whether direct or indirect, in and to the CRUSAFin Interests, which shall be sold free and clear of any pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon (collectively, the "**Interests**"), subject only to any Permitted Liens (as will be defined in a Successful SPA), to the maximum extent permitted by section 363 of the Bankruptcy Code, with such Interests (if any) to attach to the net proceeds of the Sale with the same validity, force, effect, and priority as such Interests applied against the CRUSAFin Interests, subject to any rights, claims, and defenses of the Chapter 15 Debtor.

### Key Dates and Deadlines

The Bidding Procedures provide interested parties with the opportunity to qualify for and participate in an auction to be conducted by the Foreign Representative (the "**Auction**") and to submit competing bids for the CRUSAFin Interests.   The key dates and deadlines (the "**Deadlines**") for the sale process are as follows:

| Deadline | Item |
|---|---|
| [_____], 2022 at [___] (Eastern Time) | Hearing to consider entry of the Bidding Procedures Order |
| **Within 2 business days of Entry of the Bidding Procedures Order** | Deadline for the Foreign Representative to file and serve the Sale Notice |
| **December [5], 2022 at 4:00 p.m. (Eastern Time)** | Deadline to file objections to the Sale Transaction |
| **December [14], 2022 at 4:00 p.m. (Eastern Time)** | Final Bid Deadline |
| **December [16], 2022 at 10:30 a.m. (Eastern Time)** | Auction Date (if one is to be held) |
| **Within 2 business days of conclusion of the Auction** | Deadline to file the Post Auction Notice |
| **December [20], 2022 at 4:00 p.m. (Eastern Time)** | Deadline to file objections to the conduct of the Auction |
| **December [22], 2022 at [___](Eastern Time)** | Proposed hearing to approve the proposed Sale Transaction |

## Consultation Party

The Foreign Representative shall reasonably consult with the Ad Hoc Group[3] (the "**Consultation Party**") through its U.S. counsel, as explicitly provided for herein; provided, however, that, notwithstanding anything herein to the contrary, the Foreign Representative shall not be required to consult with the Consultation Party if (i) any member of the Ad Hoc Group submits a Bid or has a Bid submitted on its behalf for so long as such Bid remains open, or (ii) the Foreign Representative determines, in his reasonable business judgment, that consulting with such Consultation Party regarding any issue, selection, or determination would be likely to have a chilling effect on potential bidding or otherwise be contrary to goal of maximizing value for the CRUSAFin Interests.

## Stalking Horse Selection

The Foreign Representative and Mexican Liquidator may, as they deem necessary and appropriate in the exercise of their business judgment, select one or more "stalking horse" bids (the "**Stalking Horse Bid**" and the bidder the "**Stalking Horse Bidder**") and the respective stalking horse sale and purchase agreement ("**Stalking Horse SPA**"), for the CRUSAFin Interests and seek Bankruptcy Court approval by separate motion and order, on an expedited basis, of such Stalking Horse SPA, including any bid protections that may be provided therein. If any Stalking Horse SPA is approved, the Foreign Representative may modify these Bidding Procedures, in consultation with the Consultation Party, as may be necessary and appropriate to account for such Stalking Horse SPA.

## Qualifications to Submit Bids and Participate in Auction

A.  **Diligence Materials**

To participate in the bidding process and to receive access to due diligence materials (the "**Diligence Materials**"), a party must submit to the Foreign Representative (i) an executed confidentiality agreement in form and substance satisfactory to the Mexican Liquidator and the Foreign Representative and (ii) reasonable evidence demonstrating the party's financial capability to consummate a purchase of the CRUSAFin Interests, as determined by the Foreign Representative and Mexican Liquidator in their sole discretion. ***No party will be permitted to conduct any due diligence without entering into an acceptable confidentiality agreement.***

A party who qualifies for access to Diligence Materials shall be a "**Preliminary Interested Buyer**." The Foreign Representative will afford any Preliminary Interested Buyer the time and opportunity to conduct due diligence, as determined by him and the Mexican Liquidator in their reasonable discretion and within the Deadlines; provided, however, that the Foreign Representative shall not be obligated to furnish any due diligence information after the Bid Deadline. The Foreign Representative will post substantially all written due diligence provided to a Preliminary Interested Buyer to an electronic data room (the "**Data Room**"). The Foreign Representative may restrict or limit access of a Preliminary Interested Buyer to the Data

---

[3]    The Ad Hoc Group consists of those parties identified in the *Verified Statement Pursuant to Bankruptcy Rule 2019*, Case No. 22-10696 (JTD) (Bankr. D. Del. Aug 4, 2022) [ECF No. 27].

Room if he determines, based on his reasonable business judgment, that certain information in the Data Room is sensitive, proprietary, or otherwise not appropriate for disclosure to such Potential Bidder. Neither the Foreign Representative, Mexican Liquidator, nor any of their respective representatives shall be obligated to furnish information of any kind whatsoever to any person that is not determined to be a Preliminary Interested Buyer.

All due diligence requests must be directed to the Foreign Representative's financial advisor, Riveron Consulting, LLC at CruiseProject@riveron.com.

Notwithstanding anything to the contrary herein, the Foreign Representative shall provide the advisors for the Consultation Party with reasonable access to the Data Room on a Professionals' Eyes Only basis.

**B.      Due Diligence from Preliminary Interested Buyers and Bidders**

Each Preliminary Interested Buyer and Bidder (as defined below) shall comply with all reasonable requests with respect to information and due diligence access by the Foreign Representative or his advisors regarding such Preliminary Interested Buyer or Bidder, as applicable, and its contemplated transaction.

**C.      Bid Deadline and Auction Qualification Process**

To be eligible to participate in the Auction, each offer, solicitation or proposal (each, a "**Bid**"), and each party submitting such a Bid (each, a "**Bidder**"), (i) must be determined by the Foreign Representative and Mexican Liquidator to satisfy each of the conditions set forth in this section and (ii) must submit a Bid, in writing, so as to be **actually received** by: (a) counsel to the Foreign Representative, White & Case LLP, Attn: John K. Cunningham (jcunningham@whitecase.com), Bill Parish (bill.parish@whitecase.com), Emilio Grandio (emilio.grandio@whitecase.com), and Amanda Parra Criste (aparracriste@whitecase.com); (b) the Foreign Representative, Attn: Robert Wagstaff (robert.wagstaff@riveron.com); and (c) Riveron Consulting, LLC, Attn: Jabier Arbeloa (CruiseProject@riveron.com) **on or before December [14], 2022 at 4:00 p.m.** (prevailing Eastern Time) (the "**Bid Deadline**"). The Foreign Representative shall provide counsel to the Consultation Party (provided that none of the members of the Ad Hoc Group are Bidders) copies of any Bid received within two (2) Business Days of such receipt.

A Bid will not be considered qualified for the Auction if such Bid does not satisfy each of the following conditions:

1.   All CRUSAFin Interests. Each Bid must be for all of the Chapter 15 Debtor's CRUSAFin Interests.

2.   Executed Agreement: Each Bid must be based on the form sale and purchase agreement provided by the Foreign Representative via the Data Room (the "**Proposed SPA**") and signed by an authorized representative of such Bidder, pursuant to which the Bidder proposes to effectuate a Sale Transaction (a "**Modified SPA**"). A Bid must also include either a redline of the Modified SPA marked against the Proposed SPA, if no Stalking Horse Bid has been approved by the Bankruptcy

Court or (2) the Modified SPA against the Stalking Horse SPA, if a Stalking Horse Bid has been approved by the Bankruptcy Court.  Each Modified SPA must provide a commitment to close within three (3) Business Days after all closing conditions are met.

3.  <u>Good Faith Deposit</u>: Each Bid must be accompanied by a deposit in the amount of five percent (5.0%) of the purchase price contained in the Modified SPA, before any adjustments to the purchase price, to an interest-bearing escrow account established by Richards, Layton & Finger PA, as local Delaware counsel to the Foreign Representative (the "**Good Faith Deposit**"); <u>provided</u> that to the extent a Qualified Bid is modified before, during, or after the Auction in any manner that increases the purchase price contemplated by such Qualified Bid, the Foreign Representative, on behalf of the Chapter 15 Debtor, reserves the right to require that such Qualified Bidder increase its Good Faith Deposit so that it equals five percent (5.0%) of the increased Purchase Price; <u>provided</u> <u>further</u> that any Bid selected as a Successful Bid is required to deposit an amount that equals ten percent (10.0%) of the purchase price contained in the applicable Modified SPA for such Successful Bid.

4.  <u>Same or Better Terms</u>: If a Stalking Horse Bid is approved by the Bankruptcy Court prior to the Bid Deadline, each Bid must be on terms that the Foreign Representative and Mexican Liquidator, in their sole business judgment and after consulting with the Consultation Party, determine are the same or better than the terms of the Stalking Horse SPA.

5.  <u>Credit Facility Extension / Refinancing</u>:  A Bid must provide for adequate treatment of the existing credit facility between CRUSAFin and Wells Fargo Bank, N.A. (the "**Existing Credit Facility**"), including, for example, providing for an extension of the facility, a refinancing by Wells Fargo or a third party lender, and/or a pay off of all or a portion of the Existing Credit Facility.

6.  <u>CRUSAFin CEO</u>: A Bid must also provide for either (i) the purchase of all equity interests held by Scot Seagrave (the "**Seagrave Interests**") (CRUSAFin's Chief Executive Officer) or (ii) such other treatment of the Seagrave Interests as agreed to by Mr. Seagrave, including for example, a rollover of all or a portion of the Seagrave Interests.

7.  <u>Minimum Bid</u>. If a Stalking Horse Bid is approved by the Court, a Bid must propose a cash purchase price that, in Foreign Representative's and Mexican Liquidator's reasonable business judgment, in consultation with the Consultation Party, has a value greater than the sum of (i) the Purchase Price (as defined in the Stalking Horse SPA), plus (ii) $500,000, plus (iii) any bid protections that may be payable under any Stalking Horse Bid that has been approved by the Court as of the Bid Deadline.

8.  <u>Corporate Authority</u>: A Bid must include written evidence reasonably acceptable to the Foreign Representative and Mexican Liquidator demonstrating appropriate corporate authorization to consummate the proposed Sale Transaction; <u>provided</u> that, if the Bidder is an entity specially formed for the purpose of effectuating the Sale Transaction, then the Bidder must furnish written evidence reasonably acceptable to

the Foreign Representative and Mexican Liquidator of the approval of the Bid and Modified SPA by the equity holder(s) of such Bidder.

9. <u>Disclosure of Identity of Bidder</u>: A Bid must fully disclose the identity of each entity that will be bidding for or purchasing the CRUSAFin Interests or otherwise directly or indirectly participating in connection with such Bid, and the complete terms of any such participation, including any agreements, arrangements or understandings concerning a collaborative or joint bid or any other combination concerning the proposed Bid.

10. <u>Proof of Financial Ability to Perform</u>: A Bid must include written evidence that demonstrates, to the satisfaction of the Foreign Representative and Mexican Liquidator, that the Bidder has the necessary financial ability to timely close the Sale Transaction, including, without limitation:

    a. If the Bidder intends to raise any debt financing to fund any portion of the Bidder's obligations, the Bid must include final form of debt financing commitment letter(s) with no diligence conditions, in customary form, which letter(s) must be fully executed by the financing sources with financing commitments that remain outstanding until the Outside Back-Up Date;

    b. The Bidder's most current audited (if any) and latest unaudited financial statements or, if the Bidder is an entity formed for the purpose of making a bid, the current audited (if any) and latest unaudited financial statements of the equity holder(s) of the Bidder or such other form of financial disclosure reasonably acceptable to the Foreign Representative and Mexican Liquidator;

    c. Evidence of the Bidder's ability to provide adequate treatment of the Existing Credit Facility, including, if applicable, a term sheet from any third party financing source that has agreed to refinance such facility or a written agreement from Well Fargo as to any alternative arrangement.

    d. A description of the Bidder's pro forma capital structure; and

    e. Any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Foreign Representative and Mexican Liquidator demonstrating that such Bidder (or, if the Bidder is an entity formed for the purpose of making a Bid, its equity holders) has the ability to close the Sale Transaction.

11. <u>Regulatory and Third-Party Approvals</u>: A Bid must set forth each regulatory and third-party approval required for the Bidder to consummate the Sale Transaction, and the time period within which the Bidder expects to receive such regulatory and third-party approvals (and in the case that receipt of any such regulatory or third-party approval is expected to take more than thirty (30) days following execution and delivery of the Modified SPA, those actions the Bidder will take to ensure receipt of such approval(s) as promptly as possible).

12. <u>Contact Information and Affiliates</u>:  The Bid must provide the identity and contact information for the Bidder and full disclosure of any affiliates of the Bidder.

13. <u>Contingencies</u>: Each Bid (i) may not contain representations and warranties, covenants, or termination rights materially more onerous in the aggregate to the Sellers than those set forth in the Stalking Horse Bid, if one has been designated and approved by the Bankruptcy Court, and (ii) may not be conditioned on obtaining financing or any internal approval, or on the outcome or review of due diligence.

14. <u>Irrevocable</u>: Each Bid must be irrevocable until the Outside Back-Up Date; <u>provided</u> that if a Bid is accepted as the Successful Bid or the Back-Up Bid (each as defined herein), such Bid shall continue to remain irrevocable, subject to the terms and conditions of these Bidding Procedures.

15. <u>Compliance with Diligence Requests</u>: The Bidder submitting the Bid must have complied with reasonable requests for additional information and due diligence access from the Foreign Representative to the satisfaction of the Foreign Representative and Mexican Liquidator.

16. <u>Confidentiality Agreement</u>: To the extent not already executed, the Bid must include an executed confidentiality agreement in form and substance reasonably satisfactory to the Foreign Representative and Mexican Liquidator.

17. <u>Back-Up Bid</u>: Each Bid shall provide that the Bidder will serve as backup bidder, on the terms provided herein, if the Bidder's Bid is selected as the next highest or otherwise best bid after the Successful Bid.

18. <u>Consent to Jurisdiction</u>: Each Bidder must (i) consent to the jurisdiction of the Bankruptcy Court to enter an order or orders, which shall be binding in all respects, in any way related to the Chapter 15 Debtor, the chapter 15 case, the Bidding Procedures, the Auction, any Modified SPA, or the construction and enforcement of documents relating to any Sale Transaction, (ii) waive any right to a jury trial in connection with any disputes relating to the Chapter 15 Debtor, the chapter 15 case, the Bidding Procedures, the Auction, any Modified SPA, or the construction and enforcement of documents relating to any Sale Transaction, and (iii) consent to the entry of a final order or judgment in any way related to the Chapter 15 Debtor, the chapter 15 case, the Bidding Procedures, the Auction, any Modified SPA, any Sale Transaction, or the construction and enforcement of documents relating to any Sale Transaction if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

19. <u>Disclaimer of Break-Up Fees and Expense Reimbursement</u>: Except with respect to any Stalking Horse Bidder approved by the Bankruptcy Court, the Bid must not entitle the Bidder to any break-up fee, termination fee or similar type of payment, compensation or expense reimbursement and, by submitting the Bid, the Bidder (other than the Stalking Horse Bidder) waives the right to pursue any administrative expense claim (including under a theory of substantial contribution) under 11 U.S.C. § 503 related in any way to the submission of its Bid or participation in any Auction.

A Bid received from a Bidder before the Bid Deadline that meets the above requirements shall constitute a "**Qualified Bid**" for the CRUSAFin Interests, as determined by the Foreign Representative and Mexican Liquidator, and such Bidder shall constitute a "**Qualified Bidder**" for the CRUSAFin Interests; <u>provided</u> that if the Foreign Representative and Mexican Liquidator receive a Bid by the Bid Deadline that is not a Qualified Bid, the Foreign Representative may provide the Bidder with the opportunity to remedy any deficiencies by no later than one (1) Business Day prior to the Auction; <u>provided</u>, <u>further</u>, that, for the avoidance of doubt, if any Qualified Bidder fails to comply with reasonable requests for additional information and due diligence access to the satisfaction of the Foreign Representative and Mexican Liquidator, then the Foreign Representative and Mexican Liquidator may disqualify any Qualified Bidder and Qualified Bid, in the Foreign Representative's and Mexican Liquidator's sole discretion and such Bidder shall not be entitled to attend or participate in the Auction.  The Foreign Representative shall consult with the Consultation Party regarding whether (i) a Bid is or is not a Qualified Bid or (ii) any Bid or potential Qualified Bidder should be disqualified.

Any Stalking Horse SPA approved by the Bankruptcy Court shall be deemed a Qualified Bid in all respects, and any such Stalking Horse Bidder shall be deemed a Qualified Bidder, such that the Stalking Horse Bidder shall not be required to submit an additional Qualified Bid, and shall not be required to provide any additional information or due diligence access to the Foreign Representative.

## <u>Auction</u>

If one or more Qualified Bids (other than any Stalking Horse Bid) are received by the Bid Deadline, the Foreign Representative will conduct the Auction to determine the highest or otherwise best Qualified Bid.  The determination of the best Qualified Bid shall take into account any factors the Foreign Representative and Mexican Liquidator, in their discretion and in consultation with the Consultation Party, reasonably deem relevant to the value and certainty of the Qualified Bid to the Chapter 15 Debtor and may include, but are not limited to, the following: (i) the amount and nature of the consideration; (ii) the number, type and nature of any changes to the Proposed SPA requested by each Bidder; (iii) the extent to which such modifications are likely to delay closing of the Sale and the cost to the Chapter 15 Debtor of such modifications or delay; (iv) the total consideration to be received by the Chapter 15 Debtor; (v) any contingencies or conditions to closing the transaction; (vi) the likelihood of the Bidder's ability to close a transaction and the timing thereof; (vii) the net benefit to the Chapter 15 Debtor, taking into account any bid protections that a Stalking Horse Bidder may be entitled to; (viii) the tax consequences of such Qualified Bid; and (ix) any other qualitative or quantitative factor that the Foreign Representative or Mexican Liquidator, in consultation with the Consultation Party, deem reasonably appropriate under the circumstances (collectively, the "**Bid Assessment Criteria**").

If no Qualified Bid other than the Stalking Horse Bid is received by the Bid Deadline, the Foreign Representative may (i) postpone the Bid Deadline or reschedule the Auction, in which case the Foreign Representative shall promptly file on the docket a notice of postponement setting forth the new Bid Deadline and the date, time, and location of the Auction or (ii) cancel the Auction and accept any Stalking Horse Bid approved by the Bankruptcy Court as the Successful Bid, in which case the Foreign Representative will promptly file on the docket a

notice of no auction and identify the Stalking Horse Bidder as the Successful Bidder.

## A.    Location and Date of Auction

The Auction, if any, shall take place **on December [16], 2022 at 10:30 a.m. (prevailing Eastern Time)** in a virtual room hosted by the Foreign Representative's counsel, or such other place and time as the Foreign Representative shall notify all Qualified Bidders and the Consultation Party.

## B.    Attendees and Participants

Except as otherwise determined by the Foreign Representative and Mexican Liquidator, only: (i) the Chapter 15 Debtor and any other sellers; (ii) the Consultation Party; (iii) the United States Trustee; (iv) the Stalking Horse Bidder, if one has been designated and approved by the Bankruptcy Court; (v) any other Qualified Bidder; (vi) any other creditors of the Chapter 15 Debtor that at least five (5) Business Days prior to the Auction deliver to the Foreign Representative's counsel a written request to attend the Auction (by email to wccrusafin@whitecase.com); and (vii) in each case, along with their representatives and counsel, shall attend the Auction.  Only a Stalking Horse Bidder (if any) and such other Qualified Bidders will be entitled to participate and make any Overbids at the Auction.

Each Qualified Bidder participating in the Auction must confirm on the record that it: (i) has not engaged in any collusion with respect to the bidding or sale of any of the CRUSAFin Interests; (ii) has reviewed, understands and accepts the Bidding Procedures; and (iii) has consented to the core jurisdiction of the Bankruptcy Court with respect to the Sale, including the Bidding Procedures, and the Auction, and, as applicable, any Sale Transaction, any Modified SPA, or the construction and enforcement of documents relating to any Sale Transaction (as described more fully below).

## C.    Conducting the Auction

The Foreign Representative, Mexican Liquidator, and their professionals shall direct and preside over the Auction and the Auction shall be transcribed.  Other than as expressly set forth herein, the Foreign Representative and Mexican Liquidator (in consultation with the Consultation Party) may conduct the Auction in the manner they determine will result in the highest or otherwise best offer for the CRUSAFin Interests.

## D.    Auction Baseline Bid

Prior to or at the start of the Auction, the Foreign Representative will notify the other Qualified Bidder participating in the Auction and the Consultation Party of the highest or otherwise best Qualified Bid received before the Bid Deadline (the "**Auction Baseline Bid**").

## E.    Terms of Overbids

An "**Overbid**" is any bid made at the Auction subsequent to the Foreign Representative's announcement of the respective Auction Baseline Bid.  To submit an Overbid for purposes of this Auction, a Bidder must comply with the following conditions:

1. <u>Minimum Overbid Increments</u>: Any Overbid after and above the respective Auction Baseline Bid shall be made in increments valued at not less than $250,000.00. The Foreign Representative reserves the right, after consultation with the Consultation Party, to announce reductions or increases in the minimum incremental bids (or in valuing such bids) at any time during the Auction. Additional consideration in excess of the amount set forth in the respective Auction Baseline Bid must be in cash.

2. <u>Remaining Terms Are the Same as for Qualified Bids</u>: Except as modified herein, an Overbid at the Auction must comply with the conditions for a Qualified Bid set forth above; <u>provided</u>, <u>however</u>, that the Bid Deadline shall not apply. Any Overbid must include, in addition to the amount and the form of consideration of the Overbid, a description of all changes requested by the Bidder to the Stalking Horse SPA (if applicable) or Modified SPA, as the case may be, in connection therewith. Any Overbid must remain open and binding on the Bidder as set forth in these Bidding Procedures.

**F.    Announcement and Consideration of Overbids**

1. <u>Announcement of Overbids</u>: The Foreign Representative shall announce at the Auction the material terms of each Overbid, the total amount of consideration offered in each such Overbid, and the basis for calculating such total consideration.

2. <u>Consideration of Overbids</u>: Subject to the deadlines set forth herein, the Foreign Representative reserves the right, in its reasonable business judgment and in consultation with the Consultation Party, to make one or more continuances of the Auction to, among other things: facilitate discussions between the Foreign Representative and individual Qualified Bidders; allow individual Qualified Bidders to consider how they wish to proceed; or give Qualified Bidders the opportunity to provide additional evidence as he or the Mexican Liquidator in their reasonable business judgment, in consultation with the Consultation Party, may require, that the Qualified Bidder has sufficient internal resources, or has received sufficient non-contingent debt and/or equity funding commitments, to consummate the proposed Sale Transaction at the prevailing Overbid amount.

**G.    Closing the Auction**

The Auction shall continue until the Foreign Representative and Mexican Liquidator select such Qualified Bid, in consultation with the Consultation Party, that is the best Qualified Bid taking into account any factors the Foreign Representative and Mexican Liquidator reasonably deem relevant to the value and certainty of the Qualified Bid to the Chapter 15 Debtor and may include, but are not limited to, the Bid Assessment Criteria (such Qualified Bid, the "**Successful Bid**," and the Bidder submitting such Successful Bid, the "**Successful Bidder**") as the winner of the Auction.

The Auction shall close when the Successful Bidder submits a fully executed Modified SPA and transaction documents memorializing the terms of the Successful Bid.

Promptly following the Foreign Representative's selection of the Successful Bid and the conclusion of the Auction, the Foreign Representative shall announce the Successful Bid and

Successful Bidder and shall file with the Bankruptcy Court notice of the Successful Bid and Successful Bidder.

The Foreign Representative shall not consider any Overbids submitted after the conclusion of the Auction.

## Back-Up Bidder

Notwithstanding anything in these Bidding Procedures to the contrary, if an Auction is conducted, the Qualified Bidder with the next highest or otherwise best Bid to the Successful Bid at the Auction, as determined by the Foreign Representative and Mexican Liquidator, in the exercise of their business judgment and after consulting with the Consultation Party, will be designated as the backup bidder (the "**Back-Up Bidder**").  The Back-Up Bidder shall be required to keep its initial Qualified Bid (or if the Back-Up Bidder submitted one or more Overbids at the Auction, the Back-Up Bidder's final Overbid) (the "**Back-Up Bid**") open and irrevocable until the earlier of (i) the closing of the transaction with the Successful Bidder, (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is sixty (60) days after the date of entry of the Sale Order (the "**Outside Back-Up Date**"), or such other date as may be agreed to by the Back-Up Bidder as reflected in a Modified SPA.

Following the Sale Hearing, if the Modified SPA or Stalking Horse SPA, as applicable, related to the Successful Bid is terminated for any reason prior to consummation of the transaction contemplated thereby (a "**Successful Bid Failure**"), the Back-Up Bidder will be deemed to be the new Successful Bid, and the Chapter 15 Debtor will be authorized, without further order of the Bankruptcy Court, to consummate the transaction with the Back-Up Bidder, provided that the Foreign Representative shall provide prompt notice of such Successful Bid Failure to the Consultation Party and shall post a notice on the docket of the chapter 15 case regarding the Successful Bid Failure and the consummation of the transaction with the Back-Up Bidder.  In the case of a Successful Bid Failure, the Successful Bidder's deposit shall either be returned or forfeited in accordance with the terms of the terminated Stalking Horse SPA or Modified SPA, as applicable.  The Foreign Representative and the Chapter 15 Debtor specifically reserve the right to seek all available damages, including specific performance, from any defaulting Successful Bidder (including any Back-Up Bidder designated as a Successful Bidder) in accordance with the terms of the Bidding Procedures, the Bidding Procedures Order, the Stalking Horse SPA, or the Modified SPA, as applicable.

## Approval of the Sale

A hearing to consider the approval of the Sale Transaction (the "**Sale Hearing**"), is currently scheduled to take place on **December [22], 2022 at [___]** (prevailing Eastern Time), before the Honorable John T. Dorsey, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street North, 3rd Floor, Wilmington, DE 19801.

At the Sale Hearing certain findings will be sought from the Bankruptcy Court regarding the Auction, including, among other things, that: (1) the Auction was conducted (if held), and the Successful Bidder was selected, in accordance with the Bidding Procedures; (2) the Auction (if held) was fair in substance and procedure; (3) the Successful Bid was a Qualified Bid as defined in the Bidding Procedures; and (4) consummation of any Sale as contemplated by the Successful

Bid in the Auction will provide the highest or otherwise best offer for the CRUSAFin Interests and is in the best interests of the Chapter 15 Debtor and its stakeholders. **The Sale Hearing may be continued to a later date by the Foreign Representative by filing a notice on the docket of the chapter 15 case prior to, or making an announcement at, the Sale Hearing. No further notice of any such continuance will be required.**

Objections to the Sale Transaction and entry of any order approving the sale (the "**Sale Order**") must: (i) be in writing and specify the nature of such objection; (ii) comply with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and all orders of the Bankruptcy Court; and (iii) be filed with the Bankruptcy Court and served **so as to be actually received by the Foreign Representative and counsel to the Foreign Representative by December [5], 2022 at 4:00 p.m. (prevailing Eastern Time)** (the "**Sale Objection Deadline**"), provided that any party may file or supplement an objection after the Sale Objection Deadline solely with respect to the events at or following the Auction **by December [20], 2022 at 4:00 p.m. (prevailing Eastern Time)**.

## Communications Between Bidders

There shall be no communications regarding the Chapter 15 Debtor's sale process between and among Preliminary Interested Buyers or Qualified Bidders, including, for the avoidance of doubt, the Stalking Horse Bidder (if any), or between Preliminary Interested Buyers Bidders or Qualified Bidders, on the one hand, and the Consultation Party, on the other hand, unless the Foreign Representative has previously authorized such communication in writing. The Foreign Representative reserves the right, in his reasonable business judgment, in consultation with the Consultation Party, to disqualify any Preliminary Interested Buyer or Qualified Bidders that violate this provision.

## Additional Procedures

The Foreign Representative, after consulting with the Consultation Party, may announce, at the Auction or any time, additional procedural rules that are reasonable under the circumstances for conducting the Auction so long as such rules are not inconsistent in any material respect with the Bidding Procedures.

## Consent to Jurisdiction and Authority as Condition to Bidding

All Qualified Bidders shall be deemed to have (1) consented to the jurisdiction of the Bankruptcy Court to enter an order or orders, which shall be binding in all respects, in any way related to the Chapter 15 Debtor, the chapter 15 case, the Bidding Procedures, the Auction, any Stalking Horse SPA, any Modified SPA, as applicable, any Sale Transaction, or the construction and enforcement of documents relating to any Sale Transaction, (2) **WAIVED ANY RIGHT TO A JURY TRIAL IN CONNECTION WITH ANY DISPUTES RELATING TO THE CHAPTER 15 DEBTOR, THE CHAPTER 15 CASE, THE BIDDING PROCEDURES, THE AUCTION, ANY STALKING HORSE SPA, ANY MODIFIED SPA, AS APPLICABLE, ANY SALE TRANSACTION, OR THE CONSTRUCTION AND ENFORCEMENT OF DOCUMENTS RELATING TO ANY SALE TRANSACTION**, and (3) consented to entry of a final order or judgment in any way related to the Chapter 15 Debtor,

the chapter 15 case, the Bidding Procedures, the Auction, any Stalking Horse SPA, any Modified SPA, any Sale Transaction, or the construction and enforcement of documents relating to any Sale Transaction if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

### Sale Is As Is/Where Is

The CRUSAFin Interests sold pursuant to the Bidding Procedures shall be conveyed at closing in their then-present condition, "**AS IS, WITH ALL FAULTS, AND WITHOUT ANY WARRANTY WHATSOEVER, EXPRESS OR IMPLIED**."

### Return of Good Faith Deposits

The Good Faith Deposits of all Qualified Bidders, including any Stalking Horse Bidder, shall be held in one or more interest-bearing escrow accounts by the Foreign Representative's local Delaware counsel, Richards, Layton & Finger PA, and shall not constitute property of the Chapter 15 Debtor unless forfeited or conveyed to the Chapter 15 Debtor pursuant to the Modified SPA of a Successful Bid. The Good Faith Deposit of any Qualified Bidder, including the Stalking Horse Bidder, that is neither the Successful Bidder nor the Back-Up Bidder shall be returned to such Qualified Bidder not later than five (5) Business Days after entry of the Sale Order. The Good Faith Deposit of the Successful Bidder and Back-Up Bidder shall be either credited or returned in accordance with the applicable Modified SPA. Upon any return of the Good Faith Deposits, their respective owners shall receive any and all interest that will have accrued thereon.

### Reservation of Rights of the Foreign Representative and Modifications

Except as otherwise provided in the Bidding Procedures Order, the Foreign Representative further reserves the right as it may reasonably determine in its discretion, after consultation with the Consultation Party, to be in the best interest of the Chapter 15 Debtor estates to: (i) determine which bidders are Qualified Bidders; (ii) determine which Bids are Qualified Bids; (iii) determine which Qualified Bid is the highest or best proposal and which is the next highest or best proposal; (iv) reject any Bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (c) contrary to the best interests of the Chapter 15 Debtor and its stakeholders; (v) waive terms and conditions set forth herein with respect to all potential bidders; (vi) impose additional terms and conditions with respect to all potential bidders; (vii) extend the deadlines set forth herein; (viii) continue or cancel the Auction and/or Sale Hearing in open court without further notice; and (ix) modify the Bidding Procedures and implement additional procedural rules that the Foreign Representative determines (together with the Bidding Procedures, the "**Auction Rules**"), in his business judgment, will better promote the goals of the bidding process and discharge his fiduciary duties and are not inconsistent with any Bankruptcy Court order, <u>provided</u> that nothing herein shall limit any party in interest's right to file an objection with the Bankruptcy Court with respect to any Auction Rules (other than the Bidding Procedures).

Notwithstanding anything to the contrary herein, nothing in this Bidding Procedures will

prevent the Mexican Liquidator and his agents and representatives from exercising their respective fiduciary duties under applicable law.

## Schedule II

**Sale Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 15 |
| | ) |
| Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.,[1] | ) Case No. 22-10630 (JTD) |
| | ) |
| Debtor in a Foreign Proceeding. | ) |
| | ) |

## NOTICE OF AUCTION, SALE, AND SALE HEARING

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

On [_____], 2022, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered the *Order (A) Authorizing and Approving Bidding Procedures Relating to the Sale of Chapter 15 Debtor's Equity Interests in Crédito Real USA Finance, LLC; (B) Scheduling an Auction for, and Hearing to Approve, the Proposed Sale; and (C) Approving the Form and Manner of Notice of Thereof; and (D) Granting Related Relief* [ECF No. [___]] (the "**Bidding Procedures Order**").[2] The Bidding Procedures Order, among other things: (a) approved the bidding and auction procedures attached to the Bidding Procedures Order as Schedule I (the "**Bidding Procedures**"); (b) authorized the Foreign Representative, on behalf of the Chapter 15 Debtor, to conduct an auction (the "**Auction**"), in accordance with the Bidding Procedures, for the sale (the "**Sale**") of substantially all of its equity interests in Crédito Real USA Finance, LLC (the "**CRUSAFin Interests**"); (c) established the form and manner of notice of the Bidding Procedures, the Auction, and the Sale Hearing; (d) scheduled a hearing to approve the Sale Transaction (the "**Sale Hearing**"); and (e) granted related relief.

### Assets to be Auctioned

The Foreign Representative is offering for sale all of the Chapter 15 Debtor's right, title and interest, whether direct or indirect, in and to the CRUSAFin Interests to be sold free and clear of any pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon (collectively, the "**Interests**"), subject only to any Permitted Liens (as may be defined in the Proposed SPA), to the maximum extent permitted by section 363 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the Sale with the same validity, force, effect, and priority as such Interests applied against the CRUSAFin Interests, subject to any rights, claims, and defenses of the Chapter 15 Debtor.

---

[1]   The last four identifying digits of the tax number and the jurisdiction in which the Chapter 15 Debtor pays taxes is Mexico – 6815.  The Chapter 15 Debtor's corporate headquarters is located at Avenida Insurgentes Sur No. 730, 20th Floor, Colonia del Valle Norte, Alcaldía Benito Juárez, 03103, Mexico City, Mexico.

[2]   Capitalized terms not otherwise defined herein have the meanings ascribed in the Bidding Procedures Order or Bidding Procedures.

## Key Dates and Deadlines

**Bid Deadline.**  To be eligible to participate in the Auction, each offer, solicitation or proposal (each, a "**Bid**"), and each party submitting such a Bid (each, a "**Bidder**"), (i) must be determined by the Foreign Representative and Mexican Liquidator to satisfy each of the conditions set forth in the Bidding Procedures and (ii) must submit a Bid, in writing, so as to be **actually received** by (a) counsel to the Foreign Representative, White & Case LLP Attn: John K. Cunningham (jcunningham@whitecase.com), Bill Parish (bill.parish@whitecase.com), Emilio Grandio (emilio.grandio@whitecase.com), and Amanda Parra Criste (aparracriste@whitecase.com), (b) the Foreign Representative, Attn: Robert Wagstaff (robert.wagstaff@riveron.com), and (c) Riveron Consulting, LLC, Attn: Jabier Arbeloa (CruiseProject@riveron.com) **on or before December [14], 2022 at 4:00 p.m.** (prevailing Eastern Time) (the "**Bid Deadline**").

**Auction.**  If more than one Qualified Bid is received by the Bid Deadline, the Foreign Representative will conduct an Auction to determine the highest or otherwise best Qualified Bid. The Auction, if any, shall take place **on December [16], 2022 at 10:30 a.m. (prevailing Eastern Time)** in a virtual room hosted by the Foreign Representative's counsel, or such other place and time as the Foreign Representative shall notify all Qualified Bidders and the Consultation Party.  The Auction shall continue until the Foreign Representative and Mexican Liquidator select, in consultation with the Consultation Party, the Qualified Bid that is the highest and best Qualified Bid for the CRUSAFin Interests taking into account any factors the Foreign Representative and Mexican Liquidator reasonably deem relevant to the value and certainty of the Qualified Bid to the Chapter 15 Debtor (such Qualified Bid, the "**Successful Bid**," and the Bidder submitting such Successful Bid, the "**Successful Bidder**") as the winner of the Auction.  The Auction shall close when the Successful Bidder submits a fully executed Successful SPA and transaction documents memorializing the terms of the Successful Bid.

**Sale Objection Deadline.**  Objections to the Sale Transaction, any of the relief requested in the Motion, and entry of any order approving the sale must: (i) be in writing and specify the nature of such objection; (ii) comply with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and all orders of the Bankruptcy Court; and (iii) be filed with the Bankruptcy Court and served **so as to be actually received by the Foreign Representative and counsel to the Foreign Representative by December [5], 2022 at 4:00 p.m. (prevailing Eastern Time)** (the "**Sale Objection Deadline**"), provided that any party may file or supplement an objection after the Sale Objection Deadline solely with respect to the events at or following the Auction and shall submit such objection by **December [20], 2022 at 4:00 p.m. (prevailing Eastern Time)** (the "**Auction Objection Deadline**").

**Sale Hearing.**  A hearing to consider the approval of the Sale Transaction to the Successful Bidder (the "**Sale Hearing**"), is currently scheduled to take place on **December [22], 2022 at [___]** (prevailing Eastern Time), before the Honorable John T. Dorsey, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street North, 3rd Floor, Wilmington, DE 19801.  **The Sale Hearing may be continued to a later date by the Foreign Representative by filing a notice prior to, or making an announcement at, the Sale Hearing. No further notice of any such continuance will be required**.

## Submitting a Bid and Obtaining Additional Information

Any party interested in submitting a Bid for the CRUSAFin Interests should review the Bidding Procedures and Bidding Procedures Order carefully and contact the Foreign Representative or his advisors. **Failure to abide by the Bidding Procedures and the Bidding Procedures Order may result in the rejection of a Bid.**

**COPIES OF THE BIDDING PROCEDURES ORDER OR ANY OTHER RELATED DOCUMENTS ARE AVAILABLE ON THE CHAPTER 15 DEBTOR'S WEBSITE AT www.creal.mx/en/financiera/eventos OR UPON REQUEST TO WHITE & CASE AT wccrusafin@whitecase.com OR 305-371-2700, ATTN: CRÉDITO REAL TEAM.**

## Consequences of Failing to Object

**ANY PERSON OR ENTITY WHO FAILS TO FILE AND SERVE AN OBJECTION IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER AND THIS NOTICE TO THE PROPOSED SALE BY THE SALE OBJECTION DEADLINE OR THE CONDUCT OF THE AUCTION BY THE AUCTION OBJECTION DEADLINE, AS APPLICABLE, OR OTHERWISE ABIDE BY THE PROCEDURES SET FORTH IN THE BIDDING PROCEDURES REGARDING AN OBJECTION TO THE SALE TRANSACTION SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE PROPOSED SALE AND TRANSFER OF THE CRUSAFIN INTERESTS FREE AND CLEAR OF ALL INTERESTS.**

Dated: **[\_\_\_]**, 2022


*/draft/*
_____

**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Amanda R. Steele (No. 4430)
920 North King Street
Wilmington, DE 19801
Telephone:  (302) 651-7700
Facsimile: (302) 651-7701
collins@rlf.com
knight@rlf.com
steele@rlf.com

*Co-Counsel to Petitioner and Foreign Representative*

**WHITE & CASE LLP**

John K. Cunningham (admitted *pro hac vice*)
Philip M. Abelson (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
jcunningham@whitecase.com
philip.abelson@whitecase.com

Richard S. Kebrdle (admitted *pro hac vice*)
Jesse Green (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
rkebrdle@whitecase.com
jgreen@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 S. Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

*Co-Counsel to Petitioner and Foreign Representative*

## **Schedule III**

**Post Auction Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.,[1] | ) | Case No. 22-10630 (JTD) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

## NOTICE OF SUCCESSFUL BIDDER AND BACK-UP BIDDER WITH RESPECT TO THE SALE OF CERTAIN OF THE CHAPTER 15 DEBTOR'S U.S. ASSETS

**PLEASE TAKE NOTICE** that, on [___], 2022, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered the *Order (A) Authorizing and Approving Bidding Procedures Relating to the Sale of Chapter 15 Debtor's Equity Interests in Crédito Real USA Finance, LLC; (B) Scheduling an Auction for, and Hearing to Approve, the Proposed Sale; and (C) Approving the Form and Manner of Notice of Thereof; and (D) Granting Related Relief* [ECF No. [___]] (the "**Bidding Procedures Order**").[2]  The Bidding Procedures Order, among other things: (a) approved the bidding and auction procedures attached to the Bidding Procedures Order as **Schedule I** (the "**Bidding Procedures**"); (b) authorized the Foreign Representative, on behalf of the Chapter 15 Debtor, to conduct an auction (the "**Auction**"), in accordance with the Bidding Procedures, for the sale (the "**Sale**") of substantially all of its equity interests in Crédito Real USA Finance, LLC (the "**CRUSAFin Interests**"); and (c) scheduled a hearing to approve the Sale Transaction (the "**Sale Hearing**").

**PLEASE TAKE FURTHER NOTICE** that on **December [16], 2022 at 10:30 a.m. (Eastern Time)**, pursuant to the Bidding Procedures Order, the Foreign Representative conducted an Auction.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Bidding Procedures Order and the Bidding Procedures, at the conclusion of the Auction, the Foreign Representative and Mexican Liquidator, in their discretion and in consultation with the Consultation Party, selected the following Successful Bidder and Back-Up Bidder:

---

[1]     The last four identifying digits of the tax number and the jurisdiction in which the Chapter 15 Debtor pays taxes is Mexico – 6815.  The Chapter 15 Debtor's corporate headquarters is located at Avenida Insurgentes Sur No. 730, 20th Floor, Colonia del Valle Norte, Alcaldía Benito Juárez, 03103, Mexico City, Mexico.

[2]     Capitalized terms not otherwise defined herein have the meanings ascribed in the Bidding Procedures Order or Bidding Procedures.

1

| Successful Bidder(s) | Back-Up Bidder(s) |
|---|---|
|  |  |

**PLEASE TAKE FURTHER NOTICE** that the time for filing any objections to the Sale Transaction, any of the relief requested in the Motion, and entry of any order approving the sale has expired. Parties may file or supplement an objection based solely on the conduct of the Auction, which must: (i) be in writing and specify the nature of such objection; (ii) comply with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and all orders of the Bankruptcy Court; and (iii) be filed with the Bankruptcy Court and served so as to be **actually received by December [20], 2022 at 4:00 p.m. (prevailing Eastern Time) (the "Auction Objection Deadline"**).

**PLEASE TAKE FURTHER NOTICE** the Sale Hearing is currently scheduled to take place on **December [22], 2022 at [___] (prevailing Eastern Time)**, before the Honorable John T. Dorsey, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street North, 3rd Floor, Wilmington, DE 19801. At the Sale Hearing, the Foreign Representative will present the results of the Auction and certain findings will be sought from the Bankruptcy Court regarding the Auction, including, among other things, that: (1) the Auction (if held) was conducted, and the Successful Bidder and Back-Up Bidder were selected, in accordance with the Bidding Procedures; (2) the Auction (if held) was fair in substance and procedure; (3) the Successful Bid and Back-Up Bid were each a Qualified Bid(s) as defined in the Bidding Procedures; and (4) consummation of any Sale Transaction as contemplated by the Successful Bid or Backup Bid in the Auction will provide the highest or otherwise best offer for the CRUSAFin Interests subject to such Successful Bid or Backup Bid and is in the best interests of the Chapter 15 Debtor. **The Sale Hearing may be continued to a later date by the Foreign Representative by filing a notice prior to, or making an announcement at, the Sale Hearing. No further notice of any such continuance will be required**.

**PLEASE TAKE FURTHER NOTICE** that, if the sale and purchase agreement executed by the Successful Bidder is terminated for any reason prior to consummation of the transaction contemplated thereby (a "**Successful Bid Failure**"), the Back-Up Bidder will be deemed to have the new Successful Bid, and the Chapter 15 Debtor will be authorized, without further order of the Bankruptcy Court, to consummate the transaction with the Back-Up Bidder, provided that the Foreign Representative shall provide prompt notice of such Successful Bid Failure to the Consultation Party and shall post a notice on the docket of the chapter 15 case regarding the Successful Bid Failure and the consummation of the transaction with the Back-Up Bidder.

**PLEASE TAKE FURTHER NOTICE** that this Notice is subject to the terms and conditions of the Bidding Procedures Order, and the Foreign Representative encourages parties in interest to review the Bidding Procedures Order in its entirety.

**PLEASE TAKE FURTHER NOTICE** that parties interested in receiving more information regarding the contemplated Sale Transaction and/or copies of the Successful SPA or any related documents may contact White & Case at wccrusafin@whitecase.com or 305-371-2700, Attn: Crédito Real Team.

## <u>Consequence of Failing to Object</u>

**ANY PERSON OR ENTITY WHO FAILS TO FILE AND SERVE AN OBJECTION IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER AND THIS NOTICE TO THE PROPOSED SALE BY THE SALE OBJECTION DEADLINE OR THE CONDUCT OF THE AUCTION BY THE AUCTION OBJECTION DEADLINE, AS APPLICABLE, OR OTHERWISE ABIDE BY THE PROCEDURES SET FORTH IN THE BIDDING PROCEDURES REGARDING AN OBJECTION TO THE SALE TRANSACTION SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE PROPOSED SALE AND TRANSFER OF THE CRUSAFIN INTERESTS FREE AND CLEAR OF ALL INTERESTS.**

Dated: **[_____]**, 2022

*/draft/*

**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Amanda R. Steele (No. 4430)
920 North King Street
Wilmington, DE 19801
Telephone:  (302) 651-7700
Facsimile: (302) 651-7701
collins@rlf.com
knight@rlf.com
steele@rlf.com

*Co-Counsel to Petitioner and Foreign
Representative*

**WHITE & CASE LLP**

John K. Cunningham (admitted *pro hac vice*)
Philip M. Abelson (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
jcunningham@whitecase.com
philip.abelson@whitecase.com

Richard S. Kebrdle (admitted *pro hac vice*)
Jesse Green (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
rkebrdle@whitecase.com
jgreen@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 S. Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

*Co-Counsel to Petitioner and Foreign
Representative*