# EXHIBIT A

## Stalking Horse Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.,[1] | ) | Case No. 22-10630 (JTD) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | **Re: Dkt. Nos. 95, 103, 104, 113 & 133** |
| | ) | |
| | ) | |

**ORDER (I) AUTHORIZING AND APPROVING ENTRY INTO STALKING HORSE AGREEMENT AND RELATED BID PROTECTIONS IN CONNECTION WITH THE SALE OF CHAPTER 15 DEBTOR'S EQUITY INTERESTS IN CRÉDITO REAL USA FINANCE, LLC, (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] filed by the Foreign Representative of the Mexican Liquidation Proceeding of Crédito Real, S.A.B. de C.V., SOFOM, E.N.R., ("**Crédito Real**" or the "**Chapter 15 Debtor**" and, together with its affiliates, the "**Company**") for entry of an order (this "**Order**") authorizing and approving: (i) the Mexican Liquidator's and Foreign Representative's designation of Bepensa Capital S.A. de C.V. (the "**Stalking Horse Bidder**" or the "**Buyer**"), as the stalking horse bidder for substantially all of the Company's direct and/or indirect equity interests (the "**CRUSAFin Interests**") in Crédito Real USA Finance, LLC ("**CRUSAFin**"); (ii) the Chapter 15 Debtor's entry into and performance of certain obligations under a purchase and sale agreement (the "**Stalking Horse PSA**"), attached hereto as **<u>Schedule I</u>**, whereby the Buyer has agreed to purchase the CRUSAFin Interests, subject to the solicitation of higher or otherwise better offers; (iii) the Break-Up Fee and Expense

---

[1] The last four identifying digits of the tax number and the jurisdiction in which the Chapter 15 Debtor pays taxes is Mexico – 6815. The Chapter 15 Debtor's corporate headquarters is located at Avenida Insurgentes Sur No. 730, 20th Floor, Colonia del Valle Norte, Alcaldía Benito Juárez, 03103, Mexico City, Mexico.

[2] Where context requires, capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such term in the Motion or the Bidding Procedures, as applicable.

Reimbursement (each as defined below, and collectively, the "**Bid Protections**") and the Chapter 15 Debtor's payment of any amounts that may become payable to the Stalking Horse Bidder on account of the Bid Protections pursuant to the terms and conditions of the Stalking Horse PSA; (iv) the form and manner of notice thereof; and (v) related relief, all as more fully set forth in the Motion; upon the procedures set forth in the *Order: (A) Authorizing and Approving Bidding Procedures Relating to the Sale of Chapter 15 Debtor's Equity Interests in Crédito Real USA Finance, LLC; (B) Scheduling an Auction for, and Hearing to Approve, the Proposed Sale; and (C) Approving the Form and Manner of Notice of Thereof; and (D) Granting Related Relief* [ECF No. 133] (the "**Bidding Procedures Order**") entered by Court in the above-captioned chapter 15 cases (the "**Chapter 15 Cases**"); and in compliance with the Bidding Procedures [ECF No. 133-1] as approved pursuant to the Bidding Procedures Order; and the Court having reviewed the Motion and upon the record of the hearing, if any, to consider the relief requested therein (the "**Hearing**"); and the Court having considered the arguments and evidence presented at the Hearing, if any, and the First Wagstaff Declaration, Second Wagstaff Declaration, and Third Wagstaff Declaration (collectively, the "**Wagstaff Declarations**"); and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Chapter 15 Debtor, its creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation thereon and sufficient cause appearing therefor:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

      A.    <u>Jurisdiction and Venue</u>.  This Court has jurisdiction to consider the Motion and the relief requested under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

*Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) as to which the Bankruptcy Court has the power to enter a final judgment. Venue of this Chapter 15 Case and the Motion is proper in this District pursuant to 28 U.S.C. § 1410(1).

      B.      <u>Statutory Predicates</u>. The predicates for the relief granted herein are sections 105(a), 363, 1501, 1519, and 1522 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**"), Rules 2002, 6004, 9006, and 9007, of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1, 6004-1, and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

      C.      <u>Notice</u>. Notice of the Motion as provided in the Motion shall be deemed good and sufficient notice of such Motion and the relief granted herein under the circumstances and given the nature of the relief requested, and no other or further notice thereof is required.

      D.      <u>Stalking Horse Bidder</u>.

      1.      The Chapter 15 Debtor has demonstrated compelling and sound business reasons for this Court to approve (i) Buyer as the Stalking Horse Bidder for the CRUSAFin Interests, (ii) the Chapter 15 Debtor's entry into the Stalking Horse PSA, and (iii) the grant of Bid Protections to the Stalking Horse Bidder, and payment of any amounts that may become payable to the Stalking Horse Bidder on account of such Bid Protections on the terms set forth in the Stalking Horse PSA. The Stalking Horse PSA and Bid Protections were negotiated in good faith and at arms'-length by the Mexican Liquidator, the Foreign Representative, and the Stalking Horse Bidder.

3

2.     The Bid Protections are material inducements for, and conditions of, the Stalking Horse Bidder's entry into the Stalking Horse PSA and agreement to remain obligated to consummate the Sale Transaction on the terms set forth therein, or otherwise be bound under the Stalking Horse PSA (including the obligations to maintain its committed offer while such offer is subject to higher or better offers as contemplated by the Bidding Procedures approved by this Court).

3.     The Bid Protections, to the extent payable under the Stalking Horse PSA, (i) are an actual and necessary cost of preserving the value of the Chapter 15 Debtor's assets, (ii) are of substantial benefit to the Chapter 15 Debtor, the Chapter 15 Debtor's creditors and other parties in interest, (iii) are reasonable and appropriate, including in light of the size and nature of the Sale Transaction and the efforts that have been and will be expended by the Stalking Horse Bidder, (iv) have been negotiated by the parties and their respective advisors at arms' length and in good faith, and (v) are necessary to ensure that the Stalking Horse Bidder will continue to pursue its Stalking Horse PSA and the Sale Transaction contemplated thereby.

E.     <u>Stalking Horse Notice</u>.  The Foreign Representative has set forth a notice process that is reasonably calculated to provide all interested parties with timely and proper notice of the entry of this Order, the Stalking Horse Bidder's designation, the Stalking Horse PSA, the grant of the Bid Protections, and the extension of the Sale Process Dates, including the Bid Deadline to February 3, 2023.  The Stalking Horse Notice attached hereto as **Schedule II** (the "**Stalking Horse Notice**") and the notice process outlined in the Motion is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each, and no other or further notice shall be required.

F.  <u>Relief Needed</u>.  The relief set forth herein is consistent with the purpose of chapter 15 of the Bankruptcy Code and urgently needed to protect the interests of the Chapter 15 Debtor's creditors.  All creditors and other parties in interest are sufficiently protected by the grant of the relief ordered hereby as required by sections 1519(a) and 1522(a) of the Bankruptcy Code.

G.  <u>Other Findings</u>.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the foregoing findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**NOW, THEREFORE**, on the Motion and the record before this Court with respect to the Motion, including the Wagstaff Declarations and the record made during the Hearing (if any), and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion and the relief requested therein is **GRANTED** as set forth herein.

2. All objections to the Motion (and all reservation of rights included therein), to the extent not withdrawn, waived, settled, or otherwise resolved, are hereby **DENIED** and **OVERRULED** on the merits with prejudice.  All withdrawn objections are deemed withdrawn with prejudice.

A.  <u>Designation of Stalking Horse Bidder</u>

3. Bepensa Capital, Inc. is hereby designated the Stalking Horse Bidder and its bid as the Stalking Horse Bid.  The Stalking Horse Bidder shall be deemed a Qualified Bidder, and

the Stalking Horse Bid shall be deemed a Qualified Bid, for all purposes under the Bidding Procedures.

B. <u>Authorization to enter into and perform under the Stalking Horse PSA</u>

4. The Chapter 15 Debtor is authorized, pursuant to sections 105(a), 363(b), 1501, 1519, and 1522 of the Bankruptcy Code, to enter into the Stalking Horse PSA, subject to the solicitation of higher or otherwise better offers for the CRUSAFin Interests in accordance with the Bidding Procedures. The Chapter 15 Debtor is hereby authorized to comply with any and all obligations set forth in the Stalking Horse PSA that are intended to be performed prior to the Sale Hearing and/or entry of the Proposed Sale Order.

5. The Stalking Horse PSA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, solely in accordance with the terms thereof, without further order of the Court; *provided, however*, that the parties may not amend the proposed Bid Protections or make any other changes that are materially adverse to the Chapter 15 Debtor without further order of this Court.

6. For the avoidance of doubt, and notwithstanding anything to the contrary contained in this Order, this Order does not approve the Sale of the CRUSAFin Interests under the Stalking Horse PSA or authorize consummation of the Sale, and such approval and authorization (if any) are to be considered only at the Sale Hearing, and all rights of all parties in interest to object to such approval and authorization are reserved.

C. <u>Approval of Bid Protections</u>

7. The Bid Protections, as set forth in the Stalking Horse PSA, are approved in their entirety. If the Bid Protections become payable under the terms of the Stalking Horse PSA, the Chapter 15 Debtor is authorized, without further authority or order from this Court, to pay the

Stalking Horse Bidder the portion of such amount owed by the Chapter 15 Debtor of (a) a break-up fee (the "**Break-Up Fee**") equal to $1,860,000 and (b) the reasonable and documented out-of-pocket expenses of Buyer incurred in connection with the Stalking Horse Bid and Sale Transaction up to an amount equal to $750,000 (the "**Expense Reimbursement**" and together with the Break-Up Fee, the "**Bid Protections**"), as and when specified by the Stalking Horse PSA and subject to section D of this Order.  If the Bid Protections become payable pursuant to the Stalking Horse PSA, such payments are the sole and exclusive remedy of the Stalking Horse Bidder with respect to the Stalking Horse PSA and the Sale Transaction (including the termination and any breach of the Stalking Horse PSA by the Chapter 15 Debtor).

8. Notwithstanding anything in the Bidding Procedures to the contrary, to be deemed a Qualified Bid (as defined in the Bidding Procedures), a Bid must provide for cash consideration that, in the Foreign Representative's and Mexican Liquidator's reasonable business judgment, in consultation with the Consultation Party, is greater than $65,110,000 with respect to 100% of the equity interests of CRUSAFin (which is comprised of (i) a $62 million valuation for 100% of the equity interests of CRUSAFin, plus (ii) the Bid Protections, plus (iii) $500,000; *provided, however*, and for the avoidance of doubt, if a Bid proposes to purchase less than 100% of the Seagrave Interests (as defined in the Bidding Procedures) based on an agreement with Mr. Seagrave, then the amount in (i) above, and consequently the total amount, shall be adjusted accordingly.

9. If the Stalking Horse Bidder submits an Overbid (as defined in the Bidding Procedures) at the Auction (if any), the Stalking Horse Bidder shall be entitled to a dollar-for-dollar credit equal to the sum of the Break-Up Fee and Expense Reimbursement in connection with any such Overbid.

10. Except as expressly provided for herein or in the Bidding Procedures, no other bid protections are authorized or permitted under this Order.

D. <u>Documentation of Stalking Horse Bidder Expenses.</u>

11. If the Expense Reimbursement becomes due and payable pursuant to the terms of the Stalking Horse PSA, and the Stalking Horse Bidder seeks payment of any such amount from the Chapter 15 Debtor, the Stalking Horse Bidder shall provide reasonably detailed documentation for such Expense Reimbursement to the Foreign Representative (which documentation shall not be required to contain time entries and which may be redacted or modified to the extent necessary to delete any information subject to the attorney-client privilege, any information constituting attorney work product, or any confidential or commercially sensitive information, and the provision of such invoices shall not constitute any waiver of the attorney-client privilege, any benefits of the attorney work product doctrine, or any privilege or protection from disclosure of such information).

E. <u>Stalking Horse Notice.</u>

12. The Stalking Horse Notice in the form attached hereto as **Schedule II** is approved. The Foreign Representative (or his agents) shall file and serve by first-class mail, postage prepaid, and email (if known) the Stalking Horse Notice upon the Notice Parties within two (2) business days of entry of this Order, or as soon thereafter as practicable. The Foreign Representative shall also publish the Stalking Horse Notice, in English and Spanish, on the Chapter 15 Debtor's website.

13. Other than as explicitly modified by this Order or any other Notice filed with the Court, the Bidding Procedures Order and the Bidding Procedures attached thereto remain in full force and effect; *provided, however*, that to the extent the Bidding Procedures Order or Bidding

Procedures are inconsistent with this Order or the Stalking Horse PSA, this Order and the Stalking Horse PSA shall govern, in such order.

F. <u>Related Relief.</u>

14. Notice of the Motion as provided in the Motion shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or any applicable provisions of the Bankruptcy Rules or the Local Rules or otherwise stating the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of the effectiveness and enforceability of this Order is hereby waived.

16. The Chapter 15 Debtor, the Foreign Representative, and the Mexican Liquidator are hereby authorized and empowered to take all reasonable actions as may be necessary to implement and effect the terms and requirements established in this Order.

17. This Order shall remain in full force and effect and not be subject to challenge by any party notwithstanding the fact that the Foreign Representative's request for recognition is still pending and may be granted or denied. This Court has and will retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, as well as any matter, claim or dispute arising from or relating to the Stalking Horse PSA.

18. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

# **SCHEDULE I**

**Stalking Horse PSA**
**(To be filed on the Docket)**

## **SCHEDULE II**

**Stalking Horse Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.,[1] | ) | Case No. 22-10630 (JTD) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | **Re: Dkt. Nos. 95, 103, 104, 113 & 133** |
| | ) | |
| | ) | |

**NOTICE OF (I) APPROVAL AND DESIGNATION OF STALKING HORSE BIDDER, ENTRY INTO STALKING HORSE AGREEMENT, AND RELATED BID PROTECTIONS, AND (II) MODIFIED DEADLINES IN CONNECTION WITH THE SALE OF THE CHAPTER 15 DEBTOR'S EQUITY INTERESTS IN CRÉDITO REAL USA FINANCE, LLC**

**PLEASE TAKE NOTICE** that the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), on December 15, 2022, the Bankruptcy Court entered the *Order: (A) Authorizing and Approving Bidding Procedures Relating to the Sale of Chapter 15 Debtor's Equity Interests in Crédito Real USA Finance, LLC; (B) Scheduling an Auction for, and Hearing to Approve, the Proposed Sale; (C) Approving the Form and Manner of Notice of Thereof; and (D) Granting Related Relief* [Docket No. 133] (the "**Bidding Procedures Order**"),[2] which, among other things, approved the bidding and auction procedures [Docket No. 133-1] (the "**Bidding Procedures**") for the sale (the "**Sale**") of substantially all of the Chapter 15 Debtor's direct and/or indirect equity interests in Crédito Real USA Finance, LLC (the "**CRUSAFin Interests**").

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Bidding Procedures Order and the Bidding Procedures, the Mexican Liquidator and the Foreign Representative, on behalf of the Chapter 15 Debtor, and in consultation with the Ad Hoc Group,[3] determined that it would be in the best interest of the Chapter 15 Debtor and its creditors for the Chapter 15 Debtor to enter into a purchase and sale agreement (the "**Stalking

---

[1] The last four identifying digits of the tax number and the jurisdiction in which the Chapter 15 Debtor pays taxes is Mexico – 6815. The Chapter 15 Debtor's corporate headquarters is located at Avenida Insurgentes Sur No. 730, 20th Floor, Colonia del Valle Norte, Alcaldía Benito Juárez, 03103, Mexico City, Mexico.

[2] All capitalized terms used but not otherwise defined herein shall be given the meaning ascribed to them in the Bidding Procedures or the Stalking Horse Motion, as applicable.

[3] The "Ad Hoc Group" is an ad hoc group of creditors alleging to hold a portion of the Chapter 15 Debtor's US$2.5 billion outstanding funded debt obligations and consists of those parties identified in the *Verified Statement Pursuant to Bankruptcy Rule 2019*, Case No. 22-10696 (JTD) (Bankr. D. Del. Aug 4, 2022) [Docket No. 27].

Horse PSA") with Bepensa Capital, Inc. ("**Bepensa**") and to designate Bepensa as the Stalking Horse Bidder for the CRUSAFin Interests, subject to higher or better Bids.

**PLEASE TAKE FURTHER NOTICE** that the Foreign Representative filed the *Foreign Representative's Motion for Entry of an Order (I) Authorizing and Approving Entry into Stalking Horse Agreement and Related Bid Protections in Connection with the Sale of Chapter 15 Debtor's Equity Interests in Crédito Real USA Finance, LLC, (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief* [Docket No. ___] (the "**Stalking Horse Motion**"), and a related motion to shorten the notice period and schedule an expedited hearing with respect to the Stalking Horse Motion on January 25, 2023 at 10:00 a.m. (Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that on January ___, 2023, the Bankruptcy Court held a hearing to consider the Stalking Horse Motion and entered an *Order (I) Authorizing and Approving Entry Into Stalking Horse Agreement and Related Bid Protections in Connection with the Sale of Chapter 15 Debtor's Equity Interests in Crédito Real USA Finance, LLC, (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief* [Docket No. ___] (the "**Stalking Horse Order**") that, among other things, authorized and approved: (i) the Mexican Liquidator's and Foreign Representative's designation of Bepensa as the Stalking Horse Bidder for the CRUSAFin Interests; (ii) the Chapter 15 Debtor's entry into the Stalking Horse PSA and performance of certain obligations thereunder; (iii) related bid protections pursuant to the terms and conditions of the Stalking Horse PSA; (iv) the form and manner of notice thereof; and (v) related relief.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Stalking Horse PSA and Stalking Horse Order, the Chapter 15 Debtor has been authorized to grant the Stalking Horse Bidder certain Bid Protections as detailed in the Stalking Horse Order and Stalking Horse PSA. The Stalking Horse PSA also contemplates that prior to or substantially contemporaneous with a closing of the Sale, Crédito Real USA, Inc. will dividend the CRUSAFin Interests to the Chapter 15 Debtor such that, following such dividend, the CRUSAFin Interests will be a direct subsidiary of the Chapter 15 Debtor.

**PLEASE TAKE FURTHER NOTICE** that having announced the selection and approval of the Stalking Horse Bidder, the Foreign Representative will continue to solicit higher and better Bids for the CRUSAFin Interests in accordance with the Bidding Procedures and Stalking Horse Order and may proceed with conducting the Auction if other Qualified Bids are received by the Bid Deadline and in accordance with the terms of the Bidding Procedures and Stalking Horse Order.

**PLEASE TAKE FURTHER NOTICE** that the Foreign Representative, in an exercise of his rights pursuant to the Bidding Procedures Order, and having consulted with the Consultation Party, has modified the Deadlines related to the Sale as follows:

| Event | Modified Deadline | Prior Deadline |
|---|---|---|
| **Bid Deadline** | **February 3, 2023 at 4:00 p.m. (Eastern Time)** | January 27, 2023 at 4:00 p.m. (Eastern Time) |
| **Auction (if one is to be held)** | **February 7, 2023 at 10:30 a.m. (Eastern Time)** | January 31, 2023 at 10:30 a.m. (Eastern Time) |
| **Auction Objection Deadline** | **February 10, 2023 at 4:00 p.m. (Eastern Time)** | February 3, 2023 at 4:00 p.m. (Eastern Time) |
| **Sale Hearing** | **February 15, 2023 at 2:00 p.m. (Eastern Time)** | February 7, 2023 at 10:00 a.m. (Eastern Time) |

**PLEASE TAKE FURTHER NOTICE** that any party interested in submitting a Bid for the CRUSAFin Interests should carefully review the Bidding Procedures, Bidding Procedures Order, and Stalking Horse Order, and contact the Foreign Representative or his advisors. **Failure to abide by the Bidding Procedures and the Bidding Procedures Order may result in the rejection of a Bid.**

**PLEASE TAKE FURTHER NOTICE** that this Notice is subject to the terms and conditions of the Bidding Procedures Order and the Stalking Horse Order. Other than as explicitly modified by this Notice, the Stalking Horse Order, or any other Notice filed with the Court, the Bidding Procedures Order and the Bidding Procedures attached thereto remain in full force and effect. For the avoidance of doubt, the Foreign Representative shall consult with the Consultation Party with respect to any additional modifications to the Deadlines.

**PLEASE TAKE FURTHER NOTICE** that the Foreign Representative encourages parties in interest to review the Bidding Procedures Order, Bidding Procedures, and Stalking Horse Order in their entirety. **COPIES OF THE BIDDING PROCEDURES ORDER, BIDDING PROCEDURES, STALKING HORSE ORDER, STALKING HORSE PSA, OR ANY OTHER RELATED DOCUMENTS ARE AVAILABLE ON THE CHAPTER 15 DEBTOR'S WEBSITE AT www.creal.mx/en/financiera/eventos OR UPON REQUEST TO WHITE & CASE AT wccrusafin@whitecase.com OR 305-371-2700, ATTN: CRÉDITO REAL TEAM.**

*[Remainder of Page Left Intentionally Blank]*

Dated: January [____], 2023

/s/ *DRAFT*
_____

| **RICHARDS, LAYTON & FINGER, P.A.** | **WHITE & CASE LLP** |
|---|---|
| Mark D. Collins (No. 2981) | John K. Cunningham (admitted *pro hac vice*) |
| John H. Knight (No. 3848) | Philip M. Abelson (admitted *pro hac vice*) |
| Amanda R. Steele (No. 4430) | 1221 Avenue of the Americas |
| 920 North King Street | New York, NY 10020 |
| Wilmington, DE 19801 | Telephone: (212) 819-8200 |
| Telephone: (302) 651-7700 | jcunningham@whitecase.com |
| Facsimile: (302) 651-7701 | philip.abelson@whitecase.com |
| collins@rlf.com | |
| knight@rlf.com | Richard S. Kebrdle (admitted *pro hac vice*) |
| steele@rlf.com | Amanda Parra Criste (admitted *pro hac vice*) |
| | 200 South Biscayne Boulevard, Suite 4900 |
| *Co-Counsel to Petitioner and Foreign Representative* | Miami, FL 33131 |
| | Telephone: (305) 371-2700 |
| | rkebrdle@whitecase.com |
| | aparracriste@whitecase.com |
| | |
| | Jason N. Zakia (admitted *pro hac vice*) |
| | 111 S. Wacker Drive, Suite 5100 |
| | Chicago, IL 60606 |
| | Telephone: (312) 881-5400 |
| | jzakia@whitecase.com |
| | |
| | *Co-Counsel to Petitioner and Foreign Representative* |

4