**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.,[1] | ) | Case No. 22-10630 (JTD) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | **Re: Docket No. 150** |
| | ) | |

**FOREIGN REPRESENTATIVE'S MOTION FOR ENTRY OF
AN ORDER SHORTENING THE NOTICE AND OBJECTION PERIODS
FOR, AND SCHEDULING AN EXPEDITED HEARING ON,
THE STALKING HORSE MOTION**

Robert Wagstaff (the "**Foreign Representative**"), in his capacity as duly appointed foreign representative by Mr. Fernando Alonso-de-Florida Rivero, the court-appointed liquidator (*Liquidador Judicial*) (the "**Mexican Liquidator**") of the Special Expedited Commercial proceeding (*Via Sumaria Especial Mercantil*) for the dissolution and liquidation (the "**Mexican Liquidation Proceeding**") of Crédito Real, S.A.B. de C.V., SOFOM, E.N.R. ("**Crédito Real**" or the "**Chapter 15 Debtor**" and, together with its affiliates, the "**Company**") pending in the 52nd Civil State Court of Mexico City pursuant to, among others, Articles 229, 232, 233, and 236 of the *Ley General de Sociedades Mercantiles*, by and through his undersigned counsel, hereby files this motion (the "**Motion to Shorten**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**") (i) shortening the notice and objection periods with respect to the *Foreign Representative's Motion for Entry of an Order (I) Authorizing and Approving Entry into Stalking Horse Agreement and Related Bid Protections in Connection with the Sale of Chapter 15 Debtor's Equity Interests in Crédito Real USA Finance, LLC, (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief* (the

---

[1] The last four identifying digits of the tax number and the jurisdiction in which the Chapter 15 Debtor pays taxes is Mexico – 6815. The Chapter 15 Debtor's corporate headquarters is located at Avenida Insurgentes Sur No. 730, 20th Floor, Colonia del Valle Norte, Alcaldía Benito Juárez, 03103, Mexico City, Mexico.

"**Stalking Horse Motion**")[2] filed contemporaneously herewith, (ii) scheduling an expedited hearing on the Stalking Horse Motion, and (iii) granting related relief. In support of this Motion to Shorten, by and through his undersigned counsel, the Foreign Representative relies upon and incorporates by reference the *Declaration of Robert Wagstaff in Support of Foreign Representative's Motion for Entry of an Order (I) Authorizing and Approving Entry into Stalking Horse Agreement and Related Bid Protections in Connection with the Sale of Chapter 15 Debtor's Equity Interests in Crédito Real USA Finance, LLC, (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief* (the "**Third Wagstaff Declaration**") filed contemporaneously herewith and states as follows:

### RELIEF REQUESTED

1. By this Motion to Shorten, pursuant to sections 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 6004-1(c), 9006-1(c), and 9006-1(e) of the of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Foreign Representative requests entry of the Order, substantially in the form attached hereto as **Exhibit A**: (i) shortening the notice and objection periods for the Stalking Horse Motion; (ii) scheduling the hearing to consider the relief requested in the Stalking Horse Motion for the hearing currently scheduled for January 25, 2023 at 10:00 a.m. (the "**Proposed Hearing Date**") or as soon as possible thereafter; and (iii) permitting parties to file objections, if any, to the entry of the Stalking Horse Order no later than January 24, 2023 at 12:00 p.m. (prevailing Eastern Time) (the "**Proposed Objection Deadline**").

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Stalking Horse Motion or the Bidding Procedures Order (defined herein), as applicable.

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

2. This Court has jurisdiction to consider this Motion to Shorten and the relief requested herein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b)(2) as to which the Bankruptcy Court has the power to enter a final judgment.

3. Venue of this Chapter 15 Case and the Motion to Shorten is proper in this District pursuant to 28 U.S.C. § 1410(1).

4. The statutory predicates for the relief requested by this Motion to Shorten are sections 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006(c), and Local Rules 6004-1(c), 9006-1(c), and 9006-1(e).

5. Pursuant to Local Rule 9013-1(f), the Foreign Representative consents to the entry of a final judgment or order with respect to this Motion to Shorten if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**BACKGROUND**

6. On January 13, 2023, this Court entered an order approving the Chapter 15 Debtor's Bidding Procedures as requested in the Amended Bidding Procedures Motion [Docket No. 103] (the "**Bidding Procedures Order**") [Docket No. 133]. The Bidding Procedures Order provides that the Foreign Representative and Mexican Liquidator may execute one or more "stalking horse" agreements for the CRUSAFin Interests and seek approval of such stalking horse agreement on an expedited basis with this Court's approval. *See* Bidding Procedures Order, ¶ 9.

7. Accordingly, contemporaneously herewith, the Foreign Representative filed the Stalking Horse Motion seeking approval of the Mexican Liquidator's and the Foreign Representative's designation of the Stalking Horse Bidder, the Chapter 15 Debtor's entry into the Stalking Horse PSA, the grant of certain Bid Protections to the Stalking Horse Bidder in connection therewith, the form and manner of notice thereof, and related relief.  After several weeks of negotiations and diligence, the Foreign Representative and the Chapter 15 Debtor were able to secure a robust stalking horse proposal from the Stalking Horse Bidder.  As detailed in the Stalking Horse Motion, the Foreign Representative believes that entry into the Stalking Horse PSA and approval of the Bid Protections provided therein (namely, a Break-Up Fee in the amount of $1,860,000.00, equal to 3.0% of the Initial Purchase Price, and an Expense Reimbursement up to an aggregate amount of $750,000) are in the best interest of the Chapter 15 Debtor, its creditors, and other stakeholders.  The Foreign Representative has consulted with the Ad Hoc Group with respect to the proposed Stalking Horse PSA and the relief requested herein.

8. As is customary, the Stalking Horse PSA requires that this Court grant the bid protections by a date certain (here, within 15 days of the filing of the Stalking Horse Motion) or the Stalking Horse Bidder would have the right to terminate the Stalking Horse Bid.  Third Wagstaff Decl. ¶ 16.  The Stalking Horse Bid guarantees a Sale that captures significant value for the Chapter 15 Debtor's creditors and also sets the floor for competitive bidding at the Auction.  The shortened notice and objection periods requested herein would allow parties in interest adequate time to have access to the Stalking Horse PSA and knowledge of the Bid Protections so that they can prepare and submit higher and better bids by the extended Bid Deadline of February 3, 2023.  *Id*.  Accordingly, expeditious consideration of the Motion is necessary to ensuring the Stalking Horse Bidder does not walk away from the deal and is critical

4

to maintaining a competitive bidding process for the CRUSAFin Interests and a value-maximizing sale process for the benefit of all stakeholders.  *Id*.

9. The Foreign Representative submits that shortening notice as requested herein and determining that the Stalking Horse Motion be heard at the Proposed Hearing Date is in the best interests of the Chapter 15 Debtor's stakeholders and estates and will not significantly prejudice any party in interest.

**BASIS FOR RELIEF**

10. Bankruptcy Rule 2002 requires twenty-one (21)-day notice of motions involving the "use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving service." Fed. R. Bankr. P. 2002(a)(2).  Likewise, Local Rule 9006-1(c)(i) provides that, sale procedures motions (including those seeking to provide bid protections to a "stalking horse" bidder) must be filed at least 21-days prior to the hearing date.  Del. Bankr. L.R. 9006-1(c)(i).  In addition, Local Rule 9006-1(c)(ii) provides that where a motion is to be filed on at least 21-days' notice, the objection deadline for such motion must be "no earlier than fourteen (14) days after the date of service."  Del. Bank. L.R. 9006-1(c)(ii).

11. Pursuant to Bankruptcy Rule 9006(c)(1), however, the Court may, in its discretion for cause shown, shorten the otherwise applicable notice period.  Fed. R. Bankr. P. 9006(c)(1). Further, Local Rule 9006-1(e) provides that such period may be shortened "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).  No hearing on such a motion to shorten notice is required.  *Id.*  In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia*

*Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012) (noting the commonness of such motions "given the accelerated time frame of bankruptcy proceedings").

12. For the reasons outlined below, the Foreign Representative submits that good cause and compelling circumstances warrant expedited consideration of the Stalking Horse Motion and entry of the Order.

13. *First*, the Foreign Representative believes that the Stalking Horse Bid provides significant value to the Chapter 15 Debtor's creditors and stakeholders, and is hopeful that such bid will set the floor for a robust bidding and sale process, that will culminate with the Auction. The Bid Protections are necessary to induce the Stalking Horse Bidder to serve as the stalking horse. Indeed, the Stalking Horse Bidder may withdraw its offer if the Bid Protections are not approved under the Stalking Horse Order within 15 days of the filing of the Stalking Horse Motion. Third Wagstaff Decl. ¶ 16. In that case, the Chapter 15 Debtor's creditors may lose the benefits of both a committed fair purchase price for the CRUSAFin Interests and the simultaneous ability to shop for higher and better offers. Additionally, by establishing a fair price based on extensive diligence and negotiations, the Stalking Horse PSA sets the baseline value of the CRUSAFin Interests to other potentially interested parties and encourages such parties to participate in the Auction, thereby maximizing the value to the benefit of all Chapter 15 Debtor's creditors. Moreover, if the Chapter 15 Debtor consummates an alternative sale, transfer, or other disposition of a material portion of the Acquired Interests, it is required to pay its share of the Break-Up Fee and Expense Reimbursement only from the proceeds of such alternative sale of the CRUSAFin Interests following valid termination of the Stalking Horse PSA. *Id.* ¶ 15.

14.    *Second*, this Court's consideration of the Stalking Horse Motion at the Proposed Hearing Date is critical to the Chapter 15 Debtor's efforts to preserve and maximize value through the sale process and to ensure that the Chapter 15 Debtor obtains the highest and/or best offer for the CRUSAFin Interests.  Indeed, the Foreign Representative believes that it is imperative that potential bidders have access to a court-approved Stalking Horse SPA as soon as practicable so that they can actively and competitively engage in the sale process outlined in the Bidding Procedures, including by submitting their bids by February 3, 2023.  In sum, approval of the proposed Stalking Horse SPA on the timeline proposed herein will ensure that potential bidders will have sufficient time to qualify for and engage in the Auction, thereby maximizing the competitiveness and potential value to the Chapter 15 Debtor's creditors from the sale process.

15.    *Third,* absent an expedited hearing on the Stalking Horse Motion, the Chapter 15 Debtor may be unable to meet the deadlines under the Stalking Horse SPA and the Stalking Horse Bidder may be entitled to terminate its bid and therefore the Chapter 15 Debtor would lose a binding agreement to purchase its most significant U.S. asset.

16.    *Fourth*, the Foreign Representative submits that no parties in interest will be significantly prejudiced by the relief requested herein.  The Foreign Representative is not seeking to shorten the notice period to object to the ultimate Sale Transaction; rather, the Foreign Representative is seeking to shorten the notice period to object to the more limited Stalking Horse designation as an extension of the relief granted in the Bidding Procedures Order that, accordingly, entails the approval of (i) the Mexican Liquidator's and the Foreign Representative's designation of the Stalking Horse Bidder, (ii) the Chapter 15 Debtor's entry into the Stalking Horse PSA, (iii) the grant of certain Bid Protections to the Stalking Horse Bidder in

connection therewith, (iv) the form and manner of notice thereof, and (v) related relief  The Stalking Horse Motion sets forth key terms of the Stalking Horse Bid, including the Bid Protections, purchase price, closing deadlines, bankruptcy milestones, etc.  Thus, by filing the Stalking Horse Motion now, the Foreign Representative is attempting to maximize notice of the Stalking Horse Bid.  Further, to mitigate any potential prejudice resulting from the relief requested by this Motion to Shorten, the Foreign Representative, by the Stalking Horse Motion, is seeking to extend (i) the final bid deadline to February 3, 2023, (ii) the Auction date to February 7, 2023, (iii) the Auction Objection Deadline to February 10, 2023, and (iv) the Sale Hearing to be schedule on or around February 15, 2023 at 2:00 p.m. (ET), subject to the Court's availability, which, collectively, will provide sufficient time for parties in interest to engage in the Sale process, and make well-informed Bids.  Also to further limit any potential prejudice resulting from the relief requested therein, the Foreign Representative intends to serve the Stalking Horse Motion on the Notice Parties (as defined below) by overnight mail and/or electronic mail where available.

17.     The Court's expedited approval of the Stalking Horse Motion will crystalize a solid foundation for the Sale Transaction, enabling a universe of potential bidders to be afforded a competitive opportunity to submit overbids.  In light of the foregoing, the Foreign Representative submits that granting this Motion to Shorten, as requested herein, is justified under the circumstances.

### **CERTIFICATION REGARDING LOCAL RULE 9006-1(e)**

18.     In accordance with Local Rule 9006-1(e), counsel to the Foreign Representative has notified the U.S. Trustee and the Ad Hoc Group regarding the relief requested in this Motion to Shorten, and the aforementioned parties have indicated that they do not object to the requested relief.

**NOTICE**

19. Notice of this Motion to Shorten has been provided via email and/or ECF to certain of the following parties, or, in lieu thereof, their counsel: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Stalking Horse Bidder; (iii) counsel to the Ad Hoc Group, Akin Gump Strauss Hauer & Feld LLP, Attn: Ira S. Dizengoff (idizengoff@akingump.com), David H. Botter (dbotter@akingump.com), Abid Qureshi (aqureshi@akingump.com), and James R. Savin (jsavin@akingump.com); (iv) counsel to Wells Fargo Bank, N.A.; (v) counsel to The Bank of New York Mellon as indenture trustee under the indentures of certain senior unsecured notes and certain subordinated perpetual notes issued by the Chapter 15 Debtor; (vi) any known affected creditor(s) asserting a lien, claim, or encumbrance against, or interest in, the relevant assets; (vii) any party that has expressed an interest in purchasing the CRUSAFin Interests during the last three (3) months; (viii) the Internal Revenue Service; (ix) United States Attorney for the District of Delaware; (x) the Mexican National Banking and Securities Commission (*Comisión Nacional Bancaria y de Valores*); (xi) the state attorneys general for all states in which the Chapter 15 Debtor conducts business; and (xii) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Foreign Representative submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

**NO PRIOR REQUEST**

20. No previous request for the relief sought herein has been made by the Foreign Representative to this Court or any other court, other than as discussed in this Motion to Shorten.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Foreign Representative respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**,

9

granting the relief requested in this Motion to Shorten and such other and further relief as may be just and proper.

Dated: January 18, 2023

Respectfully submitted,

/s/ *Amanda R. Steele*

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **WHITE & CASE LLP** |
| Mark D. Collins (No. 2981)<br>John H. Knight (No. 3848)<br>Amanda R. Steele (No. 4430)<br>920 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>collins@rlf.com<br>knight@rlf.com<br>steele@rlf.com<br><br>*Co-Counsel to Petitioner and Foreign Representative* | John K. Cunningham (admitted *pro hac vice*)<br>Philip M. Abelson (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 819-8200<br>jcunningham@whitecase.com<br>philip.abelson@whitecase.com<br><br>Richard S. Kebrdle (admitted *pro hac vice*)<br>Amanda Parra Criste (admitted *pro hac vice*)<br>200 South Biscayne Boulevard, Suite 4900<br>Miami, FL 33131<br>Telephone: (305) 371-2700<br>rkebrdle@whitecase.com<br>aparracriste@whitecase.com<br><br>Jason N. Zakia (admitted *pro hac vice*)<br>111 S. Wacker Drive, Suite 5100<br>Chicago, IL 60606<br>Telephone: (312) 881-5400<br>jzakia@whitecase.com<br><br>*Co-Counsel to Petitioner and Foreign Representative* |