IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.,<br><br><br>Chapter 15 Debtor.[1] | Chapter 11<br><br>Case No. 22-10630 (TMH)<br><br>Hearing Date: March 11, 2025 at 3:00 p.m. (ET)<br>Objection Deadline: March 4, 2025 at 4:00 p.m. (ET) |

**MOTION FOR ENTRY OF AN ORDER
(I) APPROVING THE WITHDRAWAL OF THE VERIFIED PETITION FOR
RECOGNITION OF THE MEXICAN LIQUIDATION PROCEEDING, (II) DISMISSING
THE CHAPTER 15 CASE, AND (III) GRANTING RELATED RELIEF**

Robert Wagstaff (the "**Petitioner**" or the "**Foreign Representative**"), duly appointed as the foreign representative by Mr. Fernando Alonso-de-Florida Rivero, the court-appointed liquidator (the "**Mexican Liquidator**") of the Special Expedited Commercial proceeding (*Via Sumaria Especial Mercantil*) for the dissolution and liquidation (the "**Mexican Liquidation Proceeding**") of Crédito Real, S.A.B. de C.V., SOFOM, E.N.R., (the "**Chapter 15 Debtor**") pending in the 52nd Civil State Court of Mexico City (the "**Mexican Court**") pursuant to articles 229, 232, 233, 236 and others of the *Ley General de Sociedades Mercantiles*, as originally published in the *Diario Oficial de la Federación* on August 4, 1934 and last revised on June 14, 2018 (as amended, the "**Mexican Corporations Law**"), by and through his undersigned counsel hereby submits this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting (i) the withdrawal of the *Chapter 15 Petition for Recognition of Foreign Proceeding* [Case No. 22-10630, Docket No. 1] (the "**Petition**") and the *Verified Petition for Recognition of Foreign Main Proceeding* [Case No. 22-10630, Docket No. 2] (the "**Verified Petition**"), (ii) the dismissal of the above-captioned

---

[1] The Putative Debtor's corporate headquarters is located at Avenida Insurgentes Sur No 730, 20th Floor, Colonia Del Valle Norte, Alcadía Benito Juárez, 03103, Mexico City, Mexico.

Chapter 15 case (the "**Chapter 15 Case**") in accordance with sections 105(a) and 305(a)(1) of the Bankruptcy Code, and (iii) and any other and further relief that this Court deems just and proper. In support of this Motion, the Petitioner respectfully represents as follows:

## BACKGROUND[2]

1. On June 22, 2022, certain members of the ad hoc group (the "**Ad Hoc Group**") of certain unaffiliated (i) beneficial holders, and/or investment advisors or managers of beneficial holders of the outstanding unsecured notes issued by the Chapter 15 Debtor and (ii) lenders under the Chapter 15 Debtor's prepetition unsecured credit facilities (collectively, the "**Petitioning Creditors**") filed an involuntary chapter 11 petition (the "**Involuntary Petition**" and, the involuntary chapter 11 case commenced by the filing thereof, the "**Involuntary Case**") in the United States Bankruptcy Court for the Southern District of New York (the "**SDNY Bankruptcy Court**") commencing the Involuntary Case against the Chapter 15 Debtor.

2. On July 14, 2022, the Chapter 15 Debtor filed the *Motion of the Putative Debtor to Dismiss the Involuntary Chapter 11 Petition* [Case No. 22-10696, Docket No. 5] followed by the *Motion of the Putative Debtor to Transfer Venue of the Involuntary Chapter 11 Case to the United State Bankruptcy Court for the District of Delaware* [Case No. 22-10696, Docket No. 6] in the Involuntary Case.

3. Also on July 14, 2022, the Chapter 15 Debtor filed the Petition and Verified Petition in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

4. On August 1, 2022, the SDNY Bankruptcy Court entered an agreed order transferring the venue of the Involuntary Case to this Court.[3]

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Verified Petition.

[3] *See Agreed Order Granting Motion of the Putative Debtor to Transfer Venue of the Involuntary Chapter 11 Case to the United States Bankruptcy Court for the District of Delaware* [Case No. 22-10842, Docket No. 18].

RLF1 32278167v.5

5. On August 26, 2022, the Ad Hoc Group filed the *Objection of the Ad Hoc Group to the (I) Verified Petition for Recognition of Foreign Main Proceeding and (II) Motion of the Putative Debtor to Dismiss the Involuntary Chapter 11 Petition* [Case No. 22-10630, Docket No. 44 and Case No. 22-10696, Docket No. 55] and on September 14, 2023 the Chapter 15 Debtor filed the *Reply in Support of (I) Verified Petition for Recognition of Foreign Main Proceeding and (II) Motion to Dismiss the Involuntary Chapter 11 Petition* [Case No. 22-10630, Docket No. 55 and Case No. 22-10696, Docket No. 63].

6. By agreement between the Chapter 15 Debtor and the Ad Hoc Group, a hearing on the adjudication of the Involuntary Petition and the Verified Petition was adjourned to facilitate settlement negotiations concerning a global restructuring of Crédito Real and resolution of the pending proceedings in Mexico and in the United States.[4] As a result, both the Involuntary Case and this Chapter 15 Case remain pending before this Court as of the date hereof.

7. Following the filing of the above-referenced pleadings, on May 15, 2023, a restructuring support agreement (the "**RSA**") was entered into among Crédito Real, the Mexican Liquidator, and the steering committee members of the Ad Hoc Group (collectively, the "**Parties**"). *See Statement Notifying the Court of the Status of the Mexican Liquidation Proceeding, Chapter 15 Case and Involuntary Chapter 11 Case Pursuant to 11 U.S.C. § 1518* [Case No. 22-10630, Docket No. 212 and Case No. 22-10696, Docket No. 132].

8. The RSA provides, among other things, that the Petitioning Creditors shall withdraw with prejudice the Involuntary Case upon approval of the *Convenio Concursal* by the *Concurso* Judge (each, as defined in the RSA). *See* RSA §§ 2(c); 9(i). Pursuant to the RSA, the Parties have also agreed that the Foreign Representative shall seek (i) recognition of Crédito Real's

---

[4] *See, e.g., Statement Notifying the Court of the Status of the Mexican Liquidation Proceeding, Chapter 15 Case and Involuntary Chapter 11 Case Pursuant to 11 U.S.C. § 1518* [Case No. 22-10630 (TMH), Docket No. 212 ¶ 15].

business reorganization proceeding pending in the 1st Federal District Court for Bankruptcy Matters with residence in Mexico City (the "**Mexican Prepack Court**") pursuant to the *Ley de Concursos Mercantiles* (the "**Mexican Prepack Proceeding**") as the foreign main proceeding of Crédito Real (in lieu of recognition of the Mexican Liquidation Proceeding) and (ii) relief to give full force and effect in the United States to the Concurso Plan (as defined in the RSA). *See* RSA, Recitals; RSA § 2(c).[5] The RSA further provides that the Mexican Liquidator shall continue to administer the Mexican Liquidation Proceeding through the conclusion of the dissolution and winding-up of the Chapter 15 Debtor and the liquidation of its retained assets. *See* RSA § 3(j). The net recoveries from the liquidation of the Chapter 15 Debtor's retained assets shall be distributed to unsecured creditors pursuant to the Mexican Prepack Proceeding. *See id; see also* RSA, Ex. A (Settlement Term Sheet). The RSA also makes it clear that neither the Chapter 15 Debtor nor the Liquidator shall seek recognition of the Mexican Liquidation Proceeding. *See* RSA, Recitals.

9. On October 6, 2023, after Crédito Real obtained the support required under the RSA, the Mexican Liquidator filed a voluntary petition with the Mexican Court, seeking to commence the Mexican Prepack Proceeding. *See Statement Notifying the Court of Developments in the Mexican Liquidation Proceeding, Chapter 15 Case, and Involuntary Chapter 11 Case Pursuant to 11 U.S.C. § 1518* [Case No. 22-10630, Docket No. 223 and Case No. 22-10696, Docket No. 142] ¶ 3. On November 13, 2023, the Mexican Court entered an order confirming that Crédito Real is in *concurso*. *Id*. ¶ 5. On August 15, 2024, the *Concurso* Judge approved the *Convenio Concursal*.

10. On February 7, 2025, the Chapter 15 Debtor filed the *Chapter 15 Petition for Recognition of a Foreign Proceeding* and the *Verified Petition for Recognition of Foreign Main*

---

[5] The Parties agree that the requirement under the RSA for the Foreign Representative to take action within three business days in connection with filing the Recognition Motion (as defined herein) is hereby waived.

*Proceeding and Motion for Order Granting Full Force and Effect to the Concurso Plan and Related Relief Pursuant to 11 U.S.C. §§ 105, 1507(a), 1509(b), 1515, 1517, 1520 and 1521* (the (the **"Recognition Motion"**) [Case No. 25-10208 (TMH), Docket Nos. 1 and 2] with this Court.

11. Concurrently herewith, the Chapter 15 Debtor and the Ad Hoc Group filed the *Joint Motion of the Putative Debtor and the Ad Hoc Group Dismissing the Involuntary Chapter 11 Petition Filed by the Ad Hoc Group* (the "**Motion to Dismiss**").

12. A hearing to consider the Recognition Motion, the Motion to Dismiss, and this Motion has been scheduled for March 11, 2025 at 3:00 p.m. (ET).

## JURISDICTION

13. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper under 28 U.S.C. § 1410. The statutory bases for the relief requested herein are sections 105 and 305 of the Bankruptcy Code.

## RELIEF REQUESTED

14. The Petitioner requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) approving the withdrawal of the Verified Petition, (b) dismissing the Chapter 15 Case, and (c) granting related relief, concurrently with the entry of an order on the Recognition Motion.

## ARGUMENT

**I.    This Chapter 15 Case Should Be Dismissed**

15. Section 305 of the Bankruptcy Code provides in pertinent part that the Court "after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if . . . the interests of creditors and the debtor would be better served by such dismissal or suspension . . .". 11 U.S.C. § 305(a)(1). Section 105(a) of the Bankruptcy

Code provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

16. Courts have permitted withdrawal of a verified petition where a chapter 15 debtor pursued an alternate pathway for its restructuring. *See, e.g.*, *In re Hertz UK Receivables Ltd.*, No. 20-13178 (MFW) (Bankr. D. Del. Aug., 6, 2021) [ECF No. 96] (approving the withdrawal of the verified petition and motion for an order granting full force and effect to an English scheme of arrangement under section 105(a) and dismissing the chapter 15 case under section 305(a) where the scheme was no longer necessary or possible in light of the chapter 11 plan); *In re Serviços De Petróleo Constellation S.A.*, 613 B.R. 497 (Bankr. S.D.N.Y. 2020) (permitting withdrawal of verified petition where chapter 15 debtor was excluded from Brazilian restructuring proceeding and sought to pursue scheme of arrangement pursuant to proceedings in the British Virgin Islands instead); *In re Thomas Cook Grp. plc*, No. 19-12984 (Bankr. S.D.N.Y. Oct. 23, 2019) [ECF No. 18] (permitting withdrawal of verified petition and dismissal of chapter 15 case where debtor's scheme of arrangement did not proceed and debtors applied to a separate U.K. court for a winding up order instead, which was granted prior to the motion for withdrawal and dismissal); *In re Afren plc*, No. 15-11452 (KG) (Bankr. D. Del. Sept. 8, 2015) [ECF No. 22] (dismissing chapter 15 case under section 305(a) where English scheme of arrangement was effectively discontinued when company was placed into administration).

17. Good cause exists to grant the withdrawal of the Petition and order the dismissal of the Chapter 15 Case. As set forth above, pursuant to the RSA, the Parties have agreed to seek recognition only of the Mexican Prepack Proceeding as the foreign main proceeding of Crédito Real (in lieu of recognition of the Mexican Liquidation Proceeding). Accordingly, the Chapter 15 Debtor has proceeded to implement a consensual, global restructuring through the Mexican

Prepack Proceeding, rather than through the Mexican Liquidation Proceeding, for which recognition was originally sought in this Chapter 15 Case. The Petitioner has sought recognition of the Mexican Prepack Proceeding and enforcement of the Concurso Plan approved in the Mexican Prepack Proceeding. [Case No. 25-10208 (TMH), Docket Nos. 1 and 2]. Accordingly, the Petitioner respectfully submits that withdrawal of the Verified Petition and dismissal of this Chapter 15 Case are necessary and appropriate in light of the Parties' agreement to seek recognition of the Mexican Prepack Proceeding in lieu of the Mexican Liquidation Proceeding.

### Notice

18.    Notice of this Motion will be provided to all parties listed on **Exhibit B** attached hereto and all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Foreign Representative submits that no other or further notice is necessary.

### Conclusion

WHEREFORE, the Petitioner respectfully requests that the Court grant the relief requested in the Proposed Order and grant such other relief as the Court deems just and proper, concurrently with the entry of an order granting the Recognition Motion.

*[Remainder of Page Intentionally Left Blank]*

Dated: February 18, 2025
       Wilmington, Delaware

                                            Respectfully submitted,

*/s/ Amanda R. Steele*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Amanda R. Steele (No. 5530)
Emily R. Mathews (No. 6866)
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
       knight@rlf.com
       steele@rlf.com
       mathews@rlf.com

- and -

**WHITE & CASE LLP**
John K. Cunningham (admitted *pro hac vice*)
Richard S. Kebrdle (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Email: jcunningham@whitecase.com
       rkebrdle@whitecase.com

Lilian Marques (*pro hac vice* pending)
Claire Campbell (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Email: lilian.marques@whitecase.com
       claire.campbell@whitecase.com

*Attorneys for the Foreign Representative*

RLF1 32278167v.5